## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC., ET AL.,

       Plaintiffs,

    v.                                    **Case No. 8:19-cv-710-MSS-TGW**

BRIGHT HOUSE NETWORKS, LLC,

       Defendant.

_____

### CASE MANAGEMENT REPORT

    The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ.

P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** **[Court recommends 30 days after CMR meeting]** | Wednesday, June 19 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** **[Each party who has not previously filed must file immediately]** | Each party has already filed a corporate disclosure statement and certificate of interested persons. |
| **Motions to Add Parties or to Amend Pleadings** **[Court recommends 1 - 2 months after CMR meeting]** | The deadline to join parties and amend pleadings shall be **Monday, December 2, 2019**. Notwithstanding the foregoing deadline, Plaintiffs may file amended versions of Exhibit A (list of sound recordings at issue) and/or Exhibit B (list of compositions at issue) to the Complaint on or before **Friday, February 14,** |

| | |
|---|---|
| | **2020** to conform those exhibits to information learned in discovery. |
| **Parties to file Preliminary Infringement Contentions [Court recommends 1 month from above]** | N/A |
| **Parties to file Preliminary Invalidity Contentions [Court recommends 1 month from above]** | N/A |
| **Initial Identification of Disputed Claim Terms [Court recommends 1 month from above]** | N/A |
| **Parties to Exchange a List of Proposed Terms for Construction and Proposed Constructions [Court recommends 1 month from above]** | N/A |
| **Parties to File Joint Claims Construction Chart with a list of constructions of disputed terms, chart of intrinsic evidence, and identification of any evidence including expert or other witnesses [Court recommends 1 month from above]** | N/A |
| **Parties to File Claim Construction Briefs [Court recommends 1 month from above]** | N/A |
| **Parties to File Responses to Claim Construction Briefs [Court recommends 1 month from above]** <br> **Claim Construction (*Markman*) Hearing: [Court recommends 1 month from above]** | N/A |
| **Parties to File Final Infringement Contentions [Court recommends 1 months from above]** | N/A |
| **Parties to file Final Invalidity Contentions [Court recommends 14 days from above]** | N/A |
| **Fact Discovery Deadline [Court recommends 14 days from above]** | Friday, April 24, 2020. |

| | |
|---|---|
| **Disclosure of Expert Reports**<br><br>**Plaintiff's Infringement and Damages Reports and Defendant's Invalidity Report and/or Inequitable Conduct Report [Court recommends 1 month from above]**<br><br>**Plaintiff and Defendant's Responsive Reports [Court recommends 1 months from above]** | Initial Reports: Friday, April 10, 2020<br><br>Responsive Reports: Friday, May 15, 2020 |
| **Expert Discovery Deadline [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date]** | Thursday, June 11, 2020 |
| **Dispositive Motions and Daubert Motions [Court requires 5 months or more before trial term begins]** | Tuesday, August 4, 2020 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement [14 days before Joint Final Pretrial Statement]** | Monday, October 19, 2020 |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial]** | Monday, November 2, 2020 |
| **All Other Motions Including Motions In Limine [Court recommends 1 week before Final Pre-trial Conference]** | Monday, December 7, 2020 |
| **Final Pretrial Conference** | **If needed, it will be set, by separate notice, on a date that is approximately 4 weeks before trial** |
| **Trial Briefs and Deposition Transcripts with Designations Highlighted [Court recommends 2 weeks before Trial]** | Monday, December 14, 2020 |

| | |
|---|---|
| **Trial Term Begins**<br>**[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); trials before magistrate judges will be set on a date certain after consultation with the parties]** | Monday, January 11, 2021 |
| **Estimated Length of Trial [trial days]** | 15 |
| **Jury/ Non-Jury** | Jury |
| **Mediation Deadline:**<br><br>**Mediator:**<br>**Address:**<br><br>**Telephone:**<br><br>**[Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | Monday, May 18, 2020 |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes** ____<br><br>**No  X**___<br><br>**Likely to Agree in Future** _____ |

1. **Meeting of the Parties**

Pursuant to an order of the Court permitting the parties to meet telephonically, counsel for the parties held a telephonic conference on May 22, 2019, at 12:30 p.m. Pacific / 3:30 p.m. Eastern. The meeting was attended by:   Mitchell A. Kamin, Jeffrey Gould, and Rebecca G. Van Tassell for Plaintiffs, and John J. Rosenthal, Seth E. Spitzer and Giovanni Giarratana for Defendant.

2. **Brief Description of the Case**

**Plaintiffs**

Plaintiffs claim that Defendant is contributorily and vicariously liable for the direct copyright infringements of its subscribers, who used Defendant's internet access and services to unlawfully reproduce and distribute via BitTorrent, or other peer-to-peer networks, thousands of sound recordings and musical compositions for which Plaintiffs are the legal or beneficial copyright owners or exclusive licensees.

Defendant is contributorily liable for such infringements because it had knowledge that its internet access and other services was being used for infringement of Plaintiffs' copyrighted works, and also knew of specific subscribers engaged in such repeated and flagrant infringement, but nevertheless facilitated, encouraged, and materially contributed to such infringement by continuing to provide its network and facilities necessary for its subscribers to commit repeated infringements.  Defendant had the means to withhold that assistance upon learning of specific infringing activity by specific users but failed to do so.

Defendant is vicariously liable for such infringements because it had the legal and practical right and ability to supervise and control the infringing activities that occur through the use of its network, and at all relevant times has had a financial interest in, and derived direct financial benefit from, the infringing use of its network.

