**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | |
| Plaintiffs, | |
| v. | **Case No. 8:19-cv-710-MSS-TGW** |
| BRIGHT HOUSE NETWORKS, LLC, | |
| Defendant. | |

<u>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT BRIGHT HOUSE NETWORKS,**</u>
<u>**LLC'S NOTICE OF PROPOSED AMICUS CURIAE BRIEF**</u>

**PRELIMINARY STATEMENT**

Plaintiffs respectfully request that this Court strike the Notice of Proposed *Amicus Curiae* Brief (Dkt. No. 72) (the "Notice") filed by Defendant Bright House Networks, LLC ("Bright House") on November 13, 2019. The Notice improperly attaches and seeks to introduce in this case an *amicus curiae* brief that has been proposed—but not accepted—in a separate case, pending in a different jurisdiction. The Notice should be stricken for two independent reasons. *First*, neither Bright House nor the brief's authors have sought leave to file an amicus brief in this action. *Second*, Bright House's attempt to submit supplemental briefing through the guise of a purported "notice" violates several of this Court's Local Rules, which require the parties to obtain leave of Court before submitting any additional briefing—without attaching the proposed briefing to such request—and to meet and confer before filing any motions. Additionally, even if leave to submit an amicus brief were sought, leave would not be appropriate here.

## FACTUAL BACKGROUND

On May 28, 2019, Defendant Bright House Networks, LLC filed its Motion to Dismiss Plaintiffs' Claim for Vicarious Liability (Dkt. No. 32).  Plaintiffs filed their Opposition on July 1, 2019 (Dkt. No. 39), and Bright House replied on August 12, 2019 (Dkt. No. 45).  Bright House's Motion to Dismiss remains pending before the Court.

Several of the Plaintiffs in this suit have filed a separate lawsuit against a different internet service provider, Charter Communications, Inc., in the District of Colorado.  *Warner Records Inc., et al. v. Charter Communications, Inc.*, No.: 19-cv-00874-RBJ-MEH (D. Colo. 2019) [hereinafter, "Charter Action"].  In that separate Charter Action, the Colorado Magistrate Judge issued a Recommendation denying a motion to dismiss that Charter had filed, seeking to dismiss the vicarious liability count alleged in that case.  Recommendation of United States Magistrate Judge, Charter Action, ECF No. 71.  Following that recommendation, a group of law professors moved on November 11 for leave to file an amicus brief in the Charter Action in support of Charter's objections to the Recommendation of the Magistrate Judge.  Plaintiffs opposed that motion four days later.  *See* Motion for Leave to File Brief Amici Curiae of Copyright Law Professors in Support of Defendant's Objection to Magistrate's Recommendation, Charter Action, ECF No. 83; Brief in Opposition to Motion to File Amicus Brief, Charter Action, ECF No. 86.  As of the date of this filing, the court in the Charter Action has not ruled on the proposed *amici*'s motion for leave to file an amicus brief.

Despite the fact that the Colorado district court has not accepted the professors' amicus brief, Bright House filed a Notice of Proposed *Amicus Curiae* Brief (Dkt. No. 72) in this case on November 13, referencing and attaching in full the amicus brief that has been submitted (but not accepted) in the Charter Action.  Bright House did not meet and confer with Plaintiffs prior to

submitting the amicus brief, nor has it obtained leave of Court to submit an amicus brief. Moreover, the proposed *amici* that authored the brief have not sought leave to submit their amicus brief in this action.

After Bright House submitted its Notice, Plaintiffs notified Bright House's counsel that the Notice was improper because, *inter alia*, Bright House had not sought leave to submit supplemental briefing nor met and conferred with Plaintiffs.  Plaintiffs requested that Bright House's counsel voluntarily withdraw the Notice by November 18, or otherwise provide its position on Plaintiffs' proposed motion to strike the Notice.  Bright House's counsel did not respond by that date.  On November 19, counsel for Plaintiffs again attempted to contact counsel for Bright House in a further attempt to meet and confer regarding Bright House's position on the instant motion.  In response, Bright House's counsel represented that she was planning to confer with her client early the following morning and would advise Plaintiffs as to her client's position promptly thereafter.  Bright House's counsel failed to do so, and as of the time of this filing, Bright House still has not responded to Plaintiffs.  Accordingly, Plaintiffs now bring this motion to strike.

## ARGUMENT

Bright House's procedurally-improper Notice should be stricken from the record in this case for at least two reasons, as set forth below.

*First*, the Notice should be stricken because neither Bright House nor the proposed *amici* have sought leave from this Court to file an amicus brief in this proceeding.  It is well established that *amici curiae* must first obtain leave of court before submitting an amicus brief.  *See Florida ex rel. McCollum v. U.S. Dep't of Health & Human Servs.*, 2010 WL 11570635, at *1–2 (N.D. Fla. 2010) (applying Fed. R. App. P. 29(a)(2) to district court proceeding and holding that "[a]ny

organization or individual desiring to file an amicus brief . . . must first seek leave of court by an appropriate motion"); Fed. R. App. P. 29(a)(2) (noting that in appellate context, non-governmental "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing").

