IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

**DECLARATION OF NEEMA T. SAHNI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF <u>DOCUMENTS</u>**

I, Neema T. Sahni, hereby declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner of the law firm Covington & Burling LLP, attorneys of record for Plaintiffs. I submit this declaration in support of Plaintiffs' Motion to Compel Further Discovery Responses and Production of Documents (the "Motion"). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' First Set of Requests for Production ("RFPs") served on Defendant Bright House Networks, LLC ("BHN") on June 10, 2019.

3. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs' First Set of Interrogatories served on BHN on June 10, 2019.

4. Attached hereto as **Exhibit C** is a true and correct copy of BHN's Objections and Responses to Plaintiffs' First Set of Requests for Production dated July 10, 2019.

5. Attached hereto as **Exhibit D** is a true and correct copy of BHN's Objections and Responses to Plaintiffs' First Set of Interrogatories dated July 10, 2019. BHN has yet to serve any verification for these responses.

6. Attached hereto as **Exhibit E** is a true and correct copy of letter I sent on behalf of Plaintiffs to BHN's counsel on August 15, 2019, to meet and confer regarding deficiencies in BHN's responses.

7. Attached hereto as **Exhibit F** is a true and correct copy of an August 27, 2019 letter BHN sent to Plaintiffs in response to Plaintiffs' August 15, 2019 letter.

8. On September 9, 2019, the parties met and conferred in person regarding the deficiencies in BHN's discovery responses. During those discussions, BHN's counsel was not prepared to offer a reasonable resolution to correct many of these deficiencies. For example, BHN's counsel would not agree to produce additional financial documentation during that meeting, but instead represented that they needed to first discuss the matter further with BHN to determine what kinds of financial information BHN had available. At that meet-and-confer, counsel represented that BHN was not a publicly-traded company that would be required to publish public financial statements, and yet committed only to produce public financial information. With regard to infringing subscriber revenue, Plaintiffs' counsel explained during that call that Plaintiffs were seeking information comparable to the "ICOMS" financial reports produced by an ISP defendant (represented by the same counsel that represents BHN here) in a similar case, *Sony v. Cox*, Case No. 1:18-cv-950 (E.D. Va.) ("*Cox*"). Those discussions and the positions taken by BHN at that time were memorialized in a letter Plaintiffs sent to BHN on September 25, 2019, a true and correct copy of which is attached hereto as **Exhibit G**.

9. Attached hereto as **Exhibit H** is a true and correct copy of an October 1, 2019 letter BHN sent to Plaintiffs in response to Plaintiffs' September 25, 2019 letter.

10. Attached hereto as **Exhibit I** is a true and correct copy of an October 16, 2019 letter Plaintiffs sent to BHN in response to BHN's October 1, 2019 letter.

11. The parties again met and conferred by phone on October 24, 2019. During that discussion, BHN appeared to agree that it would produce information pertaining to notices of copyright infringement that were not sent by Plaintiffs, so long as those notices identified subscribers that had been the subject of another notice sent by Plaintiffs. BHN also indicated a willingness to consider producing certain categories of documents dating back to 2010 or earlier. BHN's counsel represented at that time that they were unsure what sort of "audited financials" their client might possess, but would look into determining what additional financial information BHN was willing to provide. During that conversation, BHN also refused to take a firm position on what further response, if any, it would agree to provide to Plaintiffs' Interrogatory Nos. 10 and 12.

12. The parties' October 24, 2019 discussions were memorialized in an email Plaintiffs sent to BHN on October 26, 2019, detailing their understanding of the parties' agreements and outstanding issues, a true and correct copy of which is attached hereto as **Exhibit J**.

13. Attached hereto as **Exhibit K** is a true and correct copy of an October 30, 2019 email BHN sent to Plaintiffs in response to Plaintiffs' October 26, 2019 email, indicating that BHN was still investigating several of Plaintiffs' requests and even retreating from their earlier positions as to certain requests, particularly with respect to timeframe and scope of subscribers and infringement notices. Regarding financial information, this email stated that BHN's counsel was

"actively investigating what our clients have with respect to subscriber-level financial data and audited financial records."

14. Attached hereto as **Exhibit L** is a true and correct copy of a November 4, 2019 email Plaintiffs sent to BHN in response to BHN's October 30, 2019 email, further attempting to resolve the outstanding issues and requesting a response by the close of business on November 7, 2019.

15. Attached hereto as **Exhibit M** is a true and correct copy of a November 7, 2019 email BHN sent to Plaintiffs in response to Plaintiffs' November 4, 2019 letter. With regard to financial information, this letter appeared to backtrack from BHN's counsel's prior representation they were investigating what information BHN had, and instead attempted to dispute the relevance of certain information, stating: "With respect to financial data, we fail to see the relevance of 'audited' financial statements, to the extent Defendants maintain them at all. Please let us know how 'audited' financials are relevant to this case."

16. BHN has not yet produced any documents in this matter, despite previously representing that it would begin production during the month of October. BHN has also still not supplemented its prior interrogatory responses to designate any documents pursuant to Federal Rule of Civil Procedure 33(d).

17. Attached hereto as **Exhibit N** is a true and correct copy of an Order entered on August 21, 2018, in another copyright infringement litigation filed against another internet service provider, *BMG Rights Mgmt. v. Cox Enterprises, Inc.*, No. 14-cv-1611, Dkt. 1018 (E.D. Va.).

18. On November 15, 2019, Plaintiffs produced to BHN copies of the Infringement Notices sent to BHN.

19. Attached hereto as **Exhibit O** is a true and correct copy of an Order entered on November 19, 2019, in another copyright litigation filed against another internet service provider, *Sony Music Entertainment v. Cox Communications, Inc.*, No. 18-cv-950-LO-JFA, Dkt. 590 (E.D. Va.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of November, 2019 in Los Angeles, California.

*/s/ Neema T. Sahni*
Neema. T Sahni