**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UMG RECORDINGS, INC., *et al*.,

      Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

Case No. 8:19-cv-00710-MSS-TGW

## DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S
## MOTION FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Bright House Networks, LLC ("BHN") seeks to have the Court take judicial notice of a widely publicized agreement that certain Plaintiffs are a party to and related press releases and information available on several government websites which describe the necessity of the Internet as a resource. Taking judicial notice of this information would assist to conserve judicial resources and narrow potential discovery and trial issues. Plaintiffs do not consent to the judicial notice of the requested information and documents.

## LEGAL STANDARD

Federal Rule of Evidence 201 provides that, at any stage of a proceeding, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c), (d). A fact is subject to judicial notice if it is one not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy

1

cannot reasonably be questioned." Fed. R. Evid. 201(b). In other words, "the fact must be one that only an unreasonable person would insist on disputing." *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5104 at 485 (1977 & Supp. 1994). In ruling on a motion to dismiss, a district court may consider judicially noticed facts, including public records, without converting the motion into one for summary judgment. *See Halmos v. Bomardier Aerospace Corp.,* 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Telltabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322–23, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).   Further, "[p]ublic records are among the permissible facts that a district court may consider" and those can include publically filed documents and facts found on government agencies' websites. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *see also Navarrete v. Experian Info. Sols., Inc.*, No. 216CV225FTM99MRM, 2016 WL 4992441, at *2 (M.D. Fla. Sept. 19, 2016) ("courts have defined public records to include facts found on the websites of the FDIC and other government agencies") (citations omitted).

## ARGUMENT

### A.  Memorandum of Understanding

The Court should take judicial notice of the July 6, 2011 Copyright Alert System's Memorandum of Understanding (the "CAS MOU"),[1] which is publically available and freely

---

[1] Also available at, https://info.publicintelligence.net/CCI-MOU.pdf.

accessible online. *See* Exhibit 1. Several Plaintiffs in this case, amongst other major copyright holders, were a party to the CAS MOU[2] along with the country's five largest Internet Service Providers ("ISPs") Comcast, TimeWarner, CableVision, AT&T, and Verizon.  BHN seeks to introduce the CAS MOU for recognition that the CAS MOU exists as an agreement between the copyright holder and ISP signatories, which set forth methodologies by which participating ISPs would respond to notices of alleged copyright infringement from copyright, and which specifically did not require ISPs to terminate subscribers as part of those methodologies.

Rule 201 instructs that judicial notice is mandatory when the requested facts are "not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (citing Fed. R. Evid. 201). The methodologies mandated by the CAS MOU are explicit within the document. Thus, the procedures mandated within it cannot be reasonably questioned.

Courts have also given judicial notice where the requested information was part of a public filing. *See Universal Express*, 177 F. App'x 52, 53–54 (taking judicial notice of a complaint that was publically filed in litigation); *see also Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) ("Courts may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of

---

[2] Specifically, the following Plaintiff groups, and corresponding successors and assigns, as identified in Plaintiffs' initial disclosures, were signatories to the CAS: (1) the "Universal Plaintiffs" (UMG Recordings, Inc. and Capitol Records, LLC); (2) the "Warner Music Group" (Warner Records Inc. (f/k/a Warner Bros. Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., WEA International Inc.); and (3) Sony Music Entertainment (Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC).

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (determining that the court could take judicial notice of public documents filed in a securities fraud case "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents," but declining to address whether those statements could be considered if their truth were at issue).  The CAS MOU was widely publicized and is still accessible online.  Furthermore, the CAS MOU was previously filed as an exhibit in a now public filing and was publicly viewed in open court in *Sony Music Entertainment et al v. Cox Communications, Inc. et al*, Case No. 1:18-cv-00950-LO-JFA.[3]

Similarly, BHN seeks judicial notice of a number of press releases that were issued by the Internet Service Providers who were signatories to the CAS MOU. The press releases include statements by Comcast (Exhibit 2), Verizon (Exhibits 3 and 4), and AT&T (Exhibits 5 and 6) – all of which were signatories to the CAS MOU as participating ISPs. The press releases are publicized statements by the participating ISPs that summarized their involvement in the CAS MOU and the actions they were mandated to take in response to allegations of copyright infringement on their networks.  The press releases were released on various public websites and could be accessed by consumers to gain an understanding of how those ISPs were addressing infringement on their networks.

Consistent with legal precedent, BHN does not request judicial notice for the truth of the information contained in the press releases, but for the undisputed fact that the participating

---

[3] The CAS MOU was filed as Exhibit G to Cox's Motion in Opposition to Plaintiffs' Motions *in Limine*, ECF No. 542-7.

ISPs issued these public statements to existing and potential customers concerning how they addressed allegations of copyright infringement on their respective networks. *See Shahar v. Bowers*, 120 F.3d 211, 214, n. 5 (11th Cir. 1997) (distinguishing between taking judicial notice of the fact that a press release states "X," as opposed to accepting a press release's statements as true); *see also First Glob. Corp. v. Mansiana Ocean Residences, LLC*, No. 09-21092-CIV, 2010 WL 2163756, at *3 (S.D. Fla. May 27, 2010) (noting that "[i]t is within the scope of Federal Rule of Evidence 201 for a court to take judicial notice of a press release, for the limited purpose of noting the existence of the press release's message"); *see also Hudgins v. BellSouth Long Term Disability Plan for Mgmt. Employees BellSouth Corp.*, No. 1:05-CV-546-BBM, 2006 WL 8431915, at *8 (N.D. Ga. Mar. 7, 2006) (taking judicial notice of a press release announcing a change in disability benefits, which was the focus of the dispute).

