# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |
|---|---|
| UMG RECORDINGS, INC., *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

## PLAINTIFFS' OPPOSITION TO DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S MOTION FOR JUDICIAL NOTICE

Defendant Bright House Networks, LLC ("BHN") asks the Court to expand the universe of facts it will consider in connection with BHN's motion to dismiss by having the Court take judicial notice of documents not pled or referenced anywhere in Plaintiffs' First Amended Complaint (the "FAC").  BHN's request is improper, for at least two reasons.

*First*, BHN's request impermissibly seeks to have the Court take judicial notice of the *truth* of information contained in various public and private statements.  While a court may take judicial notice of the existence of a document or of the fact of what it says, it may not take judicial notice of the *truth* of the document's contents.  *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  BHN's request would invert the standard on a motion to dismiss by having the Court simply accept as true extrinsic evidence, and then weigh it against Plaintiffs' allegations.

*Second*, the Court cannot take judicial notice even of the documents themselves, because many of them are plainly *not* what BHN represents them to be.

For both these reasons, the Court should deny BHN's motion.

**ARGUMENT**

BHN's request should be denied, because it fails to meet the standard for judicial notice. "[T]he taking of judicial notice . . . is a highly limited process." *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (internal quotation marks and citation omitted). A court's authority to take judicial notice is limited to "adjudicative fact[s]" that are "not subject to reasonable dispute." Fed. R. Evid. 201. "Adjudicative facts" are those that are relevant to a particular case, *Martincek v. LVNV Funding, LLC*, 2017 WL 2903356, at *2 (N.D. Ga. Mar. 16, 2017), while facts are "indisputable" only if they are (i) "generally known within the territorial jurisdiction of the trial court," or are (ii) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (quoting Fed. R. Evid. 201). Even if a document is amenable to judicial notice, "notice may be taken only to establish what those documents contain, not the veracity of their contents." *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

**I.     BHN IMPERMISSIBLY ASKS THE COURT TO TAKE JUDICIAL NOTICE OF THE TRUTH OF VARIOUS DOCUMENTS.**

BHN asks the Court to take judicial notice of various documents, not for the purpose of establishing basic and indisputable facts about those documents, but to establish the purported truth of the information they contain. That is plainly improper. Although a court may take judicial notice of indisputable facts such as "the media has reported 'X,'" or a certain document "says 'X,'" judicial notice does allow the Court "to know 'X.'" *Shahar*, 120 F.3d at 214 n.5. To the contrary, "the veracity of the[] contents" of a document is not an appropriate subject of judicial notice. *Navarro*, 192 F. Supp. 3d at 1364; *see also Jones*, 29 F.3d at 1553.

Specifically, BHN asks the Court to take judicial notice of the following purported facts:

- that the CAS MOU "set[s] forth [the] methodologies by which participating ISPs would respond to notices of alleged copyright infringement," and that these methodologies "did not require ISPs to terminate subscribers," (Mot. at 3);

- that press releases regarding the CAS MOU "summarized . . . the actions [ISPs] were mandated to take in response to allegations of copyright infringement," (*id.* at 4); and

- that the "government" believes that "having internet access is critical for people to participate in the modern world economy and, therefore, disconnecting a person's internet access is a drastic measure," (*id.* at 5).

Thus, instead of asking the Court to take judicial notice of indisputable facts *about* the documents, BHN asks the Court to take judicial notice of: (i) the meaning and effect of the CAS MOU; (ii) the accuracy of statements contained in press releases; and (iii) the importance of the internet to the "modern world economy."  Courts routinely reject such requests for notice.  *See, e.g.*, *Zaragoza v. Apple Inc.*, 2019 WL 1171161, at *11 (N.D. Cal. Mar. 13, 2019) (refusing party's request to take judicial notice of the effect of an agreement); *Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1029-30 (C.D. Cal. 2015) (refusing party's request to "take judicial notice of the *truth* of the facts stated in the various press releases").

Indeed, if BHN's request were countenanced, it would eviscerate the Rule 12(b)(6) standard.  A court's review of a motion to dismiss is limited to the facts alleged in the complaint, which the court must construe in the light most favorable to the plaintiff.  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  BHN's approach, however, asks the Court to invert the pleading standard by introducing *new* facts into its analysis, assuming those facts to be *true*, and then construing those facts not in favor of, but *against*, Plaintiffs.  That is plainly not the law, and BHN's motion should be denied.

