UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

**DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S MOTION FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

Pursuant to Local Rule 3.01(c), Defendant Bright House Networks, LLC ("BHN"), respectfully moves for leave to file a reply of no more than five pages in further support of its Motion to Dismiss Plaintiffs' Amended Claim for Vicarious Liability (Dkt. 99).

Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." Local Rule 3.01(c). Courts in this District have explained that reply briefs are warranted to "rebut any new law or facts contained in the opposition[']s response to a request for relief before the Court," *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011), and to "address legal argument raised in the opposing party's response." *Clements v. St. Johns Cty. Sheriff's Office*, Case No. 3:07-cv-1017-J-25JRK, 2008 WL 11336601, at *2 (M.D. Fla. Dec. 5, 2008).

Here there is good cause to grant BHN leave to file a five (5) page reply. Plaintiffs have put forth a series of legal and factual misstatements in their opposition and correction of the applicable case law and legal standards would significantly aid the Court in the resolution

1

of the underlying motion to dismiss Plaintiffs' claim for vicarious liability. *See, e.g.*, *Allied Portables, LLC v. Youmans,* Case No. 2:15-cv-294-FtM-38CM, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016).

First, BHN seeks to address Plaintiffs' improper and inaccurate reliance on the jury verdict in *Sony Music Entertainment et al. v. Cox Communications, Inc. et al.*, Case No. 1:18-cv-00950-LO-JFA (E.D. Va.) ("*Sony*"). Plaintiffs repeatedly cite to the *Sony* verdict as "instructive" when advocating for their "alternative" (and un-tested) theory of vicarious liability, which is contrary to decades of well-settled law. *See* Opp. at 3, 14-15. On reply, BHN seeks the opportunity to address why the Court should not give any weight to the *Sony* out-of-circuit jury verdict here, which is not "instructive" of Plaintiffs' vicarious liability claim, and for which no final judgment has been entered. The jury verdict is not an authoritative decision and provides no analysis about what the jury relied upon in rendering its verdict, and is specifically subject to pending post-trial motions.[1] Plaintiffs also misrepresent the factual record from *Sony*, which BHN seeks to correct.

Second, BHN seeks to address Plaintiffs' misrepresentation of the law on vicarious liability. *See, e.g.*, Opp. at 11-13, 18. Plaintiffs cite to several cases, including *Capitol Records, LLC v. Escape Media Grp., Inc.*, 2015 WL 1402049 (S.D.N.Y. Mar. 25, 2015) and *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304 (2d Cir. 1963) (and some of its progeny), for the unsupportable proposition that they are not required to plead or prove a "draw" to establish vicarious liability. (Plaintiffs do not, and could not, allege facts to support

---

[1] BHN would further address how Plaintiffs have misrepresented the *Sony* court's citation to Magistrate Judge Hegarty's recommendation in the case *Warner Records, Inc. et al. v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH (D. Colo.). *See* Opp. at 14, n.7.

2

the requisite "draw," in any event, as BHN argues in its motion). In its reply, BHN would briefly address how Plaintiffs' interpretations of these and related cases are inaccurate and, if anything, support dismissing the vicarious liability claim.

Finally, Plaintiffs misrepresent the allegations in their Amended Complaint, including those relating to whether the requisite "draw" has been, or could be, pleaded. *See* Opp. at 4, 12, 15. BHN would simply clarify these misstatements for accuracy. *Ottaviano v. Nautilus Ins. Co.*, No. 8:08-CV-2204T33TGW, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) (permitting a reply where party noted that the response "misstated the facts" and would show "that [the] case law should not be applied to the facts of the present case").

Accordingly, BHN respectfully requests the Court grant it leave to file a five (5) page reply brief within fourteen (14) days of this Court granting the instant application.

### 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for BHN have conferred with counsel for Plaintiffs regarding the relief sought in this motion, and Plaintiffs have declined to consent to this Motion.

Dated: February 11, 2020                    Respectfully submitted,

*s/ Erin R. Ranahan*
Erin R. Ranahan (*pro hac vice*)
Shilpa A. Coorg (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com
E-mail: scoorg@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

GUNSTER, YOAKLEY & STEWART, P.A.
William J. Schifino, Jr.
Florida Bar Number 564338
401 E. Jackson St., Ste. 2500
Tampa, FL 33602
(813) 228-9080 (telephone)
(813) 228-6739 (facsimile)
E-mail: wschifino@gunster.com

*Attorneys for Defendant*
*Bright House Networks, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the parties of record.

/s/ *Erin R. Ranahan*
Attorney