UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

Case No. 8:19-cv-710-MSS-TGW

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT A TWO-PAGE REPLY IN FURTHER SUPPORT OF THEIR PARTIAL OBJECTION TO TWO DISCRETE RULINGS IN MAGISTRATE JUDGE WILSON'S JANUARY 9, 2020 DISCOVERY ORDER**

Pursuant to Local Rule 3.01(c), Plaintiffs respectfully move for leave to file a two-page reply brief in further support of their Partial Objection To Two Discrete Rulings In Magistrate Judge Wilson's January 9, 2020 Discovery Order (ECF No. 102). Leave to file a reply should be granted for good cause here, *McDonald v. U.S.*, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013), because the reply "will benefit the Court's resolution of the pending motion." *Gian Biologics LLC v. CellMedix Holdings, LLC*, 2016 WL 9525229, at *1 (M.D. Fla. Oct. 5, 2016).

Defendant Bright House Networks ("BHN") wrote nearly 20 pages in opposition to Plaintiffs' narrow objection. ECF No. 109. In doing so, BHN misconstrued the fundamental point that Judge Wilson did not understand in denying Plaintiffs' request for discovery on the number of subscribers BHN terminated for failing to pay their bills. Plaintiffs would clarify that misdirection in their brief reply. Part of BHN's defense is that it should not have to terminate subscribers for infringement because internet connectivity is so critical to its subscribers' daily functioning. That argument is fully undermined by the certain fact that BHN regularly terminates users when they do not pay. If internet service is so precious and critical, BHN should not

terminate for non-payment any more quickly than it terminates for infringement. Charter's arguments for why it does or does not terminate in one scenario versus another goes to weight, not discoverability. The requested discovery is therefore needed to assess and rebut BHN's defense (as two other courts have concluded), and to correct BHN's misdirection in responding to Plaintiffs' objection.

Accordingly, Plaintiffs respectfully requests the Court grant it leave to file a two (2) page reply brief within five (5) days of this Court granting this request.

### 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs have conferred with counsel for Defendants regarding the relief sought in this motion. Counsel for Defendants do not consent to the relief sought.

Dated: February 11, 2020

Respectfully submitted,

 /s/ *Jeffrey M. Gould*
Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

— 4 —

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2020, I caused the foregoing document and all accompanying materials to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

Dated: February 11, 2020

                                                 /s/ *Jeffrey M. Gould*
                                                 Jeffrey M. Gould

                                                 *Attorney for Plaintiffs*