**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UMG RECORDINGS, INC., *et al.*,

      Plaintiffs,

      v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

Case No. 8:19-cv-00710-MSS-TGW

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION**
**TO DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S**
**MOTION TO RE-DESIGNATE CASE TO TRACK THREE**

Plaintiffs respectfully submit this response in partial opposition to Defendant Bright House Networks, LLC's ("BHN") Motion to Re-Designate Case to Track Three (ECF No. 118). Plaintiffs do not oppose BHN's request to re-designate the case to Track Three and agree with BHN that *some* extension to the case schedule is warranted. Indeed, a modest extension of some sort is needed because *BHN has produced only five documents to date in the nine months since Plaintiffs served their initial discovery requests* (in stark contrast to the *over 180,000 documents* Plaintiffs have produced). Plaintiffs do, however, oppose the 13-month extension BHN requests, which would set trial at the absolute outer bounds of the permissible period even under Track Three, and is unwarranted.

The precise length of the extension actually needed turns on a threshold question that *BHN has refused to answer*. Plaintiffs therefore propose two alternative schedules with modest extensions of three to five months that are proportional to the case and the current state of discovery.

Specifically, Plaintiffs' first proposed schedule extends trial from February 2021 to April 2021, and is premised on BHN *not* asserting a safe-harbor defense under the Digital Millennium Copyright Act ("DMCA"); the other extends trial to July 2021, and is predicated on BHN asserting such a safe-harbor defense, which implicates meaningful additional discovery. That threshold issue materially impacts the scope of fact discovery that will be needed. BHN has refused to answer whether it will assert the defense, even for the contributory infringement claim it has not moved to dismiss. In parallel litigation, in which Defendant Charter Communications, Inc. is represented by the same counsel as BHN, the court recently ordered Charter to file a "Partial Answer to the claims that are not the subject of the pending Motion to Dismiss." Sahni Decl. Ex. C. This Court should do the same.

There is no good cause for the substantial delay BHN seeks, and it cannot rely on its *own* lack of diligence—having produced only five documents to date—to delay this case by over a year. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The currently operative case schedule—under which trial would commence 22 months from the filing of the Complaint—was negotiated and set while counsel for all parties were completing litigation of a case nearly identical to this one in all material metrics: the number of parties, number of works in suit, and complexity of legal issues. That case—*Sony Music Entertainment v. Cox Communications Inc.*, No 1:18-cv-00950 (E.D. Va.)—was fully litigated and completed, from the filing of the complaint through discovery, summary judgment, and a three-week jury trial that resulted in a verdict, in 17 months. Contrary to BHN's portrayal, this case has not become any more complex or time consuming since the parties agreed to the current schedule last year: the legal claims are the same as when this

case was filed, the 10 new plaintiffs (out of 63) that were recently added are simply affiliated companies of the original plaintiffs, and Plaintiffs' recent amendment of the works in suit lists *decreased the number of works at issue.*

As further explained below, the Court should require BHN to state whether it is asserting a safe-harbor defense, adopt the corresponding revised case schedule that Plaintiffs have proposed, and reject BHN's parallel schedule that would unnecessarily delay trial by over a year.

## **BACKGROUND**

### I.    **PLAINTIFFS' CLAIMS**

Plaintiffs are record companies and music publishers that produce, distribute, sell, and license some of the world's most popular sound recordings and musical compositions. In recent years, Plaintiffs' interest in—and exclusive right to reproduce and distribute—their copyrighted works has come under increasing attack from online peer-to-peer file-sharing programs that allow users to transfer music and other files directly to one another over the internet.  Between 2012 and 2015, Plaintiffs and their representatives identified *over one hundred thousand* specific instances in which BHN's subscribers used peer-to-peer file-sharing programs on the BHN network to distribute and copy Plaintiffs' songs illegally. Plaintiffs notified BHN of these specific and repeated acts of infringement by BHN subscribers.

Although BHN's terms of service prohibit copyright infringement and give BHN the right to terminate users' accounts for repeat infringements, BHN turned a blind eye to the rampant infringement occurring over its network.  Based on BHN's failure to take

appropriate steps to address the repeat infringing activity of its subscribers, Plaintiffs initiated this action last year, asserting two claims under the Copyright Act, one for contributory infringement and one for vicarious infringement.

## II.   STATE OF DISCOVERY

Plaintiffs filed this case in March 2019, and discovery commenced in June, when the parties exchanged their initial discovery requests.  In the almost *nine months* since then, Plaintiffs have produced *over 180,000 documents*, while BHN has produced *only five*.

