UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

## NOTICE OF SUPPLEMENTAL AUTHORITY

PLEASE TAKE NOTICE that Plaintiffs bring to the Court's attention a recent order issued in *Warner Records Inc. v. Charter Communications, Inc.*, No. 19-cv-00874 (D. Colo.), pursuant to which Judge Jackson of the United States District Court for the District of Colorado (i) adopted a report and recommendation by Magistrate Judge Hegarty of the District of Colorado (the "Recommendation"), and in doing so, (ii) denied a motion to dismiss that is substantially identical to the motion pending before this Court (the "Order"). Judge Jackson's Order provides further support for Plaintiffs' opposition to the pending motion to dismiss by Defendant Bright House Networks, LLC ("BHN"). (Dkt. No. 99.)

In *Warner Records*, a group of record companies and music publishers—many of which are Plaintiffs here—brought contributory and vicarious infringement claims against Charter Communications, Inc. ("Charter"), one of the country's largest Internet service providers ("ISPs"), based on Charter's refusal to curtail its users' infringement of plaintiffs' copyrighted works. (Order at 1, 4.) Like BHN here, Charter sought to dismiss plaintiffs' vicarious infringement claim on the grounds that plaintiffs had failed to plead that (i) Charter received a direct financial benefit from the alleged infringement, or that (ii) Charter had the practical ability

to stop or limit infringement over its Internet network. (*Id.* at 4.)

On October 21, 2019, Magistrate Judge Hegarty issued a Recommendation rejecting both of Charter's arguments. (*See* Dkt. No. 63-1.)[1] Plaintiffs cited Magistrate Judge Hegarty's Recommendation extensively in opposition to BHN's motion to dismiss, (Dkt. No. 106, at 3, 13-14), but BHN argued that the Recommendation should not be credited because it had not yet been adopted by the District Court, (Dkt. No. 99, at 18-19).

On April 15, 2020, Judge Jackson issued an Order adopting Magistrate Judge Hegarty's Recommendation and denying Charter's motion to dismiss. (Order at 14.) Crediting Magistrate Judge Hegarty's "detailed" and well-reasoned analysis, (*id.* at 1), Judge Jackson held that the Recommendation correctly concluded that plaintiffs' allegations sufficed to establish both elements of a vicarious infringement claim.

First, Judge Jackson found that Magistrate Judge Hegarty properly concluded that plaintiffs' allegations sufficed to show that Charter obtained a "direct financial benefit" from its users' infringement, insofar as plaintiffs plausibly alleged that users were drawn to Charter's service by the ability to download plaintiffs' works illegally. (*Id.* at 5-10.) Second, Judge Jackson found that Magistrate Judge Hegarty properly concluded that "plaintiffs plausibly allege Charter had the practical ability to supervise or control its subscribers' infringing activities." (*Id.* at 12-14.) Citing "a variety of cases in which ISPs were found to ha[ve] the practical ability to stop or limit infringement," Judge Jackson determined that "Charter can 'stop or limit' infringement of plaintiffs['] works by terminating" infringing subscribers' accounts. (*Id.*)

---

[1] After the Recommendation was issued, Plaintiffs filed the Recommendation as a Notice of Supplemental Authority in support of their opposition to BHN's initial motion to dismiss. (*See* Dkt. No. 63.)

2

Plaintiffs' allegations here are substantially identical to those that were deemed sufficient to state a claim for vicarious infringement in *Warner Records*. And BHN's arguments in support of its motion to dismiss are substantially identical to the arguments that Judge Jackson rejected in denying Charter's motion to dismiss. Given the substantial overlap between the cases, Judge Jackson's Order provides further support for denying BHN's motion to dismiss.

Dated: April 17, 2020

Respectfully submitted,

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)

Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on April 17, 2020, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

                */s/ Jonathan M. Sperling*
                Attorney