**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UMG RECORDINGS, INC. ET AL.,**

    **Plaintiffs,**

v.                                                **Case No. 8:19-cv-00710-MSS-TGW**

**BRIGHT HOUSE NETWORKS, LLC,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Partial Objections to Two Discrete Rulings in Magistrate Judge Wilson's January 9, 2020 Discovery Order, (Dkt. 102), and Defendant Bright House Networks, LLC's Response in opposition thereto. (Dkt. 109) Accordingly, upon review of the hearing and there being no written Order setting forth reasoning and analysis, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Partial Objections to Two Discrete Rulings in Magistrate Judge Wilson's January 9, 2020 Discovery Order. (Dkt. 102)

In the Objection, Plaintiffs request that the Court reverse the denial of Plaintiffs' motion to compel Defendant to state the number of subscribers terminated for non-payment during the claim period. (Dkt. 102 at 2) Additionally, Plaintiffs request that the Court narrow the alleged overbroad order requiring Plaintiffs to produce a vast swath of licensing and distribution agreements which Plaintiffs assert have nothing to do with this case and would be "disproportionately burdensome" and "virtually impossible" to identify, collect, review and produce. (Id.)

Regarding Plaintiffs' first request, one of Defendant's principle lines of defense is that termination of infringers is untenable and essentially unconscionable because internet use is so ubiquitous and essential to the fabric of everyday life. (Dkt. 99 at 3) Yet, Plaintiffs contend that Defendant routinely terminates "innocent," legitimate users of its internet platform if they cannot meet the financial obligations of said use. That evidence certainly is relevant information to support the Plaintiffs' rejoinder to Defendant's defense. Additionally, the Court finds no basis factually or legally for the limitation of discovery concerning Defendant's termination of customers for non-payment. There is no undue burden or expense in doing so and no other way the Plaintiffs can secure the information. As such, it is discoverable, and Defendant is, therefore, **DIRECTED** to state under oath the number of subscribers terminated for non-payment during the claim period.

Concerning Plaintiffs' second objection, it is **SUSTAINED IN PART** without prejudice to Defendant's right to seek additional discovery once limited discovery is provided. It is clearly burdensome for Plaintiffs to produce every license agreement during the claim period. Defendant does not even deny the burdensomeness but seems to argue that because the outside measure of the damages claims under a statutory model might yield a substantial "windfall" of a billion-plus dollar judgment (which undoubtedly is the aim of the Plaintiffs), no level of burden would warrant a limitation on discovery. However, that is not the standard or dispositive question when considering the relative balance of reasonableness against the question of undue burden.

Federal Rule of Civil Procedure 26(b) provides the "Discovery Scope and Limits" dictated by the federal rules.

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any

> nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P 26(B). That is to say, proportionality, including in comparison to the amount in controversy, is recognized as a consideration, but so is burden and expense weighed against the likely benefit of the proposed discovery. In this regard, the comments to the rule make clear that "[i]t also is important to repeat the caution that the monetary stakes are only one factor, to be balanced against other factors." FED. R. CIV. P 26 advisory committee's note.

Here it appears that while the undue burden of production was accepted, the outer limit of the potential recovery was the predominant consideration in granting the broad and burdensome discovery sought by the Defendant, even to the point of ignoring, without considering, the sworn, uncontroverted statements of fact witnesses concerning the question of burden except as specifically incorporated by Plaintiffs in the memorandum. (Dkt. 93; see also Dkt. 102-8 at 12–33, 90:11-91:2) Accordingly, that portion of the Order is **MODIFIED** to require Plaintiffs to produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works-in-suit, to the extent such documents can be located following a reasonable and diligent search. Additionally, Plaintiffs **SHALL** produce copies of the core catalog-wide Agreements that Plaintiffs contend collectively account for approximately 90 percent of each Plaintiff group's total U.S. audio-only download and streaming revenue.

Once Defendant has received that level of discovery, it may request leave to seek additional discovery it if can demonstrate that the discovery it has received is insufficient and that the need for more discovery outweighs the burden to produce the tangential minutia that would potentially be discovered if "all license agreements" were sought out and produced.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of May, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party