UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

**DEFENDANT'S OBJECTION AND RESPONSE TO PLAINTIFFS'**
<u>**NOTICE OF SUPPLEMENTAL AUTHORITY**</u>

Defendant Bright House Networks, LLC ("BHN") provides this brief objection and response to the "Notice of Supplemental Authority" filed by Plaintiffs on June 9, 2020 (Dkt. 137) ("Notice"), which attached a post-trial order issued in *Sony Music Entertainment v. Cox Communications, Inc.* ("*Cox*"), No. 1:18-cv-00950-LO-JFA ("Order").

First, Plaintiffs' Notice is procedurally improper.  It is Plaintiffs' latest submission of supplemental authority filed without first obtaining the Court's leave,[1] and improperly makes legal argument.[2]  The Notice is prohibited by the Local Rules and should be stricken or disregarded by the Court.[3]

---

[1] This is Plaintiffs' fourth attempt to provide the Court with supplemental authority without first obtaining leave of Court. *See* Dkt. 63, 71, 127, 137.

[2] *See also Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, No. 08-80164-CIV, 2008 WL 4753726, at n.2 (S.D. Fla. Oct. 27, 2008) (Marra, D.J.) ("The Court shall strike the portions of Defendant's Notice that makes legal argument"); *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011) (Rosenbaum, M.J.) ("Put simply, notices of supplemental authority should not make legal argument.").

[3] *See, e.g., City of Bradenton v. Safety Nat'l Cas. Corp.*, No. 8:17-CV-267-VMC-MAP, 2017 WL 2448394, at *2 (M.D. Fla. June 6, 2017) (Covington, D.J.) (striking defendant's "Notice of Filing Supplemental Authority," which was filed without leave).

Beyond the procedural defects, the Notice is also misleading regarding the Order. Plaintiffs argue that the *Cox* court noted that "Sony was not required to prove 'draw' according to Cox's proffered standard." But the *Cox* court did not relieve Plaintiffs from proving "draw"—though it did fail to address the very authority it relied upon, which states that a flat-fee would not be sufficient to establish draw unless the value of the service lies in "providing access to infringing content." Order at 18 (citing S. Rep. 105-190, at 44 (1998); *Ellison,* 357 F.3d at 1079.

The Order noted that with respect to vicarious liability, "[C]ongress and several courts have said that flat-fee subscription services would *not be sufficient to establish the causal relationship unless the value of the service was derived from providing access to the infringing material*." Order at 18 (citing S. Rep. 105-190, at 44 (1998); *Ellison v. Robertson,* 357 F.3d 1072, 1079 (9th Cir. 2004). The Order then notes that an exception to the general rule that flat-fee subscription services, like BHN's Internet service, are not sufficient to establish the causal relationship required to impose vicarious liability would be "where the value of the service lies in providing access to infringing material." Order at 19 (internal citations omitted).

While the Order concluded that there was sufficient evidence to support the requisite draw, it did so without any discussion of how the *value* of a general purpose ISP lies in *providing access to infringing material*, an issue that will be appealed to the Fourth Circuit as a finding of draw for purposes of vicarious liability in these circumstances would vastly expand

the contours of vicarious liability and expose every commercial service to such liability for merely charging for its service.[4]

Here, the "value of the service" provided by BHN is providing access to the internet at large, *not* in providing "access" to "infringing material." *Id*. There are no plausible allegations to the contrary, as a subscriber can indisputably use BHN's internet service in countless lawful ways when accessing content from the vast array of offerings available on the internet. Plaintiffs do not and cannot allege that the value of BHN's internet service lies in providing access to infringing material.

The Court should either strike Plaintiffs' Notice of Supplemental Authority or, to the extent it allows it, consider this response as well.

Dated: June 17, 2020

Respectfully submitted,

*s/ Erin R. Ranahan*
Erin R. Ranahan (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor

---

[4] *See* BHN's Motion to Dismiss (Dkt. 99 at 13) ("*Ellison* . . . discusses a distinction highly pertinent to this case between the 'draw' of customers to Napster and AOL. [357 F.3d at 1079]. Because there was nothing to support the allegation that 'AOL attracted or retained subscriptions *because of* the infringement or lost subscriptions because of AOL's eventual obstruction of the infringement,' the plaintiffs' vicarious liability claim failed. *Id.* (emphasis added)"; *see also* BHN's Reply in Support of its Motion to Dismiss (Dkt. 119 at 3) (*Capitol Records, LLC v. Escape Media Grp., Inc.*, 2015 WL 1402049, at *42 (S.D.N.Y. Mar. 25, 2015) (finding "draw of infringing content" where "approximately 84.5% of the website's streams are [infringing]" and "80% of Escape's revenue is from website advertisements[.]").

3

San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

GUNSTER, YOAKLEY & STEWART, P.A.
William J. Schifino, Jr.
Florida Bar No. 564338
John A. Schifino
Florida Bar No. 72321
Ryan L. Hedstrom
Florida Bar No. 124724
401 E. Jackson St., Ste. 2500
Tampa, FL 33602
(813) 228-9080 (telephone)
(813) 228-6739 (facsimile)
E-mail: wschifino@gunster.com
E-mail: jschifino2gunster.com
E-mail: rhedstrom@gunster.com

*Attorneys for Defendant*
*Bright House Networks, LLC*

## CERTIFICATE OF SERVICE

I certify that on June 17, 2020, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

*s/ Erin R. Ranahan*
Erin R. Ranahan