**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 8:19-cv-00710-MSS-TGW |
| BRIGHT HOUSE NETWORKS, LLC, | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT A THREE-PAGE REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DENY WAYNE COLEMAN'S DESIGNATION AS A QUALIFIED PERSON UNDER THE PROTECTIVE ORDER**

Pursuant to Local Rule 3.01(c), Plaintiffs respectfully request leave to file a reply of no more than three pages in further support of their Motion to Deny Wayne Coleman's Designation As a Qualified Person Under the Protective Order (Dkt. 143) (the "Motion"). Plaintiffs seek leave in order to address events that occurred after the filing of Plaintiffs' Motion and Bright House Networks' ("BHN") Opposition (Dkt. 152), and to respond to mischaracterization of law and facts in BHN's Opposition.

Good cause for a reply exists because the reply (i) "will benefit the Court's resolution of the pending motion" by addressing "new facts" that arose after Plaintiffs' Motion was filed, *see Gian Biologics LLC v. CellMedix Holdings, LLC*, No. 2:15-cv-645-FTM-99CM, 2016 WL 9525229, at *1 (M.D. Fla. Oct. 5, 2016); and (ii) will address arguments first raised in BHN's Opposition, *see Clements v. St. Johns County Sheriff's Office*, No. 3:07-cv-1017-J-25JRK, 2008 WL 11336601, at *2 (M.D. Fla. Dec. 5, 2008).  As Plaintiffs noted in their Motion, negotiations between the parties were ongoing at the time the Motion was filed, and

Plaintiffs intended to seek leave for further briefing in the event that those negotiations broke down. Dkt. 143 at 3, 7. Since filing their Motion, Plaintiffs continued to seek an informal resolution with BHN and made two different proposals, both of which were rejected. Most concerning, Plaintiffs' most recent proposal was that Mr. Coleman specifically agree to abide by certain nondisclosure requirements that he has executed in connection with prior engagements as a royalty auditor or consultant. To Plaintiffs' surprise, BHN refused to have Mr. Coleman confirm he would not use, share, or disclose in this case any nonpublic information learned during any engagements as a consultant in any other action adverse to any of the Plaintiffs, or in any of his engagements as a royalty auditor adverse to any of the Plaintiffs. Plaintiffs seek leave in order to address the negotiations between the parties since their Motion was filed, including the positions taken by BHN that heighten Plaintiffs' concern that there is a "risk of serious harm" created by BHN's retention of Mr. Coleman.

In addition, Plaintiffs seek to address mischaracterizations of law and facts in BHN's Opposition. BHN contends that a misuse of confidential information results in "serious harm" only when that information is disclosed to a party's direct competitor. Dkt. 152, at 6–7. That improperly narrow interpretation of "serious harm" is not borne out by the caselaw and does not account for the various ways in which confidential information may be used to injure a party. Plaintiffs seek leave to address those arguments, as well as BHN's contention that the proposals it made to Plaintiffs obviate their objections.

Plaintiffs accordingly request leave to submit a reply of no more than three pages addressing the matters above, to be filed no more than five business days following the Court's ruling on this request.

Dated: July 31, 2020          */s/ Jonathan M. Sperling*

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they attempted to confer with BHN regarding this motion. On July 30 at 12:32 p.m. PT, Plaintiffs sent counsel for BHN an email stating their intent to file this motion, and asking for BHN's position by July 31 at 9:00 a.m. PT. As of the filing of this motion, Plaintiffs have not received a response.

Dated: July 31, 2020  */s/ Jonathan M. Sperling*
Jonathan M. Sperling

— 5 —

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Jonathan M. Sperling*
Attorney