**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UMG RECORDINGS, INC., et al.,

    Plaintiffs,

v.

    Case No. 8:19-cv-00710-MSS-TGW

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

**PLAINTIFFS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. 1292(b) OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIM FOR VICARIOUS LIABILITY**

Plaintiffs respectfully move pursuant to 28 U.S.C. § 1292(b) to certify for interlocutory appeal this Court's July 8, 2020 Opinion & Order (Dkt. 142) ("Order"), which granted Defendant's motion to dismiss Plaintiffs' vicarious liability claim against Bright House Networks, LLC ("BHN"). Prompt appellate review of the Court's Order is warranted to resolve the following controlling question of law, as to which there are "substantial grounds for difference of opinion" and whose immediate "resolution may well substantially reduce the amount of litigation necessary on remand," *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004):

> Whether a plaintiff asserting a claim for vicarious liability for copyright infringement must plead and prove that the availability of infringing material was the "primary" draw of infringers to the defendant's service.

In particular, appellate review will promote judicial efficiency by eliminating the potential need for a second trial over the same conduct that is already the subject of Plaintiffs'

1

contributory liability claim. The efficiencies are magnified in a major case like this one, which involves a large number of parties, and the trial of which is likely to span several weeks. Plaintiffs therefore respectfully request that this Court certify the order for appellate review pursuant to section 1292(b).

## BACKGROUND

Plaintiffs initiated this lawsuit on March 22, 2019, alleging that BHN is liable for copyright infringement based on its failure to address rampant, repeat infringements of Plaintiffs' copyrighted works occurring on its network for which BHN was repeatedly and systematically put on notice. The Amended Complaint alleges two separate counts: contributory copyright infringement and vicarious liability. Dkt. 94 ¶¶ 90–107. Both claims are based on Plaintiffs' allegations that, between 2012 and 2016, BHN enabled and tolerated its subscribers' consistent pattern of copyright infringement—despite receiving over one hundred thousand notices detailing specific acts of infringement by specific subscribers. Rather than take meaningful action to stop the ongoing infringement, BHN looked the other way, so it could continue to reap millions of dollars of profits from subscribers who used its services to illegally copy and distribute Plaintiffs' copyrighted works.

With respect to their vicarious liability count, Plaintiffs alleged that BHN was liable for its subscribers' infringement because it had "the legal and practical right and ability to supervise and control the infringing activities that occur through the use of its network, and at all relevant times has had a financial interest in, and derived direct financial benefit from, the infringing use of its network." Dkt. 94 ¶ 102.

On January 21, 2020, BHN moved to dismiss only Plaintiffs' vicarious infringement claim. Dkt. 99. BHN argued that Plaintiffs had failed to plausibly allege that BHN "received a direct financial benefit from the alleged infringement." Dkt. 99 at 1. BHN contended that (i) in order to show a "direct financial benefit," Plaintiffs were required to plead that BHN's "users were drawn to subscribe to BHN's internet service to infringe Plaintiffs' copyrights, as opposed to being drawn to BHN in order to efficiently access the internet," *id.* at 1, 8–10, and (ii) Plaintiffs failed to adequately allege such draw, because they were required to but did not allege that infringement was "the" draw for BHN's subscribers—*i.e.*, that they subscribed for "the primary purpose of committing infringement." *Id.* at 18 & n.7.

Plaintiffs opposed BHN's motion, arguing that (i) there are multiple ways to demonstrate the direct financial benefit element of vicarious infringement, of which "draw" is only one (Dkt. 106 at 11); and (ii) even under the draw theory, "the 'draw' of infringement need not be the primary, or even a significant, draw"—"it need only be 'a' draw." *Id.* (quoting *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 157 (S.D.N.Y. 2009)).

On July 8, 2020, this Court granted BHN's motion to dismiss the vicarious infringement claim. The Court held that, to adequately plead the "direct financial benefit" element of vicarious liability, Plaintiffs must allege that the availability of infringing content "provide[s] the *main* customer 'draw' to the [service]." Dkt. 142 at 9–10 (quoting *Adobe Sys. Inc. v. Canus Prods., Inc.*, 173 F. Supp. 2d 1044, 1051 (C.D. Cal. 2001)) (emphasis and alterations added in Dkt. 142). The Court acknowledged that other courts—including the Ninth Circuit in *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004), in an opinion that superseded *Adobe*—had reached the opposite result and held that infringement need not be the primary or

3

main draw, but the Court declined to follow these decisions. Dkt. 142 at 9, 15. Because Plaintiffs did not plead that "access to infringing content is the *main draw* to Bright House's service," the Court granted BHN's motion to dismiss Plaintiffs' vicarious infringement claim. *Id.* at 11 (emphasis in original).

