# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

**DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT A THREE-PAGE REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DENY WAYNE COLEMAN'S DESIGNATION AS <u>A QUALIFIED PERSON UNDER THE PROTECTIVE ORDER</u>**

There is no good cause to allow Plaintiffs to submit a reply in support of their motion objecting to BHN's designation of Mr. Coleman as a Qualified Person when the parties have already provided their full positions on this dispute.

Plaintiffs claim the reply is justified based upon the continued meet and confer discussions that occurred after filing. But it was Plaintiffs' decision to file their motion in the midst of negotiations. Plaintiffs never asked BHN whether it would extend the timing set forth in the Protective Order for filing an objection in order to complete the discussions, which BHN would have allowed. Plaintiffs' own authority supports that this is improper. *Clements v. St. Johns Cty. Sheriff's Office*, No. 3:07-CV-1017-J-25JRK, 2008 WL 11336601, at *2 (M.D. Fla. Dec. 5, 2008) (denying motion for leave to file a reply and noting that "[t]he purpose of a reply is to address legal argument raised in the opposing party's response, not to introduce new information for the [c]ourt's consideration that was not initially included, for whatever reason.").

Plaintiffs' procedural maneuvering aside, their most recent proposal went beyond Plaintiffs' concerns raised during the meet and confer discussions and in Plaintiffs' underlying motion, seeking to impose a requirement that Mr. Coleman essentially be precluded from using in this case any non-public information learned or knowledge gained throughout his career. Mr. Coleman agrees to abide by all obligations, including any governing protective orders and non-disclosure agreements, and has offered to re-affirm his intent not to deviate from his normal practice, meaning that he will: (i) not use any confidential information learned in this case to recruit new clients for royalty audits (which is consistent with his normal practice where clients wanting to institute royalty audits against Plaintiffs for being underpaid initially contact Mr. Coleman for assistance), and (ii) will not recruit class members for class action cases (which he has never done). ECF 152-5 (Coleman Decl.), ¶¶ 8-14. However, to the extent Mr. Coleman has learned something

1

during his nearly 50-year career that Plaintiffs unilaterally deem "non-public," there is no basis to preclude him from using that information in connection with this case—whether it be as a consultant to BHN's outside counsel or as a testifying expert.

Plaintiffs' proposal amounts to an overly-broad, ill-defined effort to impose a gag order, which has no place in an objection under the Protective Order.  It is instead an improper attempt to limit BHN's ability to use Mr. Coleman to defend itself in this case.  Indeed, the Protective Order covers only the provision of documents designated Highly Confidential – Attorneys' Eyes Only ("HC-AEO") to proposed consultants/experts—nothing else.  Plaintiffs have not explained how Mr. Coleman's non-specific use of "non-public" information that he has learned from his experience or prior engagements implicates his separate provision of documents designated HC-AEO and would therefore be covered by the objection procedure in the Protective Order.

Plaintiffs also seek leave to address generally what they claim are "mischaracterizations of law and facts in BHN's Opposition" and specifically that "a misuse of confidential information results in 'serious harm' only when that information is disclosed to a party's direct competitor." But as BHN outlined in its opposition (ECF 152 at 6-7), the cases Plaintiffs cite include scenarios in which information is provided to a direct competitor—which is not the case here.  Plaintiffs' only other authority in their motion supports that no reply is warranted here.  *Gian Biologics, LLC v. CellMedix Holdings, LLC*, No. 2:15-CV-645-FTM-99CM, 2016 WL 9525229, at *1 (M.D. Fla. Oct. 5, 2016) (*denying* a plaintiff's *unopposed* motion for leave to file a reply, despite the plaintiff's argument that the defendants misrepresented and mischaracterized documents and facts.).

Based on the foregoing, Plaintiffs' motion for leave to file a reply should be denied.

August 14, 2020

Respectfully submitted,

s/ Erin R. Ranahan

2

| | |
|---|---|
| Charles K. Verhoeven (*pro hac vice*) <br> David Eiseman (*pro hac vice*) <br> QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> (415) 875-6600 (telephone) <br> (415) 875-6700 (facsimile) <br> E-mail: charlesverhoeven@quinnemanuel.com <br> E-mail: davideiseman@quinnemanuel.com | Erin R. Ranahan (*pro hac vice*) <br> WINSTON & STRAWN LLP <br> 333 S. Grand Avenue <br> Los Angeles, CA 90071 <br> (213) 615-1933 (telephone) <br> (213) 615-1750 (facsimile) <br> E-mail: eranahan@winston.com |
| Andrew H. Schapiro (*pro hac vice*) <br> QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> (312) 705-7400 (telephone) <br> (312) 705-7401 (facsimile) <br> E-mail: andrewschapiro@quinnemanuel.com | Michael S. Elkin (*pro hac vice*) <br> Thomas Patrick Lane <br> Seth E. Spitzer <br> WINSTON & STRAWN LLP <br> 200 Park Avenue <br> New York, NY 10166 <br> (212) 294-6700 (telephone) <br> (212) 294-4700 (facsimile) <br> E-mail: melkin@winston.com <br> E-mail: tlane@winston.com <br> E-mail: sspitzer@winston.com |
| GUNSTER, YOAKLEY & STEWART, P.A. <br> William J. Schifino, Jr., <br> Florida Bar Number 564338 <br> John Schifino <br> Florida Bar Number 72321 <br> Ryan Lee Hedstrom, <br> Florida Bar Number 124724 <br> 401 E. Jackson St., Ste. 2500 <br> Tampa, FL 33602 <br> (813) 228-9080 (telephone) <br> (813) 228-6739 (facsimile) <br> E-mail: wschifino@gunster.com <br> E-mail: rhedstrom@gunster.com <br> E-mail: jschifino@gunster.com | Jennifer A. Golinveaux (*pro hac vice*) <br> WINSTON & STRAWN LLP <br> 101 California Street, 35th Floor <br> San Francisco, CA 94111-5840 <br> (415) 591-1506 (telephone) <br> (415) 591-1400 (facsimile) <br> E-mail: jgolinveaux@winston.com <br> <br> *Attorneys for Defendant* <br> *Bright House Networks, LLC* |

## **CERTIFICATE OF SERVICE**

I certify that on August 14, 2020, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

*s/ Erin R. Ranahan*
Erin R. Ranahan
