**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UMG RECORDINGS, INC. *et al.*,

      Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

Case No. 8:19-cv-00710-MSS-TGW

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO  28 U.S.C.
§ 1292(b) OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIM FOR
VICARIOUS LIABILITY</u>**

The Court should deny Plaintiffs' motion to certify an interlocutory appeal, which is premised on a misreading of the Court's opinion and rank speculation about the direction of this case.  The purportedly "controlling" question that Plaintiffs identify is not dispositive of this litigation, nor was it even necessary to the Court's dismissal of Plaintiffs' vicarious infringement claim.  And certification of an interlocutory appeal will only slow down and disrupt this case's progress.  Plaintiffs do not present the "extraordinary circumstances" required to justify piecemeal litigation.

## I.        BACKGROUND

Plaintiffs' First Amended Complaint pleads contributory and vicarious copyright infringement counts against Bright House.  Dkt. 94.  Both claims are premised on allegations that individuals using Bright House's internet access services directly infringed Plaintiffs' copyrights by engaging in internet piracy.  On July 8, 2020, the Court granted Bright House's motion to dismiss Plaintiffs' vicarious infringement claim.  *See* Order, Dkt. 142.  The Court did so for two independent reasons.  The Court ruled that "Plaintiffs have failed to allege that Bright House

receives a direct financial benefit from its users' infringement because there are no well-pled allegations that (i) the availability of infringing content (ii) provides the *main* customer 'draw' to the service." *Id.* at 10.  The Court explained that Bright House failed to meet the first prong of the direct financial benefit test—the "availability of infringing content"—because Plaintiffs alleged neither "that there is anything unique about the service Bright House offers as a portal to the internet or as a portal to this alleged contraband content," nor "that there is any infringing content 'available' on the Bright House platform, such as a storage vehicle (i.e., Cloud storage) from which a would-be infringer could seek to secure infringing content directly or indirectly from Bright House." *Id.* at 10-11.  The Court alternatively held that the vicarious liability claim was deficient because Plaintiffs failed to plead that infringement was the "main" customer draw to Bright House's service.  The Court explained that Plaintiffs' "expansive interpretation of the draw theory effectively eliminates the requirement that the defendant receive a *direct* financial benefit from drawing the infringer to available infringing content." *Id.* at 13.

Because Bright House moved to dismiss the vicarious liability claim only, and not the contributory liability claim, litigation in this case has proceeded, with the parties engaging in extensive discovery efforts.  The written discovery deadline is November 11, 2020; expert reports must be disclosed in February and March 2021; and fact discovery closes on April 30, 2021.  *See* Scheduling Order, Dkt. 144.

On August 6, 2020—three months before the written discovery deadline—Plaintiffs filed their motion seeking certification of the Court's order for interlocutory appeal under 28 U.S.C. § 1292(b).  *See* Motion, Dkt. 155.  The motion seeks certification of what Plaintiffs maintain is a single question of law: "Whether a plaintiff asserting a claim for vicarious liability for copyright

infringement must plead and prove that the availability of infringing material was the 'primary' draw of infringers to the defendant's service." *Id.* at 1.

## II.   ARGUMENT

"Interlocutory appeal under § 1292(b) serves as a 'rare exception' to the general rule that final judgment must precede appellate review." *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 2020 WL 3433147, at *1 (S.D. Fla. June 23, 2020) (quoting *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1264 (11th Cir. 2004)).   "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin*, 381 F.3d 1259.   Certification is proper only in "exceptional cases" where an interlocutory appeal will "avoid protracted and expensive litigation" and where "a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *U.S. ex rel. Armfield v. Gills*, 2011 WL 2084072, at *1-2 (M.D. Fla. May 24, 2011) (quoting *McFarlin*, 381 F.3d at 1256).   To obtain certification for an interlocutory appeal under § 1292(b), Plaintiffs must demonstrate that (1) the Court's order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) that immediate resolution of the issue would materially advance the ultimate termination of the litigation.   *Id.*

