IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC <br><br> Defendant and Counter-Plaintiff. | Case No. 8:19-cv-00710-MSS-TGW |

### DEFENDANT BRIGHT HOUSE NETWORK'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Bright House Networks, LLC ("Bright House") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order and for leave to file its Second Amended Answer, Affirmative Defenses, and Counterclaims to add the Record Industry Association of America ("RIAA") and MarkMonitor, Inc. ("MarkMonitor") as counterclaim-defendants. As set forth in Bright House's proposed Second Amended Answer, Affirmative Defenses, and Counterclaims, Plaintiffs, the RIAA, and MarkMonitor engaged in coordinated wrongful conduct by sending copyright infringement notices containing material misrepresentations to Bright House in violation of the Digital Millennium Copyright Act ("DMCA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Moreover, it would have been impossible to have added these parties prior to the expiration of the original deadline for adding parties because that deadline passed before the date to file counterclaims. Good cause to modify the Court's scheduling order therefore exists to allow Bright House to add the RIAA and MarkMonitor as parties because the amendment furthers the interests of efficiency and justice by ensuring that all relevant parties are joined in this action.

1

## BACKGROUND

On November 4, 2019, the Court entered a Case Management and Scheduling Order which required "Motions to Add Parties or to Amend Pleadings" to be filed by December 2, 2019. (Dkt. 68 ¶ 2.) This deadline was then extended, at Plaintiffs' request, to January 6, 2020. (Dkt. 69 (11/5/2019); *see also* Dkt. 67 (11/1/2019) (Plaintiffs' Unopposed Motion to Modify Case Schedule).)

On January 7, 2020, Plaintiffs filed their First Amended Complaint in which they added new plaintiffs and changed certain plaintiffs' names. (Dkt. 94; *see also* Dkt. 88 (1/6/2020) (Plaintiffs' Motion for Leave to File an Amended Complaint to Add Parties).) Bright House responded by moving to dismiss Plaintiffs' Count II for vicarious liability (Dkt. 99 (1/21/2020)), and consequently did not file an answer at that time. *See* Fed. R. Civ. P. 12(a)(4). The Court granted Bright House's motion to dismiss on July 8, 2020 (Dkt. 142) and Bright House timely filed its Answer, Affirmative Defenses, and Counterclaims on July 22, 2020 (Dkt. 151). In the interim, the Court entered an Amended Case Management and Scheduling Order on July 15, 2020, which stated that the time for Motions to Add Parties or to Amend Pleadings was "COMPLETED." (Dkt. 144.)

Plaintiffs filed a motion to dismiss Bright House's counterclaims on August 11, 2020. (Dkt. 156.) Bright House timely filed its First Amended Answer, Affirmative Defenses, and Counterclaims on August 25, 2020.[1] (Dkt. 164.) Bright House's amended counterclaims, filed

---

[1] Bright House filed its First Amended Answer, Affirmative Defenses, and Counterclaims before bringing this motion for leave to file its Second Amended Answer, Affirmative Defenses, and Counterclaims to ensure its response to Plaintiffs' motion to dismiss was timely filed under Rule 15(a)(1)(B).

"as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), made changes to respond to Plaintiffs' motion to dismiss but did not add any parties.

As reflected in the proposed amended pleading (attached as **Exhibit 1**),[2] Bright House now seeks leave to add the RIAA and MarkMonitor as counterclaim-defendants under Rule 15(a)(2). Because the deadline to file "Motions to Add Parties or to Amend Pleadings" in the operative scheduling order passed *before* Bright House's original counterclaims were due under the Federal Rules, Bright House seeks permission to file the attached pleading now. Plaintiffs oppose this motion on the grounds that the scheduling order deadline prevents Bright House from adding parties. Thus, Bright House brings this motion to modify the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).

