UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

Plaintiff,

v.                                   CASE NO. 8:19-cv-710-T-35TGW

BRIGHT HOUSE
NETWORKS, LLC,

Defendant.
_____/

## O R D E R

THIS CAUSE came on for consideration upon the Motion to File Under Seal Pursuant to Stipulated Protective Order (Doc. 161).

Because there is a common law right to access to judicial records, Nixon v. Warner Communications, 435 U.S. 589, 587 (1978), and the filing of documents under seal is administratively burdensome, the sealing of court documents is to be done sparingly. Local Rule 1.09 contemplates that, in order to have the materials sealed, the movant will make a showing of a compelling justification. Indeed, the movant recognizes the Stipulated Protective Order requires "a showing of particularized need" (Doc. 58, ¶15).

The movant offers as justification that "Plaintiffs and third-

party MarkMonitor have designated the documents as either Highly Confidential-Attorneys' Eyes Only or Confidential" (Doc. 161, ¶6).  The movant adds that it "takes no position on whether the contents of these documents are confidential" (id.).

The parties' conclusory designations of confidentiality are clearly insufficient to warrant this relief, especially since, in my experience, businesses are overzealous in characterizing business information as confidential that does not warrant sealing under the court's rules.  Therefore, a greater explanation is necessary to show that the requested exhibits are appropriately sealed.

It is, therefore, upon consideration

ORDERED:

That the Motion to File Under Seal Pursuant to Stipulated Protective Order (Doc. 161) is **DENIED without PREJUDICE**.

DONE and ORDERED at Tampa, Florida, this 28th day of August, 2020.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE