**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 8:19-cv-00710-MSS-TGW |
| BRIGHT HOUSE NETWORKS, LLC, | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT A
FIVE-PAGE REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL (DKT. 155)**

Pursuant to Local Rule 3.01(c), Plaintiffs respectfully request leave to file a reply of no more than five pages in further support of their Motion For Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) of the Court's Order Dismissing Plaintiffs' Claim for Vicarious Liability (Dkt. 155) (the "Motion"), in order to respond to mischaracterization of law and facts in Bright House Networks' ("BHN") Opposition thereto (Dkt. 162).

Courts within this District have held that good cause for a reply exists when plaintiffs seek leave to explain why "defendant's case law should not be applied to the facts of the present case," *Ottaviano v. Nautilus Ins. Co.*, No. 8:08-cv-2204-T-33TGW, 2009 WL 425976 at *1 (M.D. Fla. Feb. 19, 2009), or "to address arguments in [] response in opposition that [movants] believe are inaccurate and unsupported," *Pk Studios, Inc. v. R.L.R. Investments, LLC*, No. 2:15-CV-389-FTM-99CM, 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015).

Plaintiffs seek to address three inaccurate and unsupported characterizations of law and fact in BHN's Opposition. *First*, BHN argues that the direct financial benefit issue proposed for certification is not a controlling question of law because an alternative basis—BHN's responsibility for the availability of infringing content—supports the court's ruling. But to the extent that the Court concluded that ISPs such as BHN cannot be vicariously liable for their subscribers' copyright infringement because they are not a "storage vehicle" for the infringing content, Dkt. 142, at 11, such a holding would *itself* constitute a controlling question of law for which there is substantial ground for difference of opinion.  A number of courts have found that vicarious liability *can* be pled and proven against ISPs similarly situated to BHN—including in a recent opinion in the District of New Jersey, which considered and disagreed with this Court's analysis in denying a motion to dismiss a

— 1 —

vicarious infringement claim against an ISP.  *UMG Recordings, Inc. v. RCN Telecom Services, LLC*, 3:19-cv-17272-MAS-ZNQ, ECF 88, PageID 937–40 (D.N.J. Aug. 31, 2020); *see also, e.g.*, *Sony Music Entm't v. Cox Commcn's, Inc.*, No. 1:18-cv-00950-LO-JFA, ECF 707, at *17–20 (affirming jury verdict holding ISP liable for vicarious infringement on the same theory pled here).  In fact, the sole authority cited by the Court in support of any conclusion that "availability of infringing content" must be independently pled does not take that position.  *See Adobe Sys. Inc. v. Canus Prods.*, Inc., 173 F. Supp. 2d 1044, 1051 (C.D. Cal. 2001).

*Second*, BHN argues that an issue can only constitute a controlling question of law if it disposes of the litigation in its entirety, including claims that were not the subject of the order at issue.  That is not correct.  None of the cases that BHN cites held that a controlling question must be dispositive of other claims that were not subject to the motion to dismiss.  And BHN's position is irreconcilable with the many cases certifying orders granting *partial* summary judgment in order to avoid a potential re-trial, which necessarily *require* the existence of a surviving claim.  *See, e.g., In re Pac. Forest Prods. Corp.*, 335 B.R. 910, 924–25 (S.D. Fla. 2005) (certifying interlocutory appeal of order granting partial summary judgment because "consideration now bears the benefit of crystallizing the issues at trial, and, importantly, staving off a potential re-trial," such that "immediate appeal would hasten the *ultimate* disposition of this case"); *Perez v. Preston*, No. 1:14-CV-4122-WBH, 2016 WL 10637099, at *1 (N.D. Ga. Nov. 22, 2016) (certifying order "dismiss[ing] a *significant portion*"—not all—"of the Government's claims" for interlocutory appeal because "there is a good chance that this case will come back for a second round if the Eleventh Circuit

disagrees with this Court," such that "an immediate appeal will materially advance the ultimate termination of the litigation"); *see also Moyer v. Citicorp Homeowners, Inc.*, 799 F.2d 1445, 1448 (11th Cir. 1986) ("The district court, pursuant to 28 U.S.C. § 1292 (b) (1982), certified that its order granting partial summary judgment involved a controlling question of law as to which there was substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the cause, and we granted leave to appeal.").

*Third*, to refute Plaintiffs' arguments that interlocutory appeal would advance the ultimate disposition of this litigation, BHN argues that, based on the timing of any appeal, there is a risk of two trials regardless of whether the vicarious count is certified now. But this argument conflates two distinct issues: (1) the risk of an ultimate reversal on appeal as to the count that proceeds to trial, which is the focus of BHN's response; and (2) the risk of a second trial even if there is *no error* in the first, because the trial did not include the dismissed claim. Courts have treated the issue of holding a second trial on an untried claim as a distinct factor that counsels in favor of certifying an order for interlocutory appeal. *See, e.g., In re Pac. Forest Prods. Corp.*, 335 B.R. at 924–25; *see also Perez*, 2016 WL 10637099, at *1.

Plaintiffs accordingly request leave to submit a reply of no more than five pages addressing the matters above, to be filed no more than five business days following the Court's ruling on this request.

— 3 —

| | |
|---|---|
| Dated: September 11, 2020 | */s/ Jonathan M. Sperling*<br>Jonathan M. Sperling (*pro hac vice*)<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>jsperling@cov.com<br><br>Mitchell A. Kamin (*pro hac vice*)<br>Neema T. Sahni (*pro hac vice*)<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>mkamin@cov.com<br>nsahni@cov.com<br><br>David C. Banker, Esquire<br>Florida Bar No. 0352977<br>Bryan D. Hull, Esquire<br>Florida Bar No. 020969<br>BUSH ROSS, P.A.<br>1801 North Highland Avenue<br>P.O. Box 3913<br>Tampa, FL 33601-3913<br>Telephone: (813) 224-9255<br>dbanker@bushross.com<br>bhull@bushross.com<br><br>Matthew J. Oppenheim (*pro hac vice*)<br>Scott A. Zebrak (*pro hac vice*)<br>Jeffrey M. Gould (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 621-9027<br>matt@oandzlaw.com<br>scott@oandzlaw.com<br>jeff@oandzlaw.com<br><br>*Attorneys for Plaintiffs* |

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they conferred with BHN regarding this motion. On September 10, 2020, Plaintiffs informed counsel for BHN of their intent to file this motion. BHN refused to consent to the relief sought herein unless Plaintiffs agreed not to oppose BHN's separate request for leave to file a seven-page reply in support of its Motion to Modify the Scheduling Order. Because the two motions are completely distinct, Plaintiffs declined that contingent offer. Counsel for BHN ultimately did not grant consent for the request sought herein.

Dated: September 11, 2020         */s/ Jonathan M. Sperling*
                                  Jonathan M. Sperling

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

/s/ Jonathan M. Sperling
Attorney