UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

  v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

               Case No. 8:19-cv-710-MSS-TGW

## CONSENTED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL

Pursuant to Local Rule 1.09, Plaintiffs submit this Consented Motion for Leave to File Document under Seal in connection with Plaintiffs' Opposition (Dkt. 230, "Opposition") to Defendant Bright House Networks, LLC's ("BHN") Objection to Magistrate Judge's Ruling on Motion to Compel (Dkt. 212, "Objection"). Plaintiffs state as follows:

1. Plaintiffs' Opposition references a document produced in this litigation that was filed under seal as Exhibit 3 to the Declaration of Andrew Schapiro (Dkt. 212-4, "Objection Exhibit 3"). On October 23, 2020, BHN moved, with Plaintiffs' consent, to file this document and references to it in BHN's Objection under seal. Dkt. 213. The Court granted BHN's motion on October 28. Dkt. 220.

2. Objection Exhibit 3 is a document produced by third party MarkMonitor, which was designated by MarkMonitor as "confidential" pursuant to the Protective Order entered in this case. Dkt. 58 ¶ 2(a) ("A producing party, including . . . any nonparty producing information or material voluntarily or pursuant to a subpoena or court order, shall designate as CONFIDENTIAL only such information that the producing party in good faith

believes in fact is non-public, sensitive or confidential information."). The Protective Order requires a party seeking to use "Protected Information"—including any information designated as "CONFIDENTIAL"—in papers filed with the Court in this action to first file a motion to seal such information pursuant to Local Rule 1.09. Dkt. 58 ¶ 1, 15.  Plaintiffs are parties to this Protective Order.

3. Plaintiffs' Opposition references BHN's Objection Exhibit 3 in order to respond to BHN's arguments in its Objection regarding the same.

4. In considering motions to seal, courts must balance the parties' interests in keeping information confidential against the public's interest in accessing court documents. *See, e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d at 1314-15 (11th Cir. 2001).  Based on this balancing test, there is good cause to restrict public access here, particularly given that Plaintiffs only seek to redact three limited portions of their Opposition.

5. Objection Exhibit 3 is a Statement of Work entered into between non-parties MarkMonitor and the Recording Industry Association of America ("RIAA"), which is kept strictly confidential in the ordinary course of business.  It contains technical details regarding MarkMonitor's proprietary system for gathering evidence of infringement, as well as highly sensitive contractual agreements between MarkMonitor and RIAA regarding work done on Plaintiffs' behalf.  If information contained in this document is disclosed, others could use such confidential and proprietary information for illegal or unlawful purposes, or to unfairly compete in the industry.  Allowing public access to such information could thus harm the legitimate and private interests of Plaintiffs and third parties.  *See Proxicom Wireless, LLC v.*

*Macy's, Inc.*, No. 6:18-CV-64-ORL-37GJK, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018). Moreover, other methods of protecting such confidential information are insufficient. Indeed, the Court recognized as much in granting BHN's motion to seal Objection Exhibit 3 and references thereto. Dkt. 220.

6. BHN consents to the relief sought in this Motion, including filing under seal an unredacted version of Plaintiffs' Opposition and redacting references to Objection Exhibit 3 in a public version.

7. Plaintiffs request that unredacted portions of their Opposition remain under seal for the time period the Court has ordered the underlying document to remain under seal: "until October 23, 2021 or such other date as the Court may order." Dkt. 220.

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order permitting Plaintiffs to file redacted portions of their Opposition.

Dated: November 6, 2020                    Respectfully submitted,

                                                      /s/ *Jonathan M. Sperling*
Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com

nsahni@cov.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

## L.R. 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs conferred with counsel for BHN regarding this motion, and BHN consents to the relief requested herein.

Dated:  November 6, 2020

       /s/ Jonathan M. Sperling
Jonathan M. Sperling

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, I caused the foregoing document and all accompanying materials to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

Dated:  November 6, 2020

                                               */s/ Jonathan M. Sperling*
                                               Jonathan M. Sperling

                                               *Attorney for Plaintiff*