## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC., *et al*.,

    Plaintiffs,

       v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

## PLAINTIFFS' OPPOSITION TO DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S MOTION TO COMPEL DISCOVERY

Since discovery in this matter began in July 2019, Plaintiffs have produced over 208,500 documents, while BHN has produced a piddly 800.  Now, near the end of almost two years of fact discovery, BHN seeks to free ride off discovery in other proceedings by asking this Court to compel Plaintiffs to produce a massive amount of discovery from four *other* cases involving different parties, different technologies, different antipiracy vendors, and different defenses.  BHN also moves to compel answers to ***255*** Requests for Admission concerning sound recordings and musical compositions that are ***not at issue*** in this mass copyright infringement case, even though this Court has already rejected BHN's earlier attempt to obtain the same discovery through a request for production.  Both

demands are improper and unwarranted, and BHN's motion, Dkt. 274 ("Mot."), should be denied in its entirety.

## LEGAL STANDARD

Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  But discovery under Rule 26 is "not without limits." *Simon v. State Farm Mut. Auto. Ins. Co.*, No. 614CV2125ORL37GJK, 2015 WL 12866988, at *4 (M.D. Fla. Oct. 16, 2015) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978)).  "The complaint controls what discovery is relevant and proportional to this case." *Bortolotti v. Gracepoint*, No. 8:19-CV-1072-T-24AAS, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019).  "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Torres-Torres v. KW Int'l, Inc.*, No. 5:18-CV-164-OC-30PRL, 2019 WL 1901727, at *1 (M.D. Fla. Apr. 29, 2019).  "The proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant." *Doerr v. Abplanalp*, No. 619CV1194ORL40LRH, 2020 WL 6870912, at *2 (M.D. Fla. Sept. 3, 2020).  If the requesting party does not meet its relevance burden, the court should deny a motion to compel.  *See, e.g.*, *Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-

25MCR, 2016 WL 11587289, at *4 (M.D. Fla. June 17, 2016) (plaintiff "failed to show how the information is relevant and proportional to the needs of the case").

## ARGUMENT

**I.    BHN's Demand For Cloned Discovery From Other Cases Should Be Denied.**

Rather than take its own discovery, BHN impermissibly seeks to piggyback on the work done by parties and experts in other cases that do not involve BHN in any way.  Such cloned discovery is disfavored and should be denied here at this late stage of the case.  Plaintiffs have already produced any conceivably relevant discovery sought by the requests in agreeing to produce Plaintiffs' depositions and declarations from those cases.  Everything else is irrelevant, a late attempt to free ride where BHN's own efforts have lagged, and an improper end-run around Rule 45's third-party protections.

### A.    BHN's RFPs 100-103.

In RFPs 100-103, served roughly 16 months into discovery, BHN initially sought an astronomical swath of "[d]ocuments concerning" four separate lawsuits, "including but not limited to" all documents produced, all depositions, exhibits, expert materials, written discovery responses, copies of file pleadings and more. Mot. at 5, 11, 14, 17.[1]  In response, and recognizing that prior sworn statements of

---

[1] The four suits are captioned *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.*, Case No. 1:18-cv-950-LO-IDD (E.D. Va.) ("*Sony*"), *UMG Recordings, Inc., et al. v. Grande*

overlapping witnesses could potentially be relevant for impeachment purposes, Plaintiffs agreed to produce Plaintiffs' witnesses' prior sworn depositions and declarations, including exhibits thereto, but otherwise objected. *See* Pls.' Obj. and Resp. to BHN's Fourth Set of RFPs at 5–16, attached hereto as Ex. 1. BHN then narrowed the requests but still demanded all deposition transcripts, declarations, and any exhibits thereto of all (i) plaintiff witnesses, (ii) defendant witnesses, (iii) third-party witnesses, and (iv) expert witnesses, as well as expert reports and any exhibits thereto, from these four separate and distinct lawsuits that *do not involve* BHN in any way whatsoever. BHN now moves to compel on this supposedly "narrowed" request.

