IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

**DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S PARTIAL
OBJECTION TO JUNE 10, 2021 DISCOVERY ORDER**

Bright House Networks, LLC ("Bright House") objects to the portion of the June 10, 2021 Order (Dkt. 294) denying Bright House's motion to compel responses to Request for Admission Nos. 110-364 ("RFAs"). These RFAs were served by Bright House to ascertain whether Plaintiffs actually owned, or had the right to assert infringement claims associated with, certain works identified in notices of alleged infringement sent to Bright House during the claims period but subsequently dropped from the litigation after the filing of the initial complaint. Despite this seemingly non-controversial request, Plaintiffs have refused to respond, and will neither admit nor deny whether they owned the works, arguing that this information is irrelevant to any claims or defenses. Yet, Plaintiffs have made clear that they do not intend to limit the scope of their arguments at trial to notices associated only with the works-in-suit and have pursued scorched earth discovery from Bright House seeking information associated with millions of other notices, including notices for non-asserted works and

1

notices sent by other rightsholders. In order to ensure a fair trial, Bright House should either be permitted to pursue the discovery that it needs to show the unreliability of these other notices, or Plaintiffs should be precluded from presenting any argument, evidence, or testimony at trial that extends beyond the specific works-in-suit. To prevent prejudice to Bright House, Bright House respectfully requests that the Court overrule the aspect of the June 10, 2021 discovery ruling pertaining to these RFAs, and compel Plaintiffs to substantively respond to RFAs 110-364.

I.     **BACKGROUND**

    a.     **Plaintiffs' Dropped Works**

Plaintiffs filed their initial complaint on March 22, 2019, which included secondary liability claims associated with 7,554 musical works, seeking upwards of a billion dollars in maximum statutory damages. On January 7, 2020, Plaintiffs amended their complaint to drop several hundred works (the "Dropped Works"). The decision to drop works implicating up to $38 million in alleged damages came shortly after Bright House moved to compel Plaintiffs to produce evidence demonstrating their ownership of the works-in-suit, suggesting that Plaintiffs may not in fact have been the rightful owners of the Dropped Works at the time they sent *en masse* infringement notices to Bright House.

    b.     **Procedural History**

The Dropped Works are the subject of both Bright House's Request For Production No. 98 ("RFP 98") and RFAs 110-364. Concurrently pending before this Court is Bright House's Objection to the Magistrate Judge's October 9, 2020 order

(Dkt. 210) denying RFP 98, which seeks "[d]ocuments sufficient to demonstrate [Plaintiffs'] ownership of, or possession of an exclusive right in, each of the Dropped Works at the time [Plaintiffs] sent a Notice of Alleged Infringement for that Dropped Work, and that [Plaintiffs] were authorized to send Notices of Alleged Infringement concerning those works between January 2013 and March 2015."  *See* Dkt. 212 at 21. Similar to their response to RFAs 110-364, Plaintiffs argued that RFP 98 was irrelevant to the lawsuit (*see* Dkt. 174), and the Magistrate Judge denied Bright House's motion to compel on the ground that the documents requested were "too tangential" to the issues in this suit and too burdensome.  *See* Dkt. 274-8, Oct. 9, 2020 Hearing Tr. 117:7-11; 118:8-13.

On November 25, 2020, Bright House served RFAs 110-364[1] which requested Plaintiffs to "[a]dmit that You did not own, or have authorization to assert rights on behalf of the owner for, the Dropped Work [individually identified by title] during the Claims Period."  Bright House served these requests as an alternative way to obtain the relevant information (ownership of the Dropped Works or lack thereof), so that Plaintiffs could simply affirm or deny without the burdens associated with a documentary production.  On January 8, 2021, Plaintiffs served their objections and responses, which stated, among other things, that the RFAs were overly broad, unduly

---

[1] RFAs Nos. 110-364 and the Responses and Objections thereto are substantively identical with respect to the requested information and response, the only difference being the specific Dropped Work identified.  RFAs 110-364 were included in Bright House's Third Set of RFAs (Nov. 25, 2020). *See* Dkt. 274-9.

3

burdensome, irrelevant, and not proportional to the needs of this case. Plaintiffs did not provide substantive responses admitting or denying the RFAs. On April 30, 2021 Bright House filed a motion to compel ("Mot.") responses to these RFAs. Dkt. 274. On June 10, 2021, the Magistrate Judge heard oral argument on Bright House's motion to compel Plaintiffs to respond to RFAs 110-364. *See* June 10, 2021 Hearing Tr. ("Hearing Tr.") (Ex. 1).

In its briefing and during the June 10, 2021 hearing, Bright House explained that the RFAs were relevant to rebut Plaintiffs' infringement claims and the representations regarding the reliability of Plaintiffs' notice system that Bright House anticipates Plaintiffs will make at trial. Specifically, Bright House noted that if Plaintiffs never actually owned the Dropped Works yet caused notices to be sent anyway, this calls into question the overall reliability of the system Plaintiffs utilized to send infringement notices to Bright House. Mot. 21-25; Hearing Tr. 59:8-12. The Magistrate Judge nonetheless denied Bright House's motion to compel. Hearing Tr. 63:1.

