# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC <br><br> Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

## SUPPLEMENTAL STIPULATED PROTECTIVE ORDER REGARDING REMOTE REVIEW OF SOURCE CODE

Further to the Stipulated Protective Order dated September 5, 2019 in the above-captioned proceedings, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of Plaintiffs UMG Recordings Inc., et al. (collectively, "Plaintiffs") and Bright House Networks, LLC ("Bright House" or "Defendant"), and whereas Plaintiffs' expert desires to inspect Bright House's source code without traveling to an office of counsel for Defendant, and for good cause having been shown, it is hereby ORDERED that the Stipulated Protective Order is supplemented as follows:

1. **REMOTE REVIEW OF SOURCE CODE**

    1.1 **Protocol for Remote Source Code Review**. This provision shall govern remote Source Code review in light of travel and building access restrictions

during the COVID-19 public health emergency. This provision shall remain in effect until the close of fact discovery in this matter.

(a) <u>**Location of Remote Source Code Review.**</u> Any "HIGHLY CONFIDENTIAL – SOURCE CODE" produced in discovery may, at the sole discretion of the producing party, be made available for inspection in a native source code file format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, for remote review using a vendor of the producing party's selection. The source code shall be made available for inspection on a secured virtualized environment that may be accessed on a locked down laptop that will be provided for the receiving party. The receiving party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device, including screen captures in or of the virtualized environment. The locked down laptop provided for source code review shall be configured to prohibit installation of software as well as other security restrictions, including disabling all USB ports, Bluetooth access, print screen, and Snipping Tool. The review on a secured virtualized environment will be done over network communications through a "Remote Desktop" session as set forth in Section 1.1(b) below.

(b) <u>**Secured Virtualized Environment**</u>. The Virtual Machine (VM) environment will consist of two VMs: a Proctoring VM and a Review VM. The vendor shall maintain the Review VM, which will provide a Remote Desktop

session with the locked down laptop by running the Remote Desktop software (akin to teleconference screen sharing), allowing the receiving party to interact with a Windows desktop, on the Review VM, as if the Windows desktop was generated by the locked down laptop.

The Review VM receives mouse and keyboard input from the receiving party on the locked down laptop and communicates a streaming image of a Windows desktop for display on the locked down laptop. The Review VM shares the Windows desktop only with the receiving party's expert and outside counsel of record. For clarity, no employees or representatives of the vendor or of the producing party, including the producing party's outside counsel of record and experts and other consultants, shall have access to this shared screen session, other than the vendor if requested by the receiving party to resolve any technical issue. An analyst from the vendor shall operate the Review VM, start and stop control of the Review VM, and address session issues. The receiving party shall maintain mouse and keyboard control of the Review VM, which will contain the tools and software specified by the receiving party for conducting the source code review. The receiving party is responsible for complying with any licensing terms for such software analysis and software tools, including paying for any third-party costs or fees associated with providing those tools. Only one person from the receiving party can have control of the Review VM at a time and access to the Review VM is available through a two-factor authentication system that communicates (via text message, phone call, or push notification) with the receiving person's mobile phone. The VM environment

shall be available only at scheduled times and access-controlled by the vendor. The VM environment shall not have internet access besides as needed to support the Review and Proctoring VMs.

(c) **Audit Rights**. The vendor may visually monitor (proctor) the physical activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code. In support of these Audit Rights, the Proctoring VM receives streaming video from front-facing and side-facing cameras communicating through the locked down laptop. The vendor watches the streaming video in real time to monitor the receiving party's compliance with the protective order. The receiving party's access to the Review VM is conditioned on placing the side-facing camera so that its video supports proctoring and on not interfering with video streaming. No camera configuration, by the receiving party, is needed to facilitate streaming.

(d) **Technology Assessment**. In the event that the VM environment suffers from lag, which 1) cannot be cured by the vendor, and 2) substantially interferes with the receiving party's ability to conduct the source code review, the parties will confer in good faith on alternative means of producing the source code for inspection.

1.2     **Request for Inspection**.  Prior to the inspection of any requested Source Code, the receiving party shall provide five days' notice of the Source Code that it wishes to inspect.

1.3     **Paper Copies of Source Code Excerpts**.  The receiving party may request paper copies of limited portions of source code pursuant to Paragraph 6(b) of the Protective Order.

1.4     **Access Record**.  The provisions of Paragraph 6(c) apply to inspection of source code in electronic or paper form pursuant to this supplemental protective order.

