IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC <br><br> Defendant. | Case No. 8:19-cv-710-MSS-TGW |

### DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S
### UNOPPOSED MOTION TO SEAL

Pursuant to Local Rule 1.11, Defendant Bright House Networks, LLC respectfully brings this unopposed motion to seal the unredacted version of Plaintiffs' Partial Objection to July 21, 2021 Discovery Order (the "Objection") and Exhibits C and D thereto (collectively, the "Confidential Materials") which Plaintiffs withheld from filing on the public docket pursuant to Local Rule 1.11(d).  *See* Dkt. 317, 317-4, 317-5 (Aug. 4, 2021).  In support of this motion, Bright House states as follows:

1. Exhibit C to the Objection is Bright House's Third Supplemental Responses to Plaintiffs' First Set of Interrogatories, which includes highly confidential, commercially sensitive information related to Bright House's business that was produced in this litigation, namely detailed information about Bright House's number of subscribers as well as number of customers whose internet service was disconnected for the entire claims period.

1

2. Exhibit D to the Objection is an excerpt of the deposition of Ash Ferrar taken in this matter, which includes highly confidential, commercially sensitive information related to Bright House's business, including steps Bright House took in responding to allegations of copyright infringement by subscribers and data about certain steps that were taken.

3. The content redacted in Plaintiffs' public version of their Objection consists of summaries of portions of the above materials.

4. The Eleventh Circuit provides that "[d]ocuments filed in connection with motions to compel discovery are not subject to the common-law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001)). Here, the Confidential Materials consist of documents filed in support of an objection to rulings on a motion to compel (Exhibits C and D to the Objection) and summaries of portions of those documents (the redacted contents of the Objection itself).

5. Moreover, "[t]he common law right of access may be overcome by a showing of good cause." *Id.* at 1246. In determining whether good cause to seal materials exists, courts balance the party's privacy or proprietary interests in the information to be sealed with the public's interest in accessing the information. *Id.*

6. Based on this balancing test, there is good cause to maintain the Confidential Materials under seal. Bright House has substantial interests in maintaining as confidential its data about its level of business and internal actions taken in response to allegations of unlawful copyright infringement. *See Proxicom*

*Wireless, LLC vs. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (recognizing litigant's "legitimate privacy interests" in protecting access to materials that, if made public, would "expos[e] [the litigant's] business and financial information to the public, including competitors"). The public's interest in accessing the Confidential Materials is low given the nature of the filing—a discovery dispute—and the fact that the public would have access to the Objection nearly in its entirety (with only a few lines redacted) and to three of its five supporting exhibits even after the Confidential Materials were sealed.

7. Sealing the Objection and supporting exhibits in their entirety is not necessary in this instance; rather, partial sealing and redaction will adequately protect Bright House's interests. *See* Local Rule 1.11(c)(3)(C). As noted, Bright House requests that only two of five exhibits (Exhibits C and D) be sealed, and a public version of Plaintiffs' Objection has already been made available with only several lines redacted. *See* Dkt. 317 (Aug. 4, 2021).

8. While not in itself grounds for granting a motion to seal, Bright House respectfully informs the Court that the documents comprising Exhibits C and D were designated as "Highly Confidential" pursuant to the Protective Order entered in this case. *See* Dkt. 58 ¶ 2(b)(i) ("A producing party … shall designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only such information that is particularly sensitive information that the producing party believes in good faith cannot be disclosed without creating a substantial risk of harm to the producing party.").

9. Bright House requests the Confidential Materials be maintained under seal for 90 days after this matter is closed and all appeals are exhausted.

10. Bright House does not take any position on the necessity of filing the Confidential Materials, which were filed by Plaintiffs.

11. Plaintiffs do not oppose the relief sought in this motion.

For the foregoing reasons, Bright House respectfully requests that the Court seal the unredacted version of Plaintiffs' Partial Objection to July 21, 2021 Discovery Order and Exhibits C and D thereto which Plaintiffs withheld from filing on the public docket pursuant to Local Rule 1.11(d). *See* Dkt. 317, 317-4, 317-5 (Aug. 4, 2021).

Dated: August 18, 2021

Respectfully submitted,

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1506
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Email: melkin@winston.com

Erin R. Ranahan (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1933
Email: eranahan@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
E-mail: mbrody@winston.com

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
Nathan A. Hamstra (*pro hac vice*)
Allison Huebert (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Todd A. Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7192
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
Michelle A. Clark (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com
Email: michelleclark@quinnemanuel.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Tel: (813) 228-9080
Email: bschifino@gunster.com

*Counsel for Defendant*
*Bright House Networks, LLC*

## L.R. 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for Bright House has conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the relief sought in this motion.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2021, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
