UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

**PLAINTIFFS' MOTION TO COMPEL SANDVINE, INC. TO COMPLY WITH SUBPOENA *DUCES TECUM***

    Plaintiffs hereby move this Court for an order compelling third-party Sandvine, Inc. ("Sandvine"), to comply with Plaintiffs' Rule 45 subpoena *duces tecum* and for any other relief this Court finds warranted. Sandvine has *agreed* to produce documents, but has failed to actually produce them for nearly two months, without justification. With the September 15, 2021 close of fact discovery rapidly approaching, Plaintiffs bring this motion to protect their interests in receiving this important discovery and to preserve their right to take Sandvine's deposition. Sandvine has agreed to jurisdiction of this Court to resolve this issue.

*   *   *

    Plaintiffs are some of the world's largest record labels and music publishers, who sued Bright House Networks, LLP ("BHN") for secondary copyright infringement. Sandvine is a technology vendor that provides data analytic services to internet service providers ("ISP"), including BHN. Among the services that Sandvine provides is analyzing network traffic and usage patterns, including the volume and nature of Peer-to-Peer ("P2P") use across an ISP's

network.  Plaintiffs allege that BHN knew about infringing P2P activity by its subscribers, in part, through services and information provided by Sandvine.

On June 14, 2021, Plaintiffs served a Fed. R. Civ. P. 45 subpoena on Sandvine.  Gould Decl., Ex. A.  On June 15, 2021, counsel for Sandvine confirmed acceptance of service.  Gould Decl., Ex. C.  On June 29, 2021, Sandvine served objections and responses to Plaintiffs' subpoena ("Sandvine Response"), agreeing, subject to its objections, to produce documents responsive to 20 of the 21 requests.  Gould Decl., Ex. B.  Sandvine has not filed a motion to quash or for a protective order.

Nearly two months have passed since the June 29 date for compliance; the September 15, 2021 close of fact discovery is fast approaching; and Sandvine has yet to produce a single document, despite its agreement to do so.  Plaintiffs have conferred with Sandvine numerous times by email over the last two months, and by telephone on August 17, 19 and 23, 2021, to no avail.  Gould Decl., Ex. D.  On August 23, Sandvine said it would try to produce by this Friday, August 27, 2021, but that it could not guarantee that.  *Id*.  Once the documents are produced, Plaintiffs may still need to take Sandvine's deposition.

In light of the foregoing, Plaintiffs informed Sandvine that they would be filing this motion to protect their rights, and Sandvine consented to jurisdiction of this Court to resolve it.  *Id*.

The Court has authority to enter an order compelling production by Sandvine, *see Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984), and the discovery Plaintiffs seek here is proper under Fed. R. Civ. P. 26(b).  ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

Because fact discovery is currently set to close on September 15, and Plaintiffs need to receive Sandvine's documents with enough time to conduct a deposition thereafter, Plaintiffs seek an order compelling Sandvine to complete its production no later than August 27, 2021.

### Local Rule 3.01(g) Certification

Plaintiffs have conferred with Sandvine multiple times by email and telephone. Sandvine represented that it would try to complete its production by August 27, 2021, but could not guarantee that. Plaintiffs notified Sandvine that it would be filing this motion to protect their interests and would withdraw the motion if Sandvine completes its production in sufficient time to permit a deposition with the scheduled discovery period. Sandvine has consented to jurisdiction in this Court and Plaintiffs filing this motion in this Court.

Dated: August 23, 2021                                  Respectfully submitted,

*/s/ Jeffrey M. Gould*
Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Alexander Kaplan (*pro hac vice*)
Corey M.S. Miller (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com
corey@oandzlaw.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue

New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 23, 2021, I caused the foregoing document and all accompanying materials to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF. I also caused these papers to be served on Sandvine's counsel via email.

Dated: August 23, 2021                                 */s/ Jeffrey M. Gould*
                                                               Jeffrey M. Gould

                                                               *Attorney for Plaintiffs*