# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

        Plaintiffs,

v.

        **Case No. 8:19-cv-710-MSS-TGW**

BRIGHT HOUSE NETWORKS, LLC,

        Defendant.

## PLAINTIFFS' RESPONSE TO BRIGHT HOUSE'S TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER AND FOR TEMPORARY STAY

Bright House's ("BHN's") Motion for Protective Order and for Temporary Stay (1) omits material facts, (2) fails to acknowledge the adverse case law in this district, and (3) seeks relief from a demand that Plaintiffs are not making:

(1) Plaintiffs have been seeking to schedule the deposition of Mr. Frendberg, the single most important BHN-affiliated witness, since July 2. Defendant refused to offer any dates for more than six weeks, and then offered only September 14 or 15—the last two days of the fact discovery period, and some ten weeks after Plaintiffs first sought dates. Nothing in the Federal Rules of Civil Procedure or this Court's rules contemplates BHN

having the ability to unilaterally prevent Plaintiffs from deposing Mr. Frendberg before then.

(2)  Case law in this district clearly provides that, where a witness is individually noticed for deposition and also is designated as a 30(b)(6) witness—as is the case here—the deposing party is entitled to two seven-hour days of testimony.  In arguing that plaintiffs should be limited to a single day to examine Mr. Frendberg both individually *and* on forty-some 30(b)(6) topics for which Defendant has chosen to designate him, BHN ignores that case law and cites only authority from outside the district that, in any event, does not support its position.

(3)  BHN's assertion that Plaintiffs are insisting on an August 31 deposition from which BHN requires emergency relief is not true.  Plaintiffs offered in writing to depose Mr. Frendberg on September 1, 3, or 10, and for a second day on September 13.

The Court should deny BHN's motion and order Mr. Frendberg to appear for his individual deposition on September 1, 3, or 10, and for his 30(b)(6) deposition on September 13.

## BACKGROUND

Timothy Frendberg is the most important BHN-affiliated witness in this case.  He appears on or is the custodian of 809 of the 1,434 documents that BHN has produced in this case, or over 56%.  Sahni Decl. ¶ 2.  Every

BHN-affiliated witness has volunteered Mr. Frendberg's name in their deposition. *Id.* Exs. A-F. Several have directed Plaintiffs to Mr. Frendberg when they did not know the answers to Plaintiffs' questions. *Id.* Exs. A-C. And BHN designated Mr. Frendberg as its representative on 40 of the 71 topics in Plaintiffs' Rule 30(b)(6) Notice of Deposition. Mr. Frendberg is a current employee of BHN's parent company, Charter Communications.

Plaintiffs noticed Mr. Frendberg's deposition 52 days ago, on July 2, for July 16, 2021. *Id.* Ex. G. As per the Civil Discovery Handbook, *see* § II.A.1, Plaintiffs then asked BHN for mutually agreeable dates for Mr. Frendberg on July 8, 2021. *Id.* Ex. H. BHN did not respond with dates for Mr. Frendberg's deposition.

Plaintiffs asked BHN again on July 16. *Id.* Ex. I. BHN did not respond.

Plaintiffs asked BHN again on July 20. *Id.* Ex. H. BHN again did not respond with dates for Mr. Frendberg's deposition.

Plaintiffs asked, for the fourth time, on July 27. *Id.* For the next six days, BHN did not respond.

On August 2, 2021, BHN designated Mr. Frendberg to provide its corporate testimony on most of the Topics in Plaintiffs' 30(b)(6) Notice. ECF 323-4 at 9.

Later that day, for the first time, BHN provided dates for Mr. Frendberg's deposition:  September 14, 15, or 16.  *Id*. at 8.  These dates fell over 10 weeks after Plaintiffs' initially-noticed date, and on or *after* the September 15 fact discovery cutoff and deadline for raising discovery disputes—essentially preventing Plaintiffs from having any opportunity to raise with the Court issues or deficiencies that arise from Mr. Frendberg's deposition.

Because Plaintiffs do not wish to wait until the last day of discovery to take Mr. Frendberg's depositions, Plaintiffs provided *fifteen* alternate dates to BHN on August 4, two days later.  *Id*. at 7.  BHN did not respond for over a week.

When BHN did respond, it rejected all fifteen dates and stated again that it would make Mr. Frendberg available only on September 14, 15, or 16. *Id*. at 4.

Plaintiffs again requested alternate dates on August 10, and provided *eleven* dates on which they were available.  *Id*. at 3.  Another week passed; this time BHN offered only September 14 or 15.  *Id*.

