IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

      Plaintiffs,

*v.*

BRIGHT HOUSE NETWORKS, LLC

      Defendant.

Case No. 8:19-cv-710-MSS-TGW

## BRIGHT HOUSE NETWORKS, LLC'S MOTION TO COMPEL

Bright House Networks, LLC ("Bright House") brings this motion to compel Plaintiffs to comply with their discovery obligations by producing declarations detailing Plaintiffs' U.S. streaming revenue for the years of 2012 to 2016 in lieu of deposition testimony on related Rule 30(b)(6) deposition topics, which Plaintiffs committed to providing over five weeks ago but then abruptly refused to do by the fact discovery deadline. Bright House regrets that Plaintiffs' failure to abide by their discovery obligations by the Court-mandated deadline has necessitated this motion.

## BACKGROUND

On May 28, 2021, Bright House served Plaintiffs, which are comprised of the three Record Company Plaintiffs and the three Music Publishing Plaintiffs,[1] with six

---

[1] There are 62 individual Plaintiff entities in this matter, which have been grouped consistently by both sides into six groups as follows: (1) the "Sony Record Company Plaintiffs"; (2) the "Warner Record Company Plaintiffs"; (3) the "Universal Record Company Plaintiffs"; (4) the "Sony Music Publishing Plaintiffs"; (5) the "Universal Music Publishing Plaintiff Group"; and (6) the "Warner Music Publishing Plaintiff Group." Specifically, the Plaintiffs grouped the individual entities into

notices of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  Exs. 2-7.

Topic 21 for all the Record Company Plaintiffs and Topic 17 for all the Music

Publisher Plaintiffs are identical: "Your streaming revenues, including but not limited

to revenues earned from platforms such as Apple Music, Spotify, Pandora, Google

Play Music, iHeart Radio, Amazon Music, SoundCloud, and TuneIn, including any

annual increases in revenues earned, from 2012 to 2019."  Almost two months later,

Plaintiffs served their responses and objections, originally refusing to designate

witnesses to testify on these topics.[2]  Exs. 8-9.  As part of Bright House's larger effort

to accommodate Plaintiffs and reduce the burden on all parties associated with taking

and defending Rule 30(b)(6) depositions, Bright House agreed to forego seeking

testimony on these topics if Plaintiffs agreed to provide declarations stating their

streaming revenues.  After a thorough meet and confer process, including two

telephone conferences in late July during which counsel discussed the declarations, on

August 5, 2021, Plaintiffs agreed to provide declarations detailing Plaintiffs' U.S.

streaming revenue for the years of 2012 to 2016 in lieu of providing witnesses on these

---

these six groups in their initial disclosures. Ex. 1. Accordingly, Bright House served six separate Rule 30(b)(6) notices of deposition upon each these six groups. The parties have also consistently organized the six Plaintiff groups into two higher-level Plaintiff groups: the "Record Company Plaintiffs" and the "Music Publishing Plaintiffs."

[2]   The Record Company Plaintiffs served one joint set of objections and responses in response to Bright House's three separate notices of Rule 30(b)(6) depositions. The Music Publishing Plaintiffs did the same.

topics.[3] Ex. 10, Aug. 5, 2021 A. Kaplan Email ("We can accept the proposal on annual streaming revenue, but limited to the years 2012-2016").   Plaintiffs further memorialized this agreement in their amended responses and objections dated August 10, 2021, which stated in relevant part: "In light of the agreement reached by the parties, the [Record Company Plaintiffs and Music Publishing Plaintiffs] will each provide a declaration stating their annual U.S. streaming revenue for the years 2012 to 2016 in place of any deposition testimony on this topic."[4] Exs. 11-12.

