UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs move for an order compelling non-parties Ronald Hughes, Robert Kuszmar, and Michael Tomasullo—all of whom are represented by the same counsel as Defendant Bright House Networks, LLC ("BHN")—to produce text messages that two of them testified in recent depositions they exchanged with one another regarding this litigation.

Messrs. Hughes, Kuszmar, and Tomasullo are former employees of BHN. All three worked in BHN's Security and Abuse Department and were involved with administering BHN's policies related to copyright infringement.

Plaintiffs subpoenaed each of them for a deposition. During Mr. Kuszmar's deposition on July 22, 2021, he revealed that, upon receiving his subpoena, he communicated with Messrs. Hughes and Tomasullo (and one other former BHN Security and Abuse team member, Ash Ferrar) about that subpoena and this litigation, including through several different text message threads. Mr. Kuszmar discussed with his former colleagues his assumption that this litigation

concerned copyright infringement, but he could not recall the precise exchange.

███████████████████████████████████████████████████

██████████.

Plaintiffs served on Messrs. Hughes, Kuszmar, and Tomasullo ("Respondents") each a subpoena with a single document request (*see* Exs. A–C[1]) that seeks only the text messages that Mr. Kuszmar described during his deposition and which, according to Mr. Kuszmar's testimony, did not span more than a few weeks. Plaintiffs seek these messages because they may reveal these witnesses' impressions of the issues in this litigation, whether the facts they testified to in depositions are consistent with their private telling, and whether they coordinated their testimony. Such communications are clearly relevant—indeed, Judge Scriven recently ordered Plaintiffs to produce documents that "mention, refer to, or relate to . . . [this] litigation," including documents that post-date the Claim Period. Dkt. 330 at 12. Each Respondent asserted an identical litany of objections (*see* Exs. D–F) to Plaintiffs' subpoenas, none of which provides any basis for refusing to produce a discrete set of messages discussing the core issue in this case—copyright infringement on BHN's network.

Plaintiffs' counsel conferred by email and teleconference with counsel for Respondents regarding their objections, but the parties were unable to resolve the issues in this motion. Ex. G. Plaintiffs informed Respondents' counsel by

---

[1] All exhibit citations refer to the exhibits attached to the Declaration of Joshua B. Picker in Support of Plaintiffs' Motion to Compel.

email of September 14, 2021 of their intent to move for the relief requested herein, and Respondents' counsel said their positions had not changed. Ex. K.

## LEGAL STANDARD

Plaintiffs are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237, 2019 WL 11073334, at *2 (M.D. Fla. Apr. 12, 2019) ("The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26."). "The party seeking to enforce a subpoena has the burden of demonstrating the information sought is relevant," while "[t]he party opposing a subpoena has the burden of demonstrating that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information." *Classic Soft Trim, Inc.*, 2019 WL 11073334, at *2. Any objection based on a request being overly broad or unduly burdensome cannot be boilerplate, but instead must provide a "full, fair explanation" of the objection "particular to the facts of the case." M.D. Fl. Discovery Handbook § III.A.6 (rev. Feb 1, 2021).

## ARGUMENT

**I. Messrs. Hughes, Kuszmar, and Tomasullo Should Be Ordered to Produce the Text Messages That They Exchanged Regarding This Litigation.**

**Request No. 1**: All Documents and communications between You and any current or former BHN employee concerning the above-captioned lawsuit, dated June 24, 2021 through the present, including, without limitation, all text

— 3 —

messages exchanged with [former BHN employees Robert Kuszmar, Ash, Ferrar, Ronald Hughes, and/or Michael Tomasullo].

**Request No. 1 (as modified during the parties' conferral)**: During the parties' conferral, Plaintiffs narrowed their request to the specific text chains described in Mr. Kuszmar's testimony. *See* Ex. G (September 3 and 7, 2021 emails from Plaintiffs' counsel).

**Answer**: [Respondent] objects that this Request is overly broad, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is not proportionate to the needs of the case.

This Request does not satisfy heightened relevance requirements for third-party subpoenas. *See, e.g., Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC,* 2013 WL 6734117 (M.D. Ga. Dec. 19, 2013) ("[I]t is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery."); *Gilmore v. Jones*, 2021 WL 2709669, at *1-13 (W.D. Va. July 1, 2021) (denying the "overbroad, irrelevant, disproportionate . . . burdensome and costly" "fishing expedition" into non-party communications). Indeed, this Request seeks documents that are over five years outside of the discovery period in this case—March 1, 2012 to May 17, 2016. Seeking documents and communications from June 24, 2021 to the present is improper and a violation of the Court's prior orders foreclosing Plaintiffs' discovery requests aimed beyond the discovery period for lack of relevance. *See, e.g.*, January 8, 2020 Hr'g Tr. 146:13-147:5; September 24, 2020 Hr'g Tr. 21:2-5, 36:11-20. Plaintiffs themselves have routinely objected to discovery outside of the discovery period. *See, e.g.*, August 10, 2021 Music Publishing Plaintiffs' Amended Objections and Responses to Bright House Networks, LLC's Notice of 30(b)(6) Deposition ("Music Publishing Plaintiffs object to the Notice as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is not limited to (1) a reasonable time period, or (2) the claims or defenses in the action. Unless otherwise stated, Music Plaintiffs interpret the Notice to include a reasonable time period of March 24, 2013 to May 17, 2016"); August 10, 2021 Record Company Plaintiffs' Amended Objections and Responses to Bright House Networks, LLC's Notice of 30(b)(6) Deposition (Record Company Plaintiffs asserting the same objection); *see also* August 18, 2021 The Recording Industry Association of America's Objections and Responses to Bright House Networks, LLC's Notice of 30(b)(6) Deposition (RIAA asserting the same objection).

Additionally, [respondent] objects to this Request as unduly burdensome and harassing. [Respondent]'s involvement, if any, in this case occurred in his capacity as a former employee of Bright House, not in his personal capacity. As Plaintiffs know, [respondent]'s employment with Bright House terminated over

— 4 —

five years ago. As such, [respondent]'s personal communications on his personal cell phone from over five years after his departure from Bright House have no relevance to this case. *See Smith v. Pefanis*, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (quashing subpoena duces tecum into non-party's personal cell records including text messages for the time period after her employment ended with defendant as an irrelevant "fishing expedition"); *see also In re Bunce*, 2020 WL 1331911, at *1-3 (D. Md. Mar. 23, 2020) (quashing subpoena duces tecum into six non-parties' text messages for relevance and breadth because the request was "not tailored to these claims or defenses" and covered all forms of communication).

Moreover, [respondent] was a former low-level employee of Bright House, and not an owner, officer, director, or manager of Bright House whose statements have the authority to bind Bright House. *Zaben v. Air Prod. & Chemicals, Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997) (holding that statements by lower-level employees were not admissions of party opponent); *Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 811 F. Supp. 651, 657 (M.D. Fla. 1992), aff'd, 43 F.3d 1439 (11th Cir. 1995) ("[P]ersons whose statements constitute admissions by the corporation…are clearly limited to current employees"); *see also Equal Emp. Opportunity Comm'n v. Austal USA, LLC*, 447 F. Supp. 3d 1252, 1261 (S.D. Ala. 2020) (former employees' statements represent "personal viewpoints as to how they felt" and do not constitute "general statements" about the employer's actions). Thus, a former low-level employee's text messages from five years after the end of the discovery period, transmitted or received on a personal cellular device cannot and does not possess relevant, admissible information.

[Respondent] further objects to this Request as it seeks personal documents and communications from the personal cellular device of a non-litigant which is a violation of [respondent]'s privacy rights. Middle District Discovery 2021 at VIII(E) (stating that inspections or forensic imaging of electronic devices "should only be sought in exceptional circumstances" and must "include a proposal for the protection of privacy rights"); *Classic Soft Trim, Inc. v. Albert*, 2020 WL 6734369, at *7 (M.D. Fla. June 15, 2020) ("When determining whether a forensic examination is warranted, the Court considers [] privacy interests of the parties whose devices are to be examined"); *see also, C.H. v. Sch. Bd. of Okaloosa Cty. Fla.*, 2020 WL 6572430, at *3 (N.D. Fla. Nov. 4, 2020) (recognizing a third party's "personal interest in the privacy of her cell phone records"); *Pefanis*, 2008 WL 11333335, at *3 (denying an overbroad request for a third party's cellular data including because it "raises significant privacy concerns").

[Respondent] further objects to this Request as imposing an undue burden or expense on a nonparty, especially to the extent it seeks "all documents…without limitation," in violation of Rule 45(d)(1). [Respondent] further objects to this

Request as burdensome and harassing to the extent it requires extraction from and/or forensic examination of a personal cellular device. *See Ramos v. Hopele of Fort Lauderdale, LLC*, 2018 WL 1383188, at *2-3 (S.D. Fla. Mar. 19, 2018) (finding that forensic examination would be burdensome and "not proportional to the needs of the case").

[Respondent] further objects to this Request as cumulative and burdensome. Plaintiffs have already deposed [respondent] for over [five, six, seven] hours and have also deposed four other former employees of Bright House to date and have had a full opportunity to ask [respondent] and others about any relevant knowledge they may have from their time at Bright House.

Additionally, [respondent] objects to this Request as vague and ambiguous to the extent it seeks "all documents and communications between You and any current or former BHN employee concerning the above-captioned lawsuit."

[Respondent] objects to this Request to the extent it seeks information, documents, or things that are not in [respondent]'s possession, custody, or control as those terms are defined in Rule 45. Specifically, to the extent any such existing text messages are no longer available on the cellular devices used to transmit and receive them, production requiring "intrusive[e]" forensic examination would "not [be] proportional…to [respondent's] privacy concerns." *Ramos*, 2018 WL 1383188, at *2-3. The Middle District of Florida disfavors such forensic examinations. Middle District Discovery 2021 at VIII(E) ("[T]he creation of forensic image backups of computers should only be sought in exceptional circumstances which warrant the burden and cost"); *Garrett v. Univ. of S. Fla. Bd. of Trustees*, 2018 WL 4383054, at *2 (M.D. Fla. Sept. 14, 2018) ("Mere speculation that electronic discovery must exist is insufficient to permit forensic examination of a party's personal computer or cellphone") (internal citations omitted).

[Respondent] objects to this Request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege; the work product doctrine; by law, statute, or regulation, including applicable privacy and data protection laws; or any other applicable privilege or immunity. [Respondent] responds to this Request without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity. [Respondent] will not produce any documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, [respondent] will not produce any documents or communications in response to this Request.

The messages Plaintiffs seek here are squarely relevant to this case. Mr. Kuszmar testified that, after receiving a deposition subpoena from Plaintiffs and seeing that the case involved his former employer BHN, he immediately assumed that the case "was associated with copyright infringement," even before he had received any substantive information about the matter. Ex. H at 27:16–19, 28:1–8. He then reached out to his former colleagues (who also are percipient witnesses and have been deposed in this case) to discuss his "many questions" related to the litigation and the issues it likely concerned. *Id.* 28:12–14, 28:20–22.

Therefore, Mr. Kuszmar's testimony indicates that he did not just discuss the mere existence of this case or the fact that he received a subpoena. Rather, his testimony suggests that he discussed with his former colleagues *why*, based on his work experience at BHN, he believed that the company had been sued for copyright infringement. Consequently, these text messages are written communications between percipient witnesses regarding infringement on BHN's network during the discovery period. Regardless of whether the communications themselves post-date the discovery period, their content is clearly relevant. On this ground, Judge Scriven recently ordered Plaintiffs to produce documents referring to this litigation, including documents that post-date the Claim Period, stating that "[r]elevant documents in Plaintiffs' possession do not become less discoverable simply because they were created after the claim period in this

action." Dkt. 330 at 12; *see also V5 Technologies v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (compelling production, through the present, from a non-party's "personal email accounts and text messages" because other produced documents suggested that the non-party had sent relevant communications; the non-party was not a former employee of any party nor "directly affiliated with any party").

Contrary to Respondents' objections, Plaintiffs' document request is nothing close to a "fishing expedition." Plaintiffs seek a discrete set of messages, covering at most a few weeks, sent between a defined set of four employees. ███ ████████████████████████████ have already been confirmed through sworn testimony. *See* Exs. H, █. Plaintiffs' tailored and time-limited request is, therefore, nothing like those at issue in the cases cited in Respondents' objections. *See Gilmore v. Jones*, No. 3:18-cv-00017, 2021 WL 2709669, at *8, *11 (W.D. Va. July 1, 2021) (concerning subpoenas that included over twenty "wildly overbroad" requests and to which it would be "enormously costly" to respond); *In re Bunce*, No. TDC-19-3084, 2020 WL 1331911, at *3 (D. Md. Mar. 23, 2020) (concerning requests that "demand[ed] every responsive document from each Petitioner from his or her birth to present"); *Pinehaven Plantation Properties, LLC v. Mountcastle Family LLC*, No. 1:12-cv-62, 2013 WL 6734117, at *2 (M.D. Ga. Dec. 19, 2013) (involving request for non-party witnesses' employment records, for which defendant had "provided nothing more than speculation" as to their relevance); *Smith v. Pefanis*, No. 1:08-cv-1042, 2008 WL

11333335, at *3–8 (N.D. Ga. Oct. 30, 2008) (concerning subpoenas served on cell provider seeking "personal cell phone records without any limitation" as well as subpoenas served on banks seeking a broad scope of financial information).

Furthermore, while Respondents contend that their communications are irrelevant because they were "low-level employees," that ignores the fact that Respondents were the ones actually tasked with implementing (or not) BHN's graduated response policy on a day-to-day basis. *See* Ex. J. That is why Plaintiffs chose to depose them—their administration of BHN's policy, including whether their practices actually comported with that policy, bear on whether the company contributorily infringed and whether it is entitled to a DMCA safe-harbor defense.

Finally, there is no appreciable burden in producing these messages. Plaintiffs seek *specific* messages ▮▮▮▮▮▮▮▮▮▮ which cover a limited time period of at most a few weeks. *See* Exs. H, ▮. According to Mr. Kuszmar's testimony, the communications sought by Plaintiffs consist of *four text chains at most*. Ex. H at 26–31. Contrary to the Respondents' objections, Plaintiffs do not seek a "forensic examination" of any devices—rather, they seek only the text messages described in ▮▮▮▮▮▮▮▮▮▮. *See* Ex. G (September 3 and 7, 2021 emails from Plaintiffs' counsel). ▮▮▮▮▮▮▮▮▮▮, but their counsel refused to represent during the parties' conferral that the messages don't

exist. *See id.* Plaintiffs request simply that the Respondents or their counsel search for these messages on their devices and any backups that they possess and are reasonably accessible (including, for example, auto-backups created by their devices, or cloud backups).

## CONCLUSION

For the reasons described above, Plaintiffs request that the Court issue an order compelling non-parties Ronald Hughes, Robert Kuszmar, and Michael Tomasullo to comply with Plaintiffs' subpoenas and produce the text messages described in Messrs. Kuszmar's and ▬▬▬▬ testimony.

Dated: September 15, 2021

Respectfully submitted,

*/s/ Neema T. Sahni*

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
Hardy Ehlers (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling (*pro hac vice*)
Joshua B. Picker (*pro hac vice*)
Phil Hill (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jpicker@cov.com

pahill@cov.com

Stacey Grigsby (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 10th St NW
Washington, DC 20001
Telephone: (202) 662-6000
sgrigsby@cov.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

David C. Banker
Florida Bar No. 0352977
Bryan D. Hull
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(G) CERTIFICATION

Plaintiffs' counsel conferred by email and teleconference with counsel for Respondents prior to bringing this motion, but the parties were unable to resolve the issues in this motion.  Ex. G.  Plaintiffs informed Respondents' counsel by email of September 14, 2021 of their intent to move for the relief requested herein, and Respondents' counsel said their positions had not changed.  Ex. K.

 */s/ Neema T. Sahni*
Neema T. Sahni

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, I caused the redacted version of the foregoing document and all accompanying materials to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF, including counsel to Defendant Bright House Networks, who also represent Respondents Ronald Hughes, Robert Kuszmar, and Michael Tomasullo. Plaintiffs will separately send the unredacted versions of the foregoing document and exhibits to counsel to BHN and Respondents by email today.

Dated: September 15, 2021

 */s/ Neema T. Sahni*
Neema T. Sahni

*Attorney for Plaintiffs*