## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

      Plaintiffs,

    v.

                                 **Case No. 8:19-cv-710-MSS-TGW**

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

---

## PLAINTIFFS' OPPOSITION TO DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S MOTION TO COMPEL STREAMING REVENUE <u>DECLARATIONS THAT PLAINTIFFS ALREADY PROVIDED</u>

---

### INTRODUCTION

Defendant Bright House Networks, LLC ("Bright House") moves to compel financial declarations that Plaintiffs have already provided, to be used for a purpose that this Court has already determined is irrelevant. The motion should be denied on both mootness and relevance grounds.

### BACKGROUND

Among more than 60 topics in Bright House's Rule 30(b)(6) deposition notice to Plaintiffs, Bright House sought testimony on: "Your streaming revenues, including but not limited to revenues earned from platforms such as Apple Music, Spotify, Pandora, Google Play Music, iHeart Radio, Amazon Music, SoundCloud, and TuneIn, including any annual increases in revenues earned, from 2012 to 2019." Bright House Networks, LLC's Motion to Compel at 2 (DKT. 340) (quoting Topic 21).

Plaintiffs object to the topic on multiple grounds, including relevance. In response,

Bright House proposed the following compromise: "Bright House will not seek testimony on this [streaming revenue] topic from the Record Label Plaintiffs or Music Publisher Plaintiffs if each Plaintiff Group provides a declaration or stipulation that **provides the Plaintiff Group's annual U.S. streaming revenue** for the years from 2012 to 2019."  Declaration of Andrew Schapiro in support of Bright House's Motion, Ex. 13, at 7 (DKT. 340-14) (emphasis added).  The parties ultimately agreed that each of the six plaintiff groups would provide said declarations limited to a time range of 2012-2016 (the "Parties' Agreement").  *Id*. at 2.

On September 14, Plaintiffs informed Bright House that they were working on the declarations and committed to provide them within a few days.  That notwithstanding, Bright House filed the instant motion on September 15.

On September 20 and 21, Plaintiffs produced the declarations, providing each plaintiff group's annual U.S. streaming revenues for the years 2012-2016, precisely as agreed.  Kaplan Decl. Ex. A.  Instead of withdrawing its Motion, several days later, Bright House emailed a list of follow-up questions, to which Bright House demanded answers before withdrawing the Motion.[1]  While under no obligation to provide the answers under the Parties' Agreement, Plaintiffs agreed to do so in exchange for Bright House withdrawing its Motion.  Kaplan Decl. Ex. A (Kaplan Sept. 26 email).  Plaintiffs provided the answers in an email to counsel within the timeframe promised.  *Id*. at 3 (Kaplan Sept. 28 10:27 am email).  Bright House still would not withdraw the Motion and responded with four additional "follow up" questions, and further demanded that Plaintiffs prepare supplemental declarations containing the information in the

---

[1] "Please find below some questions relating to the declarations Plaintiffs submitted.  As noted in my email from earlier this afternoon, we will need Plaintiffs to address these questions before withdrawing the pending motion to compel."  Kaplan Decl. Ex. A at 8 (Akopjan Sept. 23 6:29 pm email).

answers to all of Bright House's questions.[2]

In an effort to resolve the dispute and this Motion, Plaintiffs answered the two questions that could reasonably be considered as seeking "follow up" information. *Id*. at 1 (Kaplan Sept. 28 6:45 pm email). Plaintiffs declined to answer the additional two questions that sought new information and were more akin to the type of deposition questions that the agreement sought to obviate—*i.e.*, details about the streaming revenues stated in the declarations. *Id*.[3] Plaintiffs also declined—and had no obligation under the Parties' Agreement—to prepare new declarations for each of the six plaintiff groups. *Id*.

Bright House responded, "In order to withdraw the pending motion to compel, we will need answers to Questions 2 and 3 and all of the information provided in the form of supplemental or amended declarations." *Id*. (Akopjan Sept. 28 8:46 pm email).

## ARGUMENT

### I.   The Motion Is Moot Because Plaintiffs Have Served Declarations Providing Their Annual Streaming Revenues, As Agreed.

Bright House's proposal and the Parties' Agreement required each plaintiff group to serve a declaration "that provides the Plaintiff Group's annual U.S. streaming revenue" for the

---

[2] "Thank you for the responses to the below questions. We have a few follow up questions that we need your clients to answer before we can withdraw the motion to compel: [listing questions 1-4] … In addition, we will need Plaintiffs to provide amended or supplemental declarations with the information provided this morning and the information requested above prior to withdrawing the motion to compel." Kaplan Decl. Ex. A at 4 (Akopjan Sept. 28 12:38 pm email).

[3] The questions were:

2. For Sony Music Publishing and Warner Music Group, as the revenues include audio and video streaming revenues, please provide the breakdown of revenues between audio and video.

3. For each Plaintiff group (except for UMG and UMPG), please provide the paid-subscription based portion of the revenues.

Kaplan Decl. Ex. A, at 4 (Akopjan Sept. 28 12:38 pm email).

years 2012 -2016.  Plaintiffs did just that.  That should be the end of the matter.

Instead, Bright House now seeks additional detail on the Plaintiff groups' annual streaming revenues, and demands revised declarations.  But the Parties' Agreement did not require the streaming revenue information in any particular form, or that any detail on the components of the "annual U.S. streaming revenue" be provided.[4]

Nonetheless, as a gesture of good faith and cooperation, Plaintiffs provided additional information they were under no obligation to provide.  The instant dispute, then, is whether Plaintiffs should be required to provide *even more information*, and answer questions seeking *details* on the streaming revenue information they already provided—information that is outside the scope of the Parties' Agreement.  There is no basis for that request, and Bright House has not articulated any.  Rather, Bright House's Motion requests only that Plaintiffs serve the agreed-upon declarations.  Plaintiffs have done so.  The Motion is moot.

## II.  Any Streaming Revenue Information Sought Is Irrelevant to the Parties' Claims and Defenses and the Motion Should Be Denied for this Further Reason.

The requested revenue information is also not relevant to any claim or defense at issue in the case.  Bright House claims the requested information is relevant:

> to understand, among other things, the benefits Plaintiffs may have received from Bright House's internet services ***to offset any alleged harm*** that stemmed from Bright House's internet services, and the equity of Plaintiffs obtaining a windfall to the extent they profited through streaming internet services during the relevant period.

Motion at 7 n.6 (emphasis added).  In other words, Bright House wants the information to mitigate damages:  the argument is, in essence, that despite the fact that Plaintiffs have been

---

[4] Bright House's Motion states that "Plaintiffs agreed to provide declarations *detailing* Plaintiffs' U.S. streaming revenue for the years of 2012 to 2016 in lieu of providing witnesses."  (Mot. at 2 (emphasis added).)  That is inaccurate, as the Parties' Agreement makes clear.

immeasurably harmed by the widespread infringement of their works on Bright House's networks, Plaintiffs should recover less because their works are also streamed legally over Bright House's network.

That argument is logically flawed.  More fundamentally, however, and as this Court has already agreed, mitigation of damages is irrelevant where, as here, a copyright plaintiff exclusively elects statutory damages. "The defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages." *Malibu Media, LLC v. Weaver*, 2016 WL 1394331, at *7 (M.D. Fla. Apr. 8, 2016) (internal quotation marks omitted) (granting summary judgment to plaintiff on issue of mitigation because plaintiff sought only statutory damages); *see also Malibu Media, LLC v. Fitzpatrick*, 2013 WL 5674711, at *3 n.17 (S.D. Fla. Oct. 17, 2013) (holding that affirmative defense of failure to mitigate was "obviated" by plaintiff's election to seek only statutory damages).

The Court should apply *Malibu* and deny the Motion, as it did on a previous Bright House motion to compel production of documents to support a mitigation argument related to Plaintiffs' anti-piracy efforts.  *See* Kaplan Decl. Ex. B (Oct. 9, 2020 Hrg. Tr. 105-111 (considering the parties' arguments in light of the *Malibu Media* cases)).

## CONCLUSION

For the foregoing reasons, the Court should deny Bright House's Motion in its entirety.

Dated: September 29, 2021

Respectfully submitted,

 /s/ *Jeffrey M. Gould*
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Alexander Kaplan (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027

matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2021, I caused the foregoing document and all accompanying materials to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

 /s/ *Jeffrey M. Gould*

Jeffrey M. Gould