# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

    v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

## PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT A REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF 342, 343)

Pursuant to Local Rule 3.01(d), Plaintiffs respectfully request leave to file a reply of no more than five pages in support of their September 15, 2021 Motion to Compel Respondents Ronald Hughes, Robert Kuszmar, and Michael Tomasullo to produce a discrete set of text messages in which they admittedly discussed this case (Dkt. 342, 343) (the "Motion"). Good cause for a reply exists because the reply will (i) rebut "new . . . facts contained in the opposition[]," *Promenades Mall (E&A), LLC v. Allstate Ins. Co.*, 2008 WL 11334927, at *1 (M.D. Fla. Aug. 12, 2008), and (ii) "address arguments . . . in opposition that [movants] believe are inaccurate and unsupported," *Pk Studios, Inc. v. R.L.R. Invs., LLC,* 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015).

*First*, the opposition (Dkt. 355) attempts to introduce a significant new fact by means of a declaration of counsel who lacks personal knowledge. The attorney declaration avers that Respondent Mr. Tomasullo "routinely delet[es] [text] messages after he receives and reads them," and that the "text messages requested by Plaintiffs do not exist on Mr. Tomasullo's personal device." Dkt. 355-1. Counsel does not explain how she has personal knowledge of whether the messages are on his device (for example, she does not state that she has conducted any investigation of his phone), nor how she could personally know Mr. Tomasullo's messaging practices. Therefore, the declaration fails to meet FRE 602 and cannot serve as the basis for any factual finding by the Court. *See also Parada Jimenez v. Mobil Oil Co. de Venezuela*, 1991 WL 64186, at *3 (S.D.N.Y. Apr. 18, 1991) ("[A]ttorney affidavits must be based upon personal knowledge in order to be considered to raise an issue of fact."). Plaintiffs seek to brief this evidentiary issue on reply.

*Second*, even crediting counsel's declaration, it artfully obscures whether the text messages at issue, in fact, exist. It states that the text messages sought by Plaintiffs "do not exist on Mr. Tomasullo's personal device." But it conspicuously omits whether these messages exist on another device, on a backup drive, or somewhere else (as well as whether the messages were deleted from Mr. Tomasullo's "personal device" before or after Plaintiffs requested them). Moreover, if the messages truly did not exist at all, there

would be no reason for Respondents to oppose the motion on any other ground. Yet they relegate this argument to page 16 of their 17-page brief. Plaintiffs therefore seek to respond to the unsupported contention that their motion should be denied because the messages are "no longer accessible." Dkt. 355 at 2.

*Third*, Plaintiffs seek to correct Respondents' misstatement that Plaintiffs are seeking "full production of [Respondents'] cell phone data." *Id.* In fact, Plaintiffs seek a single set of messages expressly discussing this litigation that Respondents themselves identified in their sworn deposition testimony. According to Respondent Robert Kuszmar, these messages were exchanged among four identified individuals over a few weeks at most.

Plaintiffs accordingly request leave to submit a reply of no more than five pages addressing the matters above, to be filed no more than five business days following the Court's ruling on this request.

Dated: October 1, 2021

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*/s/ Neema T. Sahni*
Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling (*pro hac vice*)
Joshua B. Picker (*pro hac vice*)

— 4 —

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jpicker@cov.com

*Attorneys for Plaintiffs*

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they conferred with counsel for Respondents Ronald Hughes, Robert Kuszmar, and Michael Tomasullo regarding this motion. On October 1, 2021, Plaintiffs informed counsel for Respondents via email of their intent to file this motion. Counsel for Respondents replied that Respondents would not consent to the relief sought in this motion. In addition, counsel for Respondents requested that Plaintiffs withdraw their motion to compel (Dkt. 342, 343); Plaintiffs decline to do so.

Dated: October 1, 2021               */s/ Neema T. Sahni*
                                      Neema T. Sahni

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF, including counsel to Defendant BHN and to Respondents Ronald Hughes, Robert Kuszmar, and Michael Tomasullo .

*/s/ Neema T. Sahni*
Attorney for Plaintiffs
