# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

    v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
TIME-SENSITIVE MOTION TO COMPEL (DKT. 338)**

**I.  RESPONDENTS CONSENTED TO THIS FORUM.**

Respondents ask this Court to dismiss the Motion because Federal Rule of Civil Procedure 45(d)(2) provides that a motion to enforce a non-party subpoena be brought in the district of compliance (here, the Southern District of New York) rather than in the district of issuance (this Court).

Respondents omit, however, that they *expressly consented* to having the Motion heard by this Court. Following the meet-and-confer in advance of this motion, Respondents' counsel emailed that her "clients consent to Plaintiffs' anticipated motion being heard by the Florida magistrate." Dkt. 338-2, 339. That unequivocal consent waived any objection to this forum.

Given that waiver, Respondents' argument can succeed only if the Court lacks subject-matter jurisdiction. But as other courts have noted, any

"argument that Rule 45 deprives th[e] Court of subject-matter jurisdiction is frivolous" because to conclude the Court lacks authority to adjudicate "a subpoena issued in its name—when all interested parties have submitted—is, quite frankly, absurd." *Joffe v. King & Spalding LLP*, 2020 WL 3453452, at *3 (S.D.N.Y. June 24, 2020) (rejecting that issuing court lacked subject-matter jurisdiction to modify a subpoena).[1]

Further, it would be grossly inefficient to require Plaintiffs to refile their Motion in New York. Sending the Motion to a forum that is unfamiliar with this dispute, only to have it be sent back to Your Honor on consent, would add unnecessary delay and cost for the parties and non-parties alike. The Court should decide the Motion on its merits.

## II.     RESPONDENTS FAIL TO SHOW THERE WAS NO WAIVER.

Respondents incorrectly maintain that "[t]here has been no waiver" of the attorney-client privilege over the documents the Sabin firm transferred to a third party, Advance, because BHN's successor Charter never waived the

---

[1] Indeed, courts that have dismissed Rule 45 motions brought in the place of issuance rather than the place of compliance often cite the purposes of Rule 45(d)(2), namely (1) "to protect non-parties subject to subpoenas from the burdens of litigating in the issuing district rather than in their home district" and (2) "to ensure that the court adjudicating a subpoena dispute has personal jurisdiction over the non-party." *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, 2021 WL 411379, at *2 (S.D.N.Y. Feb. 5, 2021) (citations omitted). Neither of those concerns apply here. Respondents face *no* burden in litigating here, because their counsel already represent Defendant BHN in this matter. And personal jurisdiction is no bar, because Respondents' consent waived any personal jurisdiction objections. *See, e.g.*, *TheraBionic, Inc. v. Costa*, 2019 WL 1620362, at *6 (N.D. Ala. Apr. 16, 2019).

privilege. Dkt. 347, at 2. In admitting that Charter held the privilege after May 2015, however, Respondents concede that Advance *did not* hold BHN's privilege. Respondents therefore effectively acknowledge that the documents are privileged only if (i) Charter did not expressly or impliedly intend to disclose them, or (ii) Advance and Charter held a common interest privilege. Charter, as "party invoking the privilege . . . has the burden to show that the privilege has not been waived[,]" *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 391 (S.D.N.Y. 2015).

Charter has failed to carry its burden. It has produced no evidence to suggest it was unaware of the disclosure from Sabin to Advance before Plaintiffs brought this Motion; indeed, Charter became aware of the disclosure when its counsel received Plaintiffs' subpoenas to Respondents in June 2020. Yet there is no evidence it attempted to recall the documents from Advance and Mr. Birenz, nor did it serve a privilege log. As Your Honor has held, the "failure to assert the privilege or work-product protection in a timely manner, and in sufficient detail, may result in a waiver . . . ." *Rynd v. Nationwide Mut. Fire Ins. Co.*, 2010 WL 5161838, at *2 (M.D. Fla. Dec. 14, 2010) (Wilson, J.).

Even now, Charter proffers only barebones declarations from Sabin and Charter, which do not claim firsthand knowledge that Charter protected BHN's documents or sought clawback after it became aware they had been disclosed, nor that Charter and Advance had a common legal interest or joint

defense agreement codifying that common legal interest. The declarants' "conclusory statements that [parties] shared a 'common legal interest'" are insufficient to meet Charter's burden. *Univ. Sports Publications Co. v. Playmakers Media Co.*, 2011 WL 1143005, at *5 (S.D.N.Y. Mar. 21, 2011); *Del Monte Int'l GMBH v. Ticofrut, S.A.*, 2017 WL 1709784, at *8 (S.D. Fla. May 2, 2017) (holding no common interest privilege based on purported oral agreement).

### III. THE WORK PRODUCT DOCTRINE DOES NOT SHIELD THE BHN DOCUMENTS SABIN TRANSFERRED FROM PRODUCTION.

Respondents assert that they are withholding documents on the basis of the work product doctrine, but they fail to establish that the protection applies or no waiver occurred. For instance, Respondents assert, without proffering the actual documents for *in camera* review, that some of the documents being withheld included Mr. Birenz's responses to litigation demands by Plaintiffs and Rightscorp, a non-party, Dkt. 347, at 5 n.4, 18. But they do not assert that Mr. Birenz prepared all the documents being withheld with an "eye toward litigation," as is required for a work product claim. *See Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir. 2018); *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (document must be prepared "because of the prospect of litigation"). Indeed, Mr. Birenz testified that ▌

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████.

Respondents could have substantiated work product protection by producing a privilege log, yet Mr. Birenz and Sabin have repeatedly refused to provide one. *See* Dkt. 347, at § III.D. The failure to assert work-product protection "in a timely manner, and in sufficient detail, may result in a waiver . . . ." *Rynd*, 2010 WL 5161838, at *2 (Wilson, J.); *see also Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 489 (S.D.N.Y. 1993). A finding of waiver is particularly appropriate here since the failure to produce a log prevents Plaintiffs or the Court from meaningfully evaluating Sabin and Mr. Birenz's work product claims and whether disclosure to Advance waived such work product protection.[2]

| | |
|---|---|
| Dated: October 7, 2021 | */s/ Jonathan M. Sperling* |
| Matthew J. Oppenheim (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Fl.<br>Washington, DC 20016<br>Telephone: (202) 621-9027<br>matt@oandzlaw.com | Jonathan M. Sperling (*pro hac vice*)<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>jsperling@cov.com<br><br>*Attorneys for Plaintiffs* |

---

[2] To the extent the Court finds work product protection *could* apply, the Court should order Respondents to log all withheld documents and to produce all fact opinion work product in light of Plaintiffs' substantial need resulting from BHN's spoliation and lack of produced documents. *See* Fed. R. Civ. P. 26(b)(3); Dkt. 287, at 4 (describing BHN's spoliation).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF, including counsel to Defendant BHN and to Respondents Advance, Sabin, and Birenz.

*/s/ Jonathan M. Sperling*
Attorney for Plaintiffs