UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

        Plaintiffs,

v.                              CASE NO. 8:19-cv-710-MSS-TGW

BRIGHT HOUSE
NETWORKS, LLC,

        Defendant.
_____/

## O R D E R

THIS CAUSE came on to be heard upon the plaintiffs' Time Sensitive Motion to Compel Production of Documents and Further Deposition Testimony (Docs. 338, S-339),[1] the response (Doc. 347), and the supplemental memoranda thereto (Docs. 399, 400).

The plaintiffs issued subpoenas *duces tecum* to respondents, non-parties Advance Publications, Inc. (Advance); Sabin, Bermant, and Gould LLP (Sabin law firm); and former Sabin attorney Jerry Birenz (Birenz). During the pertinent time period, defendant Bright House Network (BHN) did not have in-house counsel, and the Sabin law firm served as its

---

[1] Doc. S-339 is a sealed, unredacted version of Doc. 338.

primary outside counsel (Docs. 339-3, p. 204; 347-3, ¶4).[2] Jerry Birenz was a partner at the Sabin law firm who performed legal work for BHN, and Birenz was also BHN's agent to receive notices of copyright infringement in compliance with the Digital Millennium Copyright Act (DMCA) (Doc. 347-3, ¶4).

The respondents objected to producing documents based on the attorney-client privilege and the work product doctrine, but declined to produce a privilege log (see Doc. 399). They contend that they complied with the applicable Federal Rules of Civil Procedure by expressly asserting the claim of privilege and describing the nature of the documents in a manner that enabled the plaintiffs to assess their claims (see id.). The plaintiffs, on the other hand, argue that the respondents' designations are insufficient to assess the claims of privilege because Birenz also purportedly advised BHN on business matters; consequently, they seek an order compelling the respondents to provide a privilege log (Doc. 339).

The respondents argue that the plaintiffs are not entitled to a privilege log when, as here, the documents and communications involve outside counsel because their content is presumed to be privileged (Doc. 347, p. 22). They cite caselaw holding that a presumption of privilege applies to

---

[2]Pagination refers to page numbers assigned by CM/ECF.

2

communications between a corporate client and its outside counsel. See United States v. Chen, 99 F.3d 1495, 1501 (9th Cir. 1996) ("If a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired 'as such' to give 'legal advice....'"); United States v. Davita, Inc., 301 F.R.D. 676, 682 (N.D. Ga. 2014), quoting United States ex rel. Baklid-Kunz v. Halifax Hospital Medical Center, 6:09-cv-1002-Orl-31TBS, 2012 WL 5415108 at *4 (M.D. Fla.) ("[C]ommunications between corporate client and outside litigation counsel are cloaked with a presumption of privilege."). This presumption does not apply to in-house counsel. United States ex rel. Baklid-Kunz v. Halifax Hospital Medical Center, supra, 2012 WL 5415108 at *3. Courts reason that the relationship between in-house counsel and the client "involve a much different dynamic," noting that "in-house legal counsel participates in and renders decision about business ... issues as well as purely legal issues." Id. (citation omitted). Furthermore, assertions of privilege by in-house counsel and captive law firms are scrutinized more closely because they are dependent upon the corporate clients for their livelihoods. See Barbini v. First Niagara Bank, N.A., 331 F.R.D. 454, 460 (S.D.N.Y. 2019); Consolidated Edison Co. of New York, Inc., v. Lexington Ins. Co., No. 14 Civ. 6547 (CM) (JLC), 2015 WL 4611206 at *2 (S.D.N.Y. July 30, 2015) (equating in-house counsel with a captive law firm).

The plaintiffs do not meaningfully dispute that a presumption of privilege applies to documents and e-mail communications between a corporate client and its outside counsel (Doc. 400, p. 3). However, they argue that the presumption does not apply here because Birenz and the Sabin law firm functioned as de facto in-house counsel, providing both legal and business advice (id., pp. 5–6). See Wachtel v. Health Net, Inc., 482 F.3d 225, 231 (3d Cir. 2007) (Where a lawyer provides non-legal business advice, the communication is not privileged.). They note that BHN had no in-house legal department during the pertinent time period. Further, they argue that BHN business personnel routinely copied Sabin attorneys on purportedly business correspondence, and that Birenz also had a non-legal role as BHN's DMCA agent (Doc. 400, pp. 5–6).[3] Consequently, they contend, "production of a privilege log is the only way that Plaintiffs will meaningfully be able to evaluate Respondents' privilege claims" (id., p. 7).

The respondents argue that Birenz's primary role was as outside legal counsel and, as such, the presumption of privilege applies (Doc. 347, pp. 21–22). They add that there is no evidence to support the plaintiffs' contention that Birenz served in a business role for BHN, and that, as a

---

[3] Notably, Birenz reportedly stated that one of the reasons he maintained a copy of the Peer-to-Peer file was because "his role as BHN's DMCA agent had not yet been transferred" (Doc. 347, p. 5).

4

DMCA agent, Birenz merely forwarded infringement notices received by a Sabin e-mail account to BHN (id., pp. 22–23).

Birenz's role with BHN was not of a typical outside counsel. Thus, it does not fall squarely into the category of inside or outside counsel. In light of this circumstance, the prudent course is to compel a privilege log. See United States v. Nixon, 418 U.S. 683, 710 (1974) (Evidentiary privileges are "not lightly created nor expansively construed, for they are in derogation of the search for the truth."); see, e.g., Nationwide Mutual Fire Ins. Co. v. Kelt, Inc., No. 6:14-cv-749-ORL-41, 2015 WL 1470971 at *9 (M.D. Fla. Mar. 31, 2015) (court ordered an itemized privilege log of communications that were withheld as privileged communications with outside counsel).

The respondents also argue that creating a privilege log is an undue burden because the underlying subpoena sought documents concerning a wide range of topics (Doc. 399, pp. 6–7). This contention is unpersuasive.  The plaintiffs' motion seeks "responsive documents transferred from Sabin to Advance on January 1, 2019" (id., p. 25). The respondents indicated that the only remaining documentation in Advance's possession at that time was the "Peer-to-Peer File" (Doc. 347, p. 5; see also Doc. 339, p. 2). Defense counsel stated at the hearing that the Peer-to-Peer file consists of only 118 documents, which have already been reviewed for privilege. Therefore, I do not find that the creation of a privilege log under

5

these circumstances is overly burdensome. Moreover, the assertion of undue burden is not well-taken in consideration of the substantial resources expended in resisting the production of a privilege log.

It is, therefore, upon consideration,

ORDERED:

That the plaintiffs' Time Sensitive Motions to Compel Production of Documents and Further Deposition Testimony (Docs. 338, S-339) are **GRANTED to the extent** that the respondents are ordered to produce within 14 days a privilege log for the documents and e-mail communications in the Peer-to-Peer file that were withheld on the basis of attorney-client privilege or the work product doctrine.

DONE and ORDERED at Tampa, Florida, this 1st day of December, 2021.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE