UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | Case No. 8:19-cv-710-MSS-TGW |

### BRIGHT HOUSE'S MOTION TO STRIKE
### PLAINTIFFS' SUR-REBUTTAL EXPERT REPORTS

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendant Bright House Networks, LLC ("Bright House") respectfully moves to strike certain of Plaintiffs' expert disclosures as untimely.

When the Court adopted its Third Amended Case Management and Scheduling Order ("CMSO"), it set the deadline for the disclosure of Plaintiffs' expert reports as September 29, 2021 and Bright House's expert reports as November 5, 2021, limiting expert testimony to be presented at trial to only testimony that is "disclosed pursuant to this Order." Dkt. 314 (Aug. 2, 2021). The Court explained that "absent highly extenuating circumstances," there would be no further extensions of these deadlines. Dkt. 313 (Aug. 2, 2021). Plaintiffs served twelve expert reports on September 30, slightly after midnight. Ex. 1. Bright House served its five expert reports on November

1

5. Ex. 2. At that point, under the CMSO, the deadline for serving expert reports closed.

On December 6 at 11:07 pm EST—more than two months after Plaintiffs' deadline and just eleven days before the December 17 close of expert discovery—Plaintiffs served two new "rebuttal" reports. Ex. 3, at 2. Plaintiffs did not seek leave of the Court, and did not inform Bright House in advance of their intention to serve additional reports. One report was served only two days before the witness's already-scheduled deposition, and the other putative expert had not yet been disclosed at all, precluding Bright House from serving a timely deposition notice on the witness before the close of expert discovery.

Plaintiffs' untimely (and excessive) expert disclosures violate the letter and the spirit of the Court's CMSO and Rule 26. Earlier in the case, the parties had requested that the Court enter a schedule that set express deadlines for rebuttal reports, and the Court rejected that proposed schedule. Plaintiffs should not be permitted to engage in self-help by serving a second round of reports on the eve of the discovery deadline. Plaintiffs' attempts to skirt the CMSO's deadlines are the kind of "wasteful pretrial activities" that will impede the "just, speedy, and inexpensive determination of the action" that the CMSO was intended to avoid. Dkt. 314. Both reports should be stricken.

## FACTUAL BACKGROUND

In its initial Case Management Scheduling Order, the Court scheduled deadlines for the "Disclosure of Expert Reports" of April 10, 2020 for Plaintiffs and

2

May 11, 2020 for Bright House. Dkt. 68 (Nov. 4, 2019). The parties later jointly moved to amend that schedule, and the Court extended those deadlines to February 5, 2021 and March 8, 2021, respectively. Dkt. 144 (July 15, 2020).

In January 2021, the parties jointly moved to extend the case schedule a second time. Dkt. 254 (Jan. 29, 2021). In that motion, the parties jointly proposed modifying the structure of "Disclosure of Expert Reports." Rather than setting separate dates for expert reports for "Plaintiffs" and "Defendant," the parties asked the Court to set dates for them to serve "Opening" and "Rebuttal" reports. *Id.* at 5. The Court *rejected* this proposed structure, instead setting a single expert report disclosure date for "Plaintiff[s]" and another single date for "Defendant." Dkt. 257 (Feb. 2, 2021).

In July 2021, the parties once more moved the Court to modify the dates for "Disclosure of Expert Reports," proposing the following deadlines: (1) September 29, 2021 for Plaintiffs' expert reports; (2) November 5, 2021 for Bright House's expert reports; and (3) December 17, 2021 for the close of expert discovery. Dkt. 306 at 5 (July 13, 2021). The Court granted this motion, Dkt. 314 (Aug. 2, 2021), but warned that "absent highly extenuating circumstances," no further extensions would be granted. Dkt. 313 (Aug. 2, 2021).

Instead of serving their reports on September 29, 2021, as required by the CMSO, Plaintiffs served twelve expert reports at 12:35 am EST on September 30, 2021, including a 45-page report (excluding exhibits) from an economist, Dr. Harold Furchtgott-Roth. Ex. 1. On November 5, 2021, Bright House served five expert reports, including two reports that rebutted Dr. Furchtgott-Roth's opinions based on

3

their respective unique fields of expertise: (a) one from Bright House's music industry, peer-to-peer, and internet expert, Dr. Aram Sinnreich; and (b) one from Bright House's damages expert, George Strong. Ex. 2. The parties agreed on a deposition schedule for all experts, with Dr. Furchtgott-Roth's deposition scheduled for December 8, and Dr. Sinnreich's and Mr. Strong's depositions both scheduled for December 16.

But on December 6, 2021 at 11:07 pm EST, more than two months after Plaintiffs' deadline under the operative CMSO, Plaintiffs served two new expert sur-rebuttal reports without warning: a "Rebuttal Expert Report of Harold Furchtgott-Roth, Ph.D." and an "Expert Report of Professor On Amir." Ex. 3, at 2. Plaintiffs did not seek leave to modify the CMSO, nor did they inform Bright House of their desire to serve more expert reports. Plaintiffs claimed that they were serving these two reports under "Federal Rule of Civil Procedure 26(a)(2)(B) and (a)(2)(D)(ii)." Ex. 3, at 2.

In an attempt to avoid motion practice, Bright House asked Plaintiffs to voluntarily withdraw the untimely reports. *Id.* Plaintiffs refused, claiming that: (1) the absence of a specific rebuttal report deadline in the CMSO means that Plaintiffs were entitled to serve the reports within 30 days of receipt of Bright House's expert reports under Rule 26(a)(2)(D)(ii); and (2) the reports "rebut only affirmative opinions disclosed in the reports of Dr. Sinnreich and Mr. Strong that go beyond the scope of proper rebuttal." *Id.* As discussed below, neither position withstands scrutiny.

4

## LEGAL STANDARD

Rule 37(c)(1) provides that where a party fails to make required disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quotations omitted).

In addition, Rule 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order and which gives the court broad discretion to preserve the integrity and purpose of the pretrial order, including the exclusion of evidence as a means of enforcing the pretrial order." *Potish v. R.J. Reynolds Tobacco Co.*, 2017 WL 5952892, at *2 (S.D. Fla. Nov. 30, 2017).

## ARGUMENT

### I. PLAINTIFFS' DECEMBER 6 EXPERT REPORTS ARE UNTIMELY

The Federal Rules of Civil Procedure "authorize[] the court to set pretrial discovery deadlines through its scheduling order and give[] the court broad discretion to preserve the integrity and purpose of the scheduling order, including the exclusion of evidence as a means of enforcing it." *Schuller v. Geovera Specialty Ins. Co.*, 2018 WL 11344855, at *3 (M.D. Fla. Sept. 26, 2018) (Scriven, J.) (quotations omitted). Rule 26(a)(2) further compels that expert opinions be disclosed "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Here, the Court set an express schedule for "Disclosure of Expert Reports" in the operative CMSO that required the disclosure of Plaintiffs' reports by September 29, 2021. Dkt. 314. The CMSO does not refer to "opening" or "initial" reports, but simply Plaintiffs' "reports." *Id.* Moreover, as discussed above, the Court considered and rejected an alternative structure which would have structured expert discovery as permitting "opening" and "rebuttal" reports. By the CMSO's own text, the deadline for all of Plaintiffs' expert reports was September 29. *Id.* If Plaintiffs wanted the ability to serve a second round of expert reports later, they could have sought leave to modify the CMSO. They did not.

The sur-rebuttal reports of Dr. Furchtgott-Roth and Prof. Amir, served on December 6, were disclosed 42 days after that deadline, and just 11 days before the close of expert discovery. *See id.* Therefore, both reports by definition are untimely under the governing CMSO. The Court need go no further.

In the parties' meet-and-confer, Plaintiffs argued that the two reports are timely under Rule 26(a)(2)(D)(ii) because Plaintiffs served them 53 minutes before midnight, 31 days after Bright House served its own reports (accounting for Sunday), *see* Ex. 3, but that Rule has no applicability here. Rule 26(a)(2)(D)(ii) provides in relevant part that a party must make its expert disclosures:

> at the times and in the sequence that the court orders. *Absent … a court order*, the disclosures must be made … if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

6

Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added).  Here, however, there *is* a court order—the CMSO—establishing the deadlines for each party to disclose any expert reports.  Rule 26(a)(2)(D)(ii) cannot control here because a court order governing expert disclosures is not "absent."  This construction of Rule 26 has been adhered to by courts in this District, as well as at least one court of appeal.  *See, e.g.*, *Salvato v. Miley*, 2014 WL 12639956, at *2 (M.D. Fla. Jan. 9, 2014) ("where a scheduling order is silent on rebuttal experts, the deadline for such disclosure found in Rule 26 does not apply"; granting leave to serve where seven weeks remained in expert discovery); *Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) (30-day rebuttal provision "only applies in the absence of other directions from the court or stipulation by the parties"; because "district court's case order set its management requirements and did not provide for rebuttal experts, … the court was entitled to hold the parties to that order") (quotations omitted).[1]  The entry of the CMSO negated Rule 26(a)(2)(D)(ii).

To be sure, some courts have exercised their discretion to interpret Rule 26(a)(2)(D)(ii) more liberally in certain circumstances.  For example, in *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274 (M.D. Fla. Oct. 25, 2013), a magistrate judge in this District held that the lack of a "deadline for the disclosure of rebuttal expert witness reports does not mean that rebuttal expert witness reports are not

---

[1]  *See also, e.g.*, *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("when there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of [then-governing] Rule 26(a)(2)(C)"); *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *2 (N.D. Cal. Mar. 15, 1995) ("[b]ecause this court assumed responsibility for setting [expert] disclosure dates, [then-governing] Rule 26(a)(2)(C)'s alternative procedure never kicked in").

permitted" and permitted rebuttal reports to be filed 30 days after the initial reports they responded to. *Id.* at *17. Not only is *Teledyne* not binding on this Court, but its reasoning does not apply to the facts of this case.

*First*, courts have limited *Teledyne* to situations where "the Court has not expressly addressed deadlines for disclosures of rebuttal expert witnesses." *Lee-Bolton v. Koppers Inc.*, 2015 WL 6394504, at *3 (N.D. Fla. Oct. 22, 2015) (rejecting application of *Teledyne*). But here, the Court considered the parties' joint motion to schedule rebuttal deadlines, and *rejected* that request. *See, e.g.*, *Kelly v. Nelson, Mullins, Riley & Scarborough, LLP*, 2003 WL 25778702, at *1 & n.2 (M.D. Fla. Mar. 25, 2003) (striking rebuttal reports where parties' proposed scheduling order requested rebuttal deadlines but the Court did not enter it). Because the Court did consider and chose to not enter requested rebuttal deadlines, by no fair measure was the Court "silent" on the subject. And because Plaintiffs then never raised an intention to seek leave to serve rebuttal reports, Bright House had a good-faith belief that Plaintiffs were not "going to utilize rebuttal experts" and would comply with the CMSO as written. *Lee-Bolton*, 2015 WL 6394504, at *3.

*Second*, even if the Court were to accept *Teledyne*'s general approach, Plaintiffs' two December 6 Reports should still be excluded as untimely. In reaching its decision, *Teledyne* considered the prejudice to a party when being served with such reports, ultimately holding that because the plaintiff's rebuttal reports "were submitted more than a month before the discovery deadline," this left "[d]efendants more than enough time to take depositions and designate rebuttal experts, if any were needed." 2013 WL

8

5781274, at *13. Here, however, the case is at the eve of the close of expert discovery. Dr. Furchtgott-Roth's December 6 sur-rebuttal report, which is 27 pages long, was served just 36 hours before his long-scheduled deposition, with expert discovery closing just 11 days later. And as to Prof. Amir, who was disclosed for the first time on December 6 with a 27-page report, Bright House is not even able to notice his deposition before the close of expert discovery. *See* L.R. 3.04 (requiring subpoena to be served at least 14 days in advance of deposition). Unlike *Teledyne*, there is not "more than enough time" for Bright House to consider these lengthy reports and scramble to address them (including by potentially preparing its own responsive reports, as was allowed in *Teledyne*). 2013 WL 5781274, at *13. It is inconceivable that the Court intended to structure expert discovery to allow Plaintiffs to disclose a new expert just 11 days before discovery closes.

*Third*, Plaintiffs already served *twelve* expert reports, so they have had more than enough opportunity to set forth any expert opinions. Between the date of Plaintiffs' untimely disclosures (December 6) and the close of expert discovery (December 17), fourteen expert depositions have been scheduled (including one on a Sunday, at Plaintiffs' insistence). It is disproportionate to the needs of this case to award Plaintiffs with yet two more reports, especially when Bright House had just one chance to serve reports. Such discovery overload was not present in *Teledyne*.

The Court should therefore recognize that the two December 6 reports are untimely under the CMSO and are not saved by Rule 26(a)(2)(D)(ii).

## II. PLAINTIFFS CANNOT SHOW THEIR UNTIMELY DISCLOSURES WERE SUBSTANTIALLY JUSTIFIED OR HARMLESS

Not only are the two December 6 reports untimely, but exclusion of the reports and their opinions is the appropriate remedy here. "Courts have broad discretion to exclude untimely expert testimony …." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019); *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016) (similar). Plaintiffs cannot satisfy their burden of showing that their service of these untimely reports was either "substantially justified" or "harmless" under Rule 37(c)(1).

*First*, there is no question that Plaintiffs were not substantially justified in serving the December 6 reports more than two months after the Court-ordered deadline. The CMSO's deadlines are clear, and Plaintiffs had every opportunity to move for leave. Plaintiffs' last-minute disclosures left Bright House only 36 hours to prepare to depose one of the experts, and did not permit enough time to serve a valid deposition notice on the other expert at all. Moreover, as detailed above, there were already 14 expert depositions scheduled during the 11-day window between the disclosure and the close of discovery. Especially in light of the Court's admonition that no extensions of the deadlines would be granted absent "highly extenuating circumstances," Dkt. 313, there simply is not enough time for Bright House to properly prepare for and depose the two proffered experts on their respective 27-page reports. And while the supposed importance of any new opinions cannot overcome the prejudice to Bright House, *see, e.g.*, *Kakawi Yachting, Inc. v. Marlow Marine Sales, Inc.*, 2014 WL 12639973, at *3-4

(M.D. Fla. Oct. 28, 2014) (excluding untimely expert report notwithstanding "substantial need"), Plaintiffs do not require these reports anyway, as they will still be free to cross-examine Dr. Sinnreich and Mr. Strong about their opinions at trial.

*Third*, a lesser sanction, such as further modification of the discovery schedule to accommodate Plaintiffs' belated disclosures, is not available. Dispositive and *Daubert* motions are scheduled to be filed on January 14, 2022. Plaintiffs were warned more than four months ago that no further extensions of this deadline "will be granted absent highly extenuating circumstances." Dkt. 313. A desire to game the schedule in a way that could have easily been brought to the Court's attention months earlier is not a "highly extenuating circumstance[]."[2]

Under both Rule 37(c)(1) and the Court's authority under Rule 16(b), the Court should strike both December 6 Reports and ensure that the progress of this case toward trial remains unimpeded.

---

[2] During the parties' meet-and-confer, Plaintiffs offered to delay Dr. Furchtgott-Roth's deposition (scheduled to take place in 36 hours) or divide his deposition into two parts. Ex. 3, at 1. Such a remedy was impossible; with only 11 days before discovery closed, there were already 14 expert depositions scheduled to take place, and Bright House should not have been required to devote its resources to preparing for a last-minute 27-page expert report.

Should the Court not strike the reports as requested, it has the discretion to order Dr. Furchtgott-Roth and Prof. Amir to sit for full depositions on their December 6 reports, and to set an alternative *Daubert* briefing schedule for these two experts to allow Bright House sufficient time to seek exclusion of their opinions. But for the reasons set forth above, the Court should not indulge such upending of the schedule.

## III. DR. FURCHTGOTT-ROTH'S REPORT SHOULD ADDITIONALLY BE EXCLUDED AS AN IMPROPER SUR-REBUTTAL

Even if the Court were to allow Plaintiffs to serve "rebuttal" reports under Rule 26(a)(2)(D)(ii), Dr. Furchtgott-Roth's December 6 report plainly exceeds that scope, and should be stricken for the independent reason that it is an improper sur-rebuttal.

"An expert may be used for rebuttal if the expert offers evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by the affirmative expert of another party." *Roe Boat, LLC v. N&G Eng'g, Inc.*, 2020 WL 7416866, at *1 (S.D. Fla. Dec. 18, 2020) (quotations & emphasis omitted). "A proposed rebuttal expert satisfies this standard as long as the information provided by the rebuttal expert repels the *affirmative* expert testimony of the other party." *Id.* (emphasis added).

Dr. Furchtgott-Roth's December 6 report goes far beyond rebutting "affirmative expert testimony" of Bright House's experts; rather, it is merely a vehicle to challenge the rebuttal opinions of Bright House's experts Dr. Sinnreich and Mr. Strong. As such, it is a classic sur-rebuttal, which "[t]he parties did not propose or agree to, and the Court's Order never permitted." *All-Tag Corp. v. Checkpoint Sys., Inc.*, 2019 WL 5073499, at *4 (S.D. Fla. Oct. 9, 2019) (striking report as improper sur-rebuttal).

Dr. Sinnreich's and Mr. Strong's reports each present extensive rebuttal opinions falling within their respective areas of expertise. Mr. Strong's report, for example, is an "Expert Rebuttal Report." *See* Ex. 4. After providing some permissible background, his opinions are all provided to rebut those provided in Dr. Furchtgott-

Roth's first report—Mr. Strong references Dr. Furchtgott-Roth's report more than *130 times*. Not only does Mr. Strong directly challenge specific opinions provided by Dr. Furchtgott-Roth (*see id.* ¶¶ 32-55), but he also explains ███ ███ (*e.g., id.* ¶¶ 59-95), ███ ███ (*e.g., id.* ¶¶ 98-102), and ███ ███ (*e.g., id.* ¶¶ 104-112). Dr. Sinnreich's report likewise rebuts the aspects of Dr. Furchtgott-Roth's initial report that fall within his expertise. *See, e.g.*, Ex. 5 at 30-53 ("Responses to the Furchtgott-Roth Report").

Dr. Furchtgott-Roth's December 6 report responds to those critiques to cure their attacks of his initial opinions—that is, it is a sur-rebuttal. The Court need not pick over each sentence, as even a cursory review makes it clear: Dr. Furchtgott-Roth directly references his own "initial report"—*i.e.*, his September 29 report—*thirty-five times across the 27 pages*. *See* Ex. 6. For example:

- He responds that "███ ███ ███." *Id.* ¶ 17 (emphasis added).

- He argues that "███ ███ ███." *Id.* ¶ 27 (citing Sept. 29 report) (emphasis added).

- He states that "███ ███" and then ███ ███." *Id.* ¶ 39 (emphasis added).

- He acknowledges that "███ ███," and responds

13

- that ███████████████████████████████████████
  ████████████████████████." *Id.* ¶ 40 (emphasis added).

- He argues that "█████████████████████████████████
  ██████████████████████████████████████████████
  ████████████████████████████" and then ██████████
  ██████████████████████. *Id.* ¶ 50 (emphasis added).

- He directly cites to and responds to Dr. Sinnreich's rebuttal of Dr. Furchtgott-Roth's initial report. *See, e.g.*, *id.* at nn. 43, 44, 91, 92, 93, 97, 99, 102, 103, 104, 105 & accompanying text.

Dr. Furchtgott-Roth baldly admits that the ultimate conclusion of his December 6 report is: "████████████████████████████████████████." *Id.* ¶ 6 (emphasis added). Expert reports that are no more than "a direct and untimely rebuttal to the rebuttal report" are improper. *All-Tag Corp.*, 2019 WL 5073499, at *3.

Nor can Plaintiffs try to salvage Dr. Furchtgott-Roth's report by having him (or the Court) belatedly try to peck through and selectively excise particular sentences or opinions to turn it into a proper rebuttal. Dr. Furchtgott-Roth already had that chance, and he should not be given a third bite at the apple. The only fair remedy is to limit Dr. Furchtgott-Roth's testimony to the opinions provided in his September 29 report.

## CONCLUSION

For the foregoing reasons, Bright House respectfully requests that its Motion be granted and Dr. Furchtgott-Roth's and Prof. Amir's untimely reports be stricken.

Dated: December 14, 2021

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1506
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Email: melkin@winston.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Tel: (813) 228-9080
Email: bschifino@gunster.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
Allison Huebert (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Todd A. Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7192
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

*Counsel for Defendant*
*Bright House Networks, LLC*

## LOCAL RULE 3.01(g) CERTIFICATION OF COUNSEL

Counsel for Bright House conferred with counsel for Plaintiffs via email on December 7, 2021 in a good-faith effort to resolve the issues raised in this motion. No resolution could be reached.

Specifically, counsel for Bright House promptly contacted counsel for Plaintiffs regarding the unexpected and untimely-served reports that are the subject of this motion, on the morning after the reports were served. Bright House requested that Plaintiffs withdraw the reports to avoid unnecessary motion practice, but Plaintiffs refused to do so.

Bright House does not bring this request as a time-sensitive motion given the Court's previous guidance on this point. However, in light of the pending close of expert discovery (in three days), counsel for Bright House proposed an accelerated briefing schedule to counsel for Plaintiffs so that the request can be timely briefed. Plaintiffs agreed to file any opposition brief within 10 days of Bright House filing this motion (*i.e.*, on or before December 27, 2021).

Dated: December 14, 2021         */s/ Andrew H. Schapiro*
                                 Andrew H. Schapiro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 14, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro