# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

    v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-00710-MSS-TGW

## PLAINTIFFS' <u>TIME-SENSITIVE</u> UNOPPOSED MOTION FOR LEAVE TO FILE VOLUMINOUS EXHIBITS ON HARD DRIVE

Plaintiffs respectfully move this Court for an order permitting them to file certain voluminous exhibits and appendices to their upcoming Motion for Partial Summary Judgment on a hard drive, rather than through the Court's Electronic Court Filing system ("ECF").

The motion is time-sensitive because dispositive motions are due on January 14, 2022, and Plaintiffs need clear guidance from the Court on how to submit the evidence necessary for them to carry their burden of proof for two issues on which they will be seeking summary judgment.  With over 7,000 works in suit, this evidence, which amounts to over 20,000 exhibits, will take several weeks to assemble.  Without prompt resolution, Plaintiffs will be unable to submit their evidence to the Court at the same time they file their motion.

In support of their motion, Plaintiffs state as follows:

(1) Plaintiffs intend to file their Motion for Partial Summary Judgment referenced above on or before January 14, 2022, consistent with the Case Management Order governing this action, Dkt. 314. Among the issues on which Plaintiffs intend to move for partial summary judgment are two for which the documentary evidence—because it is specific to each of the more than 7,000 works in suit—is necessarily voluminous: (i) that Plaintiffs own or have exclusive rights to each of the works in suit on which they will seek damages, and (ii) that copies of the works in suit are included in the electronic files that Plaintiffs' anti-piracy vendor downloaded from peer-to-peer networks.

(2) Even though only a handful of documents are necessary to make the requisite showing for each work, with over 7,000 works in suit, Plaintiffs anticipate filing more than 20,000 exhibits in support of these two issues, including copyright registration certificates, agreements and other documentation evidencing chain-of-title on a work-by-work basis, and mp3 files containing copies of the many thousands of works at issue. It is not practicable to file this volume of supporting material via ECF, and the audio files cannot be uploaded via ECF at all.

(3) In the related case pending in the District of Colorado, *Warner Records v. Charter Communications, Inc.*, No. 19-cv-00874, where Plaintiffs

and defendant Charter are represented by the same counsel as in this case, Plaintiffs filed their Motion for Partial Summary Judgment on November 15, 2021. In that case, Plaintiffs, with leave from the court, submitted appendices and exhibits to their Motion on a hard drive delivered to the court, with an identical copy delivered to Charter. *See Charter*, Dkt. 577. This proved to be an efficient, workable solution.

(4) Defendant Bright House Networks, LLC ("Bright House") consents to Plaintiffs' use of a hard drive for submission of this evidence.

For the reasons stated above, Plaintiffs respectfully request that the Court enter an order permitting them to file certain exhibits and appendices to their motion on a hard drive delivered to the Court and served on Bright House. In the alternative, Plaintiffs ask the Court for guidance as to how it would prefer Plaintiffs submit the voluminous appendices and exhibits necessary to carry their burden on summary judgment.

Given the exigencies described above, Plaintiffs respectfully request a ruling on this issue by December 23, 2021.

| | |
|---|---|
| Dated: December 14, 2021 | */s/ Neema T. Sahni*<br>Neema T. Sahni (*pro hac vice*)<br>Mitchell A. Kamin (*pro hac vice*)<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800 |

nsahni@cov.com
mkamin@cov.com

Jonathan M. Sperling (*pro hac vice*)
Joshua B. Picker (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jpicker@cov.com

Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Alexander Kaplan (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

## **LOCAL RULE 3.01(g) CERTIFICATION**

The parties conferred via email, and Defendant Bright House Networks consents to the relief requested in this Motion. It further requested that Plaintiffs include the following additional statement: "Bright House does not waive and expressly preserves all arguments and objections pertaining to the sufficiency and/or admissibility of the evidence submitted to the Court."

Dated: December 14, 2021   */s/ Neema T. Sahni*
Neema T. Sahni

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Neema T. Sahni*
Attorney for Plaintiffs