## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

      Plaintiffs,

        v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

Case No. 8:19-cv-00710-MSS-TGW

## PLAINTIFFS' OPPOSITION TO BRIGHT HOUSE'S MOTION TO STRIKE PLAINTIFFS' REBUTTAL EXPERT REPORTS

Defendant Bright House Networks, LLC's ("Bright House") motion to strike Plaintiffs' two expert rebuttal reports ("Motion"), Dkt. 420, misinterprets the Federal Rules of Civil Procedure, this Court's Third Amended Case Management and Scheduling Order ("CMSO"), Dkt. 306, and the reports at issue. The Motion should be denied.

## I. Plaintiffs' Rebuttal Reports Are Timely Under Rule 26(a)(2)(D)(ii).

### A. The Scheduling Order Does Not Preclude Plaintiffs from Offering Rebuttal Reports.

Bright House has argued that the disclosure of the rebuttal reports was untimely under the CMSO. Because the CMSO did not mention rebuttal reports at all, Rule 26 governs the timing for any rebuttal reports. Under Rule 26(a)(2)(D)(ii), the reports were timely served.

The disclosure of a rebuttal report is timely under Rule 26(a)(2)(D)(ii) if it is served within 30 days of the report to which it is responding and "intended solely to contradict or rebut evidence on the same subject matter identified by" an opposing expert.  Fed. R. Civ. P. 26(a)(2)(D)(ii).[1]  Although Rule 26 requires that expert opinions be disclosed "at the times and in the sequence that the court orders," Fed. R. Civ. P. 26(a)(2)(D), when a CMSO fails "to set a deadline for the disclosure of rebuttal expert witness reports," that "simply means that rebuttal expert witness reports must be submitted within the period set forth in Rule 26(a)(2)(D)(ii)."  *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013); *see also McMahon v. Presidential Airways*, Inc., 2009 WL 2151316, at *1 (M.D. Fla. July 14, 2009) (explaining that "[b]ecause the Court has not ordered any deadlines for the disclosure of rebuttal witnesses, the general provision of Rule [26(a)(2)(D)(ii)] applies").  "This is the prevailing rule in this circuit and throughout the country."  *See, e.g.*, *Teledyne*, 2013 WL 5781274, at *17 (collecting cases); *see also Greer v. Ivey*, 2016 WL 11464646, at *2 n.4 (M.D. Fla. June 17, 2016) (following "the majority position" articulated in *Teledyne*).  Although a minority of courts have reached a different conclusion, *see, e.g.*, *Salvato v. Miley*, 2014 WL 12639956, at *2 (M.D. Fla. Jan. 9, 2014) (stating

---

[1] Some courts read Rule 26(a)(2)(D) as providing for more time: "an expert report must generally [be] filed more than ninety days before trial *or*, in the case of rebuttal reports only, an additional thirty days is allowed."  *Monopoly Hotel Grp., LLC v. Hyatt Hotels Corp.*, 291 F.R.D. 684, 687 (N.D. Ga. 2013) ("The Advisory Committee Notes make clear that the thirty-day period referred to in Rule 26(a)(2)(D)(ii) expands, rather than narrows, the deadline.").

"where a scheduling order is silent on rebuttal experts, the deadline for such disclosure found in Rule 26 does not apply" but declining to strike an expert as "too severe a sanction"), there is no reason to deviate in this case from the prevailing rule.

Bright House's premise that this Court's adoption of the operative CMSO "rejected an alternative structure which would have structured expert discovery as permitting 'opening' and 'rebuttal' reports," Motion at 6, is mistaken. The CMSO says nothing at all about rebuttal reports and the timing of their disclosure. It provides as follows:

| Disclosure of Expert Reports | |
|---|---|
| Plaintiff: | SEPTEMBER 29, 2021 |
| Defendant: | NOVEMBER 5, 2021 |
| Close of Expert Discovery | DECEMBER 17, 2021 |

Dkt. 314 at 2. Contrary to Bright House's claim, the CMSO does not by its "own text" state that "*all* of Plaintiffs' expert reports" must be disclosed by the September 29, 2021 deadline for "Plaintiff" expert reports—as if, by that date, Plaintiffs would be in a position to rebut reports that Defendant would not file until some five weeks later. *Id.* (emphasis added). The CMSO's deadlines simply reflect those presented by the parties in their joint motion. Specifically, although the parties had previously proposed a schedule that contemplated simultaneous deadlines for both sides for both opening and rebuttal expert reports, *see* Dkt. 254, the Court instead set a schedule providing staggered deadlines for "Plaintiff" and "Defendant" expert reports, *see* Dkt. 257. The parties then followed this

format when they jointly moved to amend the scheduling order. *See* Dkt. 306. There is no indication that the Court's schedule intended to give Bright House an opportunity for rebuttal, but to deprive Plaintiffs of that same opportunity.

The cases Bright House cites are inapposite. In *Lee-Bolton v. Koppers Inc.*, the court struck expert rebuttal reports where "rebuttal expert witnesses [were] specifically discussed and . . . intentionally omitted from the scheduling order because the parties represent[ed] to the Court that they [did] not intend[] to utilize rebuttal experts." 2015 WL 6394504, at *3 (N.D. Fla. Oct. 22, 2015). And in *Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, the Court struck "expert rebuttal reports[] served by *both* parties" after adopting a CMSO listing only one date for the disclosure of expert reports in response to the parties' request for staggered expert disclosure deadlines. 2003 WL 25778702, at *1 (M.D. Fla. Mar. 25, 2003) (emphasis added). Here, unlike *Lee-Bolton* and *Kelly*, the parties neither represented to the Court that they did not intend to utilize rebuttal reports, nor did the parties request staggered expert deadlines in their proposed schedule to which the CMSO responds.

### B. Bright House's Position Would Prejudice Plaintiffs By Permitting Only Bright House To Serve Rebuttal Reports.

Because rebuttal reports, by their very nature, must be served *after* another party has served a report on a particular subject, Fed. R. Civ. P. 26(a)(2)(D)(ii), Bright House's flawed interpretation of CMSO would, in practice, permit Bright House to present both affirmative and rebuttal expert opinions, while limiting Plaintiffs' experts to affirmative opinions only. That asymmetrical outcome is

- 4 -

untenable and would severely and unfairly prejudice Plaintiffs' ability to prosecute their case. Given the CMSO's silence on rebuttal reports and the prejudicial nature of denying Plaintiffs the opportunity to present rebuttal expert opinions after Bright House served expert reports offering both affirmative and rebuttal opinions, the Court "should not read the CMSO to abrogate a party's right to secure expert evidence in rebuttal." *Teledyne*, 2013 WL 5781274, at \*17.

Although Bright House urges the Court to deviate from the prevailing rule articulated in *Teledyne*, it fails to identify any meaningful dissimilarities between *Teledyne* and this case. First, Bright House's suggestion that *Teledyne* requires that rebuttal reports be served "more than a month before the discovery deadline," *see* Motion at 8-9 (quoting *Teledyne*, 2013 WL 5781274, at \*13), mischaracterizes the Court's approach there. Rather than set a bright line rule, the *Teledyne* Court declined to recognize prejudice to a party served with rebuttal reports where the party had "more than enough time to take depositions and designate rebuttal experts, if any were needed." *Teledyne*, 2013 WL 5781274, at \*13.

Here, on November 5, 2021, Bright House served expert reports, including reports from Dr. Aram Sinnreich and George Strong, each of which present both affirmative opinions and rebuttal opinions to Plaintiffs' damages expert, Dr. Harold Furchtgott-Roth. Consistent with the rebuttal deadline set by Rule 26(a)(2)(D)(ii), Plaintiffs served rebuttal reports from Professor On Amir and Dr. Furchtgott-Roth on December 6, 2021, within 30 days of Bright House's

disclosure, *see* Fed. R. Civ. P. 6.  Plaintiffs served expert rebuttal reports 11 days before the close of expert discovery, not on "the eve of the close of expert discovery," as Bright House contends, Motion at 9.  As in *Teledyne*, Bright House had "more than enough time" to depose Prof. Amir and, if necessary, to reschedule or continue Dr. Furchtgott-Roth's deposition.  2013 WL 5781274, at *13.  Plaintiffs offered to postpone Dr. Furchtgott-Roth's deposition to a mutually agreeable date or to allow Bright House to reserve deposition time for a continued deposition on a future date.  *See* Dkt. 420-4.  Yet Bright House chose not to cure any prejudice it could reasonably claim here, instead moving to strike Plaintiffs' rebuttal reports.  Furthermore, because Prof. Amir's and Dr. Furchtgott-Roth's rebuttal reports are limited to rebutting affirmative opinions offered by two of Bright House's experts, Bright House cannot (and thus does not need any time to) designate further rebuttal experts.

Bright House's contention that "discovery overload" sets this case apart from *Teledyne*, Motion at 9, is also meritless.  The parties agree that this is an exceptionally complex case and, for that reason, jointly moved to increase the allotted maximum number of depositions per side to twenty depositions, Dkt. 104 (granted at Dkt. 110) (citing "[the] numerous parties, including six distinct plaintiff groups, and complex factual and legal issues" at issue in this case).  Plaintiffs' decision to serve reports from a broad range of experts to assist the jury in understanding this complex case provides no basis to deny Plaintiffs an

opportunity to rebut affirmative opinions from Bright House's experts, as Bright House proposes.

Given the prevailing rule that Rule 26(a)(2)(D)(ii)'s 30-day deadline for rebuttal reports applies unless expressly abrogated, and that deviating from that rule would prejudice Plaintiffs, this Court should deny Bright House's motion to strike Plaintiffs' rebuttal expert reports.

## II. Even Assuming Plaintiffs' Reports Were Untimely, Exclusion Is Inappropriate Because Their Disclosure Was Substantially Justified And Harmless.

Because the December 6 rebuttal reports were timely served under Rule 26(a)(2)(D)(ii), the Court need not reach the question of whether Plaintiffs' disclosure was substantially justified or harmless under Rule 37(c)(1). In any event, however, exclusion would be inappropriate here because Plaintiffs' December 6 disclosure was substantially justified and harmless. *See* Fed. R. Civ. P. 37(c)(1).[2]

In determining whether to allow an untimely expert report under Rule 37(c)(1), courts consider: (1) the unfair prejudice or surprise of the opposing party; (2) that party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering

---

[2] Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012). These factors weigh against exclusion of Plaintiffs' rebuttal reports.

Here, Plaintiffs were substantially justified in relying on "the prevailing rule in this circuit and throughout the country", *Teledyne*, 2013 WL 5781274, at *17, and believing that they were permitted to serve rebuttal reports 30 days after Bright House's disclosure of new, affirmative expert opinions. *Cf. Hewitt*, 268 F.R.D. at 682 (substantial justification exists where a party "could satisfy a reasonable person that parties could differ as to whether the party" timely made its required disclosures).

Plaintiffs' disclosure of rebuttal opinions on December 6 is also substantially justified because Plaintiffs could not have disclosed those opinions by the initial September 29 deadline. Prof. Amir's and Dr. Furchtgott-Roth's rebuttal reports consist of opinions "intended solely to contradict or rebut evidence on the same subject matter identified by" Dr. Sinnreich and Mr. Strong. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiffs could not have disclosed Prof. Amir's and Dr. Furchtgott-Roth's rebuttal opinions until *after* they had received and had an opportunity to examine Dr. Sinnreich's and Mr. Strong's reports. For example, Prof. Amir offers opinions to rebut the survey research of the two Jupiter Research Reports relied upon by Dr. Sinnreich and the conclusions drawn from those reports by Dr. Sinnreich. *See* Declaration of Stacey K. Grigsby,

- 8 -

Ex. A (Expert Report of Professor On Amir).  Plaintiffs could not have offered those opinions prior to receiving Dr. Sinnreich's report.  Like Bright House, Plaintiffs should have an equal opportunity to rebut any affirmative expert opinions.  Accordingly, Plaintiffs' December 6 disclosure of the expert rebuttal reports was substantially justified.

Plaintiffs' December 6 disclosure was also harmless.  Bright House complains of prejudice and argues that no lesser sanction than exclusion is available.  Motion at 10-11.  But Plaintiffs' rebuttal reports were disclosed on the schedule provided by Rule 26(a)(2)(D)(ii), 11 days prior to the deadline for expert discovery, and more than five weeks prior to the deadline for dispositive and *Daubert* motions, allowing ample time for Bright House to depose Plaintiffs' experts without any disruption to the schedule or trial, which is not set to begin until August 2022.  The parties have already agreed to a post-deadline deposition of one of Bright House's expert witnesses that nonetheless allows sufficient time prior to the parties' filing deadlines to not prejudice Plaintiffs.  Plaintiffs also offered to postpone Dr. Furchtgott-Roth's deposition to a mutually agreeable date or to allow Bright House to reserve deposition time for a continued deposition on a future date.  *See* Dkt. 420-4.

Moreover, Bright House was not unfairly surprised by Plaintiffs' disclosure. Plaintiffs should be permitted to present at trial testimony rebutting the affirmative opinions of Bright House's experts, and Plaintiffs' December 6 disclosures serve to provide Bright House with notice of those rebuttal opinions.

Absent that, Bright House would be deprived only of its opportunity to learn of Plaintiffs' rebuttal opinions in advance of trial or, at the earliest, until Bright House deposed Plaintiffs' experts.  Furthermore, Bright House could not reasonably expect to have the opportunity to serve both affirmative and rebuttal expert opinions in advance of trial while limiting Plaintiffs to only the former.

Bright House had the ability to cure any surprise by deposing Prof. Amir and Dr. Furchtgott-Roth on their rebuttal opinions.  Bright House declined Plaintiffs' offer to continue Dr. Furchtgott-Roth's deposition or to reserve time and has yet to serve a notice of deposition for Prof. Amir.

Accordingly, even if the Court were to find that Plaintiffs' December 6 rebuttal reports were untimely, they should not be excluded because their disclosure does not prejudice Bright House, nor disrupt the schedule set forth in the CMSO.

## III.   Dr. Furchtgott-Roth's December 6 Report Is Proper Rebuttal Of The Affirmative Opinions Offered By Bright House's Experts.

Bright House claims that Dr. Furchtgott-Roth's rebuttal exceeds the scope of proper rebuttal under Rule 26(a)(2)(D)(ii), Motion at 12, but ignores that both Dr. Sinnreich and Mr. Strong offered affirmative opinions in their reports. Because Dr. Furchtgott-Roth's December 6 report responds to the affirmative opinions presented in Dr. Sinnreich's and Mr. Strong's reports, it is proper rebuttal.

Rebuttal experts may present evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by another

party." Fed. R. Civ. P 26(a)(2)(D)(ii).  "A proposed rebuttal expert satisfies this standard as long as the information provided by the rebuttal expert repels the affirmative expert testimony of the other party." *Roe Boat, LLC v. N&G Eng'g, Inc.*, 2020 WL 7416866, at *1 (S.D. Fla. Dec. 18, 2020).  Courts have wide discretion in deciding what constitutes proper rebuttal.  *Id.*; *see also Burger King Corp. v. Berry*, 2019 WL 571483, at *2 (S.D. Fla. Jan. 8, 2019) (collecting cases).

> ### A.   Dr. Sinnreich's and Mr. Strong's Reports Include Both Affirmative And Rebuttal Opinions.

Despite Bright House's arguments to the contrary, Dr. Sinnreich's and Mr. Strong's November 5 reports are not pure rebuttal reports, as evidenced by their structures and substantive contents.

Sections III to VII of Dr. Sinnreich's report present the following affirmative opinions:



Dr. Sinnreich does not engage with Dr. Furchtgott-Roth's proposed testimony at all in the affirmative parts of his report, which read in part as a digest of Dr. Sinnreich's publications. *See, e.g.*, *id.* at 15 & nn. 19-20, 17 & nn. 28, 30-31. Dr. Sinnreich's own description of his work confirms that he intended to offer affirmative opinions. ████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████ Dkt. 420-6 at 4 (emphasis added).  In light of Dr. Sinnreich's own description of his opinions, Bright House cannot dispute that Dr. Sinnreich's report advances his own theories, not just rebuttal of Dr. Furchtgott-Roth's proposed testimony.

Mr. Strong's report also clearly divides affirmative from rebuttal opinions. The report's sections are titled: ████████████████████████████████

██████████████████████████████████ Dkt. 420-5 (emphasis added).  In this so-called "Rebuttal Report," Mr. Strong presents the following affirmative opinions. ████████████████████████████████████

████████████████████████████████████████████████

- 12 -

███████████████████████████████████████

█████████████████████████████████████████████

Like Dr. Sinnreich, Mr. Strong describes the scope of his assignment as an

affirmative presentation separate from his rebuttal opinions:



*Id.* ¶ 6 (emphasis added).  ████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████  *Id.* ¶ 113.  That is an

affirmative opinion.  To this end, Mr. Strong lays out a distinct conceptual

framework for assessing statutory damages, including a quantitative assessment

of Plaintiffs' harms resulting from infringement.  Mr. Strong's ultimate

conclusion that  ███████████████████████████████████

██████████████████████████████████████

████████  ████████████, is not a rebuttal opinion because  ███████████

█████████████████████████████████████████████

██████████████████████  *See* Declaration of Stacey K.

Grigsby, Ex. B (Expert Report of Dr. Harold Furchtgott-Roth) ¶ 40.

In short, the tables of contents in both Dr. Sinnreich's and Mr. Strong's reports clearly demarcate affirmative from rebuttal opinions. Dr. Sinnreich and Mr. Strong also distinguish between affirmative and rebuttal opinions in describing the scope of their assignments. And finally, the opinions themselves confirm that they are affirmative in nature. As such, these reports go beyond genuine rebuttal in substance as well as form.

**B.   Dr. Furchtgott-Roth's Rebuttal Report Discloses Opinions Rebutting Dr. Sinnreich's and Mr. Strong's Affirmative Opinions.**

Dr. Furchtgott-Roth's December 6 report is proper rebuttal because it is limited in scope to opinions that rebut Mr. Strong's and Dr. Sinnreich's affirmative opinions:



Dr. Furchtgott-Roth's occasional references to other sections of Dr. Sinnreich's and Mr. Strong's reports or to his previously disclosed September 29

report do not transform his rebuttal opinions into sur-rebuttal opinions.  There is no reason why Dr. Furchtgott-Roth needs to rehash the same sources and information contained in his opening report to the extent that it also serves as rebuttal.  The substance of Dr. Furchtgott-Roth's December 6 report makes clear that it is proper rebuttal.

## CONCLUSION

For the reasons stated above, the Court should deny Bright House's Motion in its entirety.

Dated: December 27, 2021          Respectfully submitted,

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 10th St NW
Washington, DC 20001
Telephone: (202) 662-6000
sgrigsby@cov.com

Jonathan M. Sperling (*pro hac vice*)
Joshua B. Picker (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jpicker@cov.com

Neema T. Sahni (*pro hac vice*)
Mitchell A. Kamin (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800

nsahni@cov.com
mkamin@cov.com

Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Alexander Kaplan (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Stacey K. Grigsby*
Attorney for Plaintiffs