**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | |
| Plaintiffs, | |
| *v.* | Case No. 8:19-cv-00710-MSS-TGW |
| BRIGHT HOUSE NETWORKS, LLC | |
| Defendant. | |

## DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 1.11, Defendant Bright House Networks, LLC respectfully brings this unopposed motion for leave to file under seal Exhibits K, M, N, and V to Bright House's Motion For Curative Measures And Sanctions For Plaintiffs' Spoliation Of Evidence (the "Motion"). *See* Dkts. 447-12, -14, -15, -23 (Jan. 14, 2022). In support of this motion, Bright House states as follows:

1. Exhibits K, M, and N are reports of Karl N. Snow, Sandeep Chatterjee, and Barbara Frederiksen-Cross, respectively, served pursuant to Fed. R. Civ. P. 26(a)(2)(B) in this matter. These filings contain Bright House's commercially sensitive business information, including discussion of files allegedly shared by Bright House customers on its network; specific actions Bright House took in response to notices alleging copyright infringement by its customers; Bright House's purported technical capabilities for monitoring its customers' private Internet activity and identifying

specific customers who were the subject of notices of alleged infringement; Bright House's source code; and internal data generated by Bright House related to the same.

2.    Exhibit V is a demand letter from counsel for Plaintiffs to counsel for Bright House, sent in furtherance of settlement of purported claims.

3.    Bright House has also filed a redacted version of the Motion as well as placeholders in lieu of Exhibits A, C-J, L, O-T, and W-Y pursuant to Local Rule 1.11(d), and Bright House anticipates Plaintiffs may separately bring a motion for leave to have some or all of those materials filed under seal.

4.    The Eleventh Circuit provides that "[t]he common law right of access may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309)).  In determining whether good cause to seal materials exists, courts balance the party's privacy or proprietary interests in the information to be sealed with the public's interest in accessing the information. *Id.*

5.    Based on this balancing test, there is good cause to seal Exhibits K, M, N, and V to the Motion.  Bright House has substantial interests in maintaining as confidential information about subscriber activity on its network, its technological capabilities and source code related to its internal actions, and its data related to the same. *See Proxicom Wireless, LLC vs. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (recognizing litigant's "legitimate privacy interests" in protecting access to materials that, if made public, would "expos[e] [the litigant's] business and financial information to the public, including competitors").  The public's interest in accessing

these materials is low given the nature of the filings (a dispute over document preservation).

6.      Sealing all the supporting exhibits to the Motion in their entirety is not necessary in this instance; rather, sealing only Exhibits K, M, N, and V will adequately protect Bright House's interests.  *See* Local Rule 1.11(c)(3)(C).

7.      Bright House requests the Exhibits K, M, N, and V be maintained under seal for 90 days after this matter is closed and all appeals are exhausted.

8.      Plaintiffs do not oppose the relief sought in this motion.

For the foregoing reasons, Bright House respectfully requests that the Court grant it leave to file under seal Exhibits K, M, N, and V to Bright House's Motion For Curative Measures And Sanctions For Plaintiffs' Spoliation Of Evidence.  *See* Dkts. 447-12, -14, -15, -23 (Jan. 14, 2022).

Dated: January 14, 2022

Respectfully submitted,

/s/ Andrew H. Schapiro

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
Nathan A. Hamstra (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
andrewschapiro@quinnemanuel.com
nathanhamstra@quinnemanuel.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1000
jgolinveaux@winston.com

Todd Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
toddanten@quinnemanuel.com
jessicarose@quinnemanuel.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
melkin@winston.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY &
STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Tel: (813) 228-9080
wschifino@gunster.com

*Counsel for Bright House Networks, LLC*

4

## <u>L.R. 3.01(g) CERTIFICATION OF COUNSEL</u>

Pursuant to Local Rule 3.01(g), counsel for Bright House has conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the relief sought in this motion.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2022, I caused a true and correct copy of the foregoing and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro