## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

     Plaintiffs,

*v.*

BRIGHT HOUSE NETWORKS, LLC

     Defendant.

Case No. 8:19-cv-00710-MSS-TGW

**REDACTED PURSUANT TO LOCAL RULE 1.11(d)**

## BRIGHT HOUSE NETWORKS, LLC'S MOTION FOR DISCOVERY SANCTIONS AGAINST PLAINTIFFS PURSUANT TO FED. R. CIV. P. 37(c)

Pursuant to Federal Rule of Civil Procedure 37(c), Bright House Networks, LLC ("BHN") hereby brings this motion for discovery sanctions against Plaintiffs, and respectfully requests monetary sanctions and the exclusion of newly-disclosed evidence that Plaintiffs failed to produce during discovery, either through their own inexcusable oversight or as a result of discovery misconduct of their litigation consultant, MarkMonitor, Inc.[1]  This motion has been necessitated by Plaintiffs' disclosure █████████████████████████████████████████████████

█████████████████████████████████████████████████

---

[1]  BHN has filed a separate motion for contempt and sanctions against MarkMonitor in the miscellaneous action *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 8:20-mc-00064-MSS-TGW (M.D. Fla.).  The parallel motions are necessary because MarkMonitor is the non-party who violated the subpoena in its capacity as Plaintiffs' litigation consultant, but Plaintiffs are the parties who may seek to rely on the late-disclosed evidence in motions and at trial.

█████████████████████ could help defeat a spoliation motion BHN has filed against Plaintiffs. *See* Dkt. 447 (Spoliation Mot.).

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████ Dkt. 447 at 1-2. ████████████████████████████████████

██████████████████████████████████████████████████████████

*Id.* at 3. ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████ ████ ███████████████ ██████ █████ ██████████ ████████ ████

████████████████████████████████████████████. *Id.* at 8-9. ████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ *Id.*

at 9-12. ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Ex. A.

On January 4, 2022, BHN notified Plaintiffs of its intent to file a spoliation motion related to ██████████████████████████████████████████████████████

████████████████████████████████████████████████████. Ex. B. ***The very next day***, Plaintiffs' counsel informed BHN that ██████████████████████████████

███████████████████████████████ Ex. C. ████████████████████████████

███████████████████████████████████████. Ex. D at 34:10-15.

BHN made sincere efforts to confer with Plaintiffs regarding this development, but its inquiries and requests have been met with recalcitrance and indifference. Plaintiffs' counsel has derided BHN's counsel for being "ridiculous" and "histrionic" and has told BHN it should cure the prejudice by ███████████ outside of the discovery schedule, on its own expense, while preparing for trial. Exs. E-F. Plaintiffs' counsel have refused to disclose whether they have already ███████████ and, if so, whether they intend to affirmatively rely ██████ in motion practice or at trial. In fact, Plaintiffs' counsel has asserted privilege and work product protection over facts related to MarkMonitor's prior (inadequate) search efforts, its failure to timely notify the parties ████████████████████████.

BHN respectfully requests that the Court hold Plaintiffs accountable for the serious discovery transgressions that have occurred, which are neither substantially justified nor harmless. Not only was BHN deprived of discovery that it diligently sought during the fact discovery period, but it has been further prejudiced by unfair surprise in the midst of summary judgment and *Daubert* briefing, a critical stage of the case. To address this prejudice, BHN respectfully requests monetary and evidentiary sanctions under Rule 37(c).

## BACKGROUND

### A.   Plaintiffs' Close Affiliation With MarkMonitor

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████.[2] *See* Ex. G; *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 8:20-mc-00064-MSS-TGW ("*BHN v. MarkMonitor*"), Dkt. 8-1 ¶¶ 6, 8 (M.D. Fla.).

████████████████████████████████████████

██████████████████████████████████. *BHN v. MarkMonitor*, Dkt. 8-1 ¶ 9. ██████

████████████████████████████████████████

██████████████████████████████████████ Dkt. 447 at 9-12.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ Ex. A. ██████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ *Id.*

████████████████ *Id.*

████████████████████████████████████████

████████████████████████████████████████

██████████ as MarkMonitor claims that the majority of its post-2016 communications with the firm are protected from disclosure under the work product doctrine, attorney-client, and common interest privileges. *BHN v. MarkMonitor*, Dkt.

---

[2]   MarkMonitor was previously known as DtecNet Inc. and is now known as OpSec Security, Inc.

8-1 ¶ 15. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████. Exs. H-I.

**B.**   **Plaintiffs' Trial Narrative Regarding MarkMonitor Source Code**

The purported "reliability" of the system that MarkMonitor used to detect alleged infringement and generate copyright notices during the Notice Program, as evidenced by the underlying source code needed for that system to function, has long been one of the central themes of Plaintiffs' copyright litigation.

For example, in the 2019 trial of *Sony Music Entertainment v. Cox Communications*, No. 1:18-cv-950 (E.D. Va.) ("*Cox*"), Plaintiffs argued to the jury that MarkMonitor represented the "gold standard in antipiracy work" and that the system MarkMonitor used to generate copyright notices to ISPs was accurate and "reliable." Ex. J at 40:7-9, 44:1-4.  MarkMonitor's now-former Director of Strategic Accounts, Sam Bahun, testified on behalf of Plaintiffs at trial. *E.g.*, *id.* at 629-38.  Plaintiffs' technical expert, Barbara Frederiksen-Cross, testified that she reviewed MarkMonitor's source code and spoke with Mr. Bahun and MarkMonitor's now-former Director of Engineering, Slawomir Paszkowski, in connection with forming her opinion that the MarkMonitor system "accurately detects acts of copying and distribution on the internet" and "produces accurate notices that can be sent to an ISP like Cox to notify them of that activity." *Id.* at 420:9-421:12, 423:12-20.  Deposition testimony from Mr. Paszkowski was also played at trial.  *Id.* at 2110-23.  The MarkMonitor source code at issue in *Cox* was ████████████████████████████████.

### C.    BHN's Subpoena To MarkMonitor

More than two years ago, on December 20, 2019, BHN issued a document subpoena to MarkMonitor, which included, *inter alia*, requests that MarkMonitor make available for inspection the source code associated with the system MarkMonitor used to detect alleged infringing activity online and generate notices to BHN during the Claim Period.  Ex. K at RFPs 25, 41-42.  MarkMonitor eventually agreed to produce the code for inspection, subject to certain restrictive "ground rules." Ex. L at Resps. 25, 41-42.  Because MarkMonitor refused to comply with certain other parts of the subpoena, BHN brought a motion to compel that was transferred to this District.  *BHN v. MarkMonitor*, Dkts. 1, 26-32.  Plaintiffs appeared as "interested parties" in the miscellaneous action to oppose the motion to compel.  *BHN v. MarkMonitor*, Dkt. 35 at 1.  In their briefing, Plaintiffs argued that they were the owners of "confidential and proprietary information" sought by the subpoena to MarkMonitor.  *Id.* at 11.

### D.    MarkMonitor's Missing Source Code

██████████████████████████████████████████████

████████████████████████ . ███████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████ . Ex.

M. █████████████████████████████████

███████████████ Ex. D at 34:10-15. ████████████████████

███████████████████████████████████████

██████████████████████████████ Exs. M-P.  BHN's counsel

explained that ███████████████████████████████

███████████████████████████████████████

█████████ Ex. O.

    ████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████ Ex. Q.  On the

same day, Mr. Bahun provided a sworn verification stating that he had "personally

made a diligent search" as to whether MarkMonitor had responsive documents.  Ex.

R (verification); Ex. S (███████████████████████████████

████████████████████████████████ ").  This verification was provided

pursuant to an order in the parallel *Warner Records Inc. v. Charter Communications, Inc.*

case, No. 19-cv-00874-RBJ-MEH (D. Colo.) ("*Charter*").  *See Charter,* Dkt. 253 at 18

("**If no such documents exist, MarkMonitor shall state so in a verified response,**

**and Charter shall be entitled to rely on such representations.**") (emphasis in

original).[3]

_____

[3]  For coordination and efficiency purposes, counsel for Plaintiffs, BHN, and
MarkMonitor agreed that: █████████████████████████████
███████████████████████████████████████

On February 9, 2021, the missing source code was discussed at a hearing with the Special Master in the *Charter* case. Plaintiffs' counsel appeared at that hearing. Ex. V at 4:12-13. The Special Master again ordered MarkMonitor's counsel to confirm that the relevant "universe of source code" had been provided for inspection. *Id.* at 39:12-40:23. ████████████████████████████████

████████████████████████████████████████

████ Ex. W (emphasis added).

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

████████████████████████████████████████

████████████████████████████████

██████████

██████████████████████

Ex. D at 34:10-15 (emphasis added). ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ *Id.* at 47:12-50:16.

---

████████████████████████████████████████ Exs.

Q, S, T. ████████████████████████████████████████
Ex. U.



In deference to Judge Wilson's instruction that the Court would not entertain motions to produce materials a party represented did not exist, BHN did not bring a motion to compel production of the missing source code in this District.  Ex. Y (11/3/20 *BHN v. MarkMonitor* Hr'g Tr.) at 8:10-18 ("It's my position to take the parties representations that they [certain documents] don't exist ....  So that argument right now isn't going to go anywhere.").  On September 15, 2021, fact discovery closed. Dkt. 314.

### E.   <u>Expert Discovery Related to the Source Code</u>



▮▮▮. For example, in her Rule 26 report, Ms. Frederiksen-Cross ▮▮▮. Ex. Z ¶ 130 n.110 ("▮▮▮.").  She concludes that ▮▮▮ *Id.* ¶ 114. Ms. Frederiksen-Cross notes that ▮▮▮. *Id.* ¶ 68.

On November 5, 2021, BHN served its expert disclosures, including a Rule 26 report by its technical expert, Sandeep Chatterjee, that rebuts the opinions of Ms. Frederiksen-Cross.  In particular, Dr. Chatterjee observes that "▮▮▮." Ex. AA ¶ 320. ▮▮▮

███████████████████████████████████████████ *Id.* ¶¶ 8, 137, 322. ██████████████

████████████████████ was a subject of the depositions of Ms. Frederiksen-Cross and Dr.

Chatterjee.  Expert discovery closed on December 17, 2021.  Dkt. 314.

F.   **Plaintiffs' Post-Discovery Disclosure** █████████████████████.

On November 10, 2021, outside counsel conferred in the *Charter* case regarding

a motion for spoliation sanctions against Plaintiffs based in part on MarkMonitor's

failure, as Plaintiffs' agent, to preserve certain key evidence, including the missing

pieces of the source code.  Charter filed its spoliation motion in *Charter* on December

3, 2021.  *Charter*, Dkt. 593.

On January 4, 2022, BHN provided written notice to Plaintiffs of its intent to

also file a spoliation motion in the *Bright House* case.  Ex. B. ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████. Ex. C.  In addition,

Plaintiffs' counsel stated that █████████████████████████████████████████

████████████████████████████████. *Id.* ████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████.[4]  Ex. BB ¶ 10.  Despite BHN's repeated inquiries,

---



Rather than provide BHN with an explanation for this turn of events, Plaintiffs'

counsel ███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████. Exs. BB-CC.

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████. Ex. BB ¶ 11. █████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████. *Id.* ██████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████ *Id.* ¶ 12.

_____

██████████████████████████████████████████. *See* Ex. BB.

███████████████████████████████████████████████████████████████████

██████████████████████████████████." *Id.* ¶ 10.

███████████████████████████████████████████████████████████████████

██████ Ex. HH. ███████████ (which is not relevant to this case at any rate) should
likewise be excluded as untimely disclosed.



Ex. CC ¶ 22.

Ex. BB ¶ 1; Ex. CC ¶ 1.

On January 14, 2022, the parties filed summary judgment and *Daubert* motions, and BHN filed its spoliation motion against Plaintiffs.  To date, Plaintiffs continue to insist that BHN should inspect the ▮▮▮▮▮▮▮▮ on restrictive terms and at its own expense, but remain unwilling to address the impact on the case schedule and the resulting prejudice to BHN that will flow from such unauthorized discovery.

## LEGAL STANDARD

Under Rule 37(c), a party that fails to provide or supplement information as required by Rule 26(a) or (e) "is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "When a party fails to comply with Rule 26, the sanction of exclusion under Rule 37(c) is automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless."  *Zurich Am. Ins. Co. v. Hardin*, 2020 WL 1150981, at *3 (M.D. Fla. Mar. 10, 2020) (brackets and quotations omitted).  In addition, the Court may order payment of

expenses and fees incurred due to the party's failure, inform the jury of the failure, and impose "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1).

**ARGUMENT**

**I.    PLAINTIFFS ARE RESPONSIBLE FOR THE FAILURE TO TIMELY PRODUCE** █████████████

Due to the fact that MarkMonitor is Plaintiffs' "litigation consultant" and Plaintiffs have affirmatively relied on MarkMonitor to ███████████, provide testimony, and ██████████████████████, Plaintiffs should be held responsible for the failure to produce █████████████ during fact discovery and be barred from relying on it pursuant to Rule 37(c).

████████████████████████████████████

████████████████████████████████████

███████████████████. *BHN v. MarkMonitor*, Dkt. 8-1 ¶ 6. ███████████

████████████████████████████████████

████████████████████████████████████

████████████████ *Id.* ¶ 9. ████████████████████

████████████████████████████. ██████████████

████████████████████████████████████

████████████████████████████████████. Ex. A.

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

14

█████████ Sealed Filing, ████████████████████████████████████; *see also* Sealed

Filing, ██████████████████████████████ MarkMonitor is listed in

Plaintiffs' disclosures as a witness that Plaintiffs intend to rely upon to support their

claims at trial.  Ex. DD.  Plaintiffs are expected to call MarkMonitor corporate

representatives at trial (either live or via deposition testimony), as in the *Cox* trial.

With regard to ███████████████████ in particular, Plaintiffs' technical

expert, Ms. Frederiksen-Cross, ██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Ex. Z ¶¶ 65, 114.  ████████████████████████████████

████████████████████████████████████████████

████████████ *Id.* ¶ 68; Ex. EE at 116:4-12.  ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████. Ex. BB ¶¶ 11-12.  ████████████████████████

████████████████████████████████████████████

████████████████████████████ Ex. CC ¶ 22.

As with the *Cox* case, BHN expects Plaintiffs will rely on MarkMonitor source

code at trial to support their argument that the MarkMonitor system was accurate and

reliable.  *See* Ex. J at 40:7-9, 44:1-4 (Plaintiffs' counsel arguing that MarkMonitor's

system was the "gold standard in antipiracy work").  It was therefore incumbent upon

Plaintiffs to ensure that their litigation consultant timely produced ████████████ that Plaintiffs wish to rely upon to prove their case.  There is no dispute that Plaintiffs failed to do so.

## II.    SANCTIONS ARE WARRANTED

Having failed to timely produce ████████████, Plaintiffs may not now use it "to supply evidence on a motion, at a hearing, or at a trial" unless they can show that their failure was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). Courts analyze whether a failure to produce discovery was substantially justified or harmless through a variety of approaches.  No matter which is applied, Plaintiffs cannot meet their burden.

### A.    The Misconduct Is Neither "Substantially Justified" Nor "Harmless"

Courts hold that "[i]n determining whether a party has substantial justification for its actions, the court should ask whether reasonable people[] could differ as to whether the party was required to comply with the disclosure request." *Vilsant v. Saxon Mortg. Servs., Inc.*, 2009 WL 413724, at *3 (S.D. Fla. Feb. 18, 2009) (quotations omitted) (excluding evidence).  Here, Plaintiffs have conceded that there was a duty to provide ████████████████████████████████████████████████ ████████.  *See* Ex. FF (Plaintiffs' counsel stating that newly discovered ██████████████ was disclosed due to ongoing discovery obligations under Rule 26(e)).

Courts hold that conduct is "harmless" only "if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been

produced." *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 369 (M.D. Ala. 2001) (excluding evidence); *Zurich Am. Ins.*, 2020 WL 1150981, at *2 n.1 (same).  Here, there is no dispute that BHN lacked knowledge of what was contained  ; indeed, BHN pushed for production of . *Cf.* Fed. R. Civ. P. 37 adv. comm. notes (1993) (listing as an example of harmless conduct the "inadvertent omission … of the name of a potential witness known to all parties").  In situations like the one here, where the requesting party lacked the later-disclosed information while conducting discovery and preparing for summary judgment, courts readily find the discovery violation harmful.  *Go Med. Indus. Pty, Ltd. v. Inmed Corp.*, 300 F. Supp. 2d 1297, 1308-09 (N.D. Ga. 2003) (excluding evidence where party relied on incomplete discovery response in taking depositions and filing motion for summary judgment); *Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 692 (M.D. Ala. 2000) (similar); *Jones v. Aaron's Inc.*, 748 F. App'x 907, 914 (11th Cir. 2018) (similar).

## B.   The Multi-Factor Test Supports Sanctions

Courts in this Circuit also analyze substantial justification and harmlessness holistically by looking to a variety of factors for guidance.  These include "(1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; … (4) the offering party's explanation for its failure to timely disclose the evidence;" and (5) "the importance of the [nondisclosed materials]."  *Dais Analytic Corp. v. Soex (H.K.) Indus. &*

*Inv. Co.*, 2018 WL 11350577, at *1 (M.D. Fla. Sept. 18, 2018) (Scriven, J.) (quotations omitted) (factors 1-4); *GamerModz, LLC v. Golubev*, 2011 WL 4755026, at *7-8 (M.D. Fla. Aug. 3, 2011) (Wilson, J.) (quotations omitted) (factors 1, 4, 5).

   ***Unfair Prejudice and Surprise to BHN.***   Admission of the untimely            at this late stage would be highly prejudicial to BHN.  In order to adequately assess the impact of the newly discovered          on the case, and to prepare for trial, BHN would need to                 , re-open the Rule 30(b)(6) deposition of MarkMonitor (and take depositions of Mr. Bahun and Mr. Paszkowski, in their personal capacities, if they are not corporate designees), as well as conduct supplemental discovery of other third parties such as Audible Magic (whose computer system interacted with MarkMonitor's), in addition to serving supplemental expert reports, taking supplemental expert depositions, re-briefing *Daubert* motions, and re-briefing summary judgment.  This would require BHN to incur significant, duplicative costs.  It is just this type of scenario that courts find to be unduly prejudicial.  *See, e.g.*, *Stallworth*, 199 F.R.D. at 369 (party prejudiced "by having to spend additional time and resources, at the eleventh hour, analyzing and responding to [new] material"); *Houston Specialty Ins. Co. v. Vaughn*, 763 F. App'x 853, 855 (11th Cir. 2019) (late production "surprised [party], affected their litigation posture and strategy (e.g., by affecting their ability to make informed decisions), and caused them prejudice").

   ***BHN's Inability to Cure the Surprise.***   Plaintiffs have argued that BHN can simply cure the prejudice caused by the untimely disclosure of

                    at its own expense.  Ex. FF.  However, parties cannot

18

take it upon themselves to alter a court-ordered schedule, particularly in a way that jeopardizes the dispositive briefing schedule or trial date. *See Blythe v. Fifth Third Bank*, 2010 WL 11432601, at *3 (M.D. Fla. Jan. 19, 2010) (rejecting contention that "sanctions would be inappropriate because the parties have agreed to conduct discovery beyond the deadline"). And even if the parties informally agreed to conduct additional discovery, the Court has made clear that it will not provide any judicial intervention should that process break down. *See* Ex. GG (7/20/2021 Hr'g Tr.) at 114:15-20 (Judge Wilson stating, "Don't expect us to resolve some dispute that comes of some agreement between the parties."). Informally pursuing discovery where Plaintiffs and MarkMonitor have already shown blatant disregard for their discovery obligations is not a viable option for BHN.

And, even were the Court to amend its Case Management Order again (now for the fourth time) to re-open discovery, this would simply compound the prejudice to BHN. The discovery and subsequent motion practice that BHN would have to conduct would require retreading ground BHN has already covered, resulting in significant duplicative costs. *See Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co.*, 2010 WL 55595, at *6 (M.D. Fla. Jan. 5, 2010) (Scriven, J.) ("permit[ting] time to counter this evidence in an orderly fashion would penalize Defendant by increasing the litigation costs in this matter"). In addition, and as described below, redoing this work would require a continuance of the trial. A trial continuance is not appropriate to cure prejudice as it simply "punishe[s] the non-offending party." *Tarino v. Los Delfines Inc.*,

2015 WL 3761903, at *4 (S.D. Fla. June 11, 2015) (citing *Goforth v. Owens, M.D.,* 766 F.2d 1533, 1535 (11th Cir. 1985)).

*Likelihood of Disruption of Trial*.  Trial is set to begin in the August 2022 term, in approximately six months.  Dkt. 314.  Due to the Court's heavy felony trial calendar, the parties were instructed to have dispositive motions briefed five months prior to trial.  Dkt. 314, at II.B.1.  BHN dutifully adhered to the Court's instructions and filed its summary judgment and *Daubert* motions on January 14, 2022, according to the deadline set forth in the Scheduling Order.  *Id.* at 2.  Permitting Plaintiffs to rely on the late-disclosed evidence would upend the Court's schedule, delay or complicate dispositive motions already in progress, and disturb the Court's stated need to have adequate time "to research and resolve the dispositive motion sufficiently in advance of trial."  *Id.* at II.B.1.

Even if BHN could ██████████, retake fact depositions, prepare amended expert reports, and retake expert depositions in the upcoming months, the parties would still need to re-brief multiple *Daubert* motions and Plaintiffs' motion for partial summary judgment—and of course, the Court would need time to rule on those motions.  That is simply not feasible before August.  *See Bray & Gillespie,* 2010 WL 55595, at *5-6 (declining to grant continuance); *see also* Dkt. 314, at II.B.1 ("at least 5 months are required before trial to receive memoranda in opposition to a motion for summary judgment").

***Explanation for Failure to Disclose.***  The Court should not indulge Plaintiffs'
excuses, because its agent, MarkMonitor, affirmatively confirmed under oath and
upon the direction of a Court officer ████████████████████████████████.
Regardless, Plaintiffs have not described ***any*** efforts they took to ensure its litigation
consultant timely searched for the evidence that Plaintiffs now appear intent to rely on
at trial.

The only explanation offered for the failure to search for and produce the
requested ████████████ during the fact discovery period is ████████████
████████████████████████████████.  Courts reject such
rationalizations. *See Rabello v. Bell Helicopter Textron, Inc.*, 200 F.R.D. 484, 486 (S.D.
Fla. 2001) (imposing sanctions on party that produced four reports but failed to
produce a fifth one which had been "inadvertently overlooked" due to an "oversight");
*Stallworth*, 199 F.R.D. at 369 ("The federal discovery rules place an affirmative duty
upon a party and its counsel to produce not only responsive materials of which they
are aware, but also those which they reasonably *ought to have been aware*.") (emphasis
added).

And the failure to ████████████████████████████████
████████████████████████████ was egregious:  ████████████████
████████████████████████████████████████████.
Ex. BB ¶ 12. ████████████████████████████████████████
████████████████████████████, *id.*, is undermined by
abundant evidence, including that he was a key witness in the *Cox* trial (where his

deposition testimony was played); that he continues to serve as a key witness in *Charter* and *Bright House*;



*Supra*; Ex. BB ¶¶ 8, 11; Ex. EE at 115:17-116:3.  Of course, BHN has no immediate ability to probe ███████████████████████████████████████████████ .

 ***Importance.***  Finally, although courts consider the importance of the evidence in evaluating whether exclusion is appropriate, this factor does not favor Plaintiffs.  If Plaintiffs had truly considered ████████████ to be case-dispositive, then they should have assured that their litigation consultant exercised more diligence in preserving and producing the evidence.  They did not.  And Plaintiffs evidently were confident enough

in their case such that they moved for partial summary judgment in reliance on the scant evidence MarkMonitor did produce.  Plaintiffs should do the same at trial.

The situation here is different from the one presented in *Bray & Gillespie*, where this Court declined to exclude the plaintiff's late-disclosed evidence on the basis that doing so would have resulted in a "'fictional' presentation of evidence."  2010 WL 55595, at *6.  There, the evidence was all of the same nature—invoices for hotel stays in a lawsuit alleging business interruption of the hotel—but the timely-produced materials were uniformly favorable to the defendant and the untimely materials were favorable to the plaintiff.  Here, it is not possible to say whether ███████████ would be inherently favorable to one side or the other; BHN is not in a position to evaluate it, and while Plaintiffs will not state whether they have or have not inspected the ████ they have offered no reason that it would tilt the scales in one direction.

## III.    EVIDENTIARY EXCLUSION IS WARRANTED UNDER RULE 37(c)

Because Plaintiffs' discovery failures were neither substantially justified nor harmless, the Court should apply the "automatic and mandatory" sanction of evidentiary exclusion under Rule 37(c).  *Zurich Am. Ins.*, 2020 WL 1150981, at *3 (quotations omitted); *see also Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 691 (M.D. Ala. 2000) (Rule 37 "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified") (quotations omitted).  While Rule 37(c) allows the Court to impose other sanctions in lieu of (or in addition to) exclusion, "the required sanction in the ordinary case is mandatory preclusion."  *Burney*, 196 F.R.D. at 691 (quotations omitted).

Specifically, Plaintiffs should be barred from referring to or relying on ████ ████████████████████████████████████████████████████ on any motion or hearing or at trial. *See Dais Analytic*, 2018 WL 11350577, at *2 (Scriven, J.) (excluding evidence in part); *GamerModz*, 2011 WL 4755026, at *9 (Wilson, J.) (striking evidence in part). The Court should also impose the additional discretionary sanctions provided by Rule 37(c), including instructing the jury about Plaintiffs' failure to provide ████████████ and awarding BHN its costs and fees incurred since Plaintiffs raised the existence of ██████ on January 5, 2022, including costs and fees associated with bringing this motion. *See* Fed. R. Civ. P. 37(c)(1).

This range of sanctions is warranted here. Informing the jury of the discovery misconduct is necessary to allow the jurors to understand that the evidence put forward about the MarkMonitor system is incomplete due to no fault of BHN. Moreover, sanctions "should be sufficient both to remedy the immediate prejudice suffered by the Defendant and to serve as an example to other parties to 'insure the integrity of the discovery process.'" *Bray & Gillespie*, 2010 WL 55595, at *5 (quoting *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)). Importantly, this discovery misconduct by MarkMonitor has impacted not just one, but three, cases. MarkMonitor and a subset of the same plaintiffs apparently also failed to disclose material evidence in the *Cox* matter which preceded this case. *See Cox*, Dkt. 749 at 1-4. These discovery shortcomings evidently included not disclosing that the allegedly infringing music files that Plaintiffs had led Cox to believe were downloaded during

the claims period were in fact re-created by MarkMonitor after the fact, as well as failing to produce ███████████ that is the subject of this motion.  *Id.*

## IV.   ALTERNATIVELY, BHN NEEDS RELIEF FROM THE CASE MANAGEMENT ORDER

In the event that the Court concludes that evidentiary exclusion is not warranted, and only in the alternative, BHN respectfully requests relief from the Case Management Order so that it may: (1) █████████████████ and obtain written discovery related to it from Plaintiffs and their agents, including MarkMonitor; (2) re-open the Rule 30(b)(6) deposition of MarkMonitor (and take the depositions of Mr. Bahun and Mr. Paszkowski in their personal capacities, if they are not designated as corporate witnesses) and any other witnesses, as necessary; (3) serve amended expert disclosures; (4) re-open the deposition of Plaintiffs' putative technical expert, Barbara Frederiksen-Cross; (5) re-file or amend its *Daubert* motion to exclude the testimony of Ms. Frederiksen-Cross; and (6) have Plaintiffs' motions that rely on MarkMonitor source code evidence stricken (namely, their motion for partial summary judgment and their *Daubert* motions to exclude the testimony of Sandeep Chatterjee and Karl Snow).  In addition, BHN requests an award of its costs and fees incurred in carrying out this duplicative work.

## CONCLUSION

For the foregoing reasons, BHN respectfully requests that its Motion for Discovery Sanctions be granted.

Dated: February 4, 2022

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
Nathan A. Hamstra (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
andrewschapiro@quinnemanuel.com
nathanhamstra@quinnemanuel.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1000
jgolinveaux@winston.com

Todd Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
toddanten@quinnemanuel.com
jessicarose@quinnemanuel.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
melkin@winston.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY &
STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Tel: (813) 228-9080
wschifino@gunster.com

*Counsel for Bright House Networks, LLC*

## <u>L.R. 3.01(g) CERTIFICATION OF COUNSEL</u>

Pursuant to Local Rule 3.01(g), counsel for BHN has conferred with counsel for Plaintiffs regarding the relief sought in this motion, and the parties do not agree on the resolution of this motion, in whole or in part.  The parties conferred by email from January 5, 2022 through January 26, 2022 and conducted a telephonic conference on January 26, 2022.

<u>/s/ Andrew H. Schapiro</u><br>Andrew H. Schapiro

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2022, I caused a true and correct copy of the foregoing and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro