# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

        Plaintiffs,

                                    **Case No. 8:19-cv-710-MSS-TGW**

    v.

BRIGHT HOUSE NETWORKS, LLC,

        Defendant.


## PLAINTIFFS' OPPOSITION TO BRIGHT HOUSE NETWORKS' ("BHN") MOTION FOR CURATIVE MEASURES AND SANCTIONS FOR PLAINTIFFS' SPOLIATION OF EVIDENCE

## PRELIMINARY STATEMENT

Unable to dispute Plaintiffs' evidence of direct infringement, BHN now seeks to exclude it by complaining of ordinary-course deletion of other data long before a duty to preserve arose.  To do so, BHN invents a revisionist history of Plaintiffs' motivation for sending infringement notices, when Plaintiffs anticipated litigation, why MarkMonitor retained certain documents and not others, and alleged shortcomings in MarkMonitor's technical records.

Among other things, BHN claims that Plaintiffs spent "a decade" compiling evidence "to assert claims against Bright House."  But the reality is that Plaintiffs sent notices to BHN for years to *avoid* the need for litigation, not in anticipation of it.

███████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████ .

      ████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████  ██████████████████

███████████████████████████████████████████

---

[1] A "hash" or "hash value" is a unique identifier generated by a cryptographic algorithm for a specific file that acts as a file's "digital fingerprint."  Files with the same hash value are identical.

Against this backdrop, BHN's motion should be denied.

*First*, while fully half of BHN's spoliation allegations concern ███████

████████████████████████████████ BHN fails to show—and cannot

show—that Plaintiffs reasonably anticipated litigation until then.  The *Sony v. Cox*

court considered many of these same issues on Cox's similar spoliation motion and

found that, during the same 2012-2015 notice program at issue here, Plaintiffs did

not anticipate litigation and their retention efforts were reasonable.  Ex. 1 at 76:8-

77:12 (Sept. 27, 2019 Cox Hr'g Tr.).[2]

*Second*, Plaintiffs' retention efforts were also reasonable ████████████

█████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

█████████████████████████

*Third*, BHN's requested relief—████████████████████

████████████████████████████—is not logically

connected, and is grossly disproportionate, to any harm to BHN or culpability by

Plaintiffs for MarkMonitor's reasonable conduct.   The Motion should be denied.

---

[2] Exhibits are attached to the Declaration of Jeffrey M. Gould.

## **BACKGROUND**

In an effort to combat online piracy, ███████████████████████

**B.** ████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

**C.   MarkMonitor's process for detecting infringement and sending notices.**

Here is how the MarkMonitor process worked:

███████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

All the technical experts in this case, including BHN's, agree that hash values

reliably determine that one file is an exact copy of another—*i.e.*, that two files with the same hash value are identical and have the same contents.  Pls' SJ Mot. (Frederiksen-Cross Decl.) at ¶¶ 5-11; Ex. 6 ("Almeroth Tr.") at 145:7-9 ("If you have two different files and they are identical, they have the same hash values, so one is essentially a copy of the other"); Ex. 7 ("Chatterjee Tr.") at 148:5-11, 151:22-152:3.



**D.**

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

          ███████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

█   ███████████████████████████████████████████

   ████████████████████████████████

     █████████████████████████████████████████

███████████████     On December 17, 2015, a jury in *BMG v. Cox* found Cox

contributorily liable for its subscribers' infringements of musical works on P2P

networks.  Mot. at 9.  That case was the first of its kind to establish the liability of an

ISP for such claims.  ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████

     █████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

███████████████████████████████

████████████████████████████████

In discovery, Plaintiffs produced the following █████████████

- ████████████████████████████████████
████████████

- ████████████████████████████████

- █████████████████████████████████████
███████

Gould Decl. ¶ 6; Bahun Decl. ¶¶ 10-11.

## III.   BHN's Motion.



5. ███████████████████████████████████████
███████████████████████

## **LEGAL STANDARD**

Under Rule 37(e)(1), the Court may sanction a party only where: (1) that party had a duty to preserve in anticipation of litigation, (2) that "party failed to take reasonable steps to preserve," (3) the lost information "cannot be restored or replaced through additional discovery," and (4) the loss caused prejudice to another party. Upon such findings, the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Rule 37(e)(2) creates a separate remedy upon a showing of bad faith. Thus, if a "party acted with the intent to deprive another party of the information's use in the litigation," the Court may "presume that the lost information was unfavorable" and "instruct the jury that it may or must presume the information was unfavorable to the party." *Id.* § 37(e)(2).

## **ARGUMENT**

███ █████████████████████████████████████

Rule 37(e) "does not apply when information is lost before a duty to preserve arises." Fed. R. Civ. P. 37(e), 2015 Advisory Comm. notes. A duty to preserve only arises when litigation is "pending or reasonably foreseeable." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "To be reasonably foreseeable, litigation must have been contemplated—mere awareness of potential liability is insufficient to trigger a duty to preserve evidence." *Staple v. Nw. Mut. Life Ins. Co.*, 2020 WL 11272799, at *6 (M.D. Fla. Sept. 30, 2020) (Scriven, J.) (finding no duty to

preserve at time of deletion) (quotation omitted).  "Reasonable anticipation means something much more than a mere possibility of litigation."  *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 2018 WL 4856767, at *4 (N.D. Fla. Oct. 5, 2018) (quote omitted).

Consistent with this, the *Sedona Conference* guidelines instruct that "reasonable anticipation of litigation" arises only when "an organization is on notice of a credible probability that it will become involved in litigation, seriously contemplates initiating litigation, or when it takes specific actions to commence litigation."  *The Sedona Conf. Commentary on Legal Holds, Second Ed.: The Trigger & The Process*, 20 Sedona Conf. J. 341, 366 (2019).  Thus, in assessing a plaintiff's duty to preserve, the timing of the trigger "is often based on when the party 'determined [that] legal action was appropriate.'"  *Id.* at 371 (quoting *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 981 (9th Cir. 2009) (no duty to preserve since evidence was discarded "by the time" plaintiffs "determined legal action was appropriate")).

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████ BHN is wrong. ████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████



*See* Fed. R. Civ. P. 37, 2015 Advisory Comm. notes ("The fact that a party had an independent obligation to preserve information does not necessarily mean that it had such a duty with respect to the litigation[.]").[5]

*Winn-Dixie Stores, Inc. v. Dollar Tree Stores, Inc.* is instructive ███████████ ████████████████████████████████████████████████████████████████ ███ 2012 WL 12877648, at *1 (S.D. Fla. Mar. 12, 2012). There, the court found that Winn-Dixie had no duty to preserve until 2011, notwithstanding that it retained an

---

[4] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[5] It is undisputed that only the Record Company Plaintiffs (and not the Music Publisher Plaintiffs) are RIAA members, Marks Decl. ¶ 3, ███████████████████████████████████████████████████████████████████████████████████████████████████████████

expert in 2009 to determine whether "it had a potential claim to pursue." *Id.* Even

after plaintiffs' expert completed her "preliminary work," Winn-Dixie still had no

duty to preserve "because it had not yet determined which stores were being

impacted by violations, nor had it determined the identity of potential violators

linked to these locations." *Id.* That critical information, which allowed Winn-Dixie

to assess whether and against whom it may reasonably have had claims, came from

surveys of store managers in 2011. Holding that "Plaintiffs' duty to preserve did not

arise until after it received the surveys" in 2011, the court explained:

> The existence of a potential civil action and/or the duty to preserve evidence must
> be based on more than the mere possibility that something may occur at some
> time in the future. The duty to preserve arises when the party in possession of the
> evidence knows that litigation by the party seeking the evidence is pending or
> probable.

*Id.* (quotations omitted). ██████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████

**B.  The *Sony v. Cox* court rejected the exact same argument that a preservation duty arose during the 2012-2015 Notice Program.**

The court in *Sony v. Cox* rejected Cox's spoliation motion that argued, as BHN

does here, that Plaintiffs had a duty to preserve during the same 2012-2015 RIAA

Notice Program.  On full briefing and a hearing, the court found no duty to preserve:

> I do not find at this point in time that in the 2013/2014 time frame, that there was necessarily an anticipation of this litigation or this type of litigation that would require one to keep every piece of information relating to every examination, work, verification, or whatever of the various notices that were sent out during that time period. . . .
>
> I find at this point in time that there really wasn't a duty to preserve any more of the information than what was outlined in the Statement of Work, and that has been produced.

Ex. 1 at 76:8-77:12 (also finding Plaintiffs' retention efforts reasonable and finding no

intent to deprive).  To dull the effect of this persuasive precedent, BHN ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[6] ███████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████ *Staple*,

2020 WL 11272799, at *6 (Scriven, J.) ("Defendant has failed to meet its burden of

establishing spoliation because it cannot establish that [documents] were deleted at a

time when Plaintiff had a duty to preserve them.").

## II.   RIAA and MarkMonitor took reasonable steps to ensure relevant data was preserved and BHN fails to show any culpable conduct.

### A.   ██████████ RIAA and MarkMonitor took reasonable steps by ██████████████████████████████████████.

RIAA took reasonable steps on behalf of the Record Company Plaintiffs to

ensure that MarkMonitor preserved ████████████████████████. *See*

Fed. R. Civ. P. 37, 2015 Advisory Comm. notes (Rule 37(e) "recognizes that

'reasonable steps' to preserve suffice; it does not call for perfection"). ████

████████████████████████████████████████

████████████████████████████ the *Cox* court concluded that

"they had an agreement, they expected MarkMonitor to agree by it.  They did do it,

it seems reasonable.  So I think it has been reasonable." Ex. 1 at 77:3-6.

Ignoring this, BHN contends █████████████████████████

████████████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████



**B.** ████████████ **RIAA and MarkMonitor took reasonable steps to preserve by** ████████████████████████████



*See Easterwood v. Carnival Corp.*, 2020 WL 6781742, at *7 (S.D. Fla. Nov. 18, 2020) ("[A] corporation under a duty to preserve is not required to keep every shred of paper, every e-mail or electronic document, and every backup tape.") (quotation omitted); *Incardone v. Royal Caribbean Cruises, Ltd.*, 2019 WL 3779194, at *22 (S.D. Fla. Aug. 12, 2019) ("[T]he mere fact that a party had the ability to preserve more ESI does not necessarily mean that a decision to preserve less is evidence of a breach of the duty to preserve."); Fed. R. Civ. P. 37, 2015 Advisory Comm. notes (reasonable "does not call for perfection").

## III. BHN fails to demonstrate prejudice ███████████ ████████.

*No duty, no prejudice*. Under Rule 37(e), prejudice can warrant sanctions only if it results from the loss of information that a party had a duty to preserve. Because Plaintiffs had no duty to preserve ███████████████

███████████████

██████████ *See Staple*, 2020 WL 11272799, at *6. To justify sanctions, therefore, ███████████████

█████ This BHN cannot do.



**IV.   BHN's proposed remedies are disconnected from and grossly disproportionate to the alleged spoliation and harm.**

To determine whether and what spoliation sanctions are warranted, "courts should primarily consider the extent of prejudice[,] . . . whether that prejudice can be cured, and the culpability of the spoliator." *Barn Light Elec. Co. v. Barnlight Originals*, 2017 WL 11632537, at *5 (M.D. Fla. June 28, 2017). Rule 37(e)(1) grants courts discretion to order sanctions "no greater than necessary to cure the prejudice," and "does not require the court to adopt measures to cure every possible prejudicial effect." 2015 Advisory Comm. notes.

Here, there is no culpability for █████████████████████████████ ██████████████████████████████ Even assuming *arguendo* some culpability ██ ██████████████████████████████████, BHN fails to show any non-speculative or actual harm, ████████████████████████████████████.

██████████████████████████████████████████

████████████████████████████████   ███████████████████

███████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████



The sole case BHN cites
to support these remedies proves the point:  in *AXIS Ins. Co. v. Terry*, the defendant

recorded conversations with counsel without consent, then intentionally destroyed them during litigation.  2018 WL 9943825, at *7 (N.D. Ala. Apr. 23, 2018).  Nothing like that happened here.

BHN has wholly failed to demonstrate any bad-faith intent to deprive by MarkMonitor or RIAA, and certainly not by Plaintiffs, which Rule 37(e)(2) requires for an adverse instruction.  Lacking any actual evidence of bad faith, BHN summarily concludes ███████████████████████████████████

███████████ But inferring an intent to deprive from the mere fact of the deletion itself would render Rule 37(e)(2)'s intent-to-deprive requirement a nullity.  Courts reject BHN's approach, reserving adverse inference instructions for severely culpable misconduct simply not present here.  *See, e.g.*, *Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1219-20 (10th Cir. 2008) (because an adverse inference "is a powerful sanction" and "'brands one party as a bad actor' . . . courts require evidence of intentional destruction or bad faith") (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 900-01 (8th Cir. 2004)); *see also Nuvasive, Inc. v. Absolute Med.*, LLC, 2021 WL 3008153 at *6-7 (M.D. Fla. May 4, 2021) (adverse instruction warranted where defendant "*intentionally destroyed* vast amounts of evidence" and showed a "penchant for duplicity on the record in this litigation") (emphasis in original).

## CONCLUSION

For the foregoing reasons, BHN's motion should be denied in its entirety.

Dated: February 4, 2022                    Respectfully submitted,

                                           */s/ Jeffrey M. Gould*

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste. 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

David C. Banker, Esq. (0352977)
Bryan D. Hull, Esq. (020969)
BUSH ROSS, P.A.
1801 North Highland Ave.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*