## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC. *et al.*,

      Plaintiffs,

                            **Case No. 8:19-cv-710-MSS-TGW**

  v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.


## <u>PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS</u>

In a case where a defendant's knowledge and willfulness are at issue, as here, the defendant's internal emails from the relevant time period are often the most probative evidence. Despite being on notice of Plaintiffs' claims, Bright House Networks, LLC ("BHN") failed to preserve ███████████████████████ ████████████████████████████████████████████ ████████████████████

BHN repeatedly failed to take reasonable steps to preserve relevant evidence. *First,* ████████████████████████████████████ ████████████████████████████████████████ *Second,* ████████████████████████████████████████ ████████████████████████████████████ *Third,* ████████████████████████████████████ ████████████████████

*Fourth*, to make matters worse, ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████ it knew of mass infringement on its network and has

prevented Plaintiffs from challenging the credibility of BHN's witnesses' self-serving

testimony.  In particular, BHN has failed to preserve ██████████████████████

███████████████████████████████████████████

██████

    This unfair prejudice compels a remedy.  Fed. R. Civ. P. 37(e)(1).  The Court

should (i) preclude BHN from arguing that ██████████████████████████████

(ii) instruct the jury that BHN failed to take reasonable steps to preserve relevant

documents despite having an obligation to do so, and that the jury may consider this

fact in weighing the evidence; and (iii) permit Plaintiffs to introduce evidence and

argument at trial regarding BHN's preservation failures.

## <u>FACTUAL BACKGROUND</u>

**I.**   ███████████████████████████████████

On April 15, 2016, Plaintiffs sent BHN letters notifying it of Plaintiffs' claims.

Ex. 1[1]; Ex. 2 361:7–363:15 ("Harrison Tr."). ████████████████████████

██████████████████████████ Harrison Tr. 364:22-365:2.

███████████████████████████████

████████████████████████████████

████████████████████████████████████

███████ *Id.* 363:16-25, 365:3-15. ████████████████████

████████████████████████████████████

██████████████████████████ *Id.* 369:8-14.

████████████████████████████████

███████████████████████████████████

█████████████████████████, *id.* 342:12-344:6, █████████

██████████████████████████████

████████████████████████. Ex. 3 (████████████████

██████); Harrison Tr. 367:20-25. ████████████████████

███████████████████ Harrison Tr. 368:23-369:7, 384:7-13.

---

[1] Declaration of Corey Miller in Support of Plaintiffs' Motion for Spoliation Sanctions ("Miller Decl.") Ex. 1.  All Exhibits herein are attached to the Miller Declaration.

While BHN nonetheless maintains ██████████████████████

████, it has objected to Plaintiffs obtaining discovery that would undermine its

position.  BHN has objected to producing even ██████████████████

which would show ████████████████ Ex. 4, Entry 312.  BHN also has

objected to questions about ██████████████████████████

████████████████ Harrison Tr. 368:2-9 ("Q. ████████████████

████████████████████████████████████████████

████████████████ MR. ROSENTHAL: I'm going to instruct the witness not

to answer on the grounds of work product.").

**II.** ████████████████████████████████

Even though BHN now claims ████████████████████████

████████████████████," *id.* 371:23-372:2, ████████

████████████████████████████████████████

██████████████████.[2] Ex. 3; Harrison Tr. 380:23-381:22, 382:6-18,

391:17-21. ████████████████████████ the 16 employees whose files

────────────────────────

[2] ████████████████████████████████████████
██████████, *see* Harrison Tr. 391:22-392:16, ████████████████
████████████████████████████████ Ex. 3; Vasey Tr.
37:11-38:4, 52:1-23, 57:22-59:4.  In any event, ████████████████████
████████is irrelevant, because BHN did not search her files for relevant documents in
discovery in this case.

BHN deemed relevant and searched for responsive documents in discovery in this

case.  Miller Decl. ¶ 4.[3]

 Ex. 5 6-7.

Further, BHN identified four ████████ employees in its Initial Disclosures as

individuals "likely to have discoverable information."  These include Ash Ferrar,

Ron Hughes, and Bob Kuszmar, all of whom BHN's Initial Disclosures describe as

having "knowledge about the policies and practices of the BHN Security and Abuse

Team relating to the processing and handling of notices alleging copyright

infringement during the relevant time period."[5]  Ex. 6 4-7.

---

[3] Those 16 are: Jeffrey Coleman, Chris Droessler, Ash Ferrar, Tim Frendberg, William Futch, Cody Harrison, Trace Hollifield, Ron Hughes, Bob Kuszmar, Jason Liebold, Lenoard Neely, Marva Johnson, Bruce Jones, Gary Doda, Kathleen Rowett-O'Neill, and Michael Tomasullo.  Miller Decl. ¶ 4.

[4] ████████████████████████████████████████████ *Compare* Miller Decl. ¶ 4 *with* Ex. 5 6-7.

[5] ████████████████████ Marva Johnson, whom BHN's Initial Disclosures describe as having "knowledge of BHN's graduated response system for handling allegations of copyright infringement by BHN customers."  Ex. 6 at 6.  ████████████
████████████████████████

████████████████████████████████████████████████

████████████████ Gary Doda, BHN's Senior Manager of Technical

Communications and Customer Forums, Ex. 7 32:14-33:15, ████████████████

████████████████████████████ *id.* 34:7-13, ████████████

████████████████████████████████████████████

████████████████████████████████████████ *See* Ex. 8.

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ *See* Ex. 9 13:10-18, 14:5-13,15:7-12,

16:16-21, 20:13-17; Exs. 10-11.

**III.** ████████████████████████████████

████████████████████████

████████████████████████████████████████

████████████████████████████████ Harrison Tr.

389:15-20. ████████████████████████████████████

_____

[6] ████████████████████████████████████████

██████ *see* Ex. 12; ████████████████████████████

████████████████ *see* Ex. 13; ████████████

████████████████████████████████ *See*

Exs. 14-15.



*Id.* 389:21-390:3.

Ex. 16 99:24–100:19, 101:13–17, 139:1–140:20; Ex. 17 198:5–199:18, 206:2–207:5.

Harrison Tr. 390:4-8

**IV.**

BHN was acquired by Charter Communications, Inc. ("Charter") on May 18, 2016.  Charter Comm'ns, Inc., Charter Communications, Time Warner Cable and Bright House Networks Complete Transactions, https://ir.charter.com/news-releases/news-release-details/charter-communications-time-warner-cable-and-bright-house (last visited Feb. 1, 2022).  After the acquisition,



█████ Ex. 18 15:22-16:21 ("Vasey Tr."). ████████████████████████

█████████████████████████████████████████ *Id.* 16:22-18:17.

████████████████████████████████████████████████████

*Id.* 19:14-19. █████████████████████████████████████████

*Id.* ████████████████████████████████████████

████████████████████████████████ *Id.* 21:15-25. ██

████████████████████████████████████████████

████████████████████████████████████████

████ *Id.* 22:13-23, 23:12-17. ██████████████████████

████████████████████████████████████████████

████████████████ *Id.* 43:8-16, 46:2-14. ██████████████

██████████████████████████████████

█████████████████████████████████████

███████████████████████ *Id.* 71:22-72:4. ██████████

████████████████████████████████████████████

███████████████████████ *Id.* 51:2-8. ████████████████

███████████████████████████████████████

████ *Id.* 71:22-72:4, 90:19-91:16.

███████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████████ *Id.*

92:24-93:8; 96:8-17; 105:5-11. ███████████████████████

████████████████████████████████████████████████

███████████████

        ████████████████████████████████████

██████████████████████████████████████ *Id.* 83:9-15,

105:5-23. ████████████████████████████████████████

████████████████ r.  *Id.* 93:9-16. ████████████████████

████████████████████████████████████████████ *id.*

99:12-15, ████████████████████ *Id.* 100:18-101:2, 103:6-17, 106:21-

25.████████████████████████████████ *Id.* 107:1-11.

   **V.**   ████████████████████████

        The scope of BHN's failure to preserve ███████████████████████

██████████████████████████████████████████████

████████████████████████████████████ It is thus

impossible to know how much data has been lost forever.

        ██████████████████████████████████████████████

████████████████████. *Id.* 126:15-19. ████████████████

█████████████████████████████████████████████

███████████████████████████████. *Id.* 126:23-128:3.

████████████████████████████████████████████ Ex. 19.

████████████████████████████████████████████



██████████████████████████████████████████ *Id.* ████

████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

█████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████. Vasey Tr. 128:4-15. █████████████

████████████████████████████████████████████

████ *Id.* 132:21-133:6.

As a result of its massive preservation failures, BHN has produced—for the entire case, covering March 2012 to May 2016—only 1,562 documents. Miller Decl. ¶ 5. Of these, only 1,241 are emails or email attachments. *Id.* For seven of the custodians, BHN produced fewer than seven documents each; for three custodians, BHN did not produce *any* documents. Miller Decl. ¶ 6. For comparison, in Plaintiffs' currently pending case against Charter, involving similar claims and an identical time period, Charter has produced more than 14,000 emails and attachments, Miller Decl. ¶ 7, or more than ten times as many as BHN produced, even though Charter is also the subject of a spoliation motion in that case for, among other things, failing to preserve relevant emails. *See* Pls.' Mot. for Spoliation Sanctions, *Warner Recs. Inc. et al. v. Charter Comm'ns, Inc.*, No. 1:19-cv-00874-RBJ (D. Colo. Dec. 3, 2021), ECF Nos. 592, 594.

**VI.** ██████████████████████████████████████
████████████████████████████████

██████████████████████████████ BHN argues in

its summary judgment motion that ████████████████████████████

██████████████████████ and that ██████████████████████████

████████████████████████ Def. Bright House Networks,

LLC's Mot. for Summ. J. 13, 16.  But BHN failed to preserve ████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████

In particular, BHN failed to preserve ██████████████████████████

██████████████████████ BHN has argued that ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████ Def. Bright House Networks, LLC's Mot. for Summ. Judgment 6.

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████ *Id.* at 7. ████████████████████████████████████

███████████████████████████████████████████████████████████

11



Ex. 20.

Exs. 21, 22.

. *See, e.g.*, Ex. 23 at 5

Ex. 24.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 37(e), the Court may sanction a party

where: (1) that party failed to preserve electronically-stored information it should

have preserved, (2) the loss occurred because that "party failed to take reasonable

steps to preserve it," (3) the information "cannot be restored or replaced through

additional discovery," and (4) there is "prejudice to another party from the loss of the

information."  Fed. R. Civ. P. 37(e)-(e)(1).  Upon such findings, the Court "may

12

order measures no greater than necessary to cure the prejudice."  Fed. R. Civ. P. 37(e)(1).

## **ARGUMENT**

### I.      **Plaintiffs' notice letters triggered BHN's duty to preserve.**

There can be no doubt that Plaintiffs' notice letters triggered BHN's duty to preserve.  "The duty to preserve relevant evidence . . . is triggered not only when litigation is pending but also when it is reasonably foreseeable to that party." *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 740 (N.D. Ala. 2017), citing *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009).  In determining whether a party had a duty to preserve, "[c]ourts should consider the extent to which a party was on notice that litigation was likely . . ."  Fed. R. Civ. P. 37(e) advisory comm. note (2015).

Plaintiffs' letters, dated April 15, 2016, state that they "serve[] as formal notice of [Plaintiffs'] claim that Bright House is liable for copyright infringement" and invite BHN to sign a tolling agreement and engage in settlement discussions.  Pls.' 312 at 2, 6, 9.  These letters clearly made litigation reasonably foreseeable to BHN, triggering BHN's duty to preserve.

### II.      **BHN repeatedly failed to take reasonable steps to preserve ███████ ███████**

Rule 37 authorizes spoliation sanctions where a party "failed to take reasonable steps to preserve" information it had a duty to preserve.  A court need not find bad faith to order sanctions under this standard.  *Sosa v. Carnival Corp.*, 2018 WL

13

6335178, at *2 (S.D. Fla. Dec. 4, 2018) ("Rule 37 authorizes some relief for the loss

of [ESI] without bad faith[.]").  As set forth below, BHN failed to take reasonable

steps to preserve relevant information in several ways.

**A. BHN failed to take reasonable steps to preserve by** ███████████
████████████████████████

BHN does not dispute that ████████████████████████

████████████████████████████████████████—*see supra* 3—

████████████████████████████████████████

█████████████████████

BHN's after-the-fact assertion that ████████████████████████

█████████████ is not credible.  ████████████████████████

████████████████████████████████████████

████████████████████████████████████

█████████████  *See supra* 3.   Further, "it is well recognized that an oral litigation

hold is insufficient to reasonably protect against the spoliation of evidence." *Borum*

*v. Brentwood Vill.*, LLC, 332 F.R.D. 38, 46 (D.D.C. 2019) (citing cases). ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ BHN therefore failed to

reasonably protect against the destruction of evidence relevant to Plaintiffs' claims.

In addition, BHN has asserted privilege over the relevant documents and

instructed witnesses not to answer questions ████████████████████ *See*

14

*supra* 4.  BHN cannot use tactical, selective disclosures to offer a story about ██

████████████████████████████ while withholding the documents that would

allow Plaintiffs to test that story; the attorney-client privilege is "a shield, not a

sword, meaning that a party may not use the privilege to prejudice his opponent's

case by preventing the disclosure of damaging communications while disclos[ing]

some selected communications for self-serving purposes."  *Johnson v. 27th Ave. Caraf,*

*Inc.*, 9 F.4th 1300, 1313 (11th Cir. 2021) (internal quotation marks and citation

omitted) (alterations in original); *see also Fed. Trade Comm'n v. Williams, Scott &*

*Assocs., LLC*, 679 F. App'x 836, 838 (11th Cir. 2017) (holding affidavit inadmissible

because affiant who asserted privilege "could not then convert the privilege from a

shield into a sword by putting his version of the facts into written affidavits and

avoiding cross-examination") (cleaned up).

### B.  BHN failed to take reasonable steps to preserve by ████████████ ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████  *See supra* 4-5.  This was vastly insufficient.  "[T]he duty to preserve

evidence extends to those employees likely to have relevant information . . . ."

*Alabama Aircraft Indus.*, 319 F.R.D. at 740–41 (internal quotation marks and citation

omitted); *see also* Fed. R. Civ. P. 37(e) advisory comm. note (2015) ("Courts should

consider the extent to which . . . the information would be relevant.").

██████████████████████████████████

████████████████████████████████████

███████████████████████████████

████████████████████████████████████

████████████████████████████████

██████████████████████ *See supra* 5-6.  Indeed, BHN itself identified ████████

these employees in its Initial Disclosures as "likely to have discoverable

information."  As a sophisticated corporation, BHN was capable of identifying these

employees' relevance at the time and preserving their documents.  *See* Fed. R. Civ. P.

37(e) advisory comm. note (2015) ("The court should be sensitive to the party's

sophistication with regard to litigation in evaluating preservation efforts[.]").  ██

██████████████████████████ BHN failed to take reasonable steps to

preserve relevant evidence.

      **C. BHN failed to take reasonable steps to preserve by** ██████████
████████████

    BHN also failed to take reasonable steps to preserve by ████████████

██████████████████████████████████ *See supra* 6-

7. ████████████████████████████████████

██████████████████████ *Id.*

**D. BHN failed to take reasonable steps to preserve by** ██████████

██████████

██████████

██████████ *See supra* 8-9. ██████████

██████████, it and its

corporate successor, Charter, failed to act reasonably by ██████████

██████████

██████████

██████████ *Id.* ██████████

██████████

██████████. *See supra* 8. ██████████

██████████

██████████ *Id.*

██████████

██████████

Courts have held that analogous unexplained preservation failures constitute a

failure to take reasonable steps to preserve.  For example, *Williford v. Carnival Corp.*

held that a spoliator failed to take reasonable steps to preserve where, like here, the

spoliator "has not offered any evidence about the circumstances surrounding the loss

or destruction" but has instead claimed data could not be located "due to some

unspecified 'technical' problem."  *Williford v. Carnival Corp.*, 2019 WL 2269155, at

*12 (S.D. Fla. May 28, 2019).  Similarly, *Sosa* held the spoliator failed to take

reasonable steps where it could not explain how the spoliation occurred, and offered only "hypotheticals and theories," but failed to "introduce any *evidence*" showing how the spoliation actually happened. *Sosa*, 2018 WL 6335178, at *19 (emphasis original).

**III.** ████████████████████████████████████████████

The miniscule number of documents BHN has produced demonstrates that ██████████████████████████████████████████████████ *See supra* 9. ██████ ███████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████ █████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████████████████████ █████████████████████████████████████████████████ ██████████████████████████████████ Vasey Tr. 109:10-110:14. But he did so by reading into the record a document that BHN's counsel had created; the witness admitted both that, " I don't know what documents were used to create this document," and that he had

not "done anything to verify the accuracy of the information contained in this document." *Id.* 110:21-112:12.  BHN's counsel further admitted that BHN had withheld as privileged some of the records on which this document was based. *Id.* 116:13-18.  Similarly, while a BHN employee testified to █████████████

████████████████████████████████████████████████████████████████████

███████████████████████████ Harrison Tr. 410:24-411:11.  Nor has BHN produced any of the underlying records on this point.[7]  This testimony is not reliable, is unsupported, and should be disregarded.  Other than this unreliable testimony, there is no evidence in the record showing ████████████████████████████

████████████████████████████████████████████

### IV.   BHN's failure to preserve emails has prejudiced Plaintiffs' ability to prove their case.

Rule 37(e) "'does not place a burden of proving or disproving prejudice on one party or the other.'"  *Sosa*, 2018 WL 6335178, at *15 (quoting Fed. R. Civ. P. 37(e) advisory comm. note (2015).  This is because "[d]etermining the content of lost information may be a difficult task in some cases, and placing the burden of proving prejudice on the party that did not lose the information may be unfair."  Fed. R. Civ. P. 37(e) advisory comm. note (2015).

---

[7] ███████████████████████████████████████████████████████████
████████ Vasey Tr. 136:2-11, 137:2-6. ████████████████████████████
███████████████████████████████ Harrison 415:19-416:8; Vasey 133:10-17.
███████████████████████████████████████████████████████████████
████████████ Vasey Tr. 134:14-135:25.

██████████████ have seriously prejudiced Plaintiffs.  BHN's knowledge and willfulness are at the very heart of the case.[8] ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████. Because BHN failed to preserve ██████████████████████████████, Plaintiffs "ha[ve] been severely prejudiced because [they are] left unable to disprove Defendants' self-serving declaratory and testimonial evidence." *Nuvasive, Inc. v. Absolute Med., LLC*, 2021 WL 3008153, at *7 (M.D. Fla. May 4, 2021); *see also Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945-46 (11th Cir. 2005) (finding "extreme prejudice" where party destroyed "reliable evidence tending to prove or disprove the validity of [spoliator's witness's] statements"); *Virtual Studios, Inc. v. Stanton Carpet Corp.*, 2016 WL 5339601, at *10 (N.D. Ga. June 23, 2016) ("loss of [] e-mails certainly is prejudicial" where "e-mails at issue would be helpful in evaluating the merits of the Parties' positions").

Highlighting the significance of the preservation failure, an ISP's internal emails have been crucial evidence in analogous secondary copyright liability suits

--------

[8] ████████████████████████████████████████████  *See* ECF No. 447 at 8, 17, 19. ███
████████████████████

against ISPs. *See, e.g.*, *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 303 (4th Cir. 2018) (relying on defendant's internal emails to affirm rejection of DMCA safe-harbor defense); *Sony Music Entm't v. Cox Commc'ns, Inc.*, 464 F. Supp. 3d 795, 814-15, 846 (E.D. Va. June 2, 2020) (relying on defendant's internal emails to uphold jury verdict on vicarious liability and statutory damages); *UMG Recs., Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 754-58, 769-70 (W.D. Tex. 2019) (relying on defendant's internal emails to reject DMCA safe-harbor defense and deny summary judgment on willfulness). ████████████████

████████████████████

## V. The prejudice Plaintiffs have suffered from BHN's preservation failures justifies the sanctions Plaintiffs request.

To cure the prejudice from BHN's preservation failures, the Court should (i) ████████████████████████████████████ (ii) instruct the jury that BHN failed to take reasonable steps to preserve relevant documents despite having an obligation to do so, and that the jury may consider this fact in weighing the evidence; and (iii) permit Plaintiffs to introduce evidence and argument at trial regarding BHN's preservation failures. All these measures are "necessary to cure the prejudice," as Rule 37(e)(1) requires. Nor do any of these measures require a finding that BHN acted with the intent to deprive Plaintiffs of this evidence. Fed. R. Civ. P. 37(e)(1).

The Court should preclude BHN from arguing that ████████████ ████████████ because BHN failed to preserve ████████ that would show

whether or not that is true.  *See supra* 11-12.  BHN cannot destroy the evidence that

would show whether ███████████████████████ and then argue the absence

of such evidence to the jury as proof that ████████████████████.  *See*

*Cavanaugh v. Kroger Co.*, 2019 WL 12763041, at *2 (N.D. Ga. Nov. 6, 2019)

(precluding spoliator from "refut[ing] or contest[ing]" issue where "Plaintiff has

suffered prejudice based on Defendant's failure to document and preserve [key

evidence] and that prejudice cannot be cured").

      Similarly, as set forth in Plaintiffs' opposition to BHN's summary judgment

motion, the Court should deny BHN's motion for summary judgment to the extent

BHN's motion relies on ████████████████████████ Pls.'

Mem. in Opp. to Bright House Networks' Mot. for Summ. J. 4, 19-20.  BHN's

summary judgment motion argues that ████████████████████████

████████████████████████████████████████████

████████  Def. BHN Networks, LLC's Mot. for Summ. J. 17.  But BHN failed to

preserve the evidence that would show whether ████████████████ *See*

*supra* 11-12.  Again, BHN cannot rely on ████████████████████, and

therefore this prong of its summary judgment motion should be denied.  Fed. R. Civ.

P. 56(a); *Woodard v. Wal-Mart Stores East, LP*, 801 F. Supp. 2d 1363, 1370-71 (M.D.

Ga. 2011) (denying Wal-Mart's summary judgment motion where Wal-Mart

spoliated evidence because "the loss of the [evidence] is sufficient to create an issue

of material fact as to whether Wal–Mart had actual or constructive knowledge . . .").

The Court should instruct the jury that BHN failed to take reasonable steps to preserve relevant documents despite having an obligation to do so, and that the jury may consider this fact in weighing the evidence.  This instruction would inform the jury of the key facts regarding BHN's responsibility for its preservation failures, while properly leaving it to the jury to decide whether and how to weigh BHN's preservation failures in evaluating the evidence.[9]  *See Stallings v. Michelin N. Am., Inc.*, 2012 WL 12951529, at *4 (N.D. Ga. Feb. 15, 2012) (making spoliation findings and holding that, "the Court's [] spoliation findings shall be admissible, and the facts specifically set forth in that finding shall be admissible").

Finally, the Court should permit Plaintiffs to introduce evidence and argument regarding BHN's spoliation.  That BHN failed to preserve relevant information is a significant fact that the jury should consider, and Plaintiffs are entitled to argue to the jury that BHN's preservation failure has limited their ability to challenge BHN's claims.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court:

(i)     preclude BHN from arguing that ███████████████████
        █████

(ii)    instruct the jury that BHN failed to take reasonable steps to
        preserve relevant documents despite having an obligation to do so,

---

[9] This instruction differs from an adverse inference instruction because it would not instruct the jury that it "may . . . presume that the lost information was unfavorable to the party[.]" Fed. R. Civ. P. 37(e)(2)(A).

and that the jury may consider this fact in weighing the evidence; and

(iii)    permit Plaintiffs to introduce evidence and argument at trial regarding BHN's preservation failures.


Dated:  February 14, 2022                    */s/ Jeffrey M. Gould*

Jonathan M. Sperling (pro hac vice)          Matthew J. Oppenheim (pro hac vice)
COVINGTON & BURLING LLP                       Jeffrey M. Gould (pro hac vice)
The New York Times Building                   Alexander Kaplan (pro hac vice)
620 Eighth Avenue                             Corey Miller (pro hac vice)
New York, NY 10018-1405                       OPPENHEIM + ZEBRAK, LLP
Telephone: (212) 841-1000                     4530 Wisconsin Ave. NW, 5th Floor
jsperling@cov.com                             Washington, DC 20016
                                              Telephone: (202) 621-9027
Neema T. Sahni (pro hac vice)                 matt@oandzlaw.com
COVINGTON & BURLING LLP                       jeff@oandzlaw.com
1999 Avenue of the Stars, Ste 3500            alex@oandzlaw.com
Los Angeles, CA 90067-4643                    corey@oandzlaw.com
Telephone: (424) 332-4800
nsahni@cov.com

                                              *Attorneys for Plaintiffs*


**Local Rule 3.01(g) Certification:**  The parties conferred by phone on January 10, 2022 regarding the issues raised by this motion and could not reach agreement.

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, I caused the foregoing document and all accompanying materials to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Jeffrey M. Gould*