UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC. *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

**TIME-SENSITIVE NOTICE OF SUPPLEMENTAL FACTS
AND MOTION FOR LIMITED DISCOVERY AND TO MODIFY
BRIEFING SCHEDULES FOR BRIGHT HOUSE'S SANCTIONS
MOTIONS AGAINST PLAINTIFFS**

Plaintiffs submit this Notice and Motion to update the Court on significant new facts impacting multiple pending sanctions motions filed by Defendant Bright House Networks, LLC ("Bright House"). Specifically, MarkMonitor's missing source code, the loss of which is at issue in Bright House's spoliation motion, appears recently to have been found. Accordingly, to allow the parties to fully develop the record regarding this newly discovered source code, whether any relevant material actually has been lost, and whether Bright House has been prejudiced at all, Plaintiffs respectfully request that the Court permit limited discovery to address these issues and modify the briefing schedules for Bright House's sanctions motions as described herein.

This motion is time-sensitive because, absent relief, Plaintiffs' deadline to respond to Bright House's Rule 37(c) sanctions motion is Friday, February 25, 2022. Accordingly, a ruling is respectfully requested by Thursday, February 24, 2022.

### I.  Background

On January 14, 2022, Bright House filed a Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence (the "37(e) Motion"). ECF No. 447. The 37(e) Motion seeks sanctions in part based on Bright House's claim that MarkMonitor, Plaintiffs' antipiracy vendor, failed to retain "[o]perable portions of the source code used by MarkMonitor during 2012-2016 for Audible Magic 'file verification.'" 37(e) Mot. at 8, 19, 21. The 37(e) Motion noted that this source code consisted of two programs: "Torrent Manager" and "File Hash Manager." *Id.* at 8 n.5. Bright House acknowledged that MarkMonitor had recently found the code for File Hash Manager but argued that the missing code for Torrent Manager merited spoliation sanctions. *Id.*

On February 4, 2022, Bright House filed a separate Motion for Discovery Sanctions Against Plaintiffs Pursuant to Federal Rule of Civil Procedure 37(c) (the "37(c) Motion"). ECF No. 471. The 37(c) Motion seeks sanctions against Plaintiffs based on when MarkMonitor found the File Hash Manager source code and

2

disclosed it to Bright House. 37(c) Mot. at 11-25. Plaintiffs' opposition to the 37(c) Motion is due Friday, February 25, 2022. ECF No. 479.[1]

## II. MarkMonitor disclosed last week that it recently found additional source code at issue.

On February 17, 2022, MarkMonitor disclosed to the parties that MarkMonitor had continued to investigate the missing source code and had found additional code at issue. Specifically, MarkMonitor disclosed that it had found the source code for the relevant time period for Torrent Manager—the only code at issue in the 37(e) Motion.

## III. The Court should permit limited discovery and modify the briefing schedule for the 37(e) and 37(c) Motions to allow the parties to fully develop the record regarding MarkMonitor's source code.

MarkMonitor's disclosure that it has found the source code for Torrent Manager materially impacts the parties' arguments regarding the 37(e) and 37(c) Motions. For example, a predicate element of sanctions under Fed. R. Civ. P. 37(e) is that "electronically stored information . . . is lost . . . ," and MarkMonitor's recent disclosures indicate that the source code that Bright House's 37(e) motion claimed was spoliated is not, in fact, lost. And if Bright House (as seems likely) now plans to seek sanctions in connection with the Torrent Manager source code under Rule

---

[1] Also on February 4, 2022, Bright House filed a separate, similar motion against MarkMonitor for contempt and sanctions in its miscellaneous action against MarkMonitor. *See* Motion for Discovery Sanctions Against MarkMonitor, Inc. Pursuant to Fed. R. Civ. P. 37(c) and 45(g), *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 8:20-mc-00064-MSS-TGW (M.D. Fl.), ECF No. 53. MarkMonitor's response is also due February 25, 2022. *Id.* at ECF No. 63.

37(c), and no longer under Rule 37(e), then the most sensible and efficient procedure is for Bright House to amend its pending Rule 37(c) motion, rather than bringing a separate, largely duplicative motion.

Bright House's sanctions motions should be decided on a complete, accurate, and up-to-date factual record. To facilitate that goal, the parties must have an opportunity to review MarkMonitor's recently located source code and apprise the Court of the effect, if any, of this code's discovery on Bright House's pending sanctions motions. Permitting this limited discovery and modifying the briefing schedule on these motions will not affect the trial date, currently set for August 2022. No summary judgment motion turns on this MarkMonitor source code. In accordance with that objective, Plaintiffs propose the following revisions to the briefing schedules for the 37(e) and 37(c) Motions:

- The parties will complete review of MarkMonitor's recently located source code by March 18, 2022.[2] This time is necessary for the parties to arrange, consistent with the procedures for source code review in the Protective Order, for their technical experts to travel to the location of MarkMonitor's counsel to review the code. ECF No. 58 at 6 (stating that source code "shall be made available for inspection . . . at an office of the designating party's counsel or another mutually agreeable location").

- With regard to the 37(e) Motion, by April 1, 2022 (14 days after the deadline to complete review of the newly discovered source code), the parties will submit simultaneous five-page briefs addressing only the newly discovered source code and its effect on the issues in the 37(e) Motion.

---

[2] MarkMonitor has offered to cover Bright House's costs in connection with this review, up to $12,000.

4

- With regard to the 37(c) Motion:

    o Plaintiffs' Opposition, due February 25, 2022, will be continued.

    o By April 1, 2022, Bright House may submit a revised 37(c) motion incorporating, to the extent necessary, any new information learned from review of the recently located source code.

    o Plaintiffs' Opposition to Bright House's revised 37(c) motion will be due April 15, 2022.

## **CONCLUSION**

Plaintiffs respectfully request that the Court modify the briefing schedules for the 37(c) and 37(e) Motions as stated above.

Dated:  February 23, 2022

Jonathan M. Sperling (pro hac vice)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni (pro hac vice)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

*/s/ Jeffrey M. Gould*

Matthew J. Oppenheim (pro hac vice)
Jeffrey M. Gould (pro hac vice)
Alexander Kaplan (pro hac vice)
Corey Miller (pro hac vice)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com
corey@oandzlaw.com

*Attorneys for Plaintiffs*

**Local Rule 3.01(g) Certification:**  The parties conferred by email between February 18 and February 23, 2022 regarding the issues raised by this motion and could not reach agreement.