UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

      Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

Case No. 8:19-cv-710-MSS-TGW

**PLAINTIFFS' MOTION TO STRIKE PORTIONS OF THE OPPOSITION DECLARATIONS OF DUNCAN HALL, TIMOTHY FRENDBERG, AND <u>ANDREW SCHAPIRO</u>**

As with Bright House Networks' ("BHN") own motion for summary judgment ("MSJ"), its opposition to Plaintiffs' summary judgment motion ("Opposition") relies on inadmissible testimony in an attempt to manufacture fact disputes. Plaintiffs are therefore forced, again, to move to strike. The Declarations of Duncan Hall ("Hall Opp. Declaration"), Timothy Frendberg ("Frendberg Opp. Declaration"), and Andrew Schapiro ("Schapiro Opp. Declaration") suffer from the same defects as their declarations in support of BHN's MSJ, in proffering evidence that would never be admissible at trial. They therefore cannot be used to oppose summary judgment. Fed. R. Civ. Proc. 56(c)(4).

**I.    BHN's Opposition Relies on the Same, Inadmissible Hall Printouts and Frendberg "Promotion" Testimony as Does BHN's MSJ.**

The Hall Opposition Declaration is identical to the Hall MSJ Declaration subject to Plaintiffs' February 14 Motion to Strike (ECF 483). Paragraph 10 of the

Frendberg Opp. Declaration is identical (but for a proofing fix) to the portion of the Frendberg MSJ Declaration subject to Plaintiffs' February 14 Motion to Strike. And, like BHN's MSJ, its Opposition relies on these declarations for the propositions that the "Copyright Alert System" ("CAS") was promoted by Plaintiffs as a set "best practices" (Opp. at 2-3), and was in fact a set of "best practices" (Opp. at 11-12, 17).

Exhibit A to the Hall Opp. Declaration ("Hall Printouts") and Paragraph 10 of the Frendberg Opp. Declaration should therefore be stricken for the same reasons detailed in Plaintiffs' February 14 Motion to Strike. See ECF 483 at 2-7. *First*, the Hall Printouts are not authenticated because there is no evidence that they are what they are claimed to be (statements by or on behalf of Plaintiffs). See *id*. at 3-5. *Second*, the Hall Printouts are hearsay. Like BHN's MSJ, its Opposition relies on the Printouts not only for the fact that the out-of-court statements were made, but for the truth of the matter asserted: that CAS represented "a set of 'best practices.'" Opp. at 11-12; *see also id*. at 16 ("prevailing industry standard"); *see also* ECF 483 at 5-6. *Third*, Mr. Frendberg made clear in his deposition testimony that he does not know anything about the "promotion" of CAS beyond the hearsay screenshots. ECF 483 at 7. His declaration testimony that Plaintiffs "promoted" CAS "as a set of best practices" is therefore hearsay made without personal knowledge. *Id*.

2

## II. Portions of the Schapiro Opp. Declaration Must Be Stricken.

### A. The attorney argument in the Schapiro Opp. Declaration must be stricken.

The Schapiro Opp. Declaration offers inadmissible attorney argument and observations about Plaintiffs' ownership of their works, based on Mr. Schapiro's interpretations of Plaintiffs' copyright registrations, chain-of-title documents, and related declarations. Schapiro Opp. Decl. ¶¶ 19-26. For example, Mr. Schapiro states that:

- "Plaintiffs' declarants aver a contractual relationship with the author of the work, not the claimant identified on the copyright registrations," ¶ 19;
- "WEAII does not explain, however, how Taste Media Ltd. obtained any rights to these works," ¶ 23;
- "Plaintiffs WB Music (n/k/a WC Music) and Warner-Tamerlane do not aver that they purchased any rights to the 11 Copyrighted Compositions at issue, however," ¶ 24;
- "The copyright registration certificates submitted by Plaintiffs in connection with these works either do not list the asserted work (because the work is a track that is not identified as part of the registered album) or the certificates expressly exclude the asserted work, as indicated in Column H," ¶ 25; and
- "Plaintiffs do not otherwise explain that the right to sue for past infringements was acquired in connection with the identified merger," ¶ 26.

These paragraphs go well beyond merely establishing that the exhibits attached are true and correct copies of what they purport to be. Instead, they offer argument over whether the evidence is sufficient to entitle Plaintiffs to partial summary judgment on ownership of particular works. Mr. Schapiro has no personal knowledge of that evidence, and such argument is properly the work of a *brief*. Moreover, by shifting this material to the Schapiro Opp. Declaration, BHN

3

improperly uses that declaration as an extension of BHN's Opposition brief and as an end-run around this Court's page limitations. *Compare* MSJ Opp. at 18-19 (arguing, in three sentences, that for 31 sound recordings, "Plaintiffs have not proven a chain of title between the claimant on the copyright registration and the Plaintiff asserting the work in this case," and citing for support paragraphs 20-24 of the Schapiro Opp. Declaration), *with* Schapiro Opp. Decl. at ¶¶ 20-24 (using nearly two pages to argue the issue).

The Court should therefore strike these paragraphs, as have courts in this District and within the Eleventh Circuit when confronted with similar attorney declarations. For example, in *U.S. E.E.O.C. v. SunTrust Bank*, the court granted a motion to strike an attorney declaration containing a summary of deposition testimony as "a wayward attempt to exceed the page limits established for the efficient administration of justice," noting "counsel should summarize and analyze the evidence within the body of a Motion for Summary Judgment." 2014 WL 1763200, at *3-4 (M.D. Fla. Apr. 30, 2014). Likewise, in *Dannebrog Rederi AS v. M/Y TRUE DREAM*, the court granted a motion to strike portions of an attorney declaration containing argument and "summaries of the record evidence" because such "statements are not within the personal knowledge of the attorney as they concern factual events that occurred in the case." 428 F. Supp. 2d 1265, 1267–68 (S.D. Fla. 2005). As that court also observed, "the proper place for these references is in the Statement of Material Facts." *Id*. at 1268.

The same is true here. And it is no mere technicality; there is no practical way for Plaintiffs to respond to these extra, improper pages of argument while themselves complying with the Court's page limits.[1]

BHN was well aware of the problems in proffering legal argument regarding Plaintiffs' ownership of works through an attorney declaration. In *Sony v. Cox*, BHN's counsel of record here likewise submitted an attorney declaration in opposition to summary judgment on ownership of works in suit, which declaration purported to interpret and analyze the plaintiffs' copyright registrations, chain-of-title documents, and related declarations. The court found the declaration "inadmissible for several . . . reasons . . . including improper attorney argument," refused to consider the declaration, and granted summary judgment on ownership. Order, *Sony Music Ent. v. Cox Commc'ns, Inc.*, No. 18-cv-00950-LO-JFA (E.D. Va. Oct. 23, 2019) ECF No. 521 at 2; *Sony v. Cox*, 426 F. Supp. 3d 217, 223-29 (E.D. Va. 2019).

---

[1] Not only that, but BHN also took the position during the parties' conferral on this Motion that Plaintiffs were required to raise all evidentiary defects within their Reply brief, and that this Motion is an improper vehicle to challenge them. BHN's position is thus that (i) it is entitled to the additional 3.5 pages of argument and analysis in Paragraphs 19-26 of the Schapiro Opp. Declaration; and (ii) if Plaintiffs want to challenge that evidentiary defect, they must do so within the limited space of their reply brief. BHN's position is plainly wrong. *See* ECF 483 at 1-2 n.1 (collecting cases in which courts, including this one, rule on and grant standalone motions to strike without any suggestion that they are improper); *see also SunTrust Bank*, 2014 WL 1763200, at *3-4, *Dannebrog*, 428 F. Supp. 2d at 1267–68 (both granting standalone motions to strike).

### B. The Schapiro summary Exhibits Q-2 through Q-5 are improper Rule 1006 summaries.

Mr. Schapiro attaches four exhibits that purport to summarize and characterize information in Plaintiffs' declarations, copyright registrations, and contracts. Schapiro Opp. Decl. at Exs. Q-2, Q-3, Q-4, Q-5. They should be stricken for two reasons.

First, they are part and parcel of Mr. Schapiro's improper attorney argument. *See SunTrust Bank*, 2014 WL 1763200, at *3-4 ("providing additional discussion of the evidence in the guise of a[] [summary] exhibit is a wayward attempt to exceed the page limits established for the efficient administration of justice").

Second, BHN has not laid the foundation for these exhibits. The Schapiro Opp. Declaration does not identify who created, supervised, or directed the creation of Exhibits Q-2, Q-3, Q-4, and Q-5. They therefore lack the foundation to be admissible. *Loiseau v. Thompson, O'Brien, Kemp & Nasuti, P.C.*, 499 F. Supp. 3d 1212, 1221 (N.D. Ga. 2020) (A Rule 1006 summary "must be properly introduced through the testimony of a witness who supervised its preparation."). Nor is there any competent witness in the summary-judgment record to testify to these summaries. That witness cannot be Mr. Schapiro, because he cannot testify for his client and will not be available for cross-examination. *See* ECF 483 at 8-9 (discussing inadmissible Exhibit S to Schapiro MSJ Declaration).

## CONCLUSION

For the foregoing reasons, the Court should strike the portions of the Opposition Declarations of Duncan Hall, Timothy Frendberg, and Andrew Schapiro specified above.

Dated: February 28, 2022

Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

David C. Banker
Florida Bar No. 0352977
Bryan D. Hull
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

/s/ Neema T. Sahni
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they conferred with Bright House regarding this request. Plaintiffs advised Bright House of this request and the basis for it on February 23, 2022. The parties' conferred telephonically on February 24, 2022, and could not reach agreement on the issues detailed herein.

*/s/Neema T. Sahni*
Neema T. Sahni

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2022, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Neema T. Sahni*
Neema T. Sahni
