IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC <br><br> Defendant. | Case No. 8:19-cv-710-MSS-TGW |

**BRIGHT HOUSE'S MOTION FOR LEAVE TO FILE REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR DISCOVERY SANCTIONS AGAINST
PLAINTIFFS PURSUANT TO FED. R. CIV. P. 37(c) (ECF 471)**

Pursuant to Local Rule 3.01(d), Defendant Bright House Networks, LLC ("Bright House") respectfully moves for leave to file a five-page reply brief in support of its Motion for Discovery Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 37(c) (the "Motion") [ECF 471 (Feb. 4, 2022)].[1]

Local Rule 3.01(d) provides that "[w]ithout leave, no party may file a reply." Courts in this District have explained that reply briefs are warranted to "rebut any new law or facts contained in the opposition[']s response to a request for relief before the Court." *Promenades Mall (E&A), LLC v. Allstate Ins. Co.*, 2008 WL 11334927, at *1

---

[1] Bright House filed a version of its Motion as ECF 471 on February 4, 2022, which was redacted because Bright House knew that "another person [i.e., Plaintiffs] considered [material contained therein] confidential." Local Rule 1.11(d). Also on February 4, 2022, Bright House filed an unopposed motion for leave to file Exhibits Z and AA under seal (ECF 473), and that request remains pending. On February 9, 2022, Plaintiffs moved for leave to file a consolidated motion to seal confidential information contained in the Motion and Plaintiffs' Opposition seven days after filing Plaintiffs' Opposition. ECF 478. This Motion was granted in part and denied in part on February 10, 2022. ECF 479.

1

(M.D. Fla. Aug. 12, 2008); *see also PK Studios, Inc. v. R.L.R. Invs., LLC*, 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015) (granting leave to file reply to "address arguments in Plaintiff's response in opposition that Defendants believe are inaccurate and unsupported").

Here, there is good cause to grant Bright House leave to file a five-page reply brief. Plaintiffs' Opposition [ECF 515-1 (Feb. 25, 2022)]² ("Opp.") contains new facts—including details regarding further untimely disclosures made by Plaintiffs and its agent MarkMonitor, Inc.—relating to the source code at issue in Bright House's motion. These new facts were not known to or sufficiently available to Bright House in advance of the time it filed its Motion, and therefore Bright House could not have addressed the facts in its Motion.

In addition, in its February 23, 2022 Order denying Plaintiffs' motion for "limited" discovery and to modify the briefing schedule applicable to the Motion (ECF 509), the Court ruled that "[i]f Plaintiffs' response suggests additional discovery is necessary, then the Court will notify the Parties." ECF 511. In their Opposition, Plaintiffs expressly request that the Court: (a) re-open discovery; and (b) direct the parties to inspect source code, take depositions, and "update" expert reports. Opp. at 13, 20. Plaintiffs' requested discovery is neither necessary nor appropriate, and good cause exists for Bright House to be given leave to file a reply brief to explain how the relief Plaintiffs now seek would not be "limited" and would prejudice Bright House.

---

[2] Pursuant to the Court's Order (ECF 479), Plaintiffs filed their Opposition unredacted and under seal. A Motion Hearing on Confidentiality Issues is set for March 15, 2022. ECF 516.

Specifically, Bright House's proposed reply brief will address the new facts in Plaintiffs' Opposition regarding: (1) MarkMonitor's purported identification of new Torrent Manager source code, which was first disclosed to Bright House (with shifting explanations) on February 4 and February 17, 2022, and its alleged relevance to this case; (2) Plaintiffs' request to re-open discovery to inspect source code, and the attendant time and cost of this request, including additional document discovery and depositions, revisions to expert reports, and supplemental dispositive motion and *Daubert* briefing; and (3) the impact of re-opening such discovery on the trial schedule.

Given the overlap between Plaintiffs' Opposition and the Opposition filed by MarkMonitor to Bright House's motion for contempt and sanctions in *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 8:20-mc-00064-MSS-TGW (M.D. Fla.), where MarkMonitor likewise urges the Court to re-open discovery on similar grounds, the arguments Bright House intends to raise in its reply will apply equally to the briefing in that case.  Bright House therefore respectfully requests that its reply be considered as a response to both Plaintiffs' and MarkMonitor's respective Oppositions.

WHEREFORE, Bright House respectfully requests that the Court grant it leave to file a five-page reply brief within seven days of the Court granting this motion.

Dated: March 2, 2022

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1000
jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
melkin@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
Nathan A. Hamstra (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
andrewschapiro@quinnemanuel.com
nathanhamstra@quinnemanuel.com

Todd Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
toddanten@quinnemanuel.com
jessicarose@quinnemanuel.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY &
STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Tel: (813) 228-9080
wschifino@gunster.com

*Counsel for Bright House Networks, LLC*

## L.R. 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for Bright House has conferred with counsel for Plaintiffs regarding the relief sought in this motion, and the parties do not agree on the resolution of this motion, in whole or in part. The parties conferred by email on March 2, 2022.

<i>/s/ Andrew H. Schapiro</i><br>
Andrew H. Schapiro

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2022, I caused a true and correct copy of the foregoing to filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
