## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UMG RECORDINGS, INC. *et al.*,

      Plaintiffs,

                             **Case No. 8:19-cv-710-MSS-TGW**

   v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

## JOINT MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 1.11 and this Court's Order, *see* Dkt. 437, Plaintiffs and Defendant Bright House Networks, LLC ("BHN") respectfully move the Court to maintain under seal certain portions of their summary judgment and *Daubert* briefs and materials filed in support thereof, as described herein.

Plaintiffs' Preliminary Statement.    Plaintiffs propose to maintain under seal limited portions of their filings primarily in two categories: (1) competitively sensitive contractual agreements and financial information kept strictly confidential, which Plaintiffs do not share even between Plaintiff groups, and which, if released, could cause substantial commercial and competitive harm, and (2) limited aspects of their antipiracy efforts, which, if publicly disclosed could be used to evade detection and thus the efficacy of those efforts.    Beyond that, Plaintiffs' seal requests concern information designated confidential by third parties, which Plaintiffs are required to submit under seal pursuant to L.R. 1.11(d).[1]

BHN's Preliminary Statement.    In accordance with the Court's guidance, Bright House has proposed limited redactions and sealings of the parties' filings.  The redactions and/or sealing reflects Bright House's judicious requests needed in order to protect itself from competitive harm.  Bright House seeks to redact only information it considers highly confidential, covering: specific and non-public financials, its use of proprietary technology, specific security and abuse statistics, internal discussions

---

[1] Plaintiffs have provided notice to those third parties of this motion, as well as the hearing scheduled for March 15, 2022 (ECF No. 516) to address confidentiality issues, so that those third parties can file memoranda concerning the sealing of their confidential information in advance of the hearing.

1

about legal holds and data preservation, and personally identifying subscriber information.  Bright House has also requested information designated confidential by third parties to remain sealed and/or redacted, pursuant to the Protective Order.[2]

## BACKGROUND

1.     On January 14 and February 14, 2022, the parties filed summary judgment and *Daubert* motions and oppositions, with supporting materials, under seal with the Clerk of Court.  *See* Notices of Filing at Dkts. 437, 439, 441, 482, 484.  On February 28, 2022, they filed their summary judgment replies, with supporting materials, under seal with the Clerk of Court.  *See* Notices of Filing at Dkts. 517, 518.

2.     The parties have since met and conferred on the need to maintain certain portions of those filings under seal to prevent disclosure of competitively sensitive business information or protect some other legitimate interest.  Pursuant to this Court's Order, *see* Dkt. 437, the parties now bring one joint consolidated motion (the "Motion") for leave to file on the public record redacted versions of their summary judgment and *Daubert* briefs and to maintain the sealed status of certain materials.

3.     For ease of reference, this Motion is arranged by filing.  For each filing (or any of its supporting materials) that a party seeks to maintain under seal, in whole or in part, that party has provided a statement in support of its request.

4.     Exhibit A to this Motion is a table listing the relevant filings.  For each filing, the parties state whether one or both parties seek to seal that filing in whole or

---

[2]   BHN will provide notice to those third parties of this motion as well as the hearing scheduled for March 15, 2022 (ECF No. 516).

in part, and whether it contains third-party confidential information.   For any document for which one or both parties propose redactions, the parties have attached the redacted PDF for the Court's consideration.   The redacted versions reflect all proposed redactions, whether the request is made by Plaintiffs, Bright House, or both, and also include third-party confidentiality redactions per L.R. 1.11(d).

5.   Collectively, hundreds of documents temporarily filed under seal pursuant to this Court Order (*see* Dkts. 437) will be unsealed in their entirety.   The parties request the Court's guidance on how to file in an organized way that will be most useful for the Court: (i) the nearly 300 fully unsealed documents from their MSJ and *Daubert* filings on the public docket, and (ii) hundreds of others documents temporarily submitted under seal on a hard drive with Plaintiffs' MSJ.   *See* Dkt. 422.

6.   For the filings that the parties seek to maintain under seal, in whole or part, the parties respectfully request that they remain under seal for 90 days after this matter is closed and all appeals are exhausted.   Following that, the parties request that the materials be returned to the parties' Florida counsel of record.

## SEALING REQUESTS RELATED TO MOTIONS FILED ON JANUARY 14

### Plaintiffs' Motion for Summary Judgment

**Statement by Plaintiffs.**   Plaintiffs request that the Declaration of Alasdair McMullan be redacted on the public docket.   The two limited redactions protect certain confidential and commercially sensitive information regarding Plaintiffs' agreements with non-parties, including the terms of agreements with artists and/or

other record companies, as well as confidential terms of merger and asset purchase agreements with other companies.   Disclosure of that information could cause competitive harm to Plaintiffs or the contractual counterparties.

Plaintiffs request that the Declarations of Barbara Frederiksen-Cross and Sam Bahun be redacted on the public docket.   The redactions reflect non-public, confidential information regarding RIAA's private agreements with non-parties, including with respect to antipiracy activities.   If disclosed, this information could be used for unlawful or improper purposes, including to evade detection by or otherwise interfere with Plaintiffs' and RIAA's antipiracy efforts.   The Bahun Declaration also includes confidential information designated by third party MarkMonitor, who has been notified pursuant to L.R. 1.11(d).

Pursuant to the Court's order (Dkt. 422), Plaintiffs filed under seal a hard drive containing appendices and exhibits to the declarations of Jeremy Blietz, David Kokakis, Wade Leak, Alasdair McMullan, Tracie Parry, and Anish Patel in support of Plaintiffs' MSJ.   Plaintiffs seek to maintain under seal certain documents related to establishing Plaintiffs' ownership of or exclusive rights to the works asserted in this case.[3]   Those documents reflect confidential and commercially sensitive information regarding Plaintiffs' agreements with non-parties, including the terms of agreements

---

[3] The documents that Plaintiffs propose to maintain under seal are saved to folders on the hard drive ending with "B."   For example, paragraph 44 of the McMullan Decl. cites a license agreement that Plaintiffs are seeking to maintain under seal, and that license agreement is located in the folder named "Ex. UMG-44B," while the copyright registrations certificates cited in the same paragraph, which Plaintiffs are *not* seeking to seal, are saved in the folder named "Ex. UMG-44A."

with artists, songwriters, furnishing companies, and/or other music publishers or record companies, as well as confidential terms of merger and asset purchase agreements with other companies.  Contract terms with artists and songwriters are often subject to strict confidentiality provisions because they are amongst the Plaintiffs' most commercially and competitively sensitive information.  Such terms are kept strictly confidential at all times, even as between separate Plaintiffs groups, and disclosure of such information would cause serious competitive harm.[4]

**Statement by BHN.**  Bright House requests that Exhibits 20-23 and 26 attached to the Kaplan Declaration be maintained under seal.  Exhibits 20-22 are internal, Bright House confidential presentations that contain highly confidential and commercially sensitive business information, including information from third parties, Procera Networks, Inc. and SamKnows, presented to Bright House under non-disclosure agreements.  Exhibits 23 and 26 are internal, Bright House confidential Security and Abuse monthly reports and a Fraud, Security, and Abuse presentation that incorporate commercially sensitive business information, including information irrelevant to the claims in this case such as Bright House's process for responding to legal subpoenas and specific highly confidential information regarding, for example, possible child pornography incidents, botnet infections, and DoS attacks.

---

[4] The hard drive also contains three exhibits to the Kaplan Declaration that were previously submitted this way due to their file types and the impracticality of filing them on ECF.  Plaintiffs are not seeking to maintain those three exhibits under seal.

Bright House also requests that Exhibits 1, 15, and 17 be redacted on the public docket.  Bright House proposes limited redactions to these exhibits in order to redact only its highly specific commercially sensitive business information.   Exhibit 1 contains the number of total BHN subscribers and the specific number of subscribers disconnected for non-payment per month during the Claims Period.  Exhibits 15 and 17 are deposition transcripts which describe Bright House's preservation and management of its internal data including its internal policies and procedures related to the same; implementation of specific legal holds; and collection and preservation of electronically stored information related to Bright House employees.  Lastly, Exhibit 27 proposes one redaction for a subscriber's personally identifying information.

In line with these requests, Bright House proposes limited redactions to Plaintiffs' Motion in the four instances where Plaintiffs' quote from the previously described exhibits that Bright House requests be redacted or sealed.

**Plaintiffs' *Daubert* Motion re: Kevin Almeroth**

**Statement by Plaintiffs.**  Plaintiffs request that Exhibit 3 be redacted on the public docket.   Exhibit 3 contains Barbara Frederiksen-Cross's expert report and contains *sensitive, confidential information regarding the operation of the MarkMonitor system and Audible Magic technology, including proprietary source code, which Plaintiffs are required to keep confidential pursuant to contractual agreements with or user terms of those non-parties, as well as confidential information regarding Plaintiffs' and RIAA's antipiracy efforts.   If disclosed, this information could be used to competitively harm Plaintiffs, MarkMonitor or Audible Magic and/or for illegal or improper purposes, including to evade detection by or*

*otherwise interfere with Plaintiffs' and RIAA's antipiracy efforts.* ("**Sensitive Antipiracy Efforts**").[5]   It also includes confidential information designated MarkMonitor, Audible Magic, and MovieLabs, who have been notified pursuant to L.R. 1.11(d).

**Statement by BHN.**  Bright House requests that Plaintiffs' Motion, and Exhibits 1, expert report of Kevin Almeroth, and 2, expert report of Terrence McGarty be redacted on the public docket.  These redactions reflect Bright House's commercially sensitive business information, including Bright House's technical capabilities for monitoring its customers' private Internet activity and identifying specific customers who were the subject of notices of alleged infringement, and would expose Bright House's confidential relationships with third party network management companies.

Bright House also seeks to maintain Exhibit 6 under seal. This is the same presentation as Exhibit 20, attached to Plaintiffs' Motion for Summary Judgment described above containing highly confidential and commercially sensitive business information, including information from third-parties, Procera Networks, Inc. and SamKnows, presented to Bright House under non-disclosure agreements.

**Plaintiffs' *Daubert* Motion re: Sandeep Chatterjee**

**Statement by Plaintiffs.**  Plaintiffs request that Plaintiffs' motion to exclude the testimony of Sandeep Chatterjee be redacted on the public docket.  The redactions

---

[5] Plaintiffs define "Sensitive Antipiracy Efforts" to have the meaning set forth in italics in this paragraph and use that definition throughout this Motion.

reflect confidential information designated by third parties MarkMonitor and Audible Magic, who have been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibit 1 be redacted on the public docket. It is the expert report of Sandeep Chatterjee, which contains Plaintiffs' Sensitive Antipiracy Efforts (as defined in Plaintiffs' statement regarding Ex. 3 to the Almeroth *Daubert* motion). Certain redactions also reflect confidential information designated by MarkMonitor, Audible Magic, and MovieLabs, who have been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibits 2, 10, 11, and 12 to the Gould Declaration be redacted on the public docket. These exhibits reflect confidential information designated by third parties MarkMonitor (2) and Audible Magic (10, 11, 12), who have been notified pursuant to L.R. 1.11(d).

### Plaintiffs' *Daubert* Motion re: Wayne Coleman

**Statement by Plaintiffs.** Plaintiffs request that Exhibit A be redacted on the public docket. Exhibit A is Mr. Coleman's expert report, which contains highly confidential and commercially sensitive information regarding Plaintiffs' catalog-wide licensing agreements with non-party digital service providers. Confidential contract terms with digital partners are amongst the Plaintiffs' most commercially sensitive information, the public disclosure of which would result in significant harm to Plaintiffs and their licensees. Given the highly confidential nature of these documents, and the strong concerns of Plaintiffs' licensees with respect to confidentiality and disclosure of these agreements, the Plaintiffs and Bright House jointly moved to amend the Protective Order to establish a higher confidentiality designation—"Highly

Confidential – Competitively Sensitive Information"—specifically to address the production of these types of agreements.  *See* Dkts. 221 (joint stipulated motion), 225 (order granting motion), 226 (First Stipulated Amendment to Protective Order). Under the terms of the Protective Order, access to any expert report incorporating information from such agreements is strictly limited, even amongst in-house litigation counsel for the parties.  Plaintiffs respectfully request that such information continue to be protected from widespread disclosure as contemplated under the First Stipulated Amendment to the Protective Order.  This information only constitutes a small portion of Mr. Coleman's expert report, and Plaintiffs do not seek to maintain any of the remaining information under seal.

**Plaintiffs' *Daubert* Motion re: Aram Sinnreich**

**Statement by Plaintiffs.**  Plaintiffs request that Exhibit 1 be redacted on the public docket.  Exhibit 1 is the expert report of Dr. Aram Sinnreich and has been redacted to protect proprietary survey data provided by a third party to a plaintiff, which that plaintiff is contractually required to keep confidential.

**Statement by BHN.**  Bright House requests that Ex. 1, expert report of Aram Sinnreich, to the Oppenheim Declaration, be filed publicly in redacted form only. These redactions reflect Bright House's commercially sensitive business information, including Bright House's technical capabilities for monitoring its customers' private Internet activity and identifying specific customers who were the subject of notices of alleged infringement, and would expose Bright House's confidential relationships with third party network management companies.

**Plaintiffs' *Daubert* Motion re: Karl Snow**

**Statement by Plaintiffs.**  Plaintiffs request that Plaintiffs' motion to exclude the testimony of Dr. Karl Snow be redacted on the public docket.  The redactions reflect confidential information designated by third party Audible Magic, who has been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibits 1, 2, 5, 6, and 9 to the Miller Declaration be redacted on the public docket.  These are the expert reports of Dr. Snow (Ex. 1), Mr. Buchan (Ex. 2), and Ms. Barbara Frederiksen-Cross (Ex. 9), and the deposition testimony of Dr. Snow (Ex. 5) and Dr. Chatterjee (Ex. 6).  These exhibits contain Plaintiffs' Sensitive Antipiracy Efforts (as defined in Plaintiffs' statement regarding Ex. 3 to the Almeroth *Daubert* motion).  Certain redactions also reflect confidential information designated by third parties MarkMonitor and Audible Magic, who have been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibit 8 be redacted on the public docket.  This exhibit contains deposition testimony of Audible Magic's 30(b)(6) witness, designated confidential by third party Audible Magic.

**Plaintiffs' *Daubert* Motion re: George Strong**

**Statement by Plaintiffs.**  Plaintiffs request that Exhibits A and C be redacted on the public docket.  Exhibit A (Strong expert report) and Exhibit C (Furchtgott-Roth's expert report) contain Plaintiffs' confidential financial information, including profit margins, and analysis that relies on that information.  Exhibit A also contain

proprietary survey data provided by a third party to a plaintiff, which that plaintiff is contractually required to keep confidential

**Statement by BHN.**  Bright House requests that Plaintiffs' Motion, and Exhibits A, expert report of George Strong, and C, expert report of Harold Furchtgott-Roth, be filed publicly in redacted form only.   These redactions contain Bright House's commercially sensitive business information including the specific purported financial gains to Bright House based on Plaintiffs' allegations and valuations related to allegedly infringing customers, the specific numbers, tables, and figures redacted rely upon and reflect Bright House's confidential financials, including Bright House's profit margins and estimated valuations.

## BHN's Motion for Summary Judgment

**Statement by Plaintiffs.**  Plaintiffs request that Exhibit Q be redacted on the public docket as it contains Plaintiffs' interrogatory responses reflecting proprietary information about Plaintiffs' compositions and sound recordings that they do not make public, and which could cause competitive harm if released.

**Statement by BHN.**  Bright House requests that only one of the exhibits it filed in support of its Motion remain under seal.   Exhibit C to the Frendberg Declaration reflects Bright House's commercially sensitive business information, including personal, handwritten correspondence from Bright House subscribers.

## BHN's *Daubert* Motion re: On Amir

11

**Statement by Plaintiffs.**  Plaintiffs request that Exs. A and H be redacted on the public docket.  Exhibit A is the expert report of Dr. Sinnreich and requires redactions for the reasons described above (*see* Plaintiffs' statement regarding Ex. 1 to Sinnreich *Daubert* motion, which is the same report).  Exhibit H is an expert rebuttal report by Dr. Furchtgott-Roth.  It has been redacted to protect proprietary survey data provided by a third party to a plaintiff, which that plaintiff is required to keep confidential.

**Statement by BHN.**  Bright House is not proposing that any additional information be redacted, but proposes that redactions to the expert report of Aram Sinnreich be maintained for the reasons described above and in order to protect Bright House's commercially sensitive business information.

### BHN's *Daubert* Motion re: Kristofer Buchan

**Statement by Plaintiffs.**  Plaintiffs request that Exhibit A be redacted on the public docket.  This is the expert report of Kristofer Buchan, and requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 2 to the Snow *Daubert* motion, which is the same report).

### BHN's *Daubert* Motion re: Barbara Frederiksen-Cross

**Statement by Plaintiffs.**  Plaintiffs request that BHN's motion to exclude the testimony of Barbara Frederiksen-Cross be redacted on the public docket.  The redactions protect certain of Plaintiffs' Sensitive Antipiracy Efforts.  Certain redactions

also reflect confidential information designated by third party MarkMonitor and MovieLabs, who have been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibit A be redacted on the public docket. Exhibit A contains Barbara Frederiksen-Cross's expert report and requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 3 to the Almeroth *Daubert* motion, which is the same report). Plaintiffs also request that Exhibits C and D be maintained under seal as they were designated confidential in full by third parties MarkMonitor and MovieLabs, who have been notified pursuant to L.R. 1.11(d).

**Statement by BHN.** At the request of counsel for third party MovieLabs, Bright House requests that Exhibit C to the Hamstra Declaration remain under seal. Counsel for MovieLabs has explained that MovieLabs maintains Exhibit C under a "controlled distribution" list. This document is to be shared by MovieLabs with vendors under a non-disclosure agreement and was never intended for public distribution. MovieLabs has indicated it is willing to provide additional information at the Court's request regarding the sealing of this document. Bright House has similarly proposed redactions to its Motion reflecting and/or quoting information from Exhibit C.

**BHN's *Daubert* Motion re: Harold Furchtgott-Roth**

**Statement by Plaintiffs.** Plaintiffs request that Exhibits A and C redacted on the public docket. They are the opening and rebuttal expert reports from Dr. Furchtgott-Roth and require redaction for the reasons described above (*see* Plaintiffs'

statements regarding Ex. C to the Strong *Daubert* motion, and Ex. H to the Amir *Daubert* motion, which are the same reports).

**Statement by BHN.** Bright House proposes a redacted version of its Motion, and Exhibit A, expert report of Dr. Furchtgott-Roth be filed publicly. These redactions contain Bright House's commercially sensitive business information including the specific purported financial gains to Bright House based on Plaintiffs' allegations and valuations related to allegedly infringing customers, the specific numbers, tables, and figures redacted rely upon and reflect Bright House's confidential financials, including Bright House's profit margins and estimated valuations.

## BHN's *Daubert* Motion re: Terrence McGarty

**Statement by BHN.** Bright House proposes a redacted version of its Motion, and Exhibits A, expert report of Terrence McGarty, and B, deposition transcript of Dr. McGarty be filed publicly. These redactions reflect Bright House's commercially sensitive business information, including Bright House's technical capabilities for monitoring its customers' private Internet activity and identifying specific customers who were the subject of notices of alleged infringement, and would expose Bright House's confidential relationships with third party network management companies.

## SEALING REQUESTS RELATED TO FEBRUARY 14 OPPOSITIONS

## Plaintiffs' Opposition to BHN's Motion for Summary Judgment

**Statement by Plaintiffs.** Plaintiffs request that Exhibit B to the Frederiksen-Cross Declaration be redacted on the public docket. It contains the Frederiksen-Cross

expert report, and requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 3 to the Almeroth *Daubert* motion, which is the same report).

Plaintiffs request that Exhibit 1 to the Furchtgott-Roth Declaration be redacted on the public docket.  Exhibit 1 is an expert report authored by Dr. Furchtgott-Roth and requires redaction for the reasons described above (*see* Plaintiffs' statements regarding Ex. C to the Strong *Daubert* motion, which is the same report)

**Statement by BHN.**  Bright House requests that Exhibits 14 and 15 to the Gould Declaration remain under seal.  Exhibit 15 is the same internal, Bright House confidential Security and Abuse monthly report attached to Plaintiffs' Motion for Summary Judgment (Ex. 23), described above, that incorporates commercially sensitive business information, including information irrelevant to the claims in this case.  Exhibit 14 is the same handwritten correspondence attached to Bright House's Motion for Summary Judgment, described above, and reflects Bright House's commercially sensitive business information, including personal communications between Bright House and its subscribers.  Bright House also proposes limited redactions to Exhibit 3 to the Gould Declaration, the deposition transcript of Cody Harrison.  These redactions reflect Bright House's commercially sensitive information including non-public facts about Bright House's internal business structure.

Additionally, Bright House requests one redaction of a specific number in the declaration of Dr. Furchtgott-Roth and that the requested redactions to Dr. Furchtgott-Roth's expert report, requested above, be maintained in this filing.  These redactions contain Bright House's commercially sensitive business information including the

specific purported financial gains to Bright House based on Plaintiffs' allegations and valuations related to allegedly infringing customers, the specific numbers, tables, and figures redacted rely upon and reflect Bright House's confidential financials, including Bright House's profit margins and estimated valuations.

In line with these requests, Bright House proposes limited redactions to Plaintiffs' Opposition in the four instances where Plaintiffs' quote from the previously described exhibits Bright House requests be redacted or sealed.

## Plaintiffs' Opposition to BHN's *Daubert* Motion re: On Amir

**Statement by Plaintiffs.**  Exhibit 1 is the expert report of Dr. Aram Sinnreich and requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 1 to the Sinnreich *Daubert* motion, which is the same report).

**Statement by BHN.**  Bright House is not proposing that any further information in addition to its requests described above be redacted, but proposes that Exhibit 1, expert report of Aram Sinnreich, be redacted on the public docket, in order to protect Bright House's commercially sensitive business information and for the reasons outlined above.

## Plaintiffs' Opposition to BHN's *Daubert* Motion re: Kristofer Buchan

**Statement by Plaintiffs.**  Plaintiffs request that Plaintiffs' opposition to BHN's motion to exclude the testimony of Kristofer Buchan be redacted on the public docket as it contains confidential information designated by third party MarkMonitor, who has been notified pursuant to L.R. 1.11(d).  Plaintiffs also request that Exhibit 1 to the

Miller Declaration be filed under seal.  This document was designated confidential by third party MarkMonitor, who has been notified pursuant to L.R. 1.11(d).

**Statement by BHN.**  Bright House is not proposing that any further information in addition to its requests described above be sealed, but proposes that Exhibits 3-5 to the Miller Declaration remain under seal.  These Exhibits are Bright House's Security and Abuse monthly reports, the same internal, Bright House confidential Security and Abuse monthly report attached to Plaintiffs' Motion for Summary Judgment (Ex. 23) and described above, which incorporate commercially sensitive business information, including information irrelevant to the claims in this case.

## Plaintiffs' Opposition to BHN's *Daubert* Motion re: Barbara Frederiksen-Cross

**Statement by Plaintiffs.**  Plaintiffs request that Plaintiffs' opposition to BHN's motion to exclude the testimony of Barbara Frederiksen-Cross be redacted on the public docket.  The redactions contains Plaintiffs' Sensitive Antipiracy Efforts (as defined in Plaintiffs' statement regarding Ex. 3 to the Almeroth *Daubert* motion).  Certain redactions also reflect confidential information designated by third party MarkMonitor and MovieLabs, who have been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibits 1 and 2 be redacted on the public docket. Exhibit 1 is the expert report of Sandeep Chatterjee, and requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 1 to the Chatterjee *Daubert* motion, which is the same report).  Exhibit 2 contains excerpts of the deposition transcript of Barbara Frederiksen-Cross.  It contains Plaintiffs' Sensitive Antipiracy

17

Efforts (as defined in Plaintiffs' statement regarding Ex. 3 to the Almeroth *Daubert* motion). Certain redactions in Exhibits 1 and 2 also reflect confidential information designated by third parties MarkMonitor, Audible Magic, and MovieLabs, who have been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibit 5 be redacted on the public docket. It is a confidential document designated by third party MarkMonitor, who has been notified pursuant to L.R. 1.11(d) (*see* Plaintiffs' statements regarding Ex. 1 to the Buchan *Daubert* opposition, which is the same document).

**Statement by BHN.** Bright House is not proposing that any further information in addition to its requests described above be sealed, but proposes only that Exhibit 8-10 to the Gould Declaration remain under seal. These Exhibits are Bright House's Security and Abuse monthly reports, the same internal, Bright House confidential Security and Abuse monthly report attached to Plaintiffs' Motion for Summary Judgment (Ex. 23), which incorporate commercially sensitive business information, including information irrelevant to the claims in this case.

## Plaintiffs' Opposition to BHN's *Daubert* Motion re: Harold Furchtgott-Roth

**Statement by BHN.** Bright House is not proposing that any further information in addition to its requests described above be redacted, but proposes that Exhibit 1, expert report of Dr. Furchtgott-Roth, be redacted on the public docket, in order to protect Bright House's commercially sensitive business information and for the reasons outlined above.

**Plaintiffs' Opposition to BHN's *Daubert* Motion re: Terrence McGarty**

**Statement by BHN.**  Bright House proposes limited redactions to Plaintiffs' Opposition, in agreement with its previous redactions requests for the expert report of Dr. McGarty.  These redactions reflect Bright House's commercially sensitive business information, including Bright House's technical capabilities for monitoring its customers' private Internet activity and identifying specific customers who were the subject of notices of alleged infringement, and would expose Bright House's confidential relationships with third party network management companies.

**BHN's Opposition to Plaintiffs' Motion for Summary Judgment**

**Statement by BHN.**  Bright House requests that only one exhibit, Exhibit C to the Frendberg Declaration, remain under seal.  This Exhibit is the same handwritten correspondence attached to Bright House's Motion for Summary Judgment, described above, and reflects Bright House's commercially sensitive business information, including personal communications between Bright House and its subscribers.

**BHN's Opposition to Plaintiffs' *Daubert* Motion re: Kevin Almeroth**

**Statement by BHN.**  Bright House proposes limited redactions to Plaintiffs' Opposition, in agreement with its previous redactions requests for the expert report of Kevin Almeroth.  These redactions reflect Bright House's commercially sensitive business information, including Bright House's technical capabilities for monitoring its customers' private Internet activity and identifying specific customers who were the

subject of notices of alleged infringement, and would expose Bright House's confidential relationships with third party network management companies.

## BHN's Opposition to Plaintiffs' *Daubert* Motion re: Sandeep Chatterjee

**Statement by Plaintiffs.** Plaintiffs request that BHN's opposition to Plaintiffs' motion to exclude the testimony of Sandeep Chatterjee be redacted on the public docket. The redactions protect non-public, confidential information regarding RIAA's confidential agreements with third party MarkMonitor, for antipiracy services on behalf of Plaintiffs, including information that could be used for unlawful purposes, including to evade detection by or otherwise interfere with Plaintiffs' and RIAA's antipiracy efforts. Certain redactions reflect confidential information designated by MarkMonitor and Audible Magic, who have been notified pursuant to L.R. 1.11(d).

Exhibits A and B to BHN's opposition to Plaintiffs' motion to exclude the testimony of Sandeep Chatterjee contain confidential information designated by third party MarkMonitor, who has been notified pursuant to L.R. 1.11(d).

Exhibit C contains excerpts from the deposition of Dong Li Jang taken in the *UMG Recordings, Inc. v. Grande Comm'ns Networks LLC* matter. It contains sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts. If disclosed, this information could be used for illegal or improper purposes, including to evade detection by or otherwise interfere with Plaintiffs' and RIAA's antipiracy efforts.

Plaintiffs request that Exhibits E and F to BHN's opposition be redacted on the public docket. Exhibit E is the expert report of Barbara Frederiksen-Cross and requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 3 to

the Almeroth *Daubert* motion, which is the same report).  Exhibit F is the expert report of and Karl Snow and requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 1 to the Snow *Daubert* motion, which is the same report).

**BHN's Opposition to Plaintiffs' *Daubert* Motion re: Aram Sinnreich**

 **Statement by Plaintiffs.**  Plaintiffs request that BHN's opposition to Plaintiffs' motion to exclude the testimony of Aram Sinnreich be redacted on the public docket. BHN's opposition contains references to proprietary survey data provided by a third party to a plaintiff, which that plaintiff is contractually required to keep.

 Plaintiffs request that Exhibit E to BHN's opposition be redacted on the public docket.  It is the expert report of Dr. Furchtgott-Roth, and requires redaction for the reasons described above (*see* Pls.' statement regarding Ex. C to Strong *Daubert* motion).

 **Statement by BHN.**  Bright House is not proposing that any further information in addition to its requests described above be redacted, but proposes that Exhibit E, expert report of Dr. Furchtgott-Roth, be redacted on the public docket, in order to protect Bright House's commercially sensitive business information for the reasons outlined above.

**BHN's Opposition to Plaintiffs' *Daubert* Motion re: Karl Snow**

 **Statement by Plaintiffs.**  Plaintiffs request that BHN's opposition to Plaintiffs' motion to exclude the testimony of Karl Snow be redacted on the public docket.  It contains confidential information regarding Plaintiffs' and RIAA's antipiracy efforts which, if disclosed, could be used for illegal or improper purposes, including to evade

detection by or otherwise interfere with Plaintiffs' and RIAA's antipiracy efforts.  It also contains confidential information designated by third party AudibleMagic.

Plaintiffs request that Exhibit A be redacted on the public docket.  This is the deposition testimony of Audible Magic's 30(b)(6) witness, designated confidential by third party Audible Magic, who has been notified pursuant to L.R. 1.11(d).

Plaintiffs request that Exhibit B to the Young Declaration be redacted on the public docket.  Exhibit B is the expert report of Sandeep Chatterjee, PhD. And requires redaction for the reasons described above (*see* Plaintiffs' statement regarding Ex. 1 to the Chatterjee *Daubert* motion, which is the same report).

*     *     *

**<u>Additional statement by Plaintiffs in support of all requests.</u>**  While there exists a public right of access to court documents, that right "is not absolute," and "[w]hen the interest in confidentiality is sufficiently compelling," that right may be overcome.  *Dish Network v. TV Net Sols.*, 2014 WL 4954683, at *2 (M.D. Fla. Oct. 2, 2014); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("right of access may be overcome by . . . good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential'").

Plaintiffs' confidential information, described above, includes, principally: (1) Plaintiffs' competitively sensitive contractual agreements and financial information, and (2) sensitive elements of their antipiracy efforts.  This information is necessary to properly frame the issues before the Court in the pending dispositive and *Daubert* motions, *see* L.R. 1.11(c)(3)(A), including issues related to copyright ownership,

22

whether expert reports related to certain aspects of Plaintiffs' financials should be excluded, the nature and manner of Plaintiffs' antipiracy efforts that resulted in sending notices of infringement to BHN, and BHN's receipt of copyright notices.

Plaintiffs seek to seal this information because it could cause commercial and competitive harm. *See* L.R. 1.11(c)(3)(B). The contractual agreements and financial information that Plaintiffs have sealed or redacted are kept strictly confidential and are not shared even between the Plaintiff groups in this case. *See Proxicom Wireless, LLC v. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) ("legitimate privacy interests" in materials that, if made public, would "expos[e] [the litigant's] business and financial information to the public, including competitors"). If certain details about Plaintiffs' antipiracy efforts are released, they could be used to evade detection and thus harm efficacy of these efforts.

While harmful if disclosed to Plaintiffs' competitors or the general public, this information is not necessary for the public to understand the issues between the parties. Plaintiffs have not sought to seal the majority of the filings, and seek only limited redactions for others.

Finally, Plaintiffs have sealed certain confidential information belonging to third parties. *See* Local Rule 1.11(d). Plaintiffs have provided notice to those third parties of this motion and the March 15 hearing (ECF No. 516) to address these issues.

**Additional statement by BHN in support of all requests.** Courts recognize that "the public right to access is not absolute, even as to filings that bear directly on the merits of the case. When the interest in secrecy is sufficiently compelling, the

23

Court may redact portions of a trial transcript, maintain trial exhibits under seal, or even limit public access to a trial itself." *Dish Network L.L.C. v. TV Net Sols., LLC*, 2014 WL 4954683, at *2 (M.D. Fla. Oct. 2, 2014). "The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quotations omitted) " "[C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

Under this balancing test, there is good cause to redact and seal the aforementioned filings. Bright House has a substantial privacy interest in maintaining confidential information about its non-public financials, use of proprietary technology, security and abuse statistics, legal discussions, and personally identifying subscriber information. *See Proxicom Wireless, LLC v. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (recognizing litigant's "legitimate privacy interests" in protecting access to materials that, if made public, would "expos[e] [the litigant's] business and financial information to the public, including competitors"). For example, materials containing technical details concerning Bright House's technology for addressing potential security threats and abuse violations, and network management tools are

properly redacted or filed under seal.  *See Arthrex, Inc. v. Parcus Med., LLC*, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014) (granting motion to seal in patent infringement case where allowing public access to the information sought to be protected would "harm the [parties'] legitimate privacy and proprietary interests").

The risk of competitive harm to Bright House outweighs the need for the public to have access to this confidential information.  The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues. These proceedings involve private parties and "do not concern public officials or public concerns. *Proxicom Wireless*, 2018 WL 8344645, at *2.  Bright House's requests are thus narrowly tailored to protect these highly confidential categories of information.  In many instances, Bright House has requested only limited redactions, so that the public still has access to the majority of the filing.

*   *   *

WHEREFORE, Plaintiffs and BHN respectfully request that the Court grant leave to maintain under seal, in whole or in part, the filings described above (as also reflected in the attached Exhibit A).  The parties also respectfully request the Court's guidance on how best to file the hundreds of fully un-sealed documents from their MSJ and *Daubert* filings on the public docket in a way that will be most useful for the Court.

Dated: March 7, 2022

Respectfully submitted,

*/s/ Neema T. Sahni*
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

David C. Banker, Esquire
Florida Bar No. 0352977
Bryan D. Hull, Esquire
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Counsel for Plaintiffs*

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
Allison Huebert (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email:
andrewschapiro@quinnemanuel.com
Email:
allisonhuebert@quinnemanuel.com

Todd Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7192
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email:
charlesverhoeven@quinnemanuel.com
Email:
davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1506
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Email: melkin@winston.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART
P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Tel: (813) 228-9080
Email: bschifino@gunster.com

*Counsel for Defendant*
*Bright House Networks, LLC*

**Certificate Pursuant to L.R. 3.01(g).**

Counsel for Plaintiffs and for BHN have conferred via email regarding this Motion. Plaintiffs and BHN do not take a position on the other's requested relief in this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2022, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

Dated: March 7, 2022

*/s/ Neema T. Sahni*
*Attorney for Plaintiffs*

28