IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIGHT HOUSE NETWORKS, LLC<br><br>    Defendant. | Case No. 8:19-cv-710-MSS-TGW |

### BRIGHT HOUSE'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF THE OPPOSITION DECLARATIONS OF DUNCAN HALL, TIMOTHY FRENDBERG, AND ANDREW SCHAPIRO

In support of its February 14, 2022 Response in Opposition to Plaintiffs' Motion for Summary Judgment, Bright House Networks, LLC ("Bright House") submitted declarations from: (1) Duncan Hall, an employee of the Internet Archive ("Nov. 15 Hall Decl."); (2) fact witness Timothy Frendberg ("Frendberg Opp. Decl."); and (3) Bright House's outside counsel, Andrew Schapiro ("Schapiro Opp. Decl."). Plaintiffs now move to strike certain portions of these three declarations. Dkt. 519 ("Mot.").

As was the case with Plaintiffs' earlier-filed motion to strike portions of similar declarations, not only is Plaintiffs' motion procedurally improper, but the challenged materials are admissible at trial. The Court should deny the motion.[1]

---

[1] On February 14, 2022, Plaintiffs filed a motion to strike the same Hall Declaration and the same phrase from a declaration of Timothy Frendberg. *See* Dkt. 483 at 2-7. Bright House filed its response to that motion on February 28, 2022. *See* Dkt. 520.

1

## ARGUMENT

I.  **PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER**

As previously detailed, the Court should deny Plaintiffs' motion to strike because it is not a permissible vehicle for challenging summary judgment evidence. Dkt. 520 at 1-3 (addressing similar argument & citing cases). "Numerous courts in the Eleventh Circuit have held that a motion to strike a filing that is not a pleading as defined by Rule 7(a) is improper." *Walsh v. Freeman Sec. Servs., Inc.*, 2022 WL 445501, at *4 (M.D. Fla. Feb. 14, 2022) (quotations omitted) (denying motion to strike). Plaintiffs' evidentiary objections should have been raised in their reply brief only, and not in a separate brief with redundant arguments. *See* Pls.' SJ Reply at 1-2.

Plaintiffs err in arguing that they are not required to "challenge [an] evidentiary defect" in their reply brief. Mot. 5 n.1. For example, in *Fluid Control Specialties, Inc. v. Watts Water Techs., Inc.*, 2020 WL 11269994, *1 & n.2 (M.D. Fla. Mar. 5, 2020), the Court denied a motion to strike a declaration submitted in opposition to a summary judgment motion because "admissibility arguments were more properly raised—and were raised to an extent—in the reply to the response to the motion for summary judgment," and the "additional 8 pages would exceed the page limit" for summary judgment briefs. *Id.* So too here, the instant motion contains 6 additional pages of argument, effectively allowing Plaintiffs to skirt the 10-page limit for their reply brief.

Plaintiffs cite no case rejecting a challenge to a motion to strike as procedurally improper. Plaintiffs' two cited cases they contend "grant[ed] standalone motions to strike" (Mot. 5 n.1) are inapposite. The procedural impropriety of a motion to strike

2

was not raised in *U.S. E.E.O.C. v. SunTrust Bank*, 2014 WL 1763200, at *3-4 (M.D. Fla. Apr. 30, 2014), and *Dannebrog Rederi AS v. M/Y True Dream*, 428 F. Supp. 2d 1265, 1267-68 (S.D. Fla. 2005) is a pre-2010 decision where the alleged procedural infirmities involved the motion being "untimely" and filed in violation of the meet-and-conferral requirement. *See* Dkt. 520 at 3 (addressing similar cases).

## II. THE COURT SHOULD NOT STRIKE EXHIBIT A TO THE HALL DECLARATION

### A. Exhibit A To The Hall Declaration Satisfies FRE 901

Bright House submitted a declaration from Duncan Hall, an Internet Archive employee, to authenticate two printouts that had appeared on the website for the Copyright Center for Information ("CCI"). He attests that two website printouts attached to his declaration as Exhibit A: (1) are true and accurate copies of the screenshots attached; and (2) represent "archived files for the URLs and the dates specified" on the coversheet of each printout. Nov. 15 Hall Opp. Decl. ¶ 6.

As previously argued (Dkt. 520 at 4-7), this alone satisfies FRE 901. Courts recognize that a declaration from an Internet Archive employee authenticates how a particular webpage appeared on a particular date. *Id.* at 4-5 (collecting cases). This Court already reached that conclusion in *St. Luke's Cataract & Laser Institute, P.A. v. Sanderson*, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006) (Scriven J.) (affidavit from a "representative of Internet Archive with personal knowledge of its contents, verifying that the printouts Plaintiff seeks to admit are true and accurate copies of

3

Internet Archive's records would satisfy Plaintiff's obligation to this Court" under FRE 901). Mr. Hall's declaration squarely satisfies these requirements.

Plaintiffs now shift tactics by arguing that to satisfy FRE 901, Bright House must *also* separately establish that the contents of Exhibit A reflect "statements by or on behalf of Plaintiffs." Mot. 2. This is not a challenge to the *authenticity* of Exhibit A, but rather goes to its relevance. Here, Bright House's response in opposition to Plaintiffs' motion for partial summary judgment sets out extensive evidence to establish the relevance of CAS, including features of the CAS program, how it was used and promoted by rightsholders (including Plaintiffs), and how Bright House modeled its anti-infringement program on key aspects of the CAS program. *See, e.g.*, BHN SJ Opp. at 2-4.

### B. Exhibit A To The Hall Declaration Is Not Inadmissible Hearsay

Exhibit A is not inadmissible hearsay, as Plaintiffs contend. Mot. 2. Bright House uses Exhibit A to support the *fact* that certain statements appeared on CCI's website, regardless of whether those statements are true. "[S]tatements [that] are not offered for the truth of the matter asserted but instead for the fact of whether or not they were stated … do not constitute hearsay." *Munnings v. Fedex Ground Package Sys., Inc.*, 2008 WL 1849003, at *19 n.15 (M.D. Fla. Apr. 22, 2008); *Powers v. Emcon Assocs., Inc.*, 2017 WL 2718476, at *5 (D. Colo. June 23, 2017) (representations on website not hearsay where used "to illustrate [what was] *represented to the public*" and not "to prove the truth of the website's contents") (emphasis added). So too here, Exhibit A shows that that CCI's website "represented to the public" that CAS was a set of "best

practices," whether or not that was actually the case. *See* BHN SJ Opp. at 3; Dkt. 520 at 7-8 (addressing similar arguments, including that Ex. A reflects what was "touted").

Independently, as Bright House has explained, Exhibit A separately is admissible because: (1) the statements are "made by a person whom the party authorized to make a statement on the subject" under FRE 801(d)(2)(c); and (2) Exhibit A satisfies the residual hearsay exception because it is supported by sufficient guarantees of trustworthiness under FRE 807. *See* Dkt. 520 at 8-9.

### III. THE COURT SHOULD NOT STRIKE THE CHALLENGED PORTION OF A SENTENCE IN MR. FRENDBERG'S DECLARATION

#### A. Mr. Frendberg's Statement About The "Promotion" Of CAS Is Sufficiently Based On His Personal Knowledge

Plaintiffs again challenge part of a sentence in Mr. Frendberg's declaration, arguing he lacks personal knowledge that CAS "was promoted by rightsholders and ISPs as a set of best practices for discouraging online infringement." Frendberg Opp. Decl. ¶ 10. Plaintiffs are wrong, for the reasons already detailed. *See* Dkt. 520 at 9-11.

Mr. Frendberg's declaration and testimony establish his personal knowledge to make this statement, including based on his oversight for years of Bright House's anti-infringement efforts and his knowledge of how "Bright House's anti-infringement program was designed to track" CAS. Frendberg Opp. Decl. ¶¶ 1, 10 & Ex. A. He also testified about CAS's promotion and his "aware[ness] of what Time Warner was doing" about CAS. Dkt. 520-5 (Frendberg Tr.) 41:5-10, 96:3-15. Plaintiffs' bald assertion that Mr. Frendberg's knowledge about CAS must have come from Hall Exhibit A (Mot. 2) is unsupported speculation. Mr. Frendberg also acquired personal

5

knowledge through his experience in the ordinary course of business, including through his oversight of Bright House's Security and Abuse Team, which independently satisfies admissibility under FRE 602. *See In re RFC & RESCAP Liquidating Tr. Action*, 2020 WL 504661, at *6 (D. Minn. Jan. 31, 2020).

### B. Mr. Frendberg's Statement Is Not Inadmissible Hearsay

Plaintiffs again argue that Mr. Frendberg's statement is inadmissible "hearsay," but offer no explanation beyond the unsupported accusation that he must be repeating what is reflected in "hearsay screenshots." Mot. 2. Having not articulated a hearsay-based ground, this challenge fails. Dkt. 520 at 11-12 (addressing similar arguments). In any event, his statement is not hearsay because it is not being used to show that CAS was in fact a set of "best practices," but rather how CAS "*was promoted*." Frendberg Opp. Decl. ¶ 10 (emphasis added); *Blash v. City of Hawkinsville*, 856 F. App'x 259, 261 n.2 (11th Cir. 2021) (statements used "to show the effect of the statement on the listener, rather than to prove the truth of the matter stated, are not hearsay").

## IV. THE COURT SHOULD NOT STRIKE ANY PORTION OF THE SCHAPIRO DECLARATION OR EXHIBITS Q-2 – Q-5

### A. Exhibits Q-2, Q-3, Q-4, And Q-5 Are Proper FRE 1006 Summaries

Exhibits Q-2, Q-3, Q-4 and Q-5 each collects and presents in chart form voluminous factual information sourced from Plaintiffs' own pleadings, declarations, and discovery. Specifically, the four exhibits collectively list and categorize

information about 379 asserted works at issue.[2] Plaintiffs do not dispute that the exhibits are entirely derived from information produced by Plaintiffs, or that the information is accurately reproduced. Schapiro Opp. Decl. ¶¶ 19-26 & Exs. Q-2 – Q-5 at *. Because presenting the contents of thousands of pages on a document-by-document basis would be impracticable, and because Plaintiffs have the underlying materials in their possession, all four exhibits are proper FRE 1006 summaries. The purpose of these Rule 1006 summaries is to organize the information in a way that will aid the Court, which is both routine and proper on summary judgment.

    Plaintiffs' request to strike these exhibits for lack of "foundation" fails. Mot. 6. Mr. Schapiro states the information is based on his "personal knowledge" (Schapiro Opp. Decl. ¶ 1) and details their creation (*id.* ¶¶ 19-26). Courts routinely consider such FRE 1006 exhibits on summary judgment through an attorney declaration where the underlying materials could be admitted at trial through other means. *See, e.g.*, *Rosenwasser v. All Scripts Healthcare, LLC*, 2012 WL 3639057, at *6 n.2 (S.D. Fla. Aug. 24, 2012) (admitting FRE 1006 summary in attorney declaration on summary judgment); *Danielson v. Huether*, 2021 WL 217706, at *7 (D.S.D. Jan. 21, 2021) (similar); *Schmidt v. DIRECTV, LLC*, 2017 WL 3575849, at *8 (D. Minn. Aug. 17, 2017) (similar). As the Eleventh Circuit has reminded, "evidence considered at the

---

[2] Specifically: (1) Exhibit Q-2 lists 142 works for which Plaintiffs' declarations assert a contractual relationship with the work's author; (2) Exhibit Q-3 lists 31 works for which Plaintiffs' declarations assert a chain of title; (3) Exhibit Q-4 lists 11 works for which Plaintiffs copyright registrations do not list (or expressly excludes) the work; and (4) Exhibit Q-5 lists 195 works that Plaintiffs claim ownership as a result of a merger that occurred after the Claim Period. *See* Schapiro Opp. Decl. ¶¶ 19-26.

summary judgment stage need not be in a form that would be admissible at trial, as long as the evidence could ultimately be presented in an admissible form." *Bruno v. Greene Cty. Sch.*, 801 F. App'x 681, 684 n.2 (11th Cir. 2020) (quotations omitted). Plaintiffs do not dispute that all of the materials underlying these four exhibits—which are Plaintiffs' own documents—are admissible. Nor do Plaintiffs argue (let alone establish) that such Rule 1006 summaries are incapable of being presented in an admissible form at trial, through a witness if necessary.[3]  *See* Dkt. 520 at 12-15 (addressing similar arguments).

Plaintiffs also argue that Exhibits Q-2 – Q-5 are "improper attorney argument" (Mot. 6), but they identify no "attorney argument" in any of these exhibits. Nor could they—each lists factual information (such as names of works, names of artists, and registration numbers) from Plaintiffs' own voluminous documents. This is not "argument." Plaintiffs' sole authority, *SunTrust Bank*, 2014 WL 1763200, at *3-4 (cited at Mot. 6), did not involve such charts, but rather addressed: (1) a "two-paged single spaced summary" of an individual's "deposition testimony"; and (2) a document describing another's deponent's testimony that explicitly stated it was created "[g]iven the page limitations for the Motion for Summary Judgment."

---

[3]  FRE 1006 contains no requirement that the preparer of a FRE 1006 summary testify at trial; rather, "[t]he decision whether to permit the use of summary charts lies within the court's discretion." *U.S. v. Rowinsky*, 2013 WL 5607064, at *6 (S.D. Fla. Oct. 14, 2013). Assuming the Court deems such a witness necessary, these FRE 1006 summaries can easily be introduced through a Bright House fact witness. At minimum, Exhibits Q-2 – Q-5 would be permitted as demonstratives at trial, so Plaintiffs' challenge here is academic. *See, e.g.*, *Barrera v. Weiss & Woolrich S. Enters., Inc.*, 2011 WL 13174761, at *1 (S.D. Fla. Jan. 27, 2011) (allowing FRE 1006 summaries to be introduced at trial as demonstratives).

### B.      Paragraphs 19 – 26 Are Not "Attorney Argument"

In ¶¶ 19-26 of his declaration, Mr. Schapiro provides a straightforward explanation of the contents of Exhibits Q-2 – Q-5, all of which is premised on evidence produced in discovery regarding Plaintiffs' alleged ownership of the works-in-suit, and cites the specific locations in the underlying material where each of the contents at issue may be found. Plaintiffs do not challenge the admissibility of these underlying materials, confirming that the declaration functions as a vehicle to identify relevant evidence to the Court.

Rather than requiring the Court to sift through thousands of pages of copyright registrations and fact declarations to cross-check Plaintiffs' claims of ownership, Mr. Schapiro describes the contents of Exhibits Q-2 – Q-5 to aid the Court's review of voluminous evidence. This is not "attorney argument"; it is an accepted practice that in no way evades page limits. *See Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 272 (S.D.N.Y 2016) ("it is well established that an attorney's affidavit can be used, in connection with a summary judgment motion, [to make] summaries of evidence in the record") (quotations omitted); *Ada Liss Grp. (2003) Ltd. v. Sara Lee Corp.*, 2013 WL 9637196, at *5 (M.D.N.C. Sept. 3, 2013) (accepting attorney's "organizational guide for the Court as to relevant facts to consider with regard to the surrounding issues in Plaintiff's pending motion for partial summary judgment").

With this understanding, Plaintiffs' challenge to these paragraphs fails. Mot. 3-5. In ¶¶ 19-26, Mr. Schapiro makes no mention of legal standards at all, let alone whether the contents of Exhibits Q-2 – Q-5 are "sufficient" to meet legal standards, as

9

Plaintiffs represent. Mot. 3. In short, Plaintiffs identify no "argument." Rather, in these paragraphs, Mr. Schapiro identifies specific works-at-issue, identifies the location in the record of where the Court may find the information represented by the exhibits, and states what that information is. As courts recognize, "[s]ome degree of characterization of attached documents is permissible" on summary judgment. *Gasser v. Infanti Int'l, Inc.*, 2008 WL 2876531, at *7 (E.D.N.Y. July 23, 2008).

Neither of the two cases cited by Plaintiffs warrants a different outcome. Mot. 4. *SunTrust Bank*, 2014 WL 1763200, at *3-4, did not strike an attorney declaration, but rather two exhibits that were counsel's own lengthy "summaries" of deposition testimony the court could read itself. *See supra* at 8. And in *Dannebrog*, 428 F. Supp. 2d at 1268, the declarant cobbled together citations and descriptions from briefs and depositions to fashion a narrative retelling of events about which the declarant had no personal knowledge. *See id.*, No. 1:99-cv-2908, Dkt. 280 at 4-6 (¶¶ 12-16) (S.D. Fla. Apr. 5, 2005) (portion of declaration described as improper "summaries of the record evidence"). By contrast, Mr. Schapiro merely describes exhibits attached to his declaration that organizes voluminous evidence in an effort to aid the Court.[4]

## CONCLUSION

Bright House respectfully requests that the Court deny Plaintiffs' motion to strike portions of the opposition declarations of Duncan Hall, Timothy Frendberg and Andrew H. Schapiro.

---

[4] Plaintiffs' reliance on *Sony v. Cox* (cited at Mot. 5) fares no better, as Plaintiffs do not identify any testimony where Mr. Schapiro purports to "interpret and analyze" the materials at issue.

Dated: March 14, 2022

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1000
jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
melkin@winston.com

Respectfully submitted,

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
Nathan A. Hamstra (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
andrewschapiro@quinnemanuel.com
nathanhamstra@quinnemanuel.com

Todd Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
toddanten@quinnemanuel.com
jessicarose@quinnemanuel.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY &
STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Tel: (813) 228-9080
wschifino@gunster.com

*Counsel for Bright House Networks, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2022, I caused a true and correct copy of the foregoing document and all supporting materials thereto to be sent via email to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro