UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., et al.,

    Plaintiffs,                                       CASE NO. 8:19-cv-710-MSS-TGW

vs.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.
_____/

**NON-PARTY MARKMONITOR, INC.'S[1] JOINDER IN SUPPORT OF JOINT MOTION FOR LEAVE TO FILE UNDER SEAL (D.E. 526)**

Pursuant to Local Rule 1.11, Non-Party, MarkMonitor, ("MarkMonitor") respectfully submits the following Memorandum as a Joinder in the Parties' Joint Motion for Leave to File Under Seal (D.E. 526) ("Joint Motion"), which is set for hearing on March 15, 2022, regarding the Parties' request for the Court to maintain portions of their respective filings in various motions kept under seal.

1.    In general, in response to applicable subpoenas *duces tecum a*nd for deposition under Fed. Rules Civ. Proc. 30(b)(6) and otherwise, MarkMonitor has provided the parties with documents, source code, and submitted witness testimony (from Sam Bahun and Slawomir Paszcowski) in the form of deposition, declarations, and trial testimony (in other matters) that has been designated as

---

[1] The "MarkMonitor, Inc." at issue herein was acquired by OpSec Online LLC in January 2020. For ease of reference, and because of the continuing business under that brand name, this brief references "MarkMonitor, Inc." as the moving non-party.

"Confidential," "Highly Confidential Attorneys Eyes Only" and/or "Highly Confidential – Source Code" under the terms of the Parties' Protective Order ("Confidential Information").

2. MarkMonitor's designation regarding the Confidential Information was made as a result of the materials and testimony being part of or otherwise referencing MarkMonitor's confidential, proprietary and trade secret information that it employs in its business to maintain its competitive advantage over other persons and entities in the relevant industry. The designation and maintaining the confidential nature of this information by keeping it filed under seal also helps avoid unrestricted publication of the Confidential Information by *Torrent Freak* (see [www.torrentfreak.com](www.torrentfreak.com)) (and others) that serve to provide news and information to the public who may be involved in cyber-piracy, hacking, and illegal or infringing file-sharing of copyrighted material, such as Defendant's subscribers whose copyright infringement is at issue in this litigation.

3. As such, the Confidential Information provided by MarkMonitor was produced with the expectation that the Parties would honor and maintain the applicable level of confidentiality for these documents, testimony and source code, as part of their use in this proceeding and submission of materials to the court, such that MarkMonitor's information would not be made available or accessible to

competitors, or any interested sector of the pro-piracy publications or general public.

4. While Plaintiffs' counsel has provided MarkMonitor with some of the content that the Joint Motion seeks to maintain under seal, and supports this Joinder, the Defendant's counsel has not shared any material other than providing a courtesy copy of the Joint Motion brief, with an indication that "some third parties are filing separate motions to seal to ensure their information remains under seal."

5. As a non-party, MarkMonitor has also not previously seen, had access, and/or been provided with copies of the hundreds of filings on this docket or communications with the Parties' counsel or experts, etc. Some of the materials have now been provided regarding this and other recently filed motions involving MarkMonitor, but, MarkMonitor understands that its Confidential Information must have been handled and filed under seal by the Parties to honor the designations of non-parties under the Protective Order.

6. Since MarkMonitor has not received copies of all materials that are subject to the Joint Motion, it expressly reserves its right to seek to seal other filings or portions of filings that the Parties have filed regarding the summary judgment or *Daubert* motions, or in other filings not previously provided to MarkMonitor.

7. The Joint Motion references Confidential Information that includes references to, descriptions of, and quotes from declarations of Plaintiffs' expert Barbara Fredericksen-Cross (and her report) and former MarkMonitor employee (and 30(b)(6) witness) Sam Bahun, portions of MarkMonitor's agreements with RIAA and others, which contain terms and conditions, and scope of work in agreements MarkMonitor has with respect to the underlying work it performed, as well as a description of the MarkMonitor system and its operation, processes and functionality that is commercially highly sensitive material as described above. The same or similar information is also referenced (or believed to be referenced) in the other testimony and reports of Defendant's expert, Sandeep Chaterjee, Snow, Kristofer Buchan, and Ms. Frederiksen-Cross, and related exhibits of experts and counsel.

8. As the Joint Motion notes, "the public right to access is not absolute, even as to filings that bear directly on the merits of the case. When the interest in secrecy is sufficiently compelling, the Court may redact portions of a trial transcript, maintain trial exhibits under seal, or even limit public access to a trial itself." *Dish Network L.L.C. v. TV Net Sols.*, LLC, 2014 WL 4954683. At *2 (M.D. Fla. Oct. 2, 2014). Like the instant case, "redaction may be justified by other reasons, such as a significant risk of competitive injury from disclosure." *Ibid.* As stated above, the Confidential Information contains information relating to

the operation and functionality, etc. that provides MarkMonitor with a competitive advantage over others that would be eliminated or diluted by making unsealed all or any portion of the Confidential Information.

9. Similarly, the common law balancing of a public right to access with the designating party's interests in maintaining confidentiality requires "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir.2007).

10. There is good cause here to continue to maintain confidentiality with respect to the Parties use of and reliance on MarkMonitor's (and others') Confidential Information in their filings, where such information is proprietary in nature to the third party. *Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 2991057, at *1 (M.D. Fla. May 24, 2016).

11. Where a party has information that is confidential and proprietary, a court may grant a motion to seal, to protect a party from losing its intellectual property and trade secrets. *Mobile Shelter Systems USA, Inc., v. Grate Pallet Sols., LLC*, 2011 WL 5357843 (M.D. Fla. Nov. 1, 2011). Indeed, the Confidential

Information here is proprietary in nature, and is evidence of a dispute between business entities, with the public's interest being low, but for competitors who wish to gain an unfair advantage over MarkMonitor or others that wish to publicize or exploit MarkMonitor's highly sensitive technical information in the pro-piracy sector of the general public. *See, e.g. Adacel, Inc. v. Adsync Techs., Inc.*, 2020 WL 6382619, at *1 (M.D. Fla. July 1, 2020); *NXP B.V. v. Blackberry Ltd.,* 2014 WL 12622459, at *2 (M.D. Fla. Mar.17, 2014). This is especially true, whereas here, the public will still have access to a majority of the Parties' filings, and their access right to non-sensitive material regarding the merits of the case is not inhibited. *Poxicom Wireless, LLC v. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018); (*Melendez v. Sec'y, Dep't of Homeland Sec.*, 2015 WL 13803850, at *3 (M.D. Fla. Nov. 2, 2015).

12. In sum, the Confidential Information contains significant information and source code or reference to source code that MarkMonitor asserts is its private, confidential and commercially sensitive trade secret information regarding its antipiracy detection system. Public disclosure of MarkMonitor's proprietary verification process to its competitors or others would cause significant injury to MarkMonitor, and MarkMonitor is not aware of a less onerous alternative to filing the documents and information in question under seal.

## LOCAL RULE 3.01(g) CERTIFICATION

MarkMonitor's counsel certifies that he has conferred with counsel for the Defendant, who has indicated it has no position regarding the filing of MarkMonitor's Joinder in Support of the Parties' Joint Motion for Leave to File Under Seal. MarkMonitor's counsel certifies that he has conferred with counsel for the Plaintiff, who has indicated it has no objection regarding the filing of MarkMonitor's Joinder in Support of the Parties' Joint Motion for Leave to File Under Seal.

## Conclusion

For the foregoing reasons, MarkMonitor respectfully requests the Court enter an Order granting the Parties' Joint Motion and allowing the identified documents and information to remain under seal.

Respectfully submitted this 14 day of March, 2022.

*s/ Racquel A. White*
Racquel A. White, Esq.
Florida Bar No.: 392669
Email: rwhite@grsm.com
GORDON & REES SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5330
Facsimile: (877) 644-6209
***Co-Counsel for Respondent, MARKMONITOR, INC.***

And

Andrew D. Castricone, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Ste. 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
acastricone@grsm.com
***Co-Counsel for Respondent, MARKMONITOR, INC.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of March, 2022, the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will serve a true and correct copy by electronic notice on all counsel or parties of record.

*s/ Racquel A. White*
Racquel A. White, Esq.