# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

## NOTICE OF SUPPLEMENTAL AUTHORITY

PLEASE TAKE NOTICE that, pursuant to Local Rule 3.01(i), Plaintiffs bring to the Court's attention a recent recommendation issued by Magistrate Judge Michael Hegarty in the materially similar case of *Warner Bros. Records Inc. v. Charter Communications, Inc.*, No. 1:19-cv-00874-RBJ-MEH, Dkt. 735 (D. Colo. Mar. 24, 2022) ("*Charter I*"), which *inter alia* denied in pertinent part Charter's Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence (attached as Exhibit A hereto, the "Order").

Plaintiffs submit this supplemental authority in further support of their positions on the following motions:

1. Bright House's motion for spoliation sanctions against Plaintiffs under Rule 37(e) and Plaintiffs' opposition thereto (Dkt. Nos. 447, 472); and

2. Bright House's motion for Rule 37(c) discovery sanctions against Plaintiffs and Plaintiffs' opposition thereto (Dkt. Nos. 471, 515)[1];

The Order denied the majority of Charter's motion relating to the loss of certain information by third-party vendors MarkMonitor and Audible Magic, including "Song Files . . . correspond[ing] to the actual works in suit downloaded by MarkMonitor and verified by Audible Magic prior to 2016," "responses MarkMonitor received from Audible Magic regarding [file] verification," and "source code used by one of the vendors for 'file verification.'" Order, at 7. Specifically, the *Charter I* court agreed that Plaintiffs should not have reasonably anticipated litigation prior to December 2015, and that even assuming Plaintiffs did reasonably anticipate litigation, "Defendant has not met its burden of proof" to warrant the requested sanctions. Order, at 8–9. The court granted Charter's motion only to the extent that "Defendant should be permitted to introduce evidence of the missing information at trial," but noted that "this should not be articulated to the jury as 'spoliation.'" Order, at 9.

Charter filed an objection to the Order on April 7, 2022, which remains pending. *Charter I*, Dkt. 737.

| | |
|---|---|
| Dated: April 18, 2022 | Respectfully submitted, |
| Jonathan M. Sperling<br>COVINGTON & BURLING LLP<br>The New York Times Building | /s/ *Matthew J. Oppenheim*<br>Matthew J. Oppenheim<br>Jeffrey M. Gould |

---

[1] The same issues are implicated by Bright House's related motion for Rule 37(c) and Rule 45 sanctions against MarkMonitor in the miscellaneous proceeding. *See Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 8:20-mc-00064, Dkt. No. 53 and opposition filed under seal Feb. 25, 2022.

<div style="columns:2">

620 Eighth Avenue  
New York, NY 10018-1405  
Telephone: (212) 841-1000  
jsperling@cov.com  

Neema T. Sahni  
COVINGTON & BURLING LLP  
1999 Avenue of the Stars, Ste. 3500  
Los Angeles, CA 90067-4643  
Telephone: (424) 332-4800  
nsahni@cov.com  

Alexander Kaplan  
OPPENHEIM + ZEBRAK, LLP  
4530 Wisconsin Ave. NW, 5th Fl.  
Washington, DC 20016  
Telephone: (202) 621-9027  
matt@oandzlaw.com  
jeff@oandzlaw.com  
alex@oandzlaw.com  

David C. Banker, Esq.  
Florida Bar No. 0352977  
Bryan D. Hull, Esq.  
Florida Bar No. 020969  
BUSH ROSS, P.A.  
1801 North Highland Ave.  
P.O. Box 3913  
Tampa, FL 33601-3913  
Telephone: (813) 224-9255  
dbanker@bushross.com  
bhull@bushross.com  

*Attorneys for Plaintiffs*

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2022, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/EFT system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim

*Attorney for Plaintiffs*