UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART BRIGHT HOUSE'S MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF HAROLD FURCHTGOTT-ROTH**

Plaintiffs respectfully move for reconsideration of the Court's order granting in part Bright House's Motion to Exclude the Opinions and Testimony of Harold Furchtgott-Roth. Dkt. 638 at 7-9. Plaintiffs are mindful that the Court has discouraged the parties from filing additional motions, and take this guidance seriously. Plaintiffs file this motion nonetheless given the need to address a clear and consequential error.

Plaintiffs seek reconsideration of the Court's ruling that Dr. Furchtgott-Roth may not quantify the value of a Bright House subscriber "based on the value of Charter's purchase of Bright House in 2016 divided by the number of Bright House residential subscribers." Dkt. 638 at 8; *see* 9/29 Furchtgott-Roth Rep. ¶¶ 53, 76. As Dr. Furchtgott-Roth explained based on his decades of experience evaluating the cable industry, this is a method commonly used in that industry to estimate the value of a

subscriber in the context of mergers and acquisitions. *See* May 26, 2022 Hr'g Tr. at 279:13–16. There is no contrary record evidence—indeed, Bright House did not even challenge this valuation method in its Motion—and no basis for the Court to preclude him from testifying about it.

## ARGUMENT

A court may alter a prior decision where "the interest of justice demand[s] correction." *Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC*, No. 2:14-CV-499-FTM-29MRM, 2015 WL 13730160, at *1 (M.D. Fla. Dec. 11, 2015) (quoting *Am. Home Insur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). In particular, reconsideration is justified in order to correct clear error or manifest injustice. *Id.* Here, Plaintiffs seek to correct a clear error in the Court's interpretation of certain facts. *Cf. Wood v. Cellco P'ship,* 2008 WL 1886039, at *1 (M.D. Fla. Apr. 25, 2008) ("A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law.").

The Court ruled that "Dr. Furchtgott-Roth will not be permitted to quantify Bright House's economic incentive to retain alleged infringing customers based on the value of Charter's purchase of Bright House in 2016 divided by the number of Bright House residential subscribers." The Court stated that the reason he will not be permitted to so testify is that such an estimate "improperly applies the valuation of Bright House's *entire* business over the number of residential subscribers to determine the value of retaining residential Bright House subscribers and is not probative of any fact and is unduly prejudicial." Dkt. 638 at 8. The Court added that "Dr. Furchtgott-

Roth offers no basis for such a valuation, nor does Buchan, on whose assumptions he relies for this calculation." *Id.* at 8–9.

The Court's understanding of Dr. Furchtgott-Roth's analysis and the basis for excluding it are clearly erroneous for three reasons:

*First*, contrary to the Court's characterization, Dr. Furchtgott-Roth did not divide Charter's purchase price by "the number of residential subscribers." Dr. Furchtgott-Roth's estimate was derived by dividing the $10.4 billion acquisition price by the total number of *all* Bright House subscribers. *See* 9/29 Furchtgott-Roth Rep. ¶ 25 n.25, ¶ 53.

*Second*, Dr. Furchtgott-Roth *did* offer a basis for this valuation. At the May 26 hearing, Dr. Furchtgott-Roth testified that, based on his experience studying and regulating the cable industry, including as an FCC Commissioner, dividing the price to acquire a cable provider by the number of subscribers to that provider is a common method used in that industry to estimate the value of a customer. May 26, 2022 Hr'g Tr. at 279:13–16. Dr. Furchtgott-Roth did not rely on any assumptions from Mr. Buchan for this calculation. His understanding is based on his own experience, including as a former Commissioner of the federal agency charged with overseeing and approving mergers and acquisitions in the cable industry.

*Third*, there is no evidence in the record contradicting Dr. Furchtgott-Roth's expert opinion that this is a commonly used method of valuation for cable industry mergers and acquisitions. Indeed, Bright House's Motion did not challenge Dr.

Furchtgott-Roth's use of per-customer purchase price as a method for estimating the value of each subscriber.

If Bright House's Motion *had* challenged Dr. Furchtgott-Roth's method, Plaintiffs would have submitted evidence in response, confirming Dr. Furchtgott-Roth's testimony that his valuation method has a sound basis. Specifically, Plaintiffs would have been able to direct the Court to public filings demonstrating that per-customer purchase price is a common valuation method in cable industry mergers.

For example, in its acquisition of AT&T Broadband, Comcast looked to three respected investment banks to provide a fairness opinion: Morgan Stanley, JPMorgan and Merrill Lynch. In their financial assessment of the transaction, these banks compared the proposed transaction to other precedent transactions in the broadband industry. To do so, *all three investment banks* "calculated the per subscriber multiples paid in the selected transactions based on the transaction values and the subscriber numbers," estimating "[h]igh, mean, median and low per subscriber multiples" for the selected transactions of "$5,378, $4,491, $4,500 and $3,500, respectively." AT&T Comcast Corporation SEC Form S-4 (Apr. 29, 2002).[1] The Court can take judicial notice of the fact that such SEC filings reflect industry participants valuing a transaction by dividing the purchase price by the number of the target company's subscribers.[2]

---

[1] https://www.sec.gov/Archives/edgar/data/0001166691/000095012302004349/e56461a2s-4a.txt.

[2] *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (holding that a court may properly take judicial notice of public documents required to be filed and actually filed

Similarly, in their analysis of Rocco B. Commisso's acquisition of Mediacom Communications Corporation "J.P. Morgan and BofA Merrill Lynch applied a range of multiples of adjusted cable firm value to basic subscribers ('sub') as of September 30, 2010, which range of multiples was $3,101 per sub to $3,357 per sub for Mediacom's comparable companies."[3] Here too, the target company's financial advisors expressly valued the transaction on the basis of dividing the total purchase price paid by the number of the target company's subscribers.

The Court's assertion that this valuation method is "improper" and "baseless" is thus contrary to the only evidence before the Court. That evidence shows that *participants in the cable industry*—like Bright House and its acquirer, Charter—value subscribers precisely in terms of how much an acquirer will pay on a per-subscriber basis to acquire the ISP. Far from not being probative of any fact, that value shows *exactly* the incentive that Bright House had not to terminate infringing subscribers—an incentive that Bright House *actually realized* when it was acquired by Charter.

Were this a bench trial, to the extent that the Court found Dr. Furchtgott-Roth's valuation method unpersuasive, the Court would be free to reject it in its capacity as trier of fact. But it is clear error for the Court, as gatekeeper of expert evidence, to simply exclude a standard valuation methodology offered by an esteemed former regulator of the industry and nowhere contested by Bright House in its Motion. There

---

with the SEC, "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents").

[3] https://www.sec.gov/Archives/edgar/data/1098659/000095012310110587/y87999exv99waw1.htm.

is ample support for this valuation methodology. Therefore, the Court should reconsider its order preventing Dr. Furchtgott-Roth from presenting his analysis based thereon to the jury.

Dated: June 17, 2022

Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

David C. Banker
Florida Bar No. 0352977
Bryan D. Hull
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

Respectfully submitted,

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they conferred with Bright House regarding this request. Plaintiffs advised Bright House of this request and the basis for it on June 15, 2022. The parties' conferred telephonically on June 17, 2022, and could not reach agreement on the issues detailed herein. Bright House stated the following position: (1) Plaintiffs' motion is unauthorized, and does not satisfy any of the requisite criteria for the extraordinary remedy of reconsideration of the Court's Order; and (2) Bright House intends to seek its attorneys' fees in opposing Plaintiffs' motion if forced to brief this issue.

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2022, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
