UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.                                            Case No: 8:19-cv-710-MSS-TGW

BRIGHT HOUSE NETWORKS,
LLC.,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Bright House Networks, LLC's Motion for Summary Judgment, (Dkt. 576), Plaintiffs' Memorandum in Opposition to Bright House Networks' Motion for Summary Judgment, (Dkt. 603), and Bright House Networks, LLC's Reply In Support of Its Motion for Summary Judgment. (Dkt. 609)

Upon consideration of all relevant filings, case law, and being fully otherwise advise, the Court **DENIES** Defendant Bright House Networks, LLC's Motion for Summary Judgment.

### I.    BACKGROUND

This matter arises out of Plaintiffs' suit against Bright House for contributory copyright infringement and claims for statutory damages, pursuant to 17 U.S.C. § 504(c). (Dkt. 94 at ¶¶ 90–98) In sum, Plaintiffs claim that Bright House, by its receipt

of Plaintiffs' infringement notices, "had knowledge that its network was being used for infringement of Plaintiffs' copyrighted works on a massive scale, and also knew of specific subscribers engaged in such repeated and flagrant infringement." (Id. at ¶ 93) Instead of terminating the service of these subscribers, Plaintiffs claim that Bright House "knowingly caused and materially contributed to the unlawful reproduction and distribution of Plaintiffs' copyrighted works." (Id. at ¶ 94)

Bright House moves for summary judgment on Plaintiffs' contributory infringement claim and requests that this claim be dismissed in its entirety. (Dkt. 576 at 8) *First*, Bright House argues that the record contains no evidence that Bright House supplied internet service to subscribers or otherwise handled infringement notices with the object of fostering copyright infringement. (Id. at 14) Thus, Bright House contends Plaintiffs cannot prove that Bright House had the requisite intent and summary judgment is warranted. (Id. at 16) *Second*, Bright House contends that Plaintiffs cannot prove that Bright House had knowledge of the alleged infringement for vast swaths of the infringement alleged. (Id.) Bright House argues that "Plaintiffs cannot prove knowledge based on notices not sent to or received by Bright House," (id.), and, that for the notices Bright House actually received, these notices do not permit a "reasonable juror [to] find that those notices conferred knowledge that subscribers had, in fact, infringed in the past, let alone that they would do so in the future." (Id. at 18)

Alternatively, Bright House seeks summary judgment that "Plaintiffs may seek an award of statutory damages on only a limited number of works asserted." (Id. at 8) *First*, Bright House asserts that The Copyright Act, 17 U.S.C. §§ 504(c)(1), 101,

2

"requires that where Plaintiffs assert infringement of a sound recording that is derivative of an asserted musical composition, that pair must be counted as a single work for purposes of a statutory damages award." (Id. at 22) (internal quotations omitted) Therefore, Bright House contends that the number of "works" in this case should be reduced to 5,294 from 7,2751 because there are "1,977 derivative sound recordings-in-suit; that is, sound recordings Plaintiffs assert for which there are corresponding musical compositions-in suit." (Id. at 23–24) Additionally, Bright House claims that those same sections of The Copyright Act limit Plaintiffs to a single award of statutory damages "where multiple recordings appear on a single album . . . [and Plaintiffs] cannot seek statutory damages for individual songs that were issued on an album." (Id. at 24) Thus, if the Court finds in favor for Bright House on this point, the "works" in this case decrease further to 1,924. (Id. at 25) Finally, Bright House argues that an additional 52 works should be excluded because Plaintiffs "do not have any evidence [that these works] were registered or within the 3-month window after first publication." (Id.)

In their Response in Opposition, Plaintiffs argue that Bright House is liable for contributory infringement because Plaintiffs claim that they can prove intent "where the defendant knows of specific infringing content available on its system yet fails to remove it—that defendant may be liable, by operation of law, just as if he had actually intended to infringe under Grokster." (Id. at 10–11) (citing to Disney Enterprises, Inc. v. Hotfile Corp., No. 11-20427-CIV, 2013 WL 6336286, at *35 (S.D. Fla. Sept. 20, 2013) (relying on Perfect 10, Inc.'s holding that "a computer system operator can be

3

held contributorily liable if it has actual knowledge that specific infringing material is available using its system and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works[,] Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1172 (9th Cir. 2007))

Next, Plaintiffs counter that Bright House is liable for contributory copyright infringement because Bright House "knowingly provided its service to repeat-infringing subscribers." (Dkt. 603 at 13) *First*, Plaintiffs contend that there is "undisputed, contemporaneous evidence" to refute Bright House's arguments that the Notices did not provide it with knowledge of the infringement. Plaintiffs claim that this evidence includes the facts that the Notices "unequivocally informed B[right House] that the subscriber was engaged in illegal, unauthorized reproduction and distribution of music[,]" (id. at 15), the information they provided was sufficient notice "such that B[right House] could take steps to stop that subscriber from continuing to use its network to infringe Plaintiffs' works[,]" (id. at 16), and that Bright House's "own documents establish that it understood and believed that the subscribers that were subject of multiple notices . . . were repeat infringers who continued to infringe." (Id. at 17) (internal quotations omitted) *Second*, Plaintiffs argue there is "significant evidence" that Bright House "received the notices Plaintiffs sent to the T[ime Warner Cable] address and disputed issues of material fact prevent the Court granting summary judgment on this issue." (Id. at 18) *Third*, Plaintiffs claim that Bright House "spoliated emails for nearly all the most relevant B[right House] individuals during the Claim Period" so this is an additional reason for the Court to deny summary judgment.

4

(Id. at 19–20) Additionally, Plaintiffs contend the evidence shows "actual intent." (Id. at 20–21)

In terms of Bright House's arguments concerning statutory damages, Plaintiffs argue that the Copyright Act "does not limit Plaintiffs to one award of statutory damages for sound recordings that are not released on an album" because, under the "independent economic value" test,[1] the evidence "reflects that the sound recordings in suit were individually available for download or streaming on multiple, unauthorized services, during the Claims Period." (Id. at 23–24) Additionally, Plaintiffs claim that the Copyright Act "does not prohibit separate statutory awards for separately-owned sound recordings and the underlying compositions." (Id. at 24)

In its Reply, Bright House contends that "[t]he Eleventh Circuit has not adopted the Perfect 10 test, and this Court should not do so." (Dkt. 609 at 2–5) Additionally, Bright House reiterates that, under Grokster, Plaintiffs cannot establish intent because there are "no emails, no policy documents, no presentations, and no testimony" demonstrating that Bright House had an "objective [ ] to encourage infringement[.]" (Id. at 5) Assuming Perfect 10 is applied, Bright House argues that account termination of alleged infringers is not a "simple measure" because such an action is "dramatically overinclusive" in that termination "would cut off subscribers' access to the entire Internet—not just the allegedly infringing content." (Id. at 9) Finally, Bright House

---

[1] This test "focuses on whether each expression [or work] has an independent economic value and is, in itself, viable." MCA Television Ltd. v. Feltner, 89 F.3d 766, 769 (11th Cir. 1996).

argues that Plaintiffs cannot show that Bright House had knowledge of the alleged infringement because they "cannot prove knowledge based on notices not sent to or received by Bright House[,]" (id. at 9), and that those that were actually received about past infringement "cannot establish knowledge of future infringement." (Id. at 11)

## II.   STANDARD OF REVIEW

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001) (explaining that "[s]ummary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law"). For a factual dispute between the parties to defeat summary judgment, the factual dispute must be "both genuine and material." Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008). A fact is material if it "affect[s] the outcome of the suit under the governing law," and is genuine "if a reasonable trier of fact could return judgment for the non-moving party." Id.

A court will "construe the facts and draw all inferences in the light most favorable to the nonmoving party and when conflicts arise between the facts evidenced by the parties, [the court will] credit the non[-]moving party's version." Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006) The role of the jury is to weigh the evidence and determine credibility, "[t]herefore, if the determination of the case rests on which competing version of the facts or events is true, the case should be submitted

to the trier of fact and the motion for summary judgment denied." Hodgetts v. City of Venice, Fla., 794 F. Supp. 2d 1265, 1271 (M.D. Fla. 2011)

A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted). When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### III. DISCUSSION

After reviewing Bright House's Motion for Summary Judgment, Plaintiffs' Response in Opposition, and Bright House's Reply, the Court identifies the following central issues in dispute:

1. Evidence of Bright House's intention to materially contribute to the alleged infringement viewed under either Party's view of the law (*i.e.*, whether a

7

reasonable juror could find for Plaintiffs that Bright House's failure to take "simple measures[,]" Perfect 10, 508 F.3d at 1172, such as terminating the service of alleged infringers, imputes intent even without direct evidence of Bright House acting with the object of fostering infringement). Compare id. with Grokster, 545 U.S. at 919 (explaining that a provider is liable for contributory infringement when they "distribute[] a device *with the object* of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement") (emphasis added).

2. Bright House's knowledge of the alleged infringement based on Notices sent or not sent or received or not received by Bright House.

3. Bright House's knowledge of alleged infringement, based on Notices received that concerned past infringement, and whether a "reasonable juror [could] find that those notices conferred knowledge that subscribers had, in fact, infringed in the past, [and] would do so in the future." (Dkt. 576 at 16)

4. The number of works at issue for the calculation of statutory damages under 17 U.S.C. § 504(c)(1).

As to the foregoing issues, the Court finds that these are material disputes of fact, and these factual disputes preclude resolution on summary judgment. This case will proceed to trial as planned, and the jury will be called upon to review the evidence and resolve the factual disputes on these questions.

### IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Bright House Networks, LLC's Motion for Summary Judgment, (Dkt. 576), is

    **DENIED**.

    **DONE** and **ORDERED** in Tampa, Florida, this 1st day of July, 2022.

    _____
    MARY S. SCRIVEN
    UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person