UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

                      Case No. 8:19-cv-710-MSS-TGW

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE MOVIELABS'
INTERNAL DOCUMENTS RELATING TO P2P SCANNING[1]**

The document produced by MovieLabs (the "MovieLabs Memo") should be excluded for two reasons. *First*, it discusses legal and evidentiary standards, which invades the province of the Court. For example, it discusses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" ECF 579-4 at ML00004. It purports to speak to the types of scanning which is "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id.* at ML00001. And it discusses how "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" *Id.* at ML00009. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 1 ("Helman Tr.") 46:15-47:7, 48:8-23. The statements

---

[1] Plaintiffs have filed this motion *in limine* separately from their concurrently-filed omnibus motion *in limine* (ECF 655) because it contains material that is confidential to non-party MovieLabs and subject to Local Rule 1.11(d). Cumulatively, this motion and Plaintiffs' omnibus motion *in limine* total fewer than the 20 pages permitted by the Court's June 20, 2022 Order (ECF 647 at 2).

in the document regarding legal requirements and the definition of infringement invade the judge's role in instructing the jury as to the appropriate legal standard, and the role of the jury in weighing the evidence.

*Second*, BHN seeks to argue that the MovieLabs Memo describes an industry standard for notice sending, and that MarkMonitor's actions here fell short of that standard. But the memo does no such thing. The MovieLabs witness who authenticated the document as a business record testified that the "▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊." *Id.* at 56:10-14. Not only was the document not intended to set an industry standard, it was ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊. *Id.* at 41:14-22. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊. *Id.* at 44:3-13. By definition, a confidential internal document that was never published, let alone peer reviewed, cannot establish an industry standard. Nor is the document necessary to establish what actions MarkMonitor took prior to sending a notice, which BHN can introduce through examination of MarkMonitor witnesses or expert testimony. While the MovieLabs Memo does speak to technological issues associated an anti-piracy vendor's interactions with peer-to-peer networks, the document is, at best, a poor substitute for a witness for the vendor at issue and experts who have reviewed the vendor's technology. In this case, both such witnesses will be testifying at trial. In sum, the MovieLabs Memo is a document whose "probative value" "is substantially

outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." FRE 403.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion *in limine*.

Dated: July 8, 2022

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

David C. Banker
Florida Bar No. 0352977
Bryan D. Hull
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue P.O. Box 3913
Tampa, FL 33601-3913 Telephone: (813) 224-9255 dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they conferred with Bright House regarding this motion. Plaintiffs advised Bright House of the evidence they seek to exclude on July 1, 2022. The parties conferred telephonically on July 6, 2022, and could not reach agreement on the issues detailed herein.

*/s/ Matthew J. Oppenheim*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2022, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Matthew J. Oppenheim*