IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC <br><br> Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

**DEFENDANT BRIGHT HOUSE NETWORKS, LLC'S
MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Rule 1.11, Defendant Bright House Networks, LLC ("Bright House") respectfully brings this motion for leave to file the unredacted version of its Motion *In Limine* (the "Motion") under seal. *See* Dkt. 657 (July 8, 2022). In accordance with the Court's prior guidance, Bright House respectfully requests very limited redactions to its confidential info that the Court previously allowed to remain under seal. *See* Ex A.[1] In support of this motion, Bright House states as follows:

---

[1] Pursuant to Local Rule 1.11(d), Bright House also applied redactions to its Motion to protect information that Plaintiffs and MarkMonitor had previously designated as confidential. *See* Dkt. 657, Mot. 1-4 and 13; Dkt. 657-4, Ex. C. During the meet and confer process regarding this instant Motion, Plaintiffs notified Bright House that it did not intend to seal any material filed in connection with Bright House's Motion *In Limine*. Accordingly, attached hereto as **Exhibit A** is a redacted Motion, which reflects only the limited information Bright House seeks to seal.

1

1. On July 8, 2022, Bright House filed a redacted version of its Motion on the public docket and redacted versions of certain exhibits filed in support thereto, pursuant to Local Rule 1.11(d).

2. As relevant here, Bright House filed redacted versions of Exhibits D and E, which consist of the deposition transcripts of Tyler Sutterby and Andrew Henkart, respectively. These transcripts includes Bright House's highly confidential and commercially sensitive business information, including, as relevant here, discussions of Bright House's network management tools and descriptions of the network management data presented to Bright House by third parties under non-disclosure agreements. The Court previously granted Bright House's request that this information remain under seal at the March 15, 2022, hearing on confidentiality issues. *See* Dkt. 566.

3. The limited portions of the Motion that Bright House seeks to redact contain descriptions of Exhibits D and E and implicates the same commercially sensitive third-party information, presented to Bright House under non-disclosure agreements. *See* Ex. A, Mot. 11, 14-15, and 17.

4. The Eleventh Circuit provides that "[t]he common law right of access may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309)). In determining whether good cause to seal materials exists, courts balance the party's privacy or proprietary interests in the information to be sealed with the public's interest in accessing the information. *Id.*

5. Based on this balancing test, there is good cause to maintain the unredacted version of the Motion under seal. Bright House has substantial interests in maintaining as confidential details regarding its network management tools and specific network management architecture, and has substantial interest in protecting information disclosed pursuant to non-disclosure agreements with third parties. *See Proxicom Wireless, LLC vs. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (recognizing litigant's "legitimate privacy interests" in protecting access to materials that, if made public, would "expos[e] [the litigant's] business and financial information to the public, including competitors"). The public's interest in accessing the redacted content in the Motion is low given the fact that the public would have access to the Motion nearly in its entirety (with only a few lines redacted).

6. Sealing the Motion in its entirety is not necessary in this instance; rather, redaction will adequately protect Bright House's interests. *See* Local Rule 1.11(c)(3)(C). As noted, a public version of the Motion has already been made available with only limited portions redacted. *See* Dkt. 657 (July 8, 2022).

7. Bright House requests the unredacted version of the Motion be maintained under seal for 90 days after this matter is closed and all appeals are exhausted.

For the foregoing reasons, Bright House respectfully requests that the Court grant it leave to file the unredacted version of its Motion *In Limine* and Exhibits D and E filed in support thereto under seal. *See* Dkts. 657, 657-5, and 657-6 (July 8, 2022).

Dated: July 12, 2022

Respectfully submitted,

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1506
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Email: melkin@winston.com

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com

Todd Anten (*pro hac vice*)
Jessica Rose (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7192
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Charles K. Verhoeven (*pro hac vice*)
David Eiseman (*pro hac vice*)
Linda Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Tel: (813) 228-9080
Email: bschifino@gunster.com

*Counsel for Defendant*
*Bright House Networks, LLC*

## L.R. 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for Bright House has conferred with counsel for Plaintiffs on July 8 and 10, 2022. Plaintiffs stated that they oppose the relief sought in this motion but did not articulate a reason for the opposition.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2022, I caused a true and correct copy of the foregoing and all supporting materials to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
