IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC

Defendant.

Case No. 8:19-cv-00710-MSS-TGW

### BRIGHT HOUSE'S UNOPPOSED MOTION TO REDACT PORTIONS OF MAY 25, MAY 26, AND JUNE 1, 2022 HEARING TRANSCRIPTS

Defendant Bright House Networks, LLC ("Bright House") respectfully requests that portions of the transcripts of the hearings held on May 25, May 26, and June 1, 2022 before The Honorable Mary Scriven, entered on the docket as ECF 641, 642, and 643, be redacted, specifically the following pages and lines:

**May 25, 2022** (ECF 641):   170:16-19; 172:15-16; 224:11-12

**May 26, 2022** (ECF 642):   269:3, 10; 277:4, 5, 12, 16; 278:9, 11, 20; 281:11; 285:12, 14, 18; 287:7-8; 288:18; 291:7; 292:23; 293:3, 6; 296:20; 298:16; 309:5; 309:18-19

**June 1, 2022** (ECF 643):   21:7-8, 14; 23:12; 24:5, 12; 35:24; 36:4; 51:7; 77:3-5, 7-8, 15-17; 81:2-3, 15; 83:21-22, 24; 84:1, 5-6, 11-22; 85:5, 20-22; 86:1-3, 7-8, 11-16, 25; 90:15-22; 92:15-17, 24-25; 93:1-5, 7-12, 14-19, 21-23; and 94:1-2, 5, 7-8, 23

In accordance with the Court's prior guidance, Bright House requests only limited redactions to protect its and third parties' interests. In support of this motion, Bright House states as follows:

1

1. The Court held hearings in this matter on May 25, May 26, and June 1, 2022. On July 5, 2022, Bright House timely filed a Notice Of Intent To Request Redaction of the transcripts of those hearings. *See* ECF 651.

2. Pages and lines **170:16-19; 172:15-16; and 224:11-12** of the **May 25, 2022** hearing transcript directly quote from a document produced by third party MovieLabs, which it has asserted contains its proprietary and confidential information. The Court previously permitted that document to be maintained under seal. *See* ECF 566, Order at 7 (ordering MovieLabs document, which had been filed as Ex. C to Hamstra Decl., to remain under seal). Bright House expresses no opinion on whether the document qualifies for confidential treatment, but brings this request to protect the interests of a third party.

3. Pages and lines **269:3, 10; 277:4, 5, 12, 16; 278:9, 11, 20; 281:11; 285:12, 14, 18; 291:7; and 309:5** of the **May 26, 2022** hearing transcript disclose a figure that purportedly represents Bright House's economic incentive to tolerate infringement. Pages and lines **287:7-8; 288:18; 292:23; 293:3, 6; 296:20; 298:16; and 309:18-19** of the **May 26, 2022** hearing transcript likewise disclose figures representing alternate measures of Bright House's purported economic incentives and underlying data. The Court has previously treated these figures as confidential and redacted them from the public record. *See, e.g.*, ECF 650, Order.

4. Pages and lines **21:7-8, 14; 23:12; 24:5, 12; and 51:7** of the **June 1, 2022** hearing transcript disclose the purported average lifetime value of a subscriber to

Bright House and alleged gains to Bright House, as set out in Exhibit 5 of George Strong, Jr.'s Expert Rebuttal Report. That portion of Mr. Strong's report was previously redacted from the public record, pursuant to Court order. *See* ECF 566, Order at 11 (ordering Strong Report, which had been filed as Ex. A to Grigsby Decl., to be filed publicly with redactions).

5. Pages and lines **35:24 and 36:4** of the **June 1, 2022** hearing transcript disclose the purported "churn" of Bright House's subscribers, as set out in Paragraph 99 of George Strong, Jr.'s Expert Rebuttal Report. That portion of Mr. Strong's report was previously redacted from the public record, pursuant to Court order. *See* ECF 566, Order at 11 (ordering Strong Report, which had been filed as Ex. A to Grigsby Decl., to be filed publicly with redactions).

6. Pages and lines **77:3-5, 7-8, 15-17; 81:2-3, 15; 83:21-22, 24; 84:1, 5-6, 11-22; 85:5, 20-22; 86:1-3, 7-8, 11-16, 25; 90:15-22; 92:15-17, 24-25; 93:1-5, 7-12, 14-19, 21-23; and 94:1-2, 5, 7-8, 23** of the **June 1, 2022** hearing transcript disclose details of certain "litigation holds" Bright House implemented as well as details of related data migration and retention. This and similar information was previously redacted from the public record, pursuant to Court Order. *See* ECF 566, Order at 12 (ordering Plaintiffs' Motion for Spoliation Sanctions to be filed publicly with redactions).

7. The Eleventh Circuit provides that "[t]he common law right of access may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d

3

1234, 1246 (11th Cir. 2007) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). In determining whether good cause to seal materials exists, courts balance the party's privacy or proprietary interests in the information to be sealed with the public's interest in accessing the information. *Id.*

8. Based on this balancing test, there is good cause to redact the portions of the May 25, May 26, and June 1, 2022 hearing transcripts listed above. Bright House has substantial interests in maintaining as confidential details regarding its internal financial data and its management of litigation holds and data retention. *See Proxicom Wireless, LLC vs. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (recognizing litigant's "legitimate privacy interests" in protecting access to materials that, if made public, would "expos[e] [the litigant's] business and financial information to the public, including competitors"). The public's interest in accessing the redacted content in the transcripts is low given the fact that the public would have access to the transcripts nearly in their entirety.

9. Sealing the transcripts in their entirety is not necessary in this instance; rather, redaction will adequately protect Bright House's interests. *See* Local Rule 1.11(c)(3)(C).

10. Bright House requests the unredacted version of the transcripts be maintained under seal for 90 days after this matter is closed and all appeals are exhausted.

WHEREFORE, Bright House respectfully requests that the following portions of the transcripts of the hearings held on May 25, May 26, and June 1, 2022 before

The Honorable Mary Scriven, entered on the docket as ECF 641, 642, and 643, be redacted:

**May 25, 2022** (ECF 641):   170:16-19; 172:15-16; 224:11-12

**May 26, 2022** (ECF 642):   269:3, 10; 277:4, 5, 12, 16; 278:9, 11, 20; 281:11; 285:12, 14, 18; 287:7-8; 288:18; 291:7; 292:23; 293:3, 6; 296:20; 298:16; 309:5; 309:18-19

**June 1, 2022** (ECF 643):   21:7-8, 14; 23:12; 24:5, 12; 35:24; 36:4; 51:7; 77:3-5, 7-8, 15-17; 81:2-3, 15; 83:21-22, 24; 84:1, 5-6, 11-22; 85:5, 20-22; 86:1-3, 7-8, 11-16, 25; 90:15-22; 92:15-17, 24-25; 93:1-5, 7-12, 14-19, 21-23; and 94:1-2, 5, 7-8, 23

Dated: July 19, 2022          Respectfully submitted,

| | |
|---|---|
| Jennifer A. Golinveaux (*pro hac vice*)<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111<br>Tel: (415) 591-1506<br>Email: jgolinveaux@winston.com<br><br>Michael S. Elkin (*pro hac vice*)<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 294-6700<br>Email: melkin@winston.com | */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Email: andrewschapiro@quinnemanuel.com<br><br>Todd Anten (*pro hac vice*)<br>Jessica Rose (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7192<br>Email: toddanten@quinnemanuel.com<br>Email: jessicarose@quinnemanuel.com<br><br>Charles K. Verhoeven (*pro hac vice*)<br>David Eiseman (*pro hac vice*)<br>Linda Brewer (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Email: charlesverhoeven@quinnemanuel.com<br>Email: davideiseman@quinnemanuel.com<br>Email: lindabrewer@quinnemanuel.com<br><br>William J. Schifino, Jr.<br>Florida Bar No. 564338<br>GUNSTER, YOAKLEY & STEWART, P.A.<br>401 E. Jackson Street, Suite 2500<br>Tampa, FL 33602<br>Tel: (813) 228-9080<br>Email: bschifino@gunster.com<br><br>*Counsel for Defendant*<br>*Bright House Networks, LLC* |

## L.R. 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for Bright House has conferred with counsel for Plaintiffs. Plaintiffs stated that they consent to the relief requested with respect to the May 25, 2022 hearing transcript. Plaintiffs take no position on the relief requested with respect to the May 26 and June 1, 2022 hearing transcripts.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro