# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

## PLAINTIFFS' UNOPPOSED MOTION TO REDACT PORTIONS OF THE MAY 25 AND JUNE 1, 2022 HEARING TRANSCRIPTS

Pursuant to ECF 641, 643–44, Plaintiffs respectfully request that portions of the transcripts of the hearings held on May 25 and June 1, 2022 before the Honorable Mary Scriven, entered on the docket as ECF 641 and 643, respectively, be redacted. Specifically, Plaintiffs seek redaction of the following pages and lines:

**May 25, 2022** (ECF 641):   169:25; 170:1, 4, 7–8, 15–23; 172:7–8, 14–16, 21–24; 176:4, 6–7, 10–13; 209:13, 15–16; 211:3–6, 8–9; 11–12, 25; 212:3–4; 213:1–2, 5–14; 214:22–23, 25; 215:1–2, 4–6, 8–9, 25; 216:1–3; 224:6, 10–12; 225:19–20

**June 1, 2022** (ECF 643):   18:1, 3–5, 11; 139:1, 3–4

Plaintiffs propose to redact portions of the transcripts of the May 25, 2022 and June 1, 2022 transcripts that fall into two categories: (1) competitively sensitive financial information which, if released, could cause substantial

commercial and competitive harm, and (2) information designated confidential by a third party. In accordance with the Court's prior guidance, Plaintiffs request only limited redactions to protect their own and third parties' confidential information. In support of this motion, Plaintiffs state as follows:

1.      The Court held hearings in this matter on May 25, May 26, and June 1, 2022. On July 5, 2022, Plaintiffs timely filed a Notice of Intent to Request Redaction of the transcripts of those hearings. *See* ECF 651.

2.      Pages and lines **169:25; 170:1, 4, 7–8, 15–23; 172:7–8, 14–16, 21–24; 176:4, 6–7, 10–13; 209:13, 15–16; 211:3–6, 8–9; 11–12, 25; 212:3–4; 213:1–2, 5–14; 214:22–23, 25; 215:1–2, 4–6, 8–9, 25; 216:1–3; 224:6, 10–12;** and **225:19–20** of the **May 25, 2022** hearing transcript reveal the contents of a document produced by third party MovieLabs (the "Document"), which MovieLabs has asserted contains its proprietary and confidential information. Lines that reveal and discuss the contents of the Document should be redacted to protect MovieLabs's confidentiality interest. MovieLabs has asserted that it maintains the Document under a "controlled distribution" list, that the Document is to be shared with MovieLabs's vendors under a non-disclosure agreement, and that the Document was never intended for public distribution. *See* ECF 526 at 13. On that basis, the Court previously ordered that the Document be maintained under seal. *See* ECF 566 at 7 (ordering MovieLabs document, filed as Exhibit C to the Declaration of Nathan Hamstra, to remain under seal).

3. Lines **18:1, 3–5, 11** of the **June 1, 2022** hearing transcript contain Plaintiffs' non-public, confidential financial information, including profit margins, and analysis that relies on that information. This confidential information is set out in portions of the expert report of George Strong that the Court previously ordered be redacted from the public record. *See* ECF 566 at 11.

4. Lines **139:1, 3–4** of the **June 1, 2022** hearing transcript contains information regarding Plaintiffs' confidential payments to third party MarkMonitor for anti-piracy activities.

5. While Courts recognize a public right of access to court documents, "the public right to access is not absolute, even as to filings that bear directly on the merits of the case. When the interest in secrecy is sufficiently compelling, the Court may redact portions of a trial transcript, maintain trial exhibits under seal, or even limit public access to a trial itself." *Dish Network L.L.C. v. TV Net Sols., LLC*, 2014 WL 4954683, at *2 (M.D. Fla. Oct. 2, 2014). "[T]he common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

6. Based on this balancing test, there is good cause to redact the portions of the May 25 and June 1, 2022 hearing transcripts listed above. Plaintiffs have substantial interests in maintaining as confidential details regarding their confidential financial information and strategic anti-piracy

expenditures. *See Proxicom Wireless, LLC v. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (recognizing litigant's "legitimate privacy interests" in protecting access to materials that, if made public, would "expos[e] [the litigant's] business and financial information to the public, including competitors"). The public's interest in accessing the redacted content is low given the fact that the public would have access to the transcripts nearly in their entirety and neither Plaintiffs' financial information nor their expenditures for anti-piracy is central to the claims and defenses in the case.

7.   Sealing the transcripts in their entirety is not necessary in this instance. Rather, redaction will adequately protect Plaintiffs' and third parties' interests. *See* Local Rule 1.11(c)(3)(C).

8.   Plaintiffs request that the unredacted versions of the transcripts be maintained under seal for 90 days after this matter is closed and all appeals are exhausted.

WHEREFORE, Plaintiffs respectfully request that the following portions of the transcripts of the hearings held on May 25 and June 1, 2022 before the Honorable Mary Scriven, entered on the docket as ECF 641 and 643, be redacted:

**May 25, 2022** (ECF 641):   169:25; 170:1, 4, 7–8, 15–23; 172:7–8, 14–16, 21–24; 176:4, 6–7, 10–13; 209:13, 15–16; 211:3–6, 8–9; 11–12, 25; 212:3–4; 213:1–2, 5–14; 214:22–23, 25; 215:1–2, 4–6, 8–9, 25; 216:1–3; 224:6, 10–12; 225:19–20

**June 1, 2022** (ECF 643):   18:1, 3–5, 11; 139:1, 3–4

Dated: July 19, 2022

Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

David C. Banker
Florida Bar No. 0352977
Bryan D. Hull
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue P.O. Box 3913
Tampa, FL 33601-3913 Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*/s/ Anders Linderot*

Anders Linderot
Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
alinderot@cov.com
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com


*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they conferred with defendant Bright House Networks, LLC regarding this request. Bright House consents to the relief requested in this motion with respect to lines 170:16–19; 172:15–16; and 224:11–12 of the May 25, 2022 hearing transcript. Bright House takes no position with respect to the remainder of the relief sought by Plaintiffs in this motion.

Dated: July 19, 2022

*/s/ Anders Linderot*
Anders Linderot

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2022, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

Dated: July 19, 2022

*/s/ Anders Linderot*
Anders Linderot

*Attorney for Plaintiffs*