UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

### PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL THE AMENDMENT/SUPPLEMENT TO FREDERIKSEN-CROSS REPORT

Pursuant to Local Rule 1.11, Plaintiffs respectfully move this Court for leave to file under seal certain materials filed in connection with Plaintiffs' Notice of Filing Pursuant to Dkt. No. 660 (the "Notice"). Dkt. 665. Bright House takes no position on the relief requested herein. In support of this Motion, Plaintiffs state as follows:

1. Pursuant to this Court's July 13, 2022 order concerning MarkMonitor source code (Dkt. No. 660), on July 18, 2022, Plaintiffs filed the Notice (Dkt. 665), attaching as Exhibit 1 the Amendment/Supplement to the September 29, 2021 Expert Report of Barbara Frederiksen-Cross (the "Frederiksen-Cross Supplement"). Dkt. 665-1.

2. The Frederiksen-Cross Supplement contains commercially sensitive, highly confidential information concerning MarkMonitor's antipiracy detection system, specifically, Ms. Frederiksen-Cross's analysis of MarkMonitor source code,

technical processes, technical documents, and other materials.  *See* Dkt. 665-1. MarkMonitor's source code and other technical information have been designated Highly Confidential and Highly Confidential – Source Code under the Stipulated Protective Order entered in this case, Dkt. 58, as amended Dkt. 226 (the "Protective Order"), which affords the highest level of protection from disclosure.  If disclosed, others could use the highly confidential and proprietary information contained in the Frederiksen-Cross Supplement for illegal or unlawful purposes, or to unfairly compete with MarkMonitor and others in the industry.

3. While courts recognize a public right of access to court documents, "the public right to access is not absolute, even as to filings that bear directly on the merits of the case.  When the interest in secrecy is sufficiently compelling, the Court may redact portions of a trial transcript, maintain trial exhibits under seal, or even limit public access to a trial itself."  *Dish Network L.L.C. v. TV Net Sols., LLC*, 2014 WL 4954683, at *2 (M.D. Fla. Oct. 2, 2014).  "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"  *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)).

4. In balancing the public interest in accessing court documents against a party's interest in confidentiality, courts consider, among other factors:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an

opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1245–46.

5. Based on this balancing test, there is good cause to file the confidential information in the Frederiksen-Cross Supplement under seal. The Frederiksen-Cross Supplement contains technical details concerning MarkMonitor's proprietary source code and its system for gathering evidence of infringement. Documents containing such proprietary information are properly filed under seal. *See Arthrex, Inc. v. Parcus Med., LLC*, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014) (granting motion to seal in patent infringement case where allowing public access to the information sought to be protected would "harm the [parties'] legitimate privacy and proprietary interest"). In addition, public disclosure of information concerning MarkMonitor's proprietary verification process, particularly to its competitors, would create a significant risk of injury to MarkMonitor. *Mobile Shelter Sys. USA, Inc. v .Grate Pallet Sols., LLC*, 2011 WL 5357843, at *3 (M.D. Fla. Nov. 1, 2011) (granting motion to seal expert report with "highly confidential and proprietary information regarding parties' products" where the information would allow a competitor to reverse-engineer products that cost "significant expense to develop" and to which "the public's interest in access . . . is minimal").

6. Additionally, sealing the Frederiksen-Cross Supplement is consistent with the Court's prior sealing decisions in connection with the March 15, 2022 hearing on sealing issues, including sealing portions of Ms. Frederiksen-Cross's

initial expert report and other documents discussing MarkMonitor's source code. *See* Dkt. 566 at 12 (sealing portions of Ms. Frederiksen-Cross's initial expert report, filed with redactions at Dkt. 579-2 (Ex. A to Hamstra Decl. in support of Bright House's *Daubert* motion concerning Ms. Frederiksen-Cross)); *see also id.* at 7 (sealing in full the expert report of Dr. Sandeep Chatterjee, which discusses MarkMonitor's source code, filed under seal at Dkt. 585-2 (Ex. 1 to Gould Decl. in support of Plaintiffs' *Daubert* motion concerning Dr. Chatterjee)).

7.  Finally, Plaintiffs are not aware of a less onerous alternative to filing the Frederiksen-Cross Supplement under seal. Plaintiffs request that an unredacted version of the Frederiksen-Cross Supplement be filed under seal, while a redacted version remains available on the public docket.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order permitting the Frederiksen-Cross Supplement (Dkt. 665-1) to be filed under seal.

Dated: July 20, 2022

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Respectfully submitted,

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com

4

| | |
|---|---|
| Neema T. Sahni<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Ste. 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>nsahni@cov.com | jeff@oandzlaw.com<br>alex@oandzlaw.com<br><br>David C. Banker, Esq. (0352977)<br>Bryan D. Hull, Esq. (020969)<br>BUSH ROSS, P.A.<br>1801 North Highland Ave.<br>P.O. Box 3913<br>Tampa, FL 33601-3913<br>Telephone: (813) 224-9255<br>dbanker@bushross.com<br>bhull@bushross.com<br><br>*Attorneys for Plaintiffs* |