UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UMG RECORDINGS, INC.,** *et al.*,

    Plaintiffs,

v.                                                                    Case No: 8:19-cv-710-MSS-TGW

**BRIGHT HOUSE NETWORKS, LLC.**,

    Defendants.

## ORDER

The Court held a virtual hearing via Zoom (the "Hearing") on Plaintiffs' Motion to Exclude Certain Expert Testimony of George Strong, (Dkt. 581), Plaintiffs' Motion for Spoliation Sanctions, (Dkt. 577), Bright House's Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence, (Dkt. 595), and Bright House Networks, LLC's Motion for Discovery Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 37(c). (Dkt. 591) Upon consideration of all relevant filings, case law, the Parties' arguments at the Hearing, and being otherwise fully advised, the Court **DENIES** Plaintiffs' Motion to Exclude Certain Expert Testimony of George Strong, **DENIES** Plaintiffs' Motion for Spoliation Sanctions, **GRANTS IN LIMITED PART** Bright House's Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence, and **DENIES** Bright House Networks, LLC's Motion for Discovery Sanctions relating to the late-disclosed source code material as set forth below:

1. Plaintiffs' Motion to Exclude Certain Expert Testimony of George Strong, (Dkt. 581), is **DENIED**. However, as to Strong's testimony relying on Dr. Sinnreich's opinions about the music industry and P2P filing sharing, the Court will permit Strong's testimony to the extent the Court permits Dr. Sinnreich's testimony as described in the Court's previous order. (See Dkt. 638 at ¶ 2) (explaining that "[t]he extent to which Dr. Sinnreich will be allowed to testify about the music industry being exploitative of creative labor will be driven largely by any primary argument that the Plaintiffs are altruistic, paternalistic entities seeking to protect the interests of creative labor")

2. Plaintiffs' Motion for Spoliation Sanctions, (Dkt. 577), is **DENIED** for lack of of prejudice.

3. Bright House's Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence, (Dkt. 595) is **GRANTED IN LIMITED PART**. The Court will inform the jury that Plaintiffs had a duty to preserve files concerning MarkMonitor's work in 2011 and failed to preserve some of that evidence.

4. Bright House Networks, LLC's Motion for Discovery Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 37(c), (Dkt. 591), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person