UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.                                       Case No: 8:19-cv-710-MSS-TGW

BRIGHT HOUSE NETWORKS, LLC.,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Ominibus Motion *In Limine*, (Dkt. 655), and the Response in opposition thereto filed by Bright House ("BHN"). (Dkt. 662) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **ORDERS**

1. Plaintiffs' motion that, "BHN should be precluded from offering evidence or argument concerning Plaintiffs' post-Claim Period revenues and financial performance[,]" (Dkt. 655 at 1–2), is **DENIED without prejudice**. Plaintiffs may reassert this argument during trial.

2. Plaintiffs' motion that, "BHN should be precluded from offering live testimony from a key witness it refuses to make available for Plaintiffs' case in chief[,]" (id. at 2–3), is **DENIED**.

3. Plaintiffs' motion that, "BHN should be precluded from offering evidence or argument that terminating subscribers in response to repeated notices of copyright infringement is disproportionate[,]" (id. at 4–5), is **DENIED**.

4. Plaintiffs' motion that, "BHN should be precluded from arguing that it is not liable for infringement over its network by users of a BHN account other than the account holder[,]" (id. at 5–6), is **DENIED**.

5. Plaintiffs' motion that, "BHN should be precluded from offering evidence or argument concerning Plaintiffs' treatment of or relationships with artists and songwriters[,]" (id. at 6–8), is **GRANTED** unless Plaintiffs argue at trial that their interest in pursuing infringement claims at issue in this case is altruistic and protective of the artists. Additionally, Plaintiffs' argument that, "BHN should likewise be precluded from admitting over 180 agreements with artists and songwriters pertaining to works that BHN has already stipulated Plaintiffs own or control[,]" (id. at 7), is **GRANTED without prejudice**. Bright House may reassert this argument at trial; however, Bright House MUST raise this argument at side bar before the evidence is sought to be introduced.

6. Plaintiffs' motion that, "BHN should be precluded from offering evidence or argument concerning alleged price-fixing by the Plaintiff record companies in the 1990s[,]" (id. at 8), is **GRANTED**.

7. Plaintiffs' motion that, "[i]n the event Plaintiffs are precluded from offering evidence related to notices from other rights holders, BHN should be precluded

from offering statements by BHN subscribers who were not the subject of Plaintiffs' infringement notices[,]" (id. at 8–9), is **DENIED without prejudice**. Plaintiffs may reassert this argument during trial, if appropriate.

8. Plaintiffs' motion that, "BHN should be precluded from using 'spying' or similar terminology to describe network monitoring tools[,]" (id. at 9–10), is **DENIED**.

9. Plaintiffs' motion that, "BHN should be precluded from offering evidence or arguing that terminating subscribers' internet service is a human rights violation[,]" (id. at 10–11), is **GRANTED subject to some substantial evidentiary showing**.

10. Plaintiffs' motion that, "BHN should be precluded from offering evidence or argument regarding the copyright practices of other ISPs, including that the Copyright Alert System constitutes an 'industry standard' or set of 'best practices'[,]" (id. at 11–12), is **DENIED**.

11. Plaintiffs' motion that, "BHN should be precluded from arguing that Torrent Manager and File Hash Manager code was 'unavailable,' 'missing,' 'not preserved,' or that BHN's expert did not have the opportunity to review it[,]" (id. at 12–13), is **DENIED**.

12. Plaintiffs' motion that, "BHN should be precluded from arguing or testifying that the hard drive created by MarkMonitor in 2016 was a 'recreation' of evidence[,]" (id. at 13–14), is **DENIED**.

13. Plaintiffs' motion that, "BHN should be precluded from offering evidence or argument concerning Plaintiffs' track-level revenues from works in suit[,]" (id. at

3

14–15), is **DENIED without prejudice**. Plaintiffs may raise this argument during trial with a more thorough explanation.

14. Plaintiffs' motion that, "BHN should be precluded from introducing Plaintiffs' Licensing Agreements with Digital Service Providers, including any terms thereof[,]" (id. at 15), is **DENIED**.

15. Plaintiff's motion that, "BHN should be precluded from offering evidence or argument about litigations other than this one as a purported source of Plaintiffs' revenue[,]" (id. at 16), including reference to BMG Rights Mgmt. (US) LLC v. Cox Communications, Inc., No. 14-cv-1611 (E.D. Va.), is **GRANTED without prejudice. Bright House may reassert this argument at trial; however, Bright House MUST raise this argument at side bar before the evidence is sought to be introduced. Additionally, Plaintiffs must raise the need to reference the Cox litigation at side bar before it is presented to the jury.**

16. Plaintiff's motion that, "BHN should be precluded from offering evidence or argument concerning a purported 'deterrence multiplier'[,]" (id.), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record

4

Any Unrepresented Person