UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.                                       Case No: 8:19-cv-710-MSS-TGW

BRIGHT HOUSE NETWORKS, LLC.,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Bright House's Motion to Exclude the Opinions and Testimony of Terrence P. McGarty, (Dkt. 587), and the Response in opposition thereto filed by Plaintiffs. (Dkt. 608) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **ORDERS**

    A. Bright House's Motion to Exclude the Opinions and Testimony of Terrence P. McGarty, (Dkt. 587), is **GRANTED IN LIMITED PART**.

        1. Dr. McGarty's opinions concerning the use of his personally developed "illustrative framework" for complying with legal and regulatory requirements that he claims "follow[s] [his] prior experiences of developing business policies and procedures to comply with legal and regulatory standards," are excluded. (McGarty Rep. ¶ 23) This "illustrative framework" has never been tested, has not

been subjected to peer review or publication, and is not generally accepted, failing all of the Daubert factors. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593–94 (1993). This Court recognizes that "expert testimony that does not meet all or most of the Daubert facts may sometimes be admissible." United States v. Brown, 415 F.3d 1257, 1268 (11th Cir. 2005) However, this is not one of those times because this proposed framework is merely an expression of Dr. McGarty's personal opinion about how Bright House should have responded, not an expert opinion as understood. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 137 (1997) (explaining that "[n]othing in either Daubert or the Federal Rules of Evidence require[s] a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert").

2. Additionally, the Court excludes any opinion Dr. McGarty's might offer to counter Bright House's argument that disconnecting a subscriber's internet service is a human rights violation because the Court has precluded Bright House offering that opinion absent some substantial foundational showing. (See Dkt. 638 at ¶ 9) (granting Plaintiff's Motion to exclude Dr. Almeroth's "proposed testimony relating to the human rights violations[.]") Otherwise, the Motion is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Person