### Defendant

Plaintiffs will be unable to establish either theory of secondary liability, which require separate elements of proof. As a threshold matter, both claims will fail because Plaintiffs cannot show any underlying direct infringement, which is a prerequisite under either theory.  Plaintiffs' claims are also barred because Defendant qualifies for "safe harbor" under the Digital Millennium Copyright Act § 512(a).

Plaintiffs' claim for contributory infringement will fail for the independent reasons that the notices on which Plaintiffs' rely cite only *allegations* of infringement, and Defendant lacks the requisite intent.  Plaintiffs' claim for vicarious infringement will fail because Plaintiffs will be unable to establish that Defendant has directly enjoyed a financial benefit from the allegedly infringing activity or has the ability to control subscribers' allegedly infringing activity. Specifically, Plaintiffs cannot prove that subscribers' allegedly infringing activity acts as a draw for subscribers to purchase Defendant's internet access service. Nor can Plaintiffs prove that Defendant maintains the right and ability to stop users from engaging in infringing activity as Defendant cannot monitor and control its subscribers' use of the internet, and because Defendant's ability to terminate subscribers altogether does not stop the alleged infringement.

### 3.      Pre-Discovery Initial Disclosures of Core Information

### Fed.R.Civ.P. 26(a)(1)(A) - (D)

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ___ have exchanged  **X** agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) (check one)

_____ on  **X**  by **Wednesday, June 19, 2019**.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section 4 below.

- The names and, if known, the addresses and telephone numbers of individuals likely to have discoverable information, along with the subjects of that information,

that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

- A description by category of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

- A preliminary computation of each category of damages claimed by the disclosing party;

- Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**4.      Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information Section 3 above, and agree that (check one):

____ No party anticipates the disclosure or discovery of ESI in this case;

_**X**_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each: The parties state that there are no areas of disagreement at this time with respect to ESI.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a

non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

___ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**5.      Agreed Discovery Plan for Plaintiffs and Defendants**

**a)      A. Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___**X**___ Yes _____ No

**b)      Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (e).  The parties further agree as follows:

- If the parties deem it practicable, they may transmit productions via FTP or post documents to a joint repository.

    **c)**    **Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    (1)    Depositions

By stipulated motion, the parties will request leave of court to increase the number of depositions per side from ten to twenty, given the number of parties and complexity of issues. The twenty depositions allowed per side is inclusive of expert and non-party depositions.

The parties do not propose any further limitations on depositions than those found in the Federal Rules.

    (2)    Interrogatories

The parties do not propose any further limitations on interrogatories than those found in the Federal Rules.

    (3)    Document Requests

The parties agree they should be limited to a total of 100 Requests for Production.

    (4)    Requests to Admit

The parties do not propose any further limitations on requests to admit than those found in the Federal Rules.

(5)     Supplementation of Discovery

The parties do not propose any further limitations on supplemental discovery than those found in the Federal Rules.

**d)     Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

The parties do not propose any additional agreements at this time.

**e)     Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

The parties do not propose any additional agreements at this time.

**f)     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*,

11

759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

The parties will negotiate and execute between themselves a confidentiality agreement on or before **Wednesday, June 12, 2019**.   Given the nature of information to be exchanged in this case, the parties plan to submit that agreement as a stipulated motion for a protective order, and will request entry of the same by the Court.

a)      **Other Matters Regarding Discovery** —

The parties agree to the following discovery procedures:

- Where practicable and appropriate, counsel may attend depositions telephonically or via VTC.

- Any party that receives documents from a non-party subpoena shall make those documents available to all other parties.

- For all motions and filings, the parties agree to rely on automated CM/ECF notifications for service.  For service of discovery documents not filed through CM/ECF, the parties agree to accept service by email.

- The parties agree to exchange Word copies of all discovery requests upon request.

- The parties will continue to consider whether additional agreements may reduce the cost of litigation.

**6.     Settlement and Arbitration**

    **a)     Settlement**

The parties agree that settlement is

_____ likely ___**X**___ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

yes _____ no ___**X**___ likely to request in future _____

    **b)     Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes _____ no ___**X**___ likely to agree in future _____

    **c)     Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties will agree on a mediator from the Court's approved list of mediators, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **d)     Other Alternative Dispute Resolution**

The parties do not currently plan to pursue other methods of alternative dispute resolution.

Respectfully submitted,

Dated: June 5, 2019

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin (pro hac vice)
Neema T. Sahni (pro hac vice)
Rebecca G. Van Tassell (pro hac vice)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
rvantassell@cov.com

Jonathan M. Sperling (pro hac vice)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, Florida  33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (pro hac vice)
Scott A. Zebrak (pro hac vice)
Jeffrey M. Gould (pro hac vice)
Kerry M. Mustico (pro hac vice)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone:  (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

14

By: */s/ William J. Schifino Jr.*
William J. Schifino Jr.
Florida Bar No. 564338
John A. Schifino
Florida Bar No. 72321
Giovanni P. Giarratana
Florida Bar No. 125848
GUNSTER, YOAKLEY & STEWART, P.A.
401 East Jackson Street, Suite 2500
Tampa, Florida 33602
Phone: 813.228.9080
Fax: 813.228.6739
Email: wschifino@gunster.com
Email: jschifino@gunster.com
Email: ggiarratana@gunster.com
Secondary Email: cmarlowe@gunster.com
Secondary Email: adavis@gunster.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com
E-mail: sfstark@winston.com

Jennifer A. Golinveaux
Winston & Strawn LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

*Counsel for Defendant*
*Bright House Networks, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Case Management

Report was served by the Court's CM/ECF system on June 5, 2019.


By: *<u>Mitchell A. Kamin</u>*
     Mitchell A. Kamin