Here, Bright House seeks to bypass this requirement by simply styling its improper amicus brief submission as a "notice," which refers this Court to the brief and then attaches the brief in full.  But the amicus brief's authors never sought leave from this Court to submit their brief in this case, nor have they expressed to Plaintiffs or the Court any intention or desire to do so.  In other words, Bright House seeks to submit an amicus brief that it did not author, and to do so without having obtained leave of this Court.  In fact, leave has not been granted by *any* court for the proposed amicus brief, making Bright House's submission of that brief here even more egregious.  Moreover, because the brief has not been accepted into the record in the Charter Action, Bright House's Notice does not even purport to alert this Court to any meaningful development in that separate case.[1]

*Second*, Bright House's Notice should be stricken because it violates a number of this Court's local rules.  Local Rule 3.01(c) expressly prohibits the parties from filing any "further memorandum directed to [a] motion or response . . . unless the Court grants leave."  The amicus brief that Bright House has filed is plainly directed to its pending motion to dismiss, as it simply recites Bright House's legal arguments.  Bright House has not obtained (or even sought) leave to

---

[1] To be sure, courts have permitted parties to file notices of recent judicial decisions where relevant to a pending motion.  *See, e.g.*, *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 2016 WL 7157530, at *4 (M.D. Fla. 2016).  Bright House's Notice does not call this Court's attention to any judicial decisions, however; rather, it merely seeks to introduce a supplemental brief while skirting this Court's procedural requirements.  *See id.* (distinguishing supplemental briefing from a notice of recent case authority).

submit a supplemental memorandum on its motion to dismiss.  Courts in this district regularly strike supplemental briefs filed under these circumstances.  *See City of Bradenton v. Safety Nat'l Cas. Corp.*, 2017 WL 2448394, at *2 (M.D. Fla. 2017) (finding that "Defendant cannot . . . attempt to file an additional reply . . . without leave of Court"); *Hill Dermaceuticals*, 2016 WL 7157530, at *4 ("Absent such leave, the supplemented filing is unauthorized.").  Bright House's attempt to end-run around these restrictions by "noticing" an amicus brief that has not been submitted in this case (or accepted in any other case) is all the more troubling.

Likewise, Bright House's Notice violates Local Rule 3.01(d), which expressly states that any motion seeking leave to submit supplemental briefing "shall not include, *as an attachment or otherwise*, the proposed motion, response, reply, or other paper."  Indeed, the plain purpose of this rule is to prevent what Bright House is doing here: filing the supplemental briefing as an attachment before having obtained leave to do so in order to skirt the requirements of Local Rule 3.01(c).

Additionally, even if Bright House's Notice were viewed as a motion for leave to submit an amicus brief, the Notice would *still* be procedurally improper pursuant to Local Rule 3.01(g), which requires a party to meet and confer before filing any motion.  Here, Bright House filed its Notice without meeting and conferring with Plaintiffs' counsel.  Likewise, the brief's authors have never met and conferred with Plaintiffs' counsel for the purpose of having their brief submitted in this case.

Finally, and in any event, the grounds for permitting an amicus brief are narrowly limited to those where "a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court

beyond the help that lawyers for the parties are able to provide.  Otherwise, leave to file an amicus brief should be denied."  *Leal v. Dept. of Health & Human Servs.*, 2009 WL 1148633, at *1–2 (M.D. Fla. 2009).  Here, Bright House's proposed amicus brief simply recites the same legal arguments made in Bright House's own motion to dismiss, which is of no use to the Court.

In short, Bright House's Notice is a transparent attempt to sidestep this Court's rules and submit supplemental briefing—which itself offers nothing new or unique for the Court—to support Bright House's pending motion to dismiss.  That is plainly improper under both established precedent and this Court's procedural requirements.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Bright House's Notice of Proposed *Amicus Curiae* Brief (Dkt. No. 72).

Dated: November 20, 2019                     Respectfully submitted,

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*[Additional counsel on next page]*

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiffs' counsel conferred with Bright House's counsel on several occasions.  First, Plaintiffs sent Bright House a letter dated November 15, 2019, in which Plaintiffs requested that Bright House's counsel voluntarily withdraw the Notice by November 18, or otherwise provide its position on Plaintiffs' proposed motion to strike the Notice.  Then, having not heard from Bright House by November 18, Plaintiffs' counsel attempted to contact Bright House's counsel on November 19 in a further attempt to meet and confer regarding Bright House's position on the instant motion.  On a telephone call later that day, Bright House's counsel represented that she was planning to confer with her client early the following morning (on November 20) and would advise Plaintiffs as to her client's position promptly thereafter.  Bright House's counsel failed to do so, and as of the time of this filing, Bright House still has not responded to Plaintiffs.  Accordingly, the parties have not been able to resolve the issues in this motion.

WHEREFORE, Plaintiffs respectfully request entry of an order striking Bright House's Notice of Proposed *Amicus Curiae* Brief (Dkt. No. 72).

Dated: November 20, 2019              Respectfully submitted,

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue

New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2019, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Mitchell A. Kamin*
Attorney for Plaintiffs