**B.  Information on Government Websites**

Similarly, the Court should take judicial notice of information contained on government websites in which the government recognizes that having internet access is critical for people to participate in the modern world economy and, therefore, disconnecting a person's internet access is a drastic measure.  The information requested is contained in the following articles and is hosted by the following government websites: *In re Inquiry Concerning Deployment of Advanced Telecommunications Capability to All Americans in a Reasonable and Timely Fashion*, 2018 Broadband Deployment Report, 33 FCC Rcd 1660 ¶ 1 (Feb. 2, 2018) (*available at* https://www.fcc.gov/document/inquiry-concerning-deployment-advanced-telecommunications-capability-3) ("Fixed and mobile broadband services provide Americans, especially those in rural and remote areas of the country, access to numerous

employment, education, entertainment, and health care opportunities.") (Exhibit 7); Council of Economic Advisers Issue Brief, *The Digital Divide and Economic Benefits of Broadband Access*, at 1 (March 2016) (*available at* https://obamawhitehouse.archives.gov/sites/default/files/page/files/20160308_broadband_cea_issue_brief.pdf) ("Broadband provides numerous socio-economic benefits to communities and individuals, improving labor market outcomes for subscribers, increasing economic growth, providing access to better health care, and enhancing civic participation") (Exhibit 8); Remarks of Commissioner Jessica Rosenworcel, Federal Communications Commission, *20 Years of Connecting Schools and Libraries: Policy Summit*, (Jan. 24, 2018) (*available at* https://docs.fcc.gov/public/attachments/DOC-320122A1.pdf) (noting "seven in ten teachers now assign homework that requires access to broadband" and raising concern that the lack of access is creating a "Homework Gap") (Exhibit 9); *In re Promoting Telehealth for Low-Income Consumers*, Notice of Inquiry, 33 FCC Rcd 7825 ¶ 1 (Aug. 3, 2018) (*available at* https://www.federalregister.gov/documents/2019/07/30/2019-16077/promoting-telehealth-for-low-income-consumers) ("High-quality health care has become increasingly reliant on the widespread availability of high-speed connectivity, and broadband-enabled telehealth services are assuming an increasingly vital role in providing care") (Exhibit 10).

As courts in this district have established, judicial notice should be granted for facts presented on government websites. *Navarrete v. Experian Info. Sols., Inc.*, No. 216CV225FTM99MRM, 2016 WL 4992441, at *2 (M.D. Fla. Sept. 19, 2016) ("courts have defined public records to include facts found on the websites of the FDIC and other government agencies"); *In re Everglades Island Boat Tours, LLC*, 484 F. Supp. 2d 1259,

1261 (M.D. Fla. 2007) (taking judicial notice of pages from the website *sfwmd.gov* for information concerning Florida's everglades); *Stanifer v. Corin USA Ltd., Inc.*, No. 6:14–cv–1192–Orl–37DAB, 2014 WL 5823319, at *3 (M.D.Fla. Nov.10, 2014) ("Courts in this District and elsewhere regularly take judicial notice of public records available on the FDA's website because such document[s] satisfy the requirements of Rule 201.").

For the foregoing reasons, Defendant BHN respectfully requests that the Court take judicial notice of the CAS MOU, the specified ISP press releases, and the information on the government websites noted herein.

Dated: January 21, 2020                    Respectfully submitted,

                                            */s/ Erin R. Ranahan*

Michael S. Elkin (*pro hac vice*)          Erin R. Ranahan (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)       Shilpa A. Coorg (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)           WINSTON & STRAWN LLP
WINSTON & STRAWN LLP                        333 S. Grand Avenue
200 Park Avenue                            Los Angeles, CA 90071
New York, NY 10166                         (213) 615-1933 (telephone)
(212) 294-6700 (telephone)                 (213) 615-1750 (facsimile)
(212) 294-4700 (facsimile)                 E-mail: eranahan@winston.com
E-mail: melkin@winston.com                 E-mail: scoorg@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com               Jennifer A. Golinveaux (*pro hac vice*)
                                            WINSTON & STRAWN LLP
GUNSTER, YOAKLEY & STEWART,                 101 California Street, 35th Floor
P.A.                                        San Francisco, CA  94111-5840
William J. Schifino, Jr.                    (415) 591-1506 (telephone)
Florida Bar Number 564338                   (415) 591-1400 (facsimile)
401 E. Jackson St., Ste. 2500              E-mail: jgolinveaux@winston.com
Tampa, FL 33602
(813) 228-9080 (telephone)
(813) 228-6739 (facsimile)
E-mail: wschifino@gunster.com

*Attorneys for Defendant*
*Bright House Networks, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 21, 2020, a true and correct copy of the foregoing was filed

with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

*s/ Erin R. Ranahan*
Erin R. Ranahan