## II.     THE DOCUMENTS FOR WHICH BHN SEEKS NOTICE DO NOT MEET THE JUDICIAL NOTICE STANDARD.

Separate and apart from the improper *purpose* for which BHN seeks judicial notice, BHN's request fails for the additional reason that the documents themselves do not bear sufficient indicia of reliability, such that their "accuracy cannot reasonably be questioned." *Shahar*, 120 F.3d at 214.

CAS MOU.  The version of the CAS MOU that BHN asks the Court to take judicial notice of is an unsigned, unexecuted agreement, which BHN apparently pulled from a private website at some unspecified point in time.  (Mot. at 2-3; *see also* Dkt. No. 100-2.)  Taking judicial notice of this document is inappropriate, as there is no indication from the document itself that it in fact is the *final* MOU or that the MOU was not amended, terminated, or qualified at some later point in time.

BHN attempts to salvage its request by noting that some version of the MOU was previously filed (under seal) in another action.  (Mot. at 3-4.)  However, "[t]he fact that a document is in a . . . court's record does not make it an appropriate subject of [judicial] notice" by default.  *In the Matter of Lisse*, 905 F.3d 495, 496-97 (7th Cir. 2018).  It must still pass the accuracy and reliability requirements, and BHN has not demonstrated that here.

Press Releases.  BHN has attached five alleged "press releases" to its motion, which it claims were "issued by the Internet service providers who were signatories of the CAS MOU." (Mot. at 4.)  These documents do not come close to meeting the judicial notice standard.

*First*, three of the five documents that BHN attaches to its motion are not even press releases, but rather news articles or blog posts, the reliability of which is suspect.  Specifically:

- Exhibit 4 to BHN's motion is an article written by Nate Anderson for a website called "Ars Tecnica."  (Dkt. No. 100-5.)  The document describes statements that Verizon purportedly made to the author (not in a press release) about certain media reports.  (*Id.*)

Contrary to BHN's suggestion, the article is emphatically *not* about the CAS MOU, as it was written a year and a half before the MOU was executed. (*Id.*)

- Exhibit 5 is another article, this one written by "Ernesto" (no last name provided), for a website called "TorrentFreak." (Dkt. No. 100-6.) Far from being a press release issued by AT&T, the article purports to describe leaked AT&T documents that TorrentFreak obtained. (*Id.*)

- Exhibit 6 is an article from "The Business Insider," which discusses statements that AT&T purportedly made to the author (again, not in a press release). (Dkt. No. 100-7.) Incredibly, BHN offers this "press release" for the proposition that AT&T would not terminate subscribers for engaging in infringement, but the article itself states that AT&T *will* terminate subscribers, in keeping with its DMCA obligations. (*Id.*)

*Second*, the provenance of all five "press releases" is suspect. BHN appears to have pulled the press releases from various private websites, but such websites are not "self-authenticating." *Gaza v. LTD Fin. Servs., L.P.*, 2015 WL 5009741, at *2 (M.D. Fla. Aug. 24, 2015). For this reason, courts in this District routinely hold that information obtained from private websites is "not the proper subject of judicial notice." *Id.*; *see also Estrella v. Ltd Fin. Servs., LP*, 2015 WL 6742062, at *2 n.4 (M.D. Fla. Nov. 2, 2015) (private corporate websites "generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned'" (quoting Fed. R. Evid. 201)). The same concerns apply here.

Government Websites. Finally, the information about the supposed importance of Internet access, which BHN pulled from certain government websites, is not indisputable. Although BHN contends that "judicial notice should be granted for facts presented on government websites," this is emphatically not the law. To the contrary, "[w]hile a court may take judicial notice of a public record"—including, in some circumstances, information posted on government websites—"it may *not* do so for the truth of the facts recited therein." *Howe v. City of Enterprise*, 2018 WL 8545947, at *9 (M.D. Ala. Sept. 17, 2018) (emphasis added). This is precisely what BHN attempts to do here. *See* Section I, *supra*.

5

In light of the foregoing, the Court cannot properly take judicial notice even of the fact of these documents, let alone the documents' contents.

## CONCLUSION

For all of these reasons, BHN's motion, (Dkt. No. 100), should be denied.

Dated: February 4, 2020

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2020, I caused the foregoing to be filed

electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of

electronic filing to all counsel of record registered with CM/ECF.


*/s/ Mitchell A. Kamin*
Attorney