On January 8, 2020, the Court heard argument on Plaintiffs' and BHN's respective motions to compel regarding these discovery requests.  The Court ordered both parties to produce certain documents by March 9.  ECF No. 91.  Plaintiffs immediately began undertaking collection and review of the ordered discovery, which is the most burdensome discovery for Plaintiffs in this case, and represents the bulk of their production obligations. In light of that burden, Plaintiffs filed a motion, which the Court granted, to extend their production deadline to May 1.  ECF No. 120, 121.  That extension is commensurate with the modest three-to-five month extensions proposed by Plaintiffs herein.

Plaintiffs and BHN have propounded additional sets of Requests for Production and Interrogatories, and BHN has also propounded Requests for Admission.  Responses to these discovery requests are due in the coming weeks.

## III.   STATE OF THE PLEADINGS

On January 7, 2020, Plaintiffs filed their First Amended Complaint ("FAC").  ECF No. 88, 89.  The FAC made no changes to the substantive or factual allegations of the original Complaint, or to the causes of action alleged.  *See* Redline of Changes to FAC, ECF

No. 88-1.  It only added 10 plaintiff entities—all of which are affiliated with the original 53[1]—and made minor changes to the names of others.  *Id.* On February 15, 2020, Plaintiffs amended the works-in-suit exhibits to their complaint, in order to conform those exhibits to information learned in discovery.  ECF No. 116.  Those amendments did not add any works—they removed certain works and made minor corrections to others.  *See id.*

Immediately after Plaintiffs' filing of the FAC in January, the Court automatically denied as moot BHN's then-pending and fully briefed motion to dismiss, which sought to dismiss the vicarious claim asserted by Plaintiffs.  *See* ECF No. 32, 90.  Because the FAC did not effect any substantive changes to the Complaint, Plaintiffs suggested that BHN redirect the fully briefed motion to dismiss to the FAC.  Sahni Decl. Ex. D (1/8/2020 Hr'g Tr. 141:20–142:9).  But BHN chose to file a new motion to dismiss, prompting a new round of briefing.  *See* ECF No. 99.  That renewed motion is now fully briefed, as of February 28, 2020.  *See* ECF No. 119.

IV.     **SCHEDULING DISCUSSIONS**

On June 5, 2019, the parties jointly submitted a Case Management Report.  *See* ECF No. 34.  The report included a mutually agreed upon schedule that set the deadline for discovery in June 2020, the deadline for dispositive motions in August 2020, and a trial term beginning January 11, 2021.  ECF No. 34.  It also included a deadline for Plaintiffs to join parties or amend pleadings (December 2, 2019, later moved to January 6, 2020 on the consent of both parties, *see* ECF No. 69) and a deadline for Plaintiffs to amend the exhibits to

---

[1] As Plaintiffs have repeatedly explained and BHN well knows, the 63 specific plaintiff entities in this case are organized and grouped into six umbrella plaintiff groups.

their Complaint listing all works in suit (February 14, 2020)[2].  Based on this submission, the

Court entered the operative Case Management and Scheduling Order, which largely adopted

the parties' dates but set the trial term to begin February 1, 2021.  ECF No. 68.

      During the course of the parties' meet-and-confers on discovery issues, Plaintiffs

repeatedly asked BHN—in calls throughout the fall of 2019 and in a formal letter on

November 13, 2019—whether it intended to assert a safe-harbor defense under the DMCA.

*See* Sahni Decl. Ex. A.  As described above, whether BHN asserts a safe-harbor defense will

meaningfully affect the scope of discovery, and in turn, the case schedule.  BHN has refused

to answer.  *Id.* Ex. B.

      Last month, the parties began to discuss extensions to the case schedule.  On January

31, Plaintiffs proposed two alternate schedules, dependent on the threshold safe harbor issue.

ECF No. 118-13.  BHN again refused to disclose its position on the safe harbor and declared

its intent to seek an extension of the trial date to March 2022—"about 8 months after

[Plaintiffs'] longer proposal."  *See* ECF No. 118-13.  The parties conferred but could not

reach agreement.  *See* ECF No. 118-13, 118-15, 118-16.

## **ARGUMENT**

**I.**     **THE COURT SHOULD ADOPT A MODEST, THREE-TO-FIVE
MONTH EXTENSION TO THE CASE SCHEDULE.**

      Good cause exists for a modest, three-to-five month extension to the operative case

---

[2] BHN suggests that Plaintiffs missed this deadline when they filed the amended works-in-suit lists.  *See* Def. Mot. 4–5.  That is wrong.  Plaintiffs attempted to file on February 14, but the Court's CM/ECF system was unavailable due to an upgrade.  *See* ECF No. 116 at 2 n.2. Plaintiffs therefore emailed the amendment to the Court on February 14, and then filed the amendment on February 15 when the CM/ECF system became available.  *See id.*  The Court promptly granted Plaintiffs' motion to amend the next business day.  ECF No. 117.

schedule, in light of the state of discovery.  *See* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to amend scheduling order); M.D. Fla. Local Rule 3.09(a) (same).  To date, *BHN has produced just five documents* in response to the 24 document requests that Plaintiffs served *nearly nine months ago*.  Plaintiffs therefore lack documents about key factual issues in the case, including, for example:  BHN's policies regarding copyright infringement, actions it took in response to copyright infringement notices, and the financial benefits BHN derived from tolerating infringing activity by its subscribers, among others.  Without these documents, Plaintiffs cannot prepare for and take depositions, or draft targeted interrogatories and requests for admission.

And while Plaintiffs have been working diligently to meet their discovery obligations, certain of those obligations are manifestly time consuming, and have proven even more time consuming than anticipated.  *See* Blietz Decl. ISO Opp'n to Mot. to Compel ¶¶ 14–18, ECF No. 83-3 (explaining volume and complexity of collections for "ownership" documentation sought by BHN); Leak Decl. ISO Opp'n to Mot. to Compel ¶¶ 23–29, ECF No. 83-5 (same); McMullan Decl. ISO Opp'n to Mot. to Compel ¶¶ 24–29, ECF No. 83-6 (same).  During the January 8 discovery hearing, Judge Wilson recognized that there should "be some flexibility" regarding the case deadlines, as this is a "complex case."  Sahni Decl. Ex. D (1/8/2020 Hr'g Tr. 142:20–143:25).

Plaintiffs have developed two alternative schedules (attached hereto in Attachment A), contingent on whether BHN intends to assert a safe-harbor defense.  If it does, the scope of discovery will materially expand.  For example, to be eligible for a safe harbor, BHN will have to prove that it has "adopted and reasonably implemented, and informs subscribers and

account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers."  17 U.S.C. § 512(i).  Discovery into this issue will necessarily go beyond the infringing subscribers named in Plaintiffs' notices. But BHN has to date resisted any discovery that extends this far.

BHN has taken the position that it need not disclose whether it will assert a safe-harbor defense until it files its answer, after the Court decides its pending motion to dismiss. *See* Sahni Decl. Ex. A, B.  But that is simply an excuse to delay these proceedings.  This Court should require BHN to assert its affirmative defenses on at least the contributory infringement claim (which it has never sought to dismiss, *see* BHN's Mot. to Dismiss, ECF No. 32, 99), as was recently ordered by a Colorado federal court in parallel litigation against Charter.  Then, based on whether BHN asserts a safe-harbor defense, the Court should adopt the corresponding schedule proposed by Plaintiffs attached hereto in Attachment A.

## II.     BHN HAS FAILED TO SHOW GOOD CAUSE FOR THE THIRTEEN-MONTH EXTENSION IT SEEKS.

Plaintiffs do not oppose BHN's request to re-designate this case to Track Three, but do oppose BHN's request to delay trial *by 13 months*, which would result in a three-year lapse between filing of this case and trial (March 25, 2019 to March 25, 2022).  BHN lists three purported bases to extend the trial date this long:  "[1] early stage of the pleadings, [2] the complexity and needs of the case, and [3] ongoing discovery delays."  Def.'s Mot. 12. None of these constitutes good cause for such a lengthy delay.  *See* Fed. R. Civ. P. 16(b)(4)

(requiring "good cause" to amend scheduling order); M.D. Fla. Local Rule 3.09(a) (same).[3]

BHN first contends that Plaintiffs' recent amendments to the Complaint warrant significant delay. *Id.* But Plaintiffs' FAC contains no substantive alterations from the initial Complaint, and thus cannot have any effect on BHN's defenses or the scope of discovery. *See supra*, Section III. Furthermore, to the extent there remains any uncertainty over the state of the pleadings, that is wholly attributable to BHN's decision to file a second motion to dismiss rather than redirect its initial motion—fully briefed as of August 2019—to the FAC, as Plaintiffs had proposed. *See supra*, Section III.

The only burden that BHN suggests could flow from the plaintiff entity amendments is that it will need to take additional depositions. Def.'s Mot. 12. This is specious. Last month, *after* Plaintiffs had amended their complaint, Plaintiffs and BHN filed a joint motion to set the deposition limit at 20 per side, which the Court granted. ECF No. 104, 110. Even if the limit were further increased, Plaintiffs' proposed three-to-five month extensions more than accommodate for additional depositions. *See Ambraziunas v. Bank of Boulder*, 846 F. Supp. 1459, 1467 (D. Colo. 1994) (extending a discovery cut-off date *by two months* in response to the addition of *17 plaintiffs*).

Similarly, BHN's argument that Plaintiffs' recent amendments to the works in suit lists justify a 13-month trial delay is without merit. Those amendments were specifically

---

[3] BHN spends the bulk of its Motion making unfounded characterizations about the nature of this case, the relief that Plaintiffs seek, and the case history here, and uses its Motion as an improper vehicle to rehash settled discovery disputes. In fact, the Motion does not address the governing "good cause" standard until the eleventh page. Plaintiffs disagree with the entirety of BHN's prefatory mischaracterizations, but focus here only on whether BHN met its burden.

contemplated in the joint schedule submitted by the parties last June. *See* ECF No. 34, at 1–2. In other words, BHN has *always* known Plaintiffs would be amending their works in suit lists by February 2020,[4] and nevertheless agreed to a schedule 13 months shorter than that which it presently seeks. Moreover, Plaintiffs' amendments *decrease* the total number of works in suit—thereby *reducing* the scope of discovery and trial—and thus cannot possibly justify a lengthy delay.

Next, BHN argues generally that "discovery delays" and the "complexity of the case" warrant a significant extension. Def.'s Mot. 13–14. But while BHN contends that Plaintiffs' production delays support a lengthy extension, it ignores the fact that Plaintiffs have produced *over 180,000* documents, while BHN has produced *only five*. *See Sosa*, 133 F.3d at 1418 (good cause to extend requires the movant to show that "the schedule cannot 'be met despite the diligence of the party seeking the extension'"); *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) ("[L]ack of diligence on the part of the party seeking modification ends the good cause inquiry . . . ."). BHN has already demonstrated it will delay producing documents as long as possible. If given the extra year it seeks, it will no doubt delay even more. In any event, BHN's purported concern about the timing of Plaintiffs' productions is disingenuous: Plaintiffs' proposed schedules include substantial production completion dates, and to the extent BHN is concerned that Plaintiffs will not produce certain categories of documents until right before that deadline—an unfounded fear

---

[4] In its Motion, BHN misrepresents the record by stating that "Plaintiffs also sought a new deadline to amend the exhibits to their Complaint that set forth the works-in-suit, which the Court set for February 14, 2020." Def.'s Mot. 4–5. The parties *jointly* agreed to that deadline *last June*, and it has not changed since. *See* ECF No. 34, at 1–2.

given that Plaintiffs (unlike BHN) have been making rolling productions for months—the proper recourse is to include interim deadlines for producing those categories, which Plaintiffs' proposed schedules also provide.[5]

Furthermore, the complexity of this case has not increased since it was first filed. To the extent BHN will need to "conduct discovery in connection with the large number of Plaintiffs and third-parties," Def.'s Mot. 16, that is not a new development. *See Andritz, Inc. v. S. Maint. Contractor, LLC*, No. 3:08-CV-44 (CDL), 2010 WL 11530352, at *1 (M.D. Ga. Mar. 5, 2010) ("'Good cause' means that *due to unforeseeable circumstances*, the party seeking the amendment to the scheduling order could not have met the existing deadline despite the exercise of reasonable diligence." (emphasis added)). In addition, BHN does not explain how this case is any more complex than the similar *Sony v. Cox* litigation, which was fully litigated by the same defense firm, beginning to end, in 17 months—a fraction of the time BHN proposes here.[6]

## CONCLUSION

For these reasons, the Court should require BHN to state now whether it will assert a safe-harbor defense, adopt one of the two proposed schedules attached hereto in Attachment

---

[5] BHN contends that Plaintiffs used the parties' meet and confers on scheduling as a "delay tactic" and alleges that Plaintiffs did not make any changes to their proposed schedule in response to the discussions. Def.'s Mot. 7. That is demonstrably false. After meeting and conferring with BHN, Plaintiffs added interim deadlines to their proposed schedule specifically to be responsive BHN's purported concerns about the timeline for Plaintiffs' productions. *Compare* ECF No. 118-13, *with* ECF No. 118-16.

[6] BHN's unexplained 13-month delay appears to be an attempt to delay trial in this case until after Cox's appeal of the $1 billion jury verdict against it; that is not a proper basis for seeking such a lengthy delay. *See* Jury Verdict, ECF No. 669, *Sony Music Entm't*, No. 1:18-cv-00950 (E.D. Va. Dec. 19, 2019).

A, and reject the schedule proposed in BHN's Motion to Re-Designate Case to Track Three

(ECF No. 118).

Dated: March 6, 2020

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

**ATTACHMENT A**

**PLAINTIFFS' PROPOSED SCHEDULES**

| | | No DMCA Safe Harbor Defense | Yes DMCA Safe Harbor Defense |
|---|---|---|---|
| Deadline | Original Date | Revised Date | Revised Date |
| Completion of Plaintiffs' Production of (i) Ownership Documents As Ordered by the Court and (ii) Digital Copies of Works-in-Suit As Ordered by the Court (*see* Order Regarding Mot. to Compel, ECF No. 93) | March 9, 2020 (ECF No. 93) | May 1, 2020 (This deadline was ordered by the Court on March 4, ECF No. 121) | May 1, 2020 (This deadline was ordered by the Court on March 4, ECF No. 121) |
| Completion of Production of Documents Parties Have Already Agreed to Produce Pursuant to Initial Discovery Requests | N/A | May 1, 2020 | May 22, 2020 |
| Completion of Production of Documents Related to DMCA Safe Harbor, Including Those Responsive to Plaintiffs' Requests and Any That BHN Intend to Rely Upon if It Asserts the Defense | N/A | N/A | July 1, 2020 |

| Mediation Deadline | March 27, 2020 (*see* Scheduling Order, ECF No. 68) | May 27, 2020 | July 27, 2020 |
|---|---|---|---|
| Deadline to Serve Written Discovery | N/A | June 17, 2020 | August 19, 2020 |
| Substantial Completion of Document Productions (for requests served at least 45 days prior) | N/A | July 1, 2020 | August 31, 2020 |
| Disclosure of Expert Reports | Plaintiffs: April 10, 2020<br>Defendant: May 11, 2020<br>(*see* Scheduling Order, ECF No. 68) | Plaintiffs: August 10, 2020<br>Defendant: September 9, 2020 | Plaintiffs: September 25, 2020<br>Defendant: October 26, 2020 |
| Last Date to File Motion to Compel/Seek relief from Court on Fact Discovery Issues | N/A | August 17, 2020 | October 16, 2020 |
| Close of Fact Discovery (Including Party and Third-Party Depositions) | June 11, 2020 (*see* Scheduling Order, ECF No. 68) | September 30, 2020 | November 30, 2020 |
| Close of Expert Discovery | N/A | October 9, 2020 | November 30, 2020 |
| Dispositive Motions Deadline | August 4, 2020 (*see* Scheduling Order, ECF No. 68) | October 26, 2020 | January 5, 2021 |
| Deadline to Meet in Person to Prepare Joint Final Pretrial Statement | December 4, 2020 (*see* Scheduling Order, ECF No. 68) | March 2, 2021 | May 4, 2021 |

| | | | |
|---|---|---|---|
| Deadline for Joint Final Pretrial Statement | December 14, 2020 (*see* Scheduling Order, ECF No. 68) | March 12, 2021 | May 17, 2021 |
| Deadline for all Motions in Limine or Other Pre-Trial Motions | January 4, 2021 (*see* Scheduling Order, ECF No. 68) | March 19, 2021 | June 2, 2021 |
| Trial Briefs Due | January 11, 2021 (*see* Scheduling Order, ECF No. 68) | April 2, 2021 | June 9, 2021 |
| Trial | February 1, 2021 (*see* Scheduling Order, ECF No. 68) | April 26, 2021 | July 5, 2021 |

**LOCAL RULE 3.09(d) CERTIFICATION**

Pursuant to Local Rule 3.09(d), undersigned counsel certifies that the Plaintiff entities have been notified of this filing and have consented to it.


Dated: March 6, 2020                    */s/ Mitchell A. Kamin*
                                        Mitchell A. Kamin

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on March 6, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Mitchell A. Kamin*
Attorney