## ARGUMENT

Section 1292(b) provides that a district court "shall" certify a non-final order for interlocutory appeal when the court finds "that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation." As detailed below, Plaintiffs satisfy each of those elements. Whether a plaintiff asserting a claim for vicarious liability for copyright infringement must plead and prove that the availability of infringing material was the "primary" draw of infringers to the defendant's service (i) is a pure question of law that controls whether or not Plaintiffs have stated such a claim, (ii) as to which multiple courts have reached a different conclusion than did this Court's Order, and (iii) resolution of which now will avoid the risk of two separate trials on the two counts asserted in the Amended Complaint. Certification of the Order is therefore warranted.

## I. The Order Dismissing Plaintiffs' Claim Based on a Rejection of Their Legal Theory Presents a Controlling Question of Law.

The order dismissing Plaintiffs' vicarious liability count presents a controlling question of pure law, *i.e.*, one that does not involve the "application of settled law to fact" and does not require the appellate court to "root[] through the record in search of the facts or of genuine issues of fact." *McFarlin*, 381 F.3d at 1258 (quoting and citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).

*First*, the Court's decision concerned not whether Plaintiffs' factual allegations did or did not meet a settled legal standard, but instead what the standard should be: whether a plaintiff must plead that infringement was the "primary" draw in order to allege the direct financial benefit element of vicarious liability. This is a pure question of law.

*Second*, the Court's resolution of that pure question of law controls the Court's disposition of that claim. The section of the order dismissing the claim is titled "The Court Declines to Adopt Plaintiffs' Theory of Direct Financial Benefit," and the order explains in detail why this Court rejected Plaintiffs' legal theory of the case and adopted a contrary legal framework, which it concludes is "fatal to Plaintiffs' vicarious liability claim." Dkt. 142 at 9–14.[1] This question of law also is "controlling" because it "'may contribute to the determination, at an early stage, of a wide spectrum of cases.'" *Samsung Semiconductor, Inc. v. AASI Creditor Liquidating Tr.*, No. 12-23707-CIV, 2013 WL 704775, at *5 (S.D. Fla. Feb. 26, 2013) (quoting *In re Auto Dealer Servs., Inc.*, 81 B.R. 94, 96 (M.D. Fla. 1987)). Because the Eleventh Circuit has not yet resolved the question of whether a plaintiff asserting a claim for vicarious liability for copyright infringement must plead and prove that the availability of infringing material was the "primary" draw of infringers to the defendant's service, resolution of this pure question of law would contribute to the determination of other vicarious liability cases as well.

---

[1] There is little question that the allegations of the Amended Complaint adequately plead the direct financial benefit element under the legal standard urged by Plaintiffs and rejected by the Court. BHN's motion to dismiss did not argue otherwise, and another court recently found that substantially identical allegations by Plaintiffs in another lawsuit met that legal standard. *See Warner Records Inc. v. Charter Commc'ns, Inc.*, No. 1:19-cv-00874-RBJ-MEH, Dkt. 157 (D. Colo. Apr. 15, 2020).

## II. There is a Substantial Ground for Difference of Opinion Among Courts About the Appropriate Legal Theory.

In order to certify an order for interlocutory review, a district court need not conclude that there is a strong possibility that its order is incorrect. Rather, certification is proper so long as "there is substantial dispute about the correctness of any of the pure law premises the district court actually applied . . . ." *McFarlin*, 381 F.3d at 1259. Thus, Plaintiffs "can satisfy their burden on this element if they can prove that there is a substantial difference of opinion between the [district court's] ruling, and the rulings of other courts." *In re Pac. Forest Prods. Corp.*, 335 B.R. 910, 922–23 (S.D. Fl. 2005); *see also United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. CV 17-1694 PSG (SSX), 2019 WL 6973547, at *4 (C.D. Cal. Oct. 8, 2019) ("The Court believes its approach is correct, but recognizes that reasonable jurists have used different methods."); *Nelson v. Whirlpool Corp.*, No. 09-0520-WS-M, 2010 WL 147917, at *1 (S.D. Ala. Jan. 11, 2010) ("Although the Court believes it has decided the issue correctly, the existence of contrary decisions from two other district judges in this state indicates there is substantial ground for difference of opinion."); *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 55 (D.D.C. 2009) (granting motion for certification for interlocutory appeal "although [the] Court believe[d] that its conclusions [were] correct").

With respect to the proper standard for a vicarious liability claim, there is obviously substantial ground for difference of opinion. As the Court already recognized, multiple courts have endorsed a standard contrary to the one this Court adopted, and held that "[t]he essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of *how substantial* the benefit is." Dkt. 142 at 9, citing *Ellison*, 357 F.3d at 1079; *see also, e.g.*, *Arista*

6

*Records*, 633 F. Supp. 2d at 157 ("[T]he law is clear that to constitute a direct financial benefit, the 'draw' of infringement need not be the primary, or even a significant, draw—rather, it need only be 'a' draw."); *Sony Music Entm't v. Cox Commcn's, Inc.*, No. 1:18-cv-00950-LO-JFA, ECF 707, at *18 (E.D. Va. June 2, 2020) ("a 'draw' need not be substantial[;] the inquiry must show a 'causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of *how substantial* the benefit is in proportion to a defendant's overall profits'"); *Warner Records Inc. v. Charter Commc'ns, Inc.*, No. 1:19-cv-00874-RBJ-MEH, ECF 157, at *5 (D. Colo. Apr. 15, 2020) ("ability to engage in infringing conduct need not be the primary draw of defendant's services, but only *a* draw").

In particular, the principal precedent on which the Order relied—*Adobe Systems Incorporated. v. Canus Productions, Inc.*, 173 F. Supp. 2d 1044, 1051 (C.D. Cal. 2001), a decision by a district court within the Ninth Circuit—itself was superseded by *Ellison*, a later Ninth Circuit decision that rejected the "main draw" standard. *See Ellison*, 357 F.3d at 1078–79 & n.9.

Because multiple courts, including the court of appeals for another circuit, have reached a contrary result, this prong of the statute is satisfied. *See United States v. Philip Morris USA Inc.,* No. 99-2496 (GK), 2004 WL 1514215, at *2 (D.D.C. June 25, 2004) (finding substantial ground for difference of opinion where one circuit court opinion conflicted with the district court's ruling, and certifying appeal even though "this Court believes that its analysis is correct").

### III. Immediate Resolution of the Issue Would Materially Advance the Ultimate Termination of the Litigation by Eliminating the Potential for a Second Trial.

"[I]mmediate appeal would hasten the *ultimate* disposition of this case," because "consideration now bears the benefit of crystalizing the issues at trial, and, importantly, staving off a potential re-trial" if the Eleventh Circuit ultimately reverses the dismissal of Plaintiffs' vicarious liability claim. *In re Pac. Forest Prods. Corp.*, 335 B.R. at 924–25; *Perez v. Preston*, No. 1:14-CV-4122-WBH, 2016 WL 10637099, at *1 (N.D. Ga. Nov. 22, 2016) ("[A]n immediate appeal will materially advance the ultimate termination of the litigation because . . .there is a good chance that this case will come back for a second round if the Eleventh Circuit disagrees with this Court.").

Although they involve different legal elements, the dismissed vicarious liability count and the remaining contributory liability count concern the same conduct and will turn on substantially overlapping evidence. If the Eleventh Circuit does not have the opportunity to review the question of the proper standard for a vicarious infringement claim at this juncture, it will instead review the dismissal of the vicarious infringement claim for the first time *after* this Court holds a trial on the contributory infringement claim. In the event that the Eleventh Circuit adopts the contrary legal theory that Plaintiffs have urged, this Court will need to hold a second trial, before a second jury, on substantially overlapping factual issues, concerning the same instances of copyright infringement by BHN's subscribers and supported by much of the same evidence and witnesses that will be presented at the trial on contributory liability.

Certification at this stage would avoid this resource-intensive, inefficient outcome. *See McFarlin*, 381 F.3d at 1259 (holding that this element is satisfied where "resolution of a controlling legal question would serve to avoid a trial"). This case concerns numerous parties,

8

potential statutory damages of up to $150,000 for each of more than 7,000 works, and will require the investment of significant resources by the parties and the Court when it goes to trial. The experience in other similar cases suggests trial is likely to take several weeks. Resolving this issue now will potentially save significant time and resources later.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court certify the Order for appellate review pursuant to 28 U.S.C. § 1292(b).

Date: August 6, 2020

/s/ Jonathan M. Sperling
Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin (*pro hac vice)*
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255

dbanker@bushross.com
bhull@bushross.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## RULE 3.01(g) CERTIFICATION

On August 5, 2020, counsel for Plaintiffs conferred with counsel for BHN in good faith, and granted BHN's request for additional time to consider its position on the motion. On August 6, 2020, counsel for BHN notified counsel for Plaintiffs that they oppose the relief requested herein.

Date:  August 6, 2020                                      */s/ Jonathan M. Sperling* _____
                                                                           Jonathan M. Sperling

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 6, 2020 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

Date:  August 6, 2020                             */s/ Jonathan M. Sperling*                
                                                                          Jonathan M. Sperling