### A.   Plaintiffs Do Not Identify a Controlling Question of Law

Plaintiffs identify a single purportedly "controlling question of law": "Whether a plaintiff asserting a claim for vicarious liability for copyright infringement must plead and prove that the availability of infringing material was the 'primary' draw of infringers to the defendant's service." Mot. at 1.   This question, however, is not "controlling" for two reasons.   First, for a question to be controlling such that the Court may certify an interlocutory appeal, it must be "dispositive of the litigation." *See, e.g.*, *Havana Docks*, 2020 WL 3433147, at *1 (holding the certification is only

proper "in exceptional cases where decision of the appeal may avoid protracted and expensive litigation … where a question **which would be dispositive of the litigation** is raised and there is serious doubt as to how it should be decided.") (emphasis added); *Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017) (same); *Armfield*, 2011 WL 2084072, at *1 (same); *see also Rogers v. Barrett*, 2020 WL 3980029, at *5 (E.D. Va. July 14, 2020) ("To be 'controlling,' … resolution of the question must be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.") (quotations omitted).  In this case, resolution of whether Plaintiffs must plead that availability of infringing material was the primary draw to Bright House's service is in no sense "dispositive of the litigation."  An answer to that question would not resolve Plaintiffs' contributory infringement claim or Bright House's counterclaims, and so this litigation will continue apace regardless of any ruling from the Eleventh Circuit on interlocutory appeal.

Moreover, the question presented by Plaintiffs is not "controlling" because the Court provided an independent and alternative ground to reject the vicarious infringement claim— specifically, that Bright House was not responsible for the "availability of infringing content."  *See* Order at 10-11.  In its order, the Court explained that there are two prongs to the "direct financial benefit" element of vicarious infringement: (i) the availability of infringing content must (ii) provide the main customer draw to the service.  Order at 10.  The Court specifically held that Plaintiffs failed to allege that "there is any infringing content 'available' on the Bright House platform," and that the "available infringing content is found on the robust peer-to-peer sharing platforms ubiquitous to the internet … which are, as discussed, in no way affiliated with or controlled by Bright House[.]"  *Id*. at 10-11.  After so holding, the Court moved on to the alternative ground for its holding, explaining that "even if the Court were to indulge the notion

that access to infringing content generally available on the internet is sufficient to satisfy the first prong of the 'draw test,' Plaintiffs fail to plead secondly that such access to infringing content is the *main* draw to Bright House's service." *Id*. at 11.

The question presented by Plaintiffs is thus not "controlling" because it did not actually affect the outcome of the Court's order.  The Court's ruling on the "availability" prong of the "draw" test commanded dismissal of the vicarious liability theory irrespective of the Court's view of the strength of the "draw" necessary to state a claim.  Courts within and without the Eleventh Circuit have repeatedly held that it is inappropriate to certify an interlocutory appeal where there is a justification for the court's ruling that is alternative to and independent of the issue identified for certification.  *See, e.g.*, *Drummond Co. v. Collingsworth*, 2017 WL 4783549, at *3 (N.D. Ala. Sept. 14, 2017) ("Because van Bilderbeek has not challenged the court's alternative jurisdictional findings, certification of his first proposed issue will not materially advance the termination of this litigation."); *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 588445, at *4 (N.D. Ala. Feb. 14, 2017) ("Because the court has found three independent grounds for personal jurisdiction over Moving Defendants, they must present a basis for successfully contesting each ground of jurisdiction in order to prevail on their proposed interlocutory appeal."); *In re Tate*, 2010 WL 320488, at *6 (S.D. Ala. Jan. 19, 2010) (denying certification where interlocutory appeal of identified issue "would not alter the outcome of the motion to dismiss, or materially advance the termination of these proceedings, because the [issue identified] was not the sole basis for the Bankruptcy Court's ruling."); *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, 2016 WL 5905935, at *3 (N.D. Cal. Oct. 11, 2016) ("[T]he question is not 'controlling' … because the Court's order denying Illinois Union's motion for summary judgment did so based on [an] additional, alternative ground[.]"); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2013 WL 4821337, at *3 & n.4 (E.D.

Tenn. Sept. 10, 2013) ("[A]lthough considerable grounds for disagreement exist over the continuing violations doctrine, it is not a controlling issue because the alternative grounds of fraudulent concealment saves Plaintiffs' claims regardless of appellate disposition."); *Shukh v. Seagate Tech., LLC*, 2011 WL 4947608, at *3 (D. Minn. Oct. 18, 2011) ("[I]f there is an alternative basis for an order, the basis challenged on appeal is not 'controlling.'").  Because the question identified by Plaintiffs determines the outcome of neither the entire litigation nor even the vicarious liability claim, it is not "controlling" for purposes of § 1292(b).

### B.   Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of the Litigation

Plaintiffs must demonstrate that interlocutory appeal will "materially advance the ultimate termination of the litigation," meaning that "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."  *McFarlin*, 381 F.3d at 1259. Plaintiffs argue only that early appellate resolution of the appropriate "draw" standard may stave off a second trial that could hypothetically occur if the Eleventh Circuit reverses the Court's order after this case becomes final.  Mot. at 8-9.  But the possibility of a second trial cannot justify the extraordinary remedy of interlocutory appeal, or else *every* partial dismissal of a plaintiffs' complaint would be immediately appealable.  The possibility of a second trial thus "cannot be sufficient to justify certification, as certification is appropriate only in extraordinary cases." *Shimota v. Wegner*, 2016 WL 5109138, at *3 (D. Minn. Sept. 19, 2016) (quotations omitted); *see also Armfield*, 2011 WL 2084072, at *3 (holding that "[a]n interlocutory appeal would neither serve to avoid a trial nor otherwise substantially shorten the litigation," notwithstanding the possibility that "reversal of the summary judgment order would require a second trial."). Moreover, Plaintiffs' hypothetical second trial is purely speculative. A second trial would occur only in the scenario where (1) Plaintiffs did not prevail on their contributory infringement claim

(as Plaintiffs could not double-recover for vicarious and contributory infringement of the same works); (2) the contributory infringement claim failed on grounds that would not also defeat a vicarious infringement claim;[1] (3) the Eleventh Circuit reversed the Court's order on vicarious liability on appeal; and (4) Plaintiffs adduce enough evidence on remand to survive summary judgment on each element of their vicarious liability claim.

By contrast, certification of an interlocutory appeal will either unnecessarily create a piecemeal appeal, or disrupt this case and substantially delay trial. The supposed benefit to which plaintiffs point – avoiding the risk of a second trial -- would accrue only if they seek and are granted a stay of proceedings in this Court, in which case there would be significant delay while the appeal is briefed, argued, and decided. The parties would be looking at a potentially years-long delay of the current trial schedule to accommodate the remote chance that the vicarious infringement claim will be reintroduced into the case. The prospect of that needless delay, especially given the strong likelihood that the Eleventh Circuit will affirm this Court's well-reasoned order, weighs heavily against allowing an interlocutory appeal. *See, e.g.*, *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1193 (S.D. Ala. 2007) ("As it appears that a trial will be necessary on the declaratory judgment claims irrespective of the outcome of Mattox's appeal of the sole inventorship question, allowing an interlocutory appeal here would do nothing more than delay

---

[1]   For example, if Plaintiffs' contributory infringement claim failed due to a lack of evidence of direct infringement by Bright House's customers, or because Plaintiffs could not establish ownership of the works in suit, or because Bright House was protected by the DMCA safe harbor, then there would be no trial on vicarious infringement even if the Court's order was erroneous—the error would be harmless, as each of the foregoing defenses would also defeat a vicarious infringement claim.

the trial and invite piecemeal appeals."). And if plaintiffs do not seek or are not granted a stay, there is not even any theoretical efficiency gain.[2] Either way, certification is inappropriate.

Moreover, in this high-stakes litigation, it is a virtual certainty that either one or both of the parties will appeal after a trial—meaning that certification of an interlocutory appeal may not even obviate the need for a second trial, should the Eleventh Circuit find other reversible error. *See S.E.C. v. Lucent Techs., Inc.*, 2009 WL 4508583, at *10 (D.N.J. Nov. 16, 2009) (declining to certify interlocutory appeal in a complex case because "[t]he Court knows this however: whoever loses at trial will appeal. There will be an appeal."). Put differently: an interlocutory appeal introduces the possibility that the trial in this case will be delayed for years (and virtually assures at least a months-long delay), but by no means eliminates the possibility of a second trial.

Ultimately, the Court's order streamlined this litigation by limiting "the scope of [Plaintiffs'] case to one of" two proffered theories, and given "the complexity of issues and volume of discovery on each discrete portion, the Order likely shortened the litigation." *United States v. Lee Mem'l Health Sys.*, 2019 WL 4024832, at *2 (M.D. Fla. Aug. 27, 2019) (denying certification because even if plaintiff "succeeded on appeal, the litigation would be extended"). Plaintiffs seek to force a piecemeal appeal and thereby "expand the case, increasing the amount of litigation," *id.*, on the remote possibility that all the chips fall such that a possible second trial is averted. An interlocutory appeal, at best, provides a speculative, hypothetical, and unlikely efficiency—but it virtually guarantees a delay in the initial adjudication of this case. Plaintiffs have not met their burden to establish that an interlocutory appeal would materially advance the termination of this litigation.

---

[2] Plaintiffs have informed Defendants that they do not intend to seek a stay in connection with this motion. *See* Schapiro Dec. ¶ 2 (Ex. 1).

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to certify the order granting Bright House's partial motion to dismiss for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: August 20, 2020                              Respectfully submitted,

|  |  |
|---|---|
| | */s/ Andrew Schapiro* |
| Jennifer A. Golinveaux (*pro hac vice*) | Andrew H. Schapiro (*pro hac vice*) |
| WINSTON & STRAWN LLP | QUINN EMANUEL URQUHART & |
| 101 California Street, 35th Floor | SULLIVAN, LLP |
| San Francisco, CA 94111-5840 | 191 N. Wacker Drive, Suite 2700 |
| Tel: (415) 591-1506 | Chicago, IL 60606 |
| Email: jgolinveaux@winston.com | Tel: (312) 705-7400 |
| | Email: andrewschapiro@quinnemanuel.com |
| Michael S. Elkin (*pro hac vice*) | |
| Thomas Patrick Lane (*pro hac vice*) | Charles K. Verhoeven (*pro hac vice*) |
| Seth E. Spitzer (*pro hac vice*) | David Eiseman (*pro hac vice*) |
| WINSTON & STRAWN LLP | QUINN EMANUEL URQUHART & |
| 200 Park Avenue | SULLIVAN, LLP |
| New York, NY 10166 | 50 California Street, 22nd Floor |
| Tel: (212) 294-6700 | San Francisco, CA 94111 |
| Email: melkin@winston.com | Tel: (415) 875-6600 |
| Email: tlane@winston.com | Email: charlesverhoeven@quinnemanuel.com |
| Email: sspitzer@winston.com | Email: davideiseman@quinnemanuel.com |
| | |
| Erin R. Ranahan (*pro hac vice*) | William J. Schifino, Jr. |
| WINSTON & STRAWN LLP | Florida Bar No. 564338 |
| 333 S. Grand Avenue | GUNSTER, YOAKLEY & STEWART, P.A. |
| Los Angeles, CA 90071 | 401 E. Jackson St., Ste. 2500 |
| Tel: (213) 615-1933 | Tampa, FL 33602 |
| Email: eranahan@winston.com | Tel: (813) 228-9080 |
| | Email: wchifino@gunster.com |
| Michael L. Brody  (*pro hac vice*) | |
| WINSTON & STRAWN LLP | *Counsel for Defendant* |
| 35 W. Wacker Drive | *Bright House Networks, LLC* |
| Chicago, IL 60601-9703 | |
| Tel: (312) 558-5600 | |
| E-mail: mbrody@winston.com | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Response in Opposition to Plaintiffs' Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) of the Court's Order  Dismissing Plaintiffs' Claim for Vicarious Liability was served by the Court's CM/ECF system on August 20, 2020.


*/s/ Andrew Schapiro*
Andrew Schapiro