## LEGAL STANDARD

Motions for leave to amend a pleading after a scheduling order deadline has passed are granted when there is "good cause" to modify the schedule. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 & n.2 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16(b)); *see also Destra v. Demings*, 725 Fed. App'x 855, 859 (11th Cir. 2018). "Good cause exists when the deadline could not 'be met despite the diligence of the party seeking the extension.'" *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 2020 WL 639400, at *4 (S.D. Fla. Feb. 11, 2020) (quoting *Sosa*, 133 F.3d at 1418). "What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." 6A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1999).

---

[2] A redline showing the changes from Bright House's First Amended Answer, Affirmative Defenses, and Counterclaims filed on August 25, 2020 is attached as **Exhibit 2**. As can been seen in Exhibit 2, Bright House does not seek to amend its answer or affirmative defenses.

3

If this standard is met, the Court then determines whether amendment is proper under Rule 15(a).  *Sosa*, 133 F.3d at 1419.  Under Rule 15(a)(2), a party may amend its pleading with leave of court, which "should freely [be] give[n]… when justice so requires."  "The Supreme Court has emphasized that 'this mandate is to be heeded.'"  *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Therefore, "there must be a 'justifying reason' for a court to deny leave," either that "amendment would be prejudicial to the opposing party," there was "bad faith or undue delay" by the moving party, or "the amendment would be futile."  *Id.* (quoting *Foman*, 371 U.S. at 182).

## ARGUMENT

Good cause to modify the Court's scheduling order exists to allow Bright House to add the RIAA and MarkMonitor as parties because the amendment furthers the interests of efficiency and justice by ensuring that all the relevant parties are joined in this action.  As set forth in Bright House's proposed Second Amended Answer, Affirmative Defenses, and Counterclaims, the RIAA and MarkMonitor are central to Plaintiffs' wrongful conduct.  Bright House received copyright infringement notices containing material misrepresentations from the RIAA, purporting to assert the rights of Plaintiffs but sent by MarkMonitor.  In this way, the RIAA and Mark Monitor are closely intertwined with Plaintiffs' violations of the DMCA and FDUTPA.  (*See generally* Ex. 1, Proposed Second Amended Answer, Affirmative Defenses, and Counterclaims.)

Moreover, Bright House has been diligent in seeking leave to add these new parties in accordance with the Federal Rules.  When the time for adding parties passed, Bright House's motion to dismiss was still pending.  Bright House therefore had not yet filed an answer, in accordance with Federal Rule of Civil Procedure 12(a)(4).  Having not filed an answer at that point, Bright House could not file counterclaims, including counterclaims against additional parties.  This is because counterclaims may not be brought in a standalone filing outside of an

4

answer. *See Sevi v. Isr. Disc. Bank of N.Y.*, 2014 WL 12861831, at *2 (S.D. Fla. July 8, 2014), *report and recommendation adopted*, 2014 WL 12861832 (July 28, 2014) ("The interplay between Federal Rules of Civil Procedure 7(a) and 13 forbids parties from raising a counterclaim separate from and outside of a recognized pleading.") (quotation marks and citation omitted); *see also Panama City Beach Condos, Ltd. P'ship v. Adjusters Int'l Colo., Inc*., 2008 WL 11340312, at *1 (N.D. Fla. Oct. 14, 2008) (collecting authorities finding that counterclaims "can be asserted only in the defendant's answer") (quotation marks and citation omitted). Thus, for Bright House to have brought counterclaims against the RIAA and MarkMonitor before the time for adding parties had passed would have required Bright House to do something the Federal Rules forbid. *See Southpoint Condo.*, 2020 WL 639400, at *4 (good cause to modify a scheduling order exists "when the deadline could not be met despite the diligence of the party seeking the extension") (quotation marks and citation omitted).

Even if that were not the case, Bright House has been diligent in moving to add parties after filing its counterclaims. Bright House brings this motion to modify the scheduling order within five weeks of filing its original counterclaims. *See Southpoint Condo.*, 2020 WL 639400, at *4 (party diligent in moving to amend "within weeks" of discovering relevant evidence); *Rolle v. Branch Banking & Tr. Co*, 2014 WL 11638588, at *4 (S.D. Fla. May 28, 2014) (party diligent in moving to amend three weeks after discovering a potential breach of fiduciary duty).

The amendment sought is proper under Rule 15, which calls for leave to amend to be "freely give[n]… when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Toliver v. Bank of Am., N.A.*, 2013 WL 12161800, at *1 (M.D. Fla. June 10, 2013) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

None of the reasons to deny leave to amend are present here. *See Taylor*, 875 F. Supp. at 814 (enumerating limited reasons to deny leave). First, amendment would not cause Plaintiffs prejudice. Plaintiffs have not yet answered Bright House's original counterclaims, and discovery related to the counterclaims is still in early stages. *See Bassler v. George Weston Bakeries Distribution Inc.*, 2009 WL 10670778, at *2 (M.D. Fla. Nov. 25, 2009) (defendant would not be prejudiced by amendment after date set in scheduling order because parties "only recently started seriously engaging in discovery"). Second, as noted above, Bright House has not delayed in seeking leave to amend. Plaintiffs filed a motion to dismiss Bright House's counterclaims on August 11, 2020 (Dkt. 156) and Bright House filed its First Amended Answer, Affirmative Defenses, and Counterclaims as of right on August 25, 2020 (Dkt. 164). Bright House concurrently brings this motion to file its Second Amended Answer, Affirmative Defenses, and Counterclaims. And finally, the proposed amendments would not be futile—a standard that requires an amendment to be "clearly insufficient or frivolous on its face." *Taylor*, 875 F. Supp. at 815; *see also Shamblin v. Obama for Am.*, 2014 WL 12610221, at *2 (M.D. Fla. May 30, 2014), *reconsideration denied*, 2014 WL 2968159 (July 1, 2014) ("[I]f the underlying facts or circumstances relied upon by the [moving party] may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits.") (quoting *Foman*, 371 U.S. at 182) (first, third, and fourth alterations in original). Bright House's proposed Second Amended Counterclaims set forth at length facts establishing the basis for its claims against the RIAA and MarkMonitor. In particular, Bright House's proposed amended counterclaims demonstrate MarkMonitor sent Bright House materially false and deceptive copyright infringement notices in which the RIAA purported to assert rights owned by Plaintiffs, all in violation of the DMCA and FDUTPA. (*See generally* Ex. 1, Proposed Second Amended Answer, Affirmative Defenses, and

Counterclaims.)  Moreover, if the RIAA and MarkMonitor are added as parties, they "will have the opportunity to challenge th[e] claim[s]." *Mey v. Enter. Fin. Grp., Inc.*, 2016 WL 9109099, at *3 & n.3 (M.D. Fla. Aug. 2, 2016) (granting leave to amend to add party and noting that "as with all litigants, [movant] is constrained by the requirements of Fed. R. Civ. P. 11").

## CONCLUSION

For these reasons, Bright House respectfully requests that the Court modify the scheduling order and grant Bright House leave to file its proposed Second Amended Answer, Affirmative Defenses, and Counterclaims to add the RIAA and MarkMonitor as counterclaim-defendants.

Dated: August 25, 2020

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1506
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

Erin R. Ranahan (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1933
Email: eranahan@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-5600
E-mail: mbrody@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson St., Ste. 2500
Tampa, FL 33602
Tel: (813) 228-9080
Email: bschifino@gunster.com

*Counsel for Defendant*
*Bright House Networks, LLC*

## L.R. 3.01(g) CERTIFICATION OF COUNSEL

I HEREBY CERTIFY, pursuant to Local Rule 3.01(g), that moving counsel has conferred with opposing counsel in a good faith effort to resolve the issues but has been unable to do so.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Modify the Scheduling Order and for Leave to File Second Amended Answer, Affirmative Defenses, and Counterclaims was served by the Court's CM/ECF system on August 25, 2020.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