### B. Piggyback Discovery Is Disfavored.

Courts routinely have held that a party may not simply "clone the discovery taken by others in unrelated cases and . . . piggyback on that unrelated discovery." *Wollam v. Wright Med. Grp., Inc.*, No. 10-cv-03104-DME-BNB, 2011 WL 1899774, at *1 (D. Colo. May 18, 2011); *see also Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP99-0690-C-Y/G, 2000 WL 760700, at *1 (S.D. Ind. 1999) ("'Cloned discovery', requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that

---

*Communications Networks, LLC*, Case No. 1:17-cv-00365-DAE (W.D. Tex.) ("*Grande*"), *BMG Rights Management (US) LLC v. Cox Enterprises, Inc.*, Case No. 1:14-cv-1611-LOG-JFA (E.D. Va.) ("*BMG*"), and *UMG Recordings, Inc. v. RCN Telecom Services, LLC*, Case No. 3:19-cv-17272-MAS-ZNQ (D.N.J.) ("*RCN*").

particular documents were produced or received by a party is relevant to the subject matter of the instant case.").

"A party's requested discovery must be tied to the particular claims at issue in the case," and "just because the information was produced in another lawsuit does not mean that it should be produced in [a separate] lawsuit." *Moore v. Morgan Stanley & Co.*, No. 07 C 5606, 2008 WL 4681942, at *2, 5 (N.D. Ill. May 30, 2008). "This is because, without more, the Court cannot ascertain whether the documents requested actually relate to [a party's] claims and defenses." *King County v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) (denying motion to compel "cloned discovery" because the court "ha[d] no method of determining which of those documents are relevant"). Consequently, the propounding party's "counsel must do their own work and request the information they seek directly." *Midwest Gas*, 2000 WL 760700, at *1.

Consistent with this rationale, courts in this Circuit have rejected attempts to get piggyback discovery when the propounding party makes "an overbroad request for a document dump without any concern for whether the scope of the request is proportional to the needs of this case." *Nguyen v. Raymond James & Assocs., Inc.*, No. 8:20-CV-195-T-36AAS, 2020 WL 6801874, at *2 (M.D. Fla. Nov. 19, 2020) (denying motion to compel production of discovery from another case). For

example, when a plaintiff in a products liability case requested documents from other products liability cases involving the same defendant's products, the court denied the plaintiff's motion to compel "all documents furnished" and "copies of all transcripts of depositions of [sic] taken by any party." *Strickland v. Tristar Prod., Inc.*, No. CV416-051, 2017 WL 2874621, at *1 (S.D. Ga. July 5, 2017).

Here, BHN has failed to articulate any reason why documents responsive to RFPs 100–103, even as narrowed, seek information relevant to any issues in the case. Those other four cases differ from this case in material respects, including that they involve different defendants, many different works at issue, different defenses, non-uniform claims periods, and in all but one case entirely different technologies and vendors used to identify infringement. And, while some of the plaintiffs overlap between some of the cases, the *BMG* case did not involve *any* of the parties from this case.

These are significant distinctions between the current litigation and *Sony*, *Grande*, *BMG*, and *RCN*. There's important history here, too. When the *Sony v. Cox* plaintiffs sought similar piggyback expert and document discovery generated during the preceding *BMG v. Cox* case, the Cox defendant—represented by the same counsel representing BHN in this case—opposed the *Sony* plaintiffs' motion. The *Sony* court agreed with Cox (*i.e.*, BHN's counsel), admonishing plaintiffs' counsel that they could not just freeride on the prior work done by counsel and

experts in other litigations and would have to "plow [their] own road." *See Sony* Hr'g Tr. 6:6–14, 15:14–16:2, 16:7–15 (Dec. 21, 2018), attached hereto as Ex. 2. There, as here, there was overlap in parties and the general nature of claims.

BHN oversimplifies the issue by noting similarities in some of the parties and claims. That *Sony*, *Grande*, and *RCN* involve some of the same plaintiffs (*BMG* did not) and similar types of claims is not a sufficient link to warrant piggyback discovery. *See Wollam*, 2011 WL 1899774, at *2 (denying motion to compel discovery from similar products liability cases when propounding party did not show substantially similar devices at issue, a similarity in the alleged causes and nature of the products' alleged failures, and involvement of the same defendants).

Additionally, and importantly, the timing of BHN's requests and motions practice belie any claim that it seeks efficiency through the discovery process. *See* Mot. at 10–11. BHN could have issued these RFPs on day one of the discovery period to efficiently tailor follow-on discovery in this case. It did not do so. Rather, after doing nothing for almost two years, BHN now seeks a free ride as discovery is concluding.

**C.     BHN's Request For Testimony From Plaintiff Witnesses Is Moot.**

There is no additional testimony for Plaintiffs to produce to BHN in response to its requests for deposition transcripts, declarations, and any exhibits thereto of "plaintiff witnesses."  Plaintiffs have already produced testimony from Plaintiffs' witnesses in *Sony* and *Grande*.  Plaintiffs were not parties in *BMG* and, as such, gave no testimony in that case.  And, as BHN admits, no depositions have been taken in *RCN* (nor have any expert reports been served).  BHN's requests for additional materials from "plaintiff witnesses" are therefore moot.

**D.     BHN's Request for Testimony From Other ISPs Is Irrelevant.**

BHN's request for prior testimony from defendant internet service providers ("ISPs") in *BMG*, *Sony*, *Grande* and *RCN* should be denied as irrelevant and unnecessary.  The same counsel from both sides in this case recently fought this same dispute in the *Warner v. Charter Communications* case pending in Colorado.  After expensive and time-consuming motion practice on the same issue, Charter (represented by the same counsel as BHN) conceded that it does not need testimony from the other defendants' witnesses and agreed to forego such discovery even after the *Charter* court ordered it produced.  *See* May 4, 2021 Email from D. Doak, attached hereto as Ex. 3 ("Charter has reached a compromise in which it has agreed that the deposition transcripts of Grande's fact witnesses do not need to be produced.").  This is not surprising, as this litigation concerns what

BHN did and did not do in response to the thousands of infringement notices it received during the claims period—not what any other ISP did.

And to be sure, the conduct of other ISPs has no bearing on BHN's liability, as its conduct must be judged against its own legal obligations. *See, e.g.*, *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 211 (3d Cir. 2002) ("A defense of industry custom and practice in the face of the protective provisions of the Copyright Act could undermine the purposes and objectives of the statute and reduce it to rubble."); *Weinstein Co. v. Smokewood Entm't Grp., LLC*, 664 F. Supp. 2d 332, 348 (S.D.N.Y. 2009) ("[N]otwithstanding plaintiff's claims about 'custom and practice' in the entertainment industry, federal copyright law dictates the terms by which an exclusive license can be granted."); *Famous Music Corp. v. Seeco Records, Inc.*, 201 F. Supp. 560, 566 (S.D.N.Y. 1961) ("Custom and usage may not be invoked to relieve defendant of the clear-cut obligations imposed by the application of the statute.").

### E.   BHN's Request for Testimony From Third Parties Is An Improper End-Run Around Rule 45's Third-Party Protections.

Equally problematic, seeking testimony of third parties from *Plaintiffs* is an improper end-run around Rule 45. *See* Fed. R. Civ. P. 45.  If BHN wants discovery on how other ISPs respond to notices of infringement, or anything else that other ISPs or third-parties do, it should seek that information directly from those third parties through Rule 45.  Rule 45 affords non-parties certain

protections.  *See, e.g.*, *Klay v. All Defendants*, 425 F.3d 977, 982–83 (11th Cir.

2005) (noting that Rule 45 contains provisions "intended to prevent abuse of the

subpoena power and requir[ing] that a district court protect the property rights of

the person subject to the subpoena"); *Fed. Trade Comm'n v. AmeriDebt, Inc.*, No.

05-22241-CIV, 2006 WL 8433126, at *1 (S.D. Fla. Jan. 6, 2006) ("Rule 45 is

intended to protect non-parties who are required to assist the court by providing

evidence . . . .").  BHN's requests for testimony from other ISPs and third parties in

*Sony*, *Grande*, *BMG*, and *RCN* are nothing more than an end-run around those

protections.

The documents BHN seeks are also subject to protective orders in each of

those cases, and the burden of navigating those protections should not fall to

Plaintiffs.  BHN should seek such documents directly from those parties, who are

best positioned to address any confidentiality concerns.

## F.     BHN's Requests For Testimony From Experts And Third Parties Go Beyond The Bounds Of Rule 26.

BHN has retained its own experts in this case, and it has provided no well-

reasoned basis for allowing it to piggyback on the work of experts in different

cases.  The *Sony* court explained this well:  "If you want to decide to use an expert

witness, you need to contact that expert witness.  You don't get to do a dry run in

seeing what they did in a deposition before you do that."  Ex. 2 at 15:23–25.  Here,

BHN seeks expert materials including financial analyses of BHN's competitor

10

ISPs, technical analyses of other ISPs' handling of infringement notices (which, as noted above, is completely irrelevant to this case), and analyses of other data concerning infringement by other ISPs.  BHN has failed to explain why these kinds of expert materials from other cases would have any relevance to this case or why it should get a free ride here, and its request for such materials exceeds the bounds of permissible discovery under Federal Rule of Civil Procedure 26.

II.    **BHN's Motion To Compel Plaintiffs To Answer 255 Requests For Admission Concerning *Works Not In This Case* Should Be Denied Because It Seeks Irrelevant Discovery That Has Already Been Denied and Would Be Disproportionately Burdensome.**

Plaintiffs seek to recover for BHN's secondary infringement of more than 7,000 copyrighted works in this mass infringement case.  BHN moves to compel Plaintiffs to answer ***255 RFAs*** concerning ownership in hundreds of other sound recordings and musical compositions that are ***not works in suit***.  That discovery is irrelevant, as this Court already recognized in denying the same discovery through a document request more than six months ago.  Demanding discovery on hundreds of works not in suit is a wasteful and inefficient sideshow through which BHN seeks to distract from its own misconduct and liability.  The discovery should be denied again.

### A.    The Court Previously Denied the Same Discovery Sought in RFAs 110–364 Through A Document Request.

In March 2019, Plaintiffs filed this case seeking to recover for BHN's secondary copyright liability for infringement of Plaintiffs' sound recordings and musical compositions.  In February 2020, consistent with the Court's Scheduling Order, Plaintiffs took the unremarkable step of timely filing an amended list of works-in-suit, omitting 283 of the 7,554 works on which they initially sued (what BHN calls the "Dropped Works").  Dkt. 116 (Motion to File Amended Exhibits to the Complaint); Dkt. 117 (Order granting Motion to File Amended Exhibits).  Such amendments are commonplace in mass infringement actions like this one.

In June 2020, BHN served RFP 98, seeking documents "sufficient to demonstrate" Plaintiffs' ownership of or exclusive rights to the Dropped Works. After Plaintiffs objected to BHN's request as seeking irrelevant discovery, BHN moved to compel.  Dkt. 159 at 24–25.  In July, BHN filed counterclaims based entirely on its speculation that Plaintiffs did not own the Dropped Works when they sent infringement notices on them years earlier, and that the notices were therefore knowingly false.  Dkt. 151.

In October 2020, this Court properly (and unsurprisingly) denied BHN's motion to compel documents concerning Plaintiffs' ownership of the Dropped Works because the discovery BHN sought was both irrelevant and speculative. Mot. Ex. G at 117:7–11.  BHN argued then (as it does again here) that whether

12

Plaintiffs owned the dropped works "will help us not only with our counterclaims, but also with the theme in our case about the reliability entirely of the process here." *Id.* at 116:11–13.  The Court rejected both of BHN's arguments and stated that, even if the Court "thought it were really pertinent and relevant and not burdensome, I would grant it subject to not producing it until after the ruling on the counterclaims, but I'm just denying this one outright." *Id.* at 117:08–11.  Judge Scriven subsequently dismissed BHN's counterclaims with prejudice in December 2020, erasing any lingering doubt about the potential relevance of Dropped Works discovery.  Dkt. 244 at 6–10.

**B.    BHN's Demand for the Same Rejected Discovery Through RFAs Instead of A Document Request Should Also Be Denied.**

BHN's 255 RFAs are an attempt to sidestep this Court's denial of BHN's earlier attempt to obtain discovery on works that are not at issue in this case.  On October 9, 2020, this Court denied as both irrelevant and speculative BHN's motion to compel Plaintiffs to produce documents proving Plaintiffs' ownership of or exclusive rights to the so-called "Dropped Works"—283 works that Plaintiffs are *not* suing on and are *not* at issue in this case.  Dkt. 210.  BHN's attempt to now seek the same discovery in the form of RFAs should be denied for the same reasons.

BHN's argument for the relevance of the rejected document discovery was identical to the one it now relies on here—speculation, a fishing expedition into

13

"the reliability entirely of the process here," and its now-dismissed counterclaims. Mot. Ex. G at 116:11–13.  BHN asserts no further relevance argument now. Rather, BHN's still transparent theme is its continued unfounded speculation about Plaintiffs' ownership rights.  Of course, "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken . . . unless the information sought is otherwise relevant to issues in the case." *Jasmin v. TB 22 Mario's Inc.*, No. 06-80302-CIV, 2007 WL 9701877, at *2 (S.D. Fla. Jan. 4, 2007) (quoting *Oppenheimer Fund*, 437 U.S. at 352).  There are more than 7,000 works *in suit* to which Plaintiffs hold the rights and that BHN's subscribers infringed. That BHN's RFAs seek discovery regarding 283 *other* works that are no longer the basis for any claim or counterclaim should end the matter.

BHN's argument that the RFAs are nevertheless relevant because BHN still suspects that Plaintiffs did not own the Dropped Works fares no better because it is based only on speculation.  Plaintiffs could have had several reasons unrelated to ownership for ultimately deciding not to pursue particular works.  *See* Mot. Ex. G at 116:17–19, 17:23–18:19.  BHN offers no basis for doubting those reasons other than its naked assertion that "there is strong reason to believe that Plaintiffs only dropped the claims after realizing that they did not, in fact, own the Dropped Works."  Mot. at 21.  But "[g]ood cause for discovery cannot arise from mere speculation . . . ."  *Smith v. United States*, 627 F. App'x 852, 854 (11th Cir. 2015)

(citation omitted); *see Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1348 (M.D. Fla. 2014) (denying discovery that was "too broad and hinges on the hope of finding something—anything— relevant to this litigation."). Charter's speculation about hypothetical facts is not a license for burdensome discovery into Plaintiffs' strategic litigation decisions or on hundreds of works not in suit.

BHN's argument that responding to RFAs 110–364 is less burdensome than producing the underlying documents is similarly meritless. Like the rejected RFP, responding to RFAs 110–364 would require Plaintiffs to collect volumes of documents demonstrating the chain of title and ownership for 283 copyrighted works—an arduous process involving identifying and collecting sensitive business information in the possession of hundreds of different legal entities. But instead of just *producing* the documents, as BHN requested last year, to respond to the RFAs Plaintiffs would need to *review and analyze* the documents and make a legal determination in order to answer each of the 255 irrelevant RFAs. Because collecting and producing those documents would be disproportionately burdensome (given the total irrelevance), as the Court has already found, responding to the RFAs would be even more so.

This Court should deny BHN's latest attempt to turn this litigation into a trial about works that are not in suit.

## CONCLUSION

For the foregoing reasons, BHN's Motion to Compel (Dkt. 274) should be denied.

Dated: May 21, 2021

*/s/ Stacey Grigsby*

Stacey Grigsby (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
sgrigsby@cov.com

Jonathan M. Sperling (*pro hac vice*)
Joshua B. Picker (*pro hac vice*)
Phil Hill (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jpicker@cov.com
pahill@cov.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
Hardy Ehlers (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

Dated:  May 21, 2021

*/s/ Stacey Grigsby*
Stacey Grigsby

*Attorneys for Plaintiffs*