## II.   LEGAL STANDARD

A Magistrate Judge's nondispositive order that is clearly erroneous or contrary to law must be modified or set aside if there is a timely objection. Fed. R. Civ. P. 72(a); *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1346 (M.D. Fla. 2013) (finding discovery issues that do not "dispose of a claim or defense of any party" to be nondispositive). A finding may be clearly erroneous "although there is evidence to support it," and the relevant question is whether "the reviewing court on the entire

4

evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350-51 (11th Cir. 2005) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

### III. PLAINTIFFS SHOULD BE ORDERED TO ADMIT OR DENY WHETHER THEY OWN THE DROPPED WORKS

The Court should compel Plaintiffs to substantively respond to RFAs 110-364 by admitting or denying whether they owned (and/or had the right to assert claims regarding) each of the Dropped Works at the time that the notices of alleged infringement were sent to Bright House. At trial, Plaintiffs intend to rely on hundreds of thousands (if not millions) of notices of alleged infringement sent to Bright House, including the notices for the Dropped Works, yet they refuse to provide basic information regarding their ownership of works identified in their own notices.[2]

The Magistrate Judge denied RFAs 110-364 on the basis that Plaintiffs would likely not be permitted to refer to the Dropped Works at trial or make the argument that Bright House received notices beyond the works-in-suit.[3] Hearing Tr. 61:20-22,

---

[2] As Bright House explained at the hearing on the motion to compel, Plaintiffs did not confine their arguments to notices for the works-in-suit in the trial of *Sony Music Entertainment v. Cox Communications*, Case No. 1:18-cv-950 (E.D. Va.). Hearing Tr. 59:13-17. Thus, there is valid reason to believe they will not do so here unless there is a clear ruling from the Court that no such argument, testimony, or evidence from Plaintiffs will be permitted. While Bright House believes that such a ruling is warranted and the right result, it has filed this Objection in order to preserve its ability to pursue the discovery necessary to counter Plaintiffs' evidence in the event this Court is not inclined to so limit Plaintiffs' arguments and evidentiary presentation at trial.

[3] Notably, the Magistrate Judge did not deny RFAs 110-364 on the basis that providing a response would be overly burdensome. Indeed, Plaintiffs cannot credibly label Bright House's

5

62:16-18, 62:21. Although Bright House agrees with the Magistrate Judge that Plaintiffs should only be able to rely on, or refer to, notices for the works-in-suit at trial, all current signs indicate that Plaintiffs intend to expand the scope of the case, and will try to rely on notices for non-asserted works, including the Dropped Works, in order to argue that Bright House was put on notice of repeat infringement, and should be contributorily liable for failing to act on the notices. *See* Dkt. 94, First Am. Compl. ("FAC") ¶ 87 (Jan. 7, 2020) (alleging that "despite receiving over one hundred thousand infringement notices from Plaintiffs, ***as well as thousands of similar notices from other copyright owners***, Bright House knowingly permitted specifically identified repeat infringers to continue to use its network to infringe" (emphasis added)); Dkt. 274-13, Mot. Ex. L, Pls.' 2d Set of RFAs (Jan. 15, 2021), at RFA No. 10 (calling for Bright House to admit it "received at least 109,000 Infringement Notices sent by Plaintiffs or on behalf of Plaintiffs during the Claim Period," with no exception for notices for works not asserted in this lawsuit); *see also* Dkt. 274-5, Mot. Ex. D, Charter Feb. 23, 2021 Hr'g Tr. 75:6-15 (Plaintiffs' counsel affirming that Plaintiffs "will rely on all of those [notices, including for works not covered by Plaintiffs' claims] as evidence of an astronomical amount of infringement that was occurring on Charter's network"). Accordingly, it was error to preclude Bright House from obtaining

---

requests "unduly burdensome" given that Plaintiffs had an obligation under Rule 11 to determine ownership of the works they asserted before filing their original and amended complaints. If Plaintiffs satisfied their obligation, then information Bright House seeks in these RFAs should be readily available to Plaintiffs, and the burden of responding would be minimal.

discovery of the information sought by RFAs 110-364, which is necessary to develop the evidence needed to counter Plaintiffs' persistent invocations of their otherwise irrelevant notices regarding non-asserted works.

Unless there is a clear ruling that no argument, evidence, or testimony about notices related to non-asserted works, including notices from other rightsholders, will be permitted at trial, evidence about Plaintiffs' ownership of the Dropped Works is plainly relevant. At bottom, Bright House's RFAs 110-364 are necessary to challenge Plaintiffs' theory of this case: that the volume of infringement notices that Bright House received is evidence of rampant piracy on its networks. *See* FAC ¶ 2 (alleging "hundreds of thousands of statutory infringement notices [sent] to Bright House"). In advancing their theory, Plaintiffs intend to rely on these notices (alongside millions of similarly irrelevant third party notices) which do not implicate the works-in-suit while preventing Bright House from obtaining the discovery necessary to show the deficiencies in the notices.

Further, if Plaintiffs' system indeed generated up to tens of thousands of infringement notices for works they did not own, that undermines the reliability of Plaintiffs' core evidence of direct infringement and Bright House's purported knowledge of such infringement. Given that Plaintiffs intend to rely upon the totality of all notices sent by Plaintiffs or other rightsholders, irrespective of whether the notice reflected the works-in-suit, Bright House should be entitled to probe whether Plaintiffs actually owned the Dropped Works at the time they sent Bright House notices of alleged infringement based on those works.

7

## IV. CONCLUSION

For the foregoing reasons, Bright House respectfully requests that the Court sustain Bright House's objection and grant Bright House's motion to compel substantive responses to RFAs 110-364.

Dated: June 24, 2021	Respectfully submitted,

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1506
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Email: melkin@winston.com

Erin R. Ranahan (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1933
Email: eranahan@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-5600
E-mail: mbrody@winston.com

/s/ Andrew H. Schapiro
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda J. Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson St., Ste. 2500
Tampa, FL 33602
Tel: (813) 228-9080
Email: bschifino@gunster.com

*Counsel for Defendant*
*Bright House Networks, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Partial Objection to June 10, 2021 Discovery Order was served by the Court's CM/ECF system on June 24, 2021.

*/s/  Andrew H. Schapiro*
Andrew H. Schapiro