BY THE COURT:

DATED: July 15, 2021

_____
THOMAS G. WILSON
United States MAGISTRATE JUDGE

STIPULATED AS TO FORM AND SUBSTANCE:

Dated: July 14, 2021

/s/ Andrew H. Schapiro
Andrew H. Schapiro (*pro hac vice*)
Allison Huebert (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

/s/ Jeffrey M. Gould
Jeffrey M. Gould (*pro hac vice*)
Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016

5

Tel: (312) 705-7400  
Email: andrewschapiro@quinnemanuel.com  
Email: nathanhamstra@quinnemanuel.com  
Email: allisonhuebert@quinnemanuel.com  

Todd A. Anten (*pro hac vice*)  
Jessica Rose (*pro hac vice*)  
Katy Akopjan (*pro hac vice*)  
QUINN EMANUEL URQUHART &  
SULLIVAN, LLP  
51 Madison Avenue, 22nd Floor  
New York, NY 10010  
Tel: (212) 849-7192  
Email: toddanten@quinnemanuel.com  
Email: jessicarose@quinnemanuel.com  
Email: katyakopjan@quinnemanuel.com  

Charles K. Verhoeven (*pro hac vice*)  
David Eiseman (*pro hac vice*)  
Linda Brewer (*pro hac vice*)  
Michael F. Trombetta (*pro hac vice*)  
QUINN EMANUEL URQUHART &  
SULLIVAN, LLP  
50 California Street, 22nd Floor  
San Francisco, CA 94111  
Tel: (415) 875-6600  
Email: charlesverhoeven@quinnemanuel.com  
Email: davideiseman@quinnemanuel.com  
Email: lindabrewer@quinnemanuel.com  
Email: michelleclark@quinnemanuel.com  
Email: miketrombetta@quinnemanuel.com  

William J. Schifino, Jr.  
Florida Bar No. 564338  
GUNSTER, YOAKLEY & STEWART, P.A.  
401 E. Jackson Street, Suite 2500  
Tampa, FL 33602  
Tel: (813) 228-9080  
Email: bschifino@gunster.com  
*Counsel for Defendant*  
*Bright House Networks, LLC*  

Telephone: (202) 621-9027  
matt@oandzlaw.com  
scott@oandzlaw.com  
jeff@oandzlaw.com  

Jonathan M. Sperling (*pro hac vice*)  
Joshua B. Picker (*pro hac vice*)  
Phil Hill (*pro hac vice*)  
COVINGTON & BURLING LLP  
The New York Times Building  
620 Eighth Avenue  
New York, NY 10018-1405  
Telephone: (212) 841-1000  
jsperling@cov.com  
jpicker@cov.com  
pahill@cov.com  

Stacey Grigsby (*pro hac vice*)  
COVINGTON & BURLING LLP  
One CityCenter  
850 10th St. NW  
Washington, DC 20001  
Telephone: (202) 662-6000  
sgrigsby@cov.com  

Mitchell A. Kamin (*pro hac vice*)  
Neema T. Sahni (*pro hac vice*)  
J. Hardy Ehlers (*pro hac vice*)  
COVINGTON & BURLING LLP  
1999 Avenue of the Stars, Suite 3500  
Los Angeles, CA 90067-4643  
Telephone: (424) 332-4800  
mkamin@cov.com  
nsahni@cov.com  
jehlers@cov.com  

David C. Banker  
Florida Bar No. 0352977  
BUSH ROSS, P.A.  
1801 North Highland Avenue  
P.O. Box 3913  
Tampa, FL 33601-3913  
Telephone: (813) 224-9255

dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

7

# SUPPLEMENTAL STIPULATED PROTECTIVE ORDER – Attachment A

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BRIGHT HOUSE NETWORKS, LLC<br><br>Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

## ACKNOWLEDGMENT OF SUPPLEMENTAL PROTECTIVE ORDER

*I, [name], state the following under penalties of* perjury as provided by law:

I am _____ [position] for _____ [employer]. I will be receiving Confidential and/or Highly Confidential information that is covered by the Supplemental Stipulated Protective Ordered governing this case and entered by the Court on July __, 2021. I have read the Supplemental Stipulated Protective Order and understand that the Confidential and/or Highly Confidential information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Supplemental Stipulated Protective Order. I agree to use the Confidential and/or Highly Confidential information solely for purposes of this case. I understand that neither the Confidential and/or Highly Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Supplemental Stipulated Protective Order. I agree to return the Confidential and/or Highly Confidential information and any notes concerning that information to the attorney for the producer of Confidential and/or Highly

Confidential information or to destroy the information and any notes at the attorney's request as required by the Supplemental Stipulated Protective Order.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
Name

_____
Title

_____
Date