Confronted with BHN's failure to confer in good faith, Plaintiffs were left with either accepting BHN's refusal to make Mr. Frendberg available until the last two days of discovery, or to serve a subpoena to compel his appearance for his individual deposition earlier.  They served the subpoena

4

on August 17, for an August 31 individual deposition, and agreed to hold the

30(b)(6) deposition on the Topics for which he was designated on September

14.  *Id.* ¶ 12; ECF 323-4 at 1.[1]

BHN responded by insisting it would make Mr. Frendberg available

only on one day for *both* his individual and 30(b)(6) depositions, and only on

September 14.  The parties met and conferred about their dispute on August

23.  *Id.* Ex. J.  BHN would not change its position, other than to offer

Plaintiffs only two additional hours for Mr. Frendberg's individual deposition,

on September 15.

Plaintiffs stood on their right to have Mr. Frendberg sit for two seven-

hour days of deposition, but responded with a final offer of compromise:

- "That the first 7-hour day occur on September 1, 3, or 10.
- That the second 7-hour day occur on September 13."

*Id.*

BHN did not respond to this offer.  Instead, over two hours later, BHN

filed the instant Motion, claiming that Plaintiffs are seeking to hold Mr.

Frendberg's individual deposition only on August 31 and that the Motion

arose from *Plaintiffs'* "all-or-nothing' demand."  Mot. at 3.

---

[1] BHN describes the subpoena as having been served "[e]xactly at midnight on
August 18."  In fact, it was served at 11:59 p.m. on August 17.  Sahni Decl. ¶ 12.

## LEGAL STANDARD

Rule 30(a)(1) allows a party to take the deposition of any person, including a party, without leave of Court, and the deponent's attendance may be compelled by subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1), 45.  Rule 26(c) governs the issuance of protective orders and empowers courts upon a showing of "good cause," to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The burden for demonstrating "good cause" falls on the shoulders of BHN, the moving party. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

## ARGUMENT

### I.    Plaintiffs are entitled to separate seven-hour depositions of Mr. Frendberg in his individual and corporate-representative capacities.

The law in this jurisdiction is clear that the "(30(b)(6) deposition of a witness and a deposition of the same witness as an individual are subject to separate, independent seven-hour time limits." *Belfor USA Grp., Inc. v. Bray & Gillespie, LLC*, 2007 WL 9723121, at *3 (M.D. Fla. Apr. 23, 2007); *see also Classic Soft Trim, Inc. v. Albert*, 2020 WL 6730958 (M.D. Fla. May 5, 2020) (witness noticed in personal capacity and designated as 30(b)(6) witness ordered to sit for 14 hours of deposition); *see also* Rule 30(b))(6) ("This

6

paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."); Rule 30, 2000 Cmte. Notes ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.").

Counsel for BHN was aware of this authority, because Plaintiffs called it to their attention.  *See* ECF 323-1 at 3.  Nonetheless, BHN ignored this case law in its Motion, relying instead on out-of-district cases.

But even those cases do not support BHN's position that Plaintiffs are entitled to only one seven-hour day with Mr. Frendberg.  In *Forte Cap. Partners, LLC v. Harris Cramer, LLP*, the court acknowledged that "the Rule 30(b)(6) deposition of a witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit."  2008 WL 4924724, at *3 (N.D. Cal. Nov. 14, 2008).  Further, the question in that case was whether the witness should be required to appear again after having already been deposed for 16 hours.  *Id*. at *1.  In *Bison Advisors, LLC v. Kessler*, the court also acknowledged that "an individual deposed under Rule 30(b)(1) but also designated as a corporate representative under Rule 30(b)(6) is often required to appear for a separate seven-hour deposition on behalf of the corporation."  2015 WL 4509158, at *2 (D. Minn. July 24, 2015).  In that case, the court limited the duration of the testimony because the individual witness was the

7

sole owner of the two closely-held corporations, *id.* at 1—not, like Mr. Frendberg, a percipient witness who is an employee of a large corporation.

There is no reason to depart from the default presumption that Mr. Frendberg's depositions as an individual and as BHN's designee are subject to independent seven-hour limits. Indeed, Mr. Frendberg exemplifies the reason for the default rule. To begin, in order to cover the Topics on which Mr. Frendberg has been designated in the seven hours allotted for his 30(b)(6) deposition, Plaintiffs will be limited to *11 minutes per Topic*. Seven hours is scarcely enough time to cover Mr. Frendberg's 30(b)(6) deposition alone. Under BHN's rule, Plaintiffs will have been denied any meaningful opportunity to take his individual deposition regarding his personal knowledge.

And that personal knowledge is substantial. Again, Mr. Frendberg appears on or is the custodian of *most* of the documents BHN has produced in this case. And witness after witness has, rather than answer the questions put to them, directed Plaintiffs to Mr. Frendberg. Sahni Decl. Ex. C (Mr. ██████: "█████████████████████████████████████████████████ ████."); Ex. B (Ms. Johnson: "████████████████████████████ ██████████████████████████."); Ex. A (Mr. Tomasullo: "████████ ████████████████████████████████████████████.").

BHN has "failed to meet its burden of showing that the additional expense and inconvenience of making [Frendberg] available for a second time outweighs the [Plaintiffs'] right to conduct appropriate discovery. *See DHL Express (USA), Inc. v. Express Save Indus. Inc.*, 2009 WL 3418148, at *4 (S.D. Fla. Oct. 19, 2009). Its only argument is an *ad hominem* attack on Plaintiffs' purported "disrespect for witnesses' time," which is both irrelevant and easily refuted by examining the complete transcript excerpts BHN itself provided.[2] *See* ECF 323-8, 9, 10.

BHN's position would lead to the "absurd results" that courts warn against in ordering two separate, seven-hour depositions in circumstances like these. *See Sabre v. First Dominion Cap., LLC*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). "For example, any entity [like BHN here] that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness; under [BHN's] interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge." *Id*. Because BHN has failed to show good cause to depart from

---

[2] There are a number of inaccuracies in the Motion to which Plaintiffs—in the interest of confining this Response to the material facts—do not address here, but with which they disagree. To the extent this Response, which is not intended as a point-by-point rebuttal of the Motion—does not mention an item from BHN's Motion, that should not be interpreted as any kind of agreement with it.

the presumption, Plaintiffs are entitled to separate seven-hour depositions of Mr. Frendberg in his individual and corporate-representative capacities.

## II.   The Court should order BHN to make Mr. Frendberg available on two dates according to Plaintiffs' August 23 proposal.

BHN's emergency motion for relief from the August 31 date in Plaintiffs' subpoena fails to disclose that Plaintiffs proposed, as a compromise, that Mr. Frendberg sit for his individual deposition on September 1, 3, or 10, and that he sit for his Rule 30(b)(6) deposition on September 13.  BHN makes much of Mr. Frendberg's vacation schedule in its Motion, but according to BHN's counsel's representations, at least the September 10 and 13 dates would fall after that vacation.[3]  Sahni Decl. Ex. J.

BHN's motion offers no argument as to why Mr. Frendberg cannot proceed on September 10 and 13, nor has BHN shown good cause for why Mr. Frendberg should be exempted from the default rule of separate seven-hour limits for his individual and 30(b)(6) depositions.  The Court should therefore order BHN to make Mr. Frendberg available to sit for his individual deposition on September 1, 3, or 10 (subject to a seven-hour limit), and on September 13 for his 30(b)(6) deposition (also subject to a seven-hour limit).

---

[3] Similarly, pointing to Mr. Frendberg's vacation does not explain why BHN failed to offer any dates for Mr. Frendberg's deposition *before* his purported departure date of August 27, 2021, which is more than even weeks after Plaintiffs first noticed his deposition.  *See* ECF 323-2.

If the Court is not inclined to order Mr. Frendberg to sit on those specific dates, the Court should grant Plaintiffs relief from the September 15 deadline to raise discovery disputes arising from Mr. Frendberg's deposition, so that Plaintiffs do not suffer the prejudice from BHN's refusal to make him available earlier.

## CONCLUSION

For the foregoing reasons, the Court should (1) deny BHN's motion for protective order and for temporary stay, and (2) order BHN to make Mr. Frendberg available to sit for his individual deposition on September 1, 3, or 10 (subject to a seven-hour limit), and on September 13 for his 30(b)(6) deposition (also subject to a seven-hour limit).

Dated: August 24, 2021                    */s/ Neema T. Sahni*

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

David C. Banker, Esquire
Florida Bar No. 0352977

Jonathan M. Sperling (*pro hac vice*)
Joshua B. Picker (*pro hac vice*)
Phil Hill (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jpicker@cov.com
pahill@cov.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)

11

Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Hardy Ehlers (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Stacey Grigsby (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
sgrigsby@cov.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

Dated:  August 24, 2021

*/s/ Neema T. Sahni*