Counsel for Bright House repeatedly followed up with Plaintiffs on the status of the declarations, citing the approaching fact discovery deadline.  *See* Ex. 10, Aug. 10, 2021 K. Akopjan Email ("Please provide the declaration that provides each Plaintiff Group's annual U.S. streaming revenue for the years from 2012 to 2016 by the end of this week."); Ex. 10, Aug. 30, 2021 K. Akopjan Email ("We write to follow up on the declaration that provides each Plaintiff Group's annual U.S. streaming revenue for the years from 2012 to 2016.  Please provide an update as soon as possible.  We'd like to have this finalized this week, as the close of fact discovery is fast approaching."); Ex. 13, Sept. 7, 2021 K. Akopjan Email ("We write to follow up on the declaration that provides each Plaintiff Group's annual U.S. streaming revenue for the years from 2012

---

[3]  Bright House originally requested streaming revenue for the years of 2012 to 2019.  As a compromise and to avoid burdening the Court with a dispute, Bright House agreed to forego Plaintiffs' streaming revenue for 2017 to 2019.

[4]    Consistent with their original responses and objections (*see supra* n. 2), the Record Company Plaintiffs served one joint set of amended objections and responses in response to Bright House's three separate notices of Rule 30(b)(6) depositions, and the Music Publishing Plaintiffs did the same.

to 2016.  It has been almost a month since Plaintiffs committed to producing such declaration, yet we have received no declaration or update."); Ex. 10, Sept. 10, 2021 K. Akopjan Email ("We need the declaration no later than Monday, as the close of fact discovery is on Wednesday."); Ex. 10, Sept. 14, 2021 K. Akopjan Email ("We need the declaration from Plaintiffs as soon as possible today.").

For the first time, on September 14, 2021, the day before the close of fact discovery, Plaintiffs notified Bright House that they will not produce the declarations by the close of fact discovery.  Ex. 10, Sept. 14, 2021 A. Kaplan Email ("We are working on assembling the information for the declarations and will be providing the declarations to you.  They will not be ready today but we are aiming to have them to you by the end of the week.").

Given Plaintiffs' unjustifiable delay and failure to produce the promised declarations by the Court-mandated fact discovery deadline (*see* Dkt. 314), Bright House has no choice but to file this motion to compel in order to preserve its rights to obtain this discovery.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides for discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  All discovery must be completed by the deadline set forth by the Court's case management and scheduling order.  *See* Dkt. 314 ("Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all

motions to compel filed after the discovery deadline."); Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida (Feb. 1, 2021), Section I. F.1. ("The Court follows the rule that the completion date means that **all discovery must be completed by that date**.") (emphasis added).  "The Court expects the parties to address discovery disputes promptly, meaning before the discovery deadline passes. . . . To read the rule otherwise would make meaningless the Court's case-management schedule." *See Washington v. Sch. Bd. of Hillsborough Cty.*, 2010 WL 11507715, at *2 (M.D. Fla. May 5, 2010); *see also Schauer v. Southwest Acceptance Finance, Inc. Profit Sharing Plan*, 2006 WL 1822833, at *1 (M.D. Fla. June 29, 2006) (denying motion to compel filed after the close of discovery as untimely); *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 2008 WL 4186989, at *2 (M.D. Fla. Sept. 8, 2008) (finding a motion to compel filed four days past the discovery deadline untimely); *Beltway Cap., LLC v. Cmty. Champions Corp.*, 2020 WL 1674275, at *1-2 (M.D. Fla. Jan. 16, 2020) (denying a motion to compel filed after the close of discovery as untimely including because the scheduling order stated "Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.").

**ARGUMENT**

I. **RECORD COMPANY PLAINTIFFS SHOULD BE ORDERED TO PRODUCE DECLARATIONS STATING THEIR U.S. STREAMING REVENUE FROM 2012 TO 2016 (RULE 30(b)(6) TOPIC 21).**

**TOPIC 21[5]**:  Your streaming revenues, including but not limited to revenues earned from platforms such as Apple Music, Spotify, Pandora, Google Play Music, iHeart Radio, Amazon Music, SoundCloud, and TuneIn, including any annual increases in revenues earned, from 2012 to 2019.

**OBJECTIONS**: Record Company Plaintiffs object to this Topic to the extent it is overbroad, not relevant, and not proportional to the needs of the case, and thus exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26. For example, Record Company Plaintiffs object to the Topic's request for testimony on "streaming revenues" and "annual increases in revenues earned" as the terms are vague, ambiguous, undefined, and potentially encompassing a wide range of information irrelevant to this case. Record Company Plaintiffs object to the Topic to the extent it is not limited to a relevant geographical area.

Record Company Plaintiffs object to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of BHN's written discovery requests, that is publicly available, that is already in the possession, custody, or control of BHN or BHN's counsel, that is of no greater burden for BHN to obtain than for Record Company Plaintiffs to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive. Record Company Plaintiffs object to this Topic insofar as it seeks information that is irrelevant to any claim or defense in the case.

**RESPONSE**: In light of these objections, Record Company Plaintiffs will not designate a witness to testify on this Topic.

**AMENDED RESPONSE**: In light of the agreement reached by the parties, the Record Company Plaintiffs will each provide a declaration stating their annual U.S. streaming revenue for the years 2012 to 2016 in place of any deposition testimony on

---

[5]  Topic 21 in Bright House's Rule 30(b)(6) notices to each of the three Record Company Plaintiffs is identical.  As noted above (*see supra* n. 2 & 4), the Record Company Plaintiffs served one joint set of responses and objections and amended responses and objections to Bright House's Rule 30(b)(6) notices.  Bright House is cognizant of this Court's standing order directing parties to quote each request and response in full, immediately followed by argument regarding the request.  Given that the noticed topic is identical in substance and that there is only one operative response, Bright House has listed it once here (instead of three times) in the interests of efficiency and clarity.

this topic.

Plaintiffs have committed to producing declarations stating their annual U.S. streaming revenue for the years 2012 to 2016, but failed to do so by the close of fact discovery—September 15, 2021.  There is no dispute as to whether the requested information should be produced.[6]  Plaintiffs first committed to producing the declarations on August 5, 2021, over five weeks ago (*see* Ex. 10), and have repeatedly represented that they will produce the declarations.  *See e.g.*, Ex. 10, Sept. 15, 2021 A. Kaplan Email ("We have given you our commitment to provide the declarations and we will do so.").  The unfortunate issue that Bright House has been forced to bring to the Court's attention is that Plaintiffs have failed to abide by their commitment and discovery obligations by the Court-mandated deadline for fact discovery.

Plaintiffs have failed to set forth any justification for why they did not produce the information by the close of fact discovery.  Instead, the day before the close of fact discovery, Plaintiffs informed Bright House for the first time that they would not produce the declarations by the fact discovery deadline, and then tried to justify their conduct by claiming Plaintiffs "never committed to a date-certain by which [Plaintiffs] would provide them."  *See* Ex. 10, Sept. 15, 2021 A. Kaplan Email.  Plaintiffs' position is at odds with the very clear directive that has been given to the parties to complete

---

[6]  As background, Plaintiffs' revenues from streaming through ISP services is relevant to understand, among other things, the benefits Plaintiffs may have received from Bright House's internet services to offset any alleged harm that stemmed from Bright House's internet services, and the equity of Plaintiffs obtaining a windfall to the extent they profited through streaming internet services during the relevant period.

discovery by the close of fact discovery.  *See* Dkt. 314 (setting September 15, 2021 as the deadline for close of fact discovery and motions to compel and noting that "the Court may deny as untimely all motions to compel filed after the discovery deadline."); Dkt. 313 ("No further extensions will be granted absent highly extenuating circumstances.").

The close of fact discovery set by the Court is September 15, 2021.  *See* Dkt. 314. Plaintiffs are required to abide by the Court's Case Management and Scheduling Order.  *See* Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida (Feb. 1, 2021), Section I. F.1. ("The Court follows the rule that the completion date means that **all discovery must be completed by that date**.") (emphasis added).  There is no basis for Plaintiffs to unilaterally decide that they can provide information *after* the close of fact discovery when the information was first requested in May 2021, over three months ago.  Bright House had a reasonable expectation that the declarations would be produced prior to the close of fact discovery.  Indeed, counsel for Bright House repeatedly cited the fact discovery deadline when following up on the status of the declarations.  *See e.g.*, Ex. 10, Aug. 30, 2021 K. Akopjan Email ("We write to follow up on the declaration that provides each Plaintiff Group's annual U.S. streaming revenue for the years from 2012 to 2016.  Please provide an update as soon as possible.  We'd like to have this finalized this week, as **the close of fact discovery is fast approaching**.") (emphasis added); Ex. 13, Sept. 7, 2021 K. Akopjan Email ("We write to follow up on the declaration that

provides each Plaintiff Group's annual U.S. streaming revenue for the years from 2012 to 2016.  It has been almost a month since Plaintiffs committed to producing such declaration, yet we have received no declaration or update."); Ex. 10, Sept. 10, 2021 K. Akopjan Email ("We need the declaration no later than Monday, **as the close of fact discovery is on Wednesday**.") (emphasis added).

Plaintiffs' failure to timely provide the streaming revenue declarations is also extraordinary considering the significant accommodations and concessions Bright House made in negotiating the Plaintiffs' Rule 30(b)(6) depositions.  Due to the breadth of the claims asserted by the Plaintiffs, each of Bright House's Rule 30(b)(6) notices served on the Plaintiff groups included over 60 topics.  But, instead of demanding a corporate witness from Plaintiffs on all of the topics, Bright House agreed to forego deposition testimony on most of these topics as part of the parties' agreement to cross-use Plaintiffs' Rule 30(b)(6) deposition testimony from the related matter captioned *Warner Bros. Records, Inc. v. Charter Commc'ns, Inc.*, 1:19-cv-00874 (D. Colo.).

In addition, Bright House has been restrained in its use of witness' time during the depositions.  As an example, Bright House conducted the depositions of all of Plaintiffs' Rule 30(b)(6) witnesses, including what Bright House believes to be Plaintiffs' key trial witnesses, in fewer than 18 hours.  Plaintiffs, on the other hand, have conducted over 80 hours of depositions to date.

Against the backdrop of these accommodations, Plaintiffs' failure to adhere to their discovery commitments and obligations, despite having ample amount of time to do so, is unwarranted.  It has been over 40 days since Plaintiffs committed to providing

the declarations and Plaintiffs have not only failed to provide the declarations, but have not given a date certain by which they will provide the declarations, and have not given any justifiable excuse for the delay.  Bright House respectfully requests the Court to compel each Record Company Plaintiff to produce the promised declarations, or in the alternative, produce witnesses to testify as to Topic 21 in Rule 30(b)(6) depositions by October 1, 2021, or as soon thereafter as the Court deems appropriate, so that Bright House is not further prejudiced by being deprived of the information in time to prepare for its expert reports, which are due on November 5, 2021.

## II.   MUSIC PUBLISHING PLAINTIFFS SHOULD BE ORDERED TO PRODUCE DECLARATIONS STATING THEIR U.S. STREAMING REVENUE FROM 2012 TO 2016 (RULE 30(b)(6) TOPIC 17).

**TOPIC 17**[7]:  Your streaming revenues, including but not limited to revenues earned from platforms such as Apple Music, Spotify, Pandora, Google Play Music, iHeart Radio, Amazon Music, SoundCloud, and TuneIn, including any annual increases in revenues earned, from 2012 to 2019.

**OBJECTIONS**: Music Publishing Plaintiffs object to this Topic to the extent it is overbroad, not relevant, and not proportional to the needs of the case, and thus exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26. For example, Music Publishing Plaintiffs object to the Topic's request for testimony on "streaming revenues" and "annual increases in revenues earned" as the terms are vague, ambiguous, undefined, and potentially encompassing a wide range of information irrelevant to this case. Music Publishing Plaintiffs object to the Topic to the extent it is not limited to a relevant geographical area.

Music Publishing Plaintiffs object to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of BHN's written discovery requests, that is publicly available, that is already in the possession, custody, or control of BHN

---

[7]  Topic 17 in Bright House's Rule 30(b)(6) notices to each of the three Music Publishing Plaintiffs is identical.  As noted above (*see supra* n. 2 & 4), the Music Publishing Plaintiffs served one joint set of responses and objections and amended responses and objections to Bright House's 30(b)(6) notices. Given that the noticed topic is identical in substance and that there is one operative response, Bright House has listed it once here (instead of three times) in the interests of efficiency and clarity.

or BHN's counsel, that is of no greater burden for BHN to obtain than for Music Publishing Plaintiffs to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive. Music Publishing Plaintiffs object to this Topic insofar as it seeks information that is irrelevant to any claim or defense in the case.

**RESPONSE**: In light of these objections, Music Publishing Plaintiffs will not designate a witness to testify on this Topic.

**AMENDED RESPONSE**: In light of the agreement reached by the parties, the Music Publishing Plaintiffs will each provide a declaration stating their annual U.S. streaming revenue for the years 2012 to 2016 in place of any deposition testimony on this topic.

Topic 17 in the Rule 30(b)(6) deposition notices served on the Music Publishing Plaintiffs seeks the same information as Topic 21 in the Rule 30(b)(6) deposition notices served on the Record Company Plaintiffs, and all the procedural history and arguments provided above apply with equal force to these notices.  The Music Publishing Plaintiffs agreed to each provide a declaration stating their annual U.S. streaming revenue for the years 2012 to 2016 in place of any deposition testimony on this topic.  The Music Publishing Plaintiffs have failed to produce the declarations by the close of fact discovery.  Accordingly, Bright House respectfully requests that the Court compel each Music Publishing Plaintiff to produce the promised declarations, or in the alternative, produce witnesses to testify as to Topic 17 in Rule 30(b)(6) depositions by October 1, 2021, or as soon thereafter as the Court deems appropriate.

## CONCLUSION

For the aforementioned reasons, Bright House respectfully requests that the Court order Plaintiffs to produce declarations stating their annual U.S. streaming

revenue for the years 2012 to 2016, or in the alternative, produce witnesses to testify as to Topic 21 and Topic 17 in Rule 30(b)(6) depositions by October 1, 2021, or as soon thereafter as the Court deems appropriate.

Dated: September 15, 2021

Respectfully submitted,

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1506
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Email: melkin@winston.com

Erin R. Ranahan (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1933
Email: eranahan@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
E-mail: mbrody@winston.com

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
Nathan A. Hamstra (*pro hac vice*)
Allison Huebert (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Todd A. Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7192
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
Michelle A. Clark (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com
Email: michelleclark@quinnemanuel.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Tel: (813) 228-9080
Email: bschifino@gunster.com

*Counsel for Defendant*
*Bright House Networks, LLC*

## R. 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for Bright House states that it conferred with counsel for Plaintiffs regarding the relief sought in this motion, and the parties were unable to reach agreement on resolution of the relief sought in this motion. Counsel for Bright House contacted counsel for Plaintiffs before bringing this motion to provide notice of its filing, explaining that Bright House would be forced to file this motion if Plaintiffs failed to provide the promised declarations by the close of fact discovery. Plaintiffs failed to provide the promised declarations today or even a date-certain by which Plaintiffs would provide the promised declarations, and therefore it appears the parties remain at an impasse. The parties conferred by means of email on September 14, 2021 and September 15, 2021. Counsel for Bright House also attempted to reach counsel for Plaintiffs by telephone on September 14, 2021 and left a voicemail. Plaintiffs' counsel responded by email but did not return the call. In addition to these recent conferral efforts, counsel for Bright House had previously discussed the streaming revenue declarations with counsel for Plaintiffs via telephonic conferences held in July.

/s/ Andrew H. Schapiro
Andrew H. Schapiro

14

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 15, 2021, I caused a true and correct copy of the foregoing and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro