IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

## PROPOSED VERDICT FORMS

Pursuant to the Court's Third Amended Case Management and Scheduling Order (ECF 314), as modified by the Court (ECF 639 and ECF 647) (the "Case Management Order"), Plaintiffs and Defendant Bright House Networks, LLC ("Bright House") respectfully submit their proposed verdict forms. Plaintiffs' proposed verdict form, annotated with Bright House's objections, is presented first. Bright House's proposed verdict form, annotated with Plaintiffs' objections, is presented second.

The parties respectfully reserve the right to propose modifications for good cause and subject to the Court's approval. The parties specifically reserve the right to further address or propose revisions to the proposed verdict form as the Court decides any of the disputed legal issues that remain unresolved, and/or in response

to the parties' trial presentations and the evidence presented by both parties that is admitted at trial.

Dated: July 22, 2022

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
melkin@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
jgolinveaux@winston.com

William J. Schifino, Jr.
Florida Bar No. 564338

/s/ *Matthew J. Oppenheim*
Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

David C. Banker
Florida Bar No. 0352977
Bryan D. Hull
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue P.O. Box 3913 Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

GUNSTER, TOAKLEY & STEWART, P.A.  *Attorneys for Plaintiffs*
401 E. Jackson St., Ste. 2500
Tampa, FL 33602
Telephone: (813) 228-9080
bschifino@gunster.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

    v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

PLAINTIFFS' PROPOSED VERDICT FORM[1]

We, the jury in the above-captioned action, answer the questions submitted to us as follows:[2]

LIABILITY: CONTRIBUTORY INFRINGEMENT[3]

---

[1] **Bright House Objection:** Bright House objects to the entirety of Plaintiffs' verdict form on the ground that it is overly simplified and likely to result in reversible error. While Bright House recognizes that the Court encourages concise special verdict forms, Bright House does not believe that should be treated as an invitation to omit required elements of proof, leave off operative defenses, and risk reversal of any verdict. The specific issues with respect to Plaintiffs' verdict form are set forth in more detail below and supported by the authorities identified herein and in Bright House's portions of the joint final jury instructions.

[2] **Bright House Objection:** Bright House objects to the fact that Plaintiffs' verdict form fails to provide any instructions for completing the verdict form to the jury, including fundamental instructions that all answers must be unanimous.

[3] **Bright House Objection:** Bright House objects to the fact that Plaintiffs' verdict form fails to establish that the jury has found ownership of all the asserted works. Because ownership is disputed for a number of works, Bright House requests that there be a separate question addressing ownership. Absent that question, the jury could improperly find infringement of

1

1. Did Plaintiffs prove by a preponderance of the evidence that Bright House was contributorily liable for infringement of Plaintiffs' works?[4]

    *Answer*: Yes_____          No_____

*If you answered "YES" to Question 1, please proceed to Question 2.*

*If you answered "NO" to Question 1, DO NOT answer any more questions; instead, proceed to the end of the form, and sign and date it.*

---

copyrights that Plaintiffs have not established they own. Bright House further objects to this question because asking the jury to determine "infringement" without specifying which works is prejudicial, as it invites the jury to make findings about works that the jury may not have found were owned by Plaintiffs.

[4] **Bright House Objection:** Bright House objects to this question on the ground it is overly simplified and invites jury error. Plaintiffs' proposed question improperly suggests Bright House can be contributorily liable without a finding of underlying direct infringement. *See, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 940 (contributory infringement "of course requires evidence of actual infringement by recipients of the device"). It also omits findings on required elements of contributory copyright infringement, such as knowledge and intentional inducement or encouragement. *See, e.g.*, Eleventh Circuit Pattern Jury Instructions, Civil Cases (rev. Mar. 2022), § 9.20 (Copyright – Infringement – Contributory Infringement) (Annotations & Comments) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement.")). Bright House further objects on the ground the question is confusing and could lead to jury error since it does not identify which works the question is directed to, explain what to do in the event an answer is different for different works, or explain what to do in the event direct infringement, knowledge, and/or intentional inducement or encouragement are not found for some or all works. In the event of an appeal that implicates the legal standard for contributory copyright infringement, the findings should be broken out by element, so that the jury findings are clear and any remand would be narrow.

2. Plaintiffs have asserted infringement claims for 7,150[5] works.[6] How many of the works did Bright House contributorily infringe?[7]

    *Answer*: _____ works (up to 7,150)[8]

*If you answered "YES" to Question 1, and filled in the blank in Question 2, please proceed to Question 3.*

WILLFUL INFRINGEMENT

3. Do you find by a preponderance of the evidence that Bright House's contributory infringement was willful?[9]

---

[5] Plaintiffs reserve the right to revise this number based on stipulation of the parties and/or orders of the Court.

[6] **Bright House Objection:** Bright House objects to this statement on the ground that it improperly emphasizes the total number of works and improperly attempts to condition the jury to believe that each work is a separate work (which is disputed). There is no need to include this statement along with the parenthetical that also contains the number of works below. Bright House further objects to the extent that the parties stipulate, or the Court finds prior to submission of the case to the jury, that Plaintiffs are asserting infringement claims for fewer than 7,150 works.

[7] **Bright House Objection:** Bright House objects to this question as misleading and likely to cause jury error. This question does not contain the burden of proof or note that Plaintiffs must prove contributory infringement by a preponderance of the evidence. This error is compounded by the fact that the first question, on nearly identical subject matter, does set forth the burden of proof, which suggests that this question employs a different burden of proof.

[8] **Bright House Objection:** Bright House objects to this list of the number of works as improperly resolving a disputed fact by suggesting that each of these works is a separate work. This error is compounded by the fact that Plaintiffs' verdict form does not contain any way for the jury to proceed if it concludes that certain works are not separate works.

[9] **Bright House Objection:** Bright House objects to this question on the ground it is overly simplified and invites jury error by asking a single question that covers up to 7,150 works with no explanation on what to do if the answer is not the same for all works. *See, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 2017 WL 10844685, at *2 (S.D.N.Y. Dec. 8, 2017) ("Because copyright infringement is determined on a work-by-work basis, a jury may consider this argument [willful infringement] with respect to some works but not others."). This question could lead to jury error since it does not identify which works the question is directed to or explain what to do in the event the answer is different for different works, particularly in light of the fact that the maximum statutory damages award per work for which Plaintiffs are eligible

*Answer*:  Yes\_\_\_\_\_   No\_\_\_\_\_

## AMOUNT OF DAMAGES[10]

---

differs depending on whether any infringement is found to be not willful ($30,000) or willful ($150,000).  17 U.S.C. § 504(c)(1)-(2).  This question is also improperly argumentative as it states the infringement as a fact instead of a more neutral description like "any infringement that you found in Question 1 and 2."  Bright House further objects that it is improper to separate willfulness from the damages analysis because the jury's determination of willfulness is relevant only to damages; thus, any question of willfulness should come after the jury's threshold determination of how many works are eligible for a statutory damages award in the first place. *See infra* n.8.

[10]   **Bright House Objection:**  Bright House objects on the ground that the damages section omits key issues and defenses that Bright House is asserting and could lead to the jury awarding damages that are not permitted under the applicable law.  *First*, the verdict form omits any reference to the number of works eligible for statutory damages, but the Court has determined that the jury must determine "the number of works at issue for the calculation of statutory damages under 17 U.S.C. § 504(c)(1)."  ECF 649 at 8 (Order) (July 1, 2022).  Bright House raises two defenses on this point: (1) that multiple works were not timely registered, *see* Eleventh Circuit Pattern Jury Instructions, Civil Cases (rev. Mar. 2022), § 9.32 (Copyright – Damages – Statutory Damages) (Annotations & Comments No. 9) ("Under  17 U.S.C. § 412, statutory damages are unavailable for copyright infringement that commenced prior to registration of an unpublished work or for infringement that commenced before registration within three months of its publication."); and (2) not all asserted works are separate works eligible for separate statutory damages awards.  *See, e.g.*, *Spooner v EEN, Inc.,* 2010 WL 1930239, at *4 (D. Me. May 11, 2010) (musical composition and sound recording "one work" for statutory damages); 6 PATRY ON COPYRIGHT § 22:186 ("[s]ound recordings are defined in section 101 as species of derivative work of the underlying musical composition, and, as such, both fall within the one work, one award rule for statutory damages that only award[s] for infringement of both works"); 4 NIMMER ON COPYRIGHT § 14.04[E][1][b] (2021) (similar); 17 U.S.C. §§ 504(c)(1), 101 ("all the parts of a compilation … constitute one work" so where multiple recordings appear on a single album, Plaintiffs are limited to a single award of statutory damages per album).  Plaintiffs' verdict form does not offer any way for the jury to address those issues or omit works that are not eligible for statutory damages from its damages award.  Plaintiffs' proposed verdict form also omits any treatment of failure to mitigate, an affirmative defense that Bright House is asserting that must be addressed as part of damages.  *See, e.g.*, *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, LP*, No. 4:14-cv-1903, (S.D. Tex. Dec. 7, 2017), ECF 270 at 11-12 *aff'd by Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, LP*, 948 F.3d 261, 275 (5th Cir. 2020) ("the district court appropriately instructed the jury to consider … mitigation in determining the amount of statutory damages"); *RooR v. Wellington Elite Trading, Inc.*, 2017 WL 5953291, at *3 (S.D. Fla. May 31, 2017); *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, at *4 (M.D. Fla. June 17, 2014).

Answer Questions 4 and 5 only if you answered "YES" to Question 1.

| If Not Willful | You must award damages between $750 and $30,000 per work infringed |
|---|---|
| If Willful | You must award damages between $750 and $150,000 per work infringed |

4. What amount of statutory damages do you award for each individual work infringed?[11]

    *Answer*: $_____ per work

*Please sign and return the verdict form.*[12]

Jury Foreperson _____     Date _____

---

[11] **Bright House Objection:** Bright House objects on the ground that this question is contrary to law and invites jury error by forcing the jury to award the same amount of statutory damages for every single work in the case: (1) without allowing for any variance between the proper amount of statutory damages awards for separate works; and (2) requiring the same amount of damages to be awarded for all works regardless of whether the infringement was or was not willful, including awards that exceed the maximum statutory damages permitted for works the jury finds Plaintiffs did not prove were "willfully" infringed. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1276 (11th Cir. 2015) ("Section 504(c)(1) allows for statutory damages based on each 'work' infringed."); *Strober v. Harris*, 2021 WL 7629457, at *3 (M.D. Fla. Nov. 23, 2021) (Scriven J.) ("Statutory damages must be calculated according to the number of separately copyrightable works infringed, not on the number of infringements.") (quotations omitted); 17 U.S.C. § 504(c)(1) (absent willfulness, maximum of $30,000 per work).

[12] **Bright House Objection:** Bright House objects to the fact that Plaintiffs' verdict form fails to inform and remind the jury that all answers must be unanimous and the form can only be signed once the jury has reached unanimous answers.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIGHT HOUSE NETWORKS, LLC<br><br>    Defendant. | Case No. 8:19-cv-710-MSS-TGW |

BRIGHT HOUSE'S PROPOSED VERDICT FORM

Defendant Bright House Networks, LLC ("Bright House") respectfully submits this proposed jury verdict form. Bright House reserves the right and requests the opportunity to supplement or revise this proposed form to reflect any rulings subsequently entered by the Court, the Court's final jury instructions, any changes by Plaintiffs in the claims asserted at trial, and for any and all other purposes contemplated by the Local Rules and Federal Rules of Civil Procedure.[13]

---

[13] Plaintiffs object to Bright House's proposed Verdict Form in its entirety. The Verdict Form is 6 pages long and contains 16 questions in a case in which Plaintiffs are asserting one legal claim. As an initial matter, Bright House's proposed form contravenes the Court's Case Management Order, which provides: "The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms." ECF 314 § III.B.4. Bright House's verdict form, by contrast, which includes numerous questions and asks the jury to undertake multiple calculations, is unduly complicated, confusing to a jury, and highly prejudicial to Plaintiffs. *See Koonce v. Miami-Dade Cnty.*, 2008 WL 11333501, at *2 (S.D. Fla. Sept. 10, 2008) (ordering new trial because "[t]he verdict form appears to have confused the jury" and "[i]t also may be that the verdict form was unclear").
The verdict form is also misleading because it suggests that the jury could find that Plaintiffs have established ownership over fewer works than Bright House has

stipulated that Plaintiffs own or control in ECF 561 & Ex. A. (*See* Questions 1 & 2.) Similarly, the verdict form invites the jury to find that any number of Plaintiffs' works were not registered prior to infringement, when Bright House has identified only a handful of works that it contends fall into that category. (*See* Questions 9 & 10). It is also misleading in omitting that the standard of proof is "preponderance" and not some higher burden.

Bright House's verdict form also employs the incorrect legal standard for multiple questions, including Questions 5 & 7 (Eleventh Circuit law does not require "actual knowledge" to establish contributory infringement); Questions 6 & 7 (Plaintiffs are not required to prove that Bright House "intentionally induced or encouraged its customers' direct infringement"); Question 8 (it would be contrary to law for the jurors to "count any overlapping musical compositions and sound recordings as one work, and (2) count any sound recordings first issued or released together on an album or compilation as one work"); and Questions 15 & 16 (mitigation of damages is not a defense to statutory damages under the Copyright Act and the jury should not be invited to reduce any statutory damages award at which it arrives, which is what Bright House proposes). *See McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1078 (11th Cir. 1996) (reversing judgment of district court and remanding for new trial because "[t]he verdict form submitted to the jury in this case did not accurately reflect the law or the evidence presented at trial" and "the verdict form barred recovery [for certain actions]" when the statute at issue "permits recovery [for those actions]"; "[u]nder these circumstances, we cannot conclude that the jurors understood the issues and were not misled by the verdict form"). Plaintiffs refer the Court to their objections to Bright House's proposed jury instructions, filed herewith, on each of the above issues.

Plaintiffs reserve the right to further address or propose revisions to the parties' proposed verdict forms once the Court decides any of the disputed legal issues that are currently unresolved, and/or in response to Bright House's trial presentation and the evidence presented by both parties that is admitted at trial.

2

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

   Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC

   Defendant.

Case No. 8:19-cv-710-MSS-TGW

VERDICT FORM

     In answering the following questions, you are to follow the Jury Instructions that I have given to you. When answering the following questions and filling out this Verdict Form, please carefully follow the directions provided in the Verdict Form.

     Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

     Your answers to each question must be unanimous.

**YOUR ANSWER ON EVERY QUESTION MUST BE UNANIMOUS**

### Ownership of Works-in-Suit

1. Did Plaintiffs prove that they owned each of the 7,150[14] copyrighted works that they have asserted to have been infringed in this case?

                Yes                       No

          (all 7,150)       (fewer than 7,150)

           _____            _____

**IF YOU ANSWERED "YES" TO QUESTION 1, PLEASE GO DIRECTLY TO QUESTION 3.**

**IF YOU ANSWERED "NO" TO QUESTION 1, PLEASE ANSWER QUESTION 2.**

2. How many, if any, of the 7,150 copyrighted works asserted by Plaintiffs to have been infringed in this case did Plaintiffs prove that they owned?

    **(a)** Number of works Plaintiffs proved they owned: _____

    **(b)** Number of works Plaintiffs did not prove they owned: _____

                                TOTAL:   7,150

**PLEASE GO TO QUESTION 3.**

---

[14] Bright House reserves the right to revise this number based on stipulation of the parties and/or orders of the Court.

2

### Direct Copyright Infringement

3. For the works you identified in your response to Question 1 or Question 2(a), did Plaintiffs prove that Bright House's customers used Bright House's Internet service to directly infringe those works?

                   Yes                    No

          (For Plaintiffs)       (For Bright House)

          _____        _____

**IF YOU ANSWERED "YES" TO QUESTION 3, PLEASE ANSWER QUESTION 4.**

**IF YOU ANSWERED "NO" TO QUESTION 3, PLEASE GO DIRECTLY TO THE END OF THIS FORM, AND SIGN AND DATE THE LAST LINE.**

4. Out of the works identified in your response to Question 1 or Question 2(a), how many of those works did Plaintiffs prove were directly infringed by Bright House's customers?

   *Answer*: _____ works were directly infringed by Bright House customers.

**PLEASE GO TO QUESTION 5.**

### Contributory Copyright Infringement

5. For the works you identified in your response to Question 4, did Plaintiffs prove that Bright House had actual knowledge of its customers' specific acts of direct infringement of each of those works?

                   Yes                    No

          (For Plaintiffs)       (For Bright House)

          _____        _____

**IF YOU ANSWERED "YES" TO QUESTION 5, PLEASE ANSWER QUESTION 6.**

**IF YOU ANSWERED "NO" TO QUESTION 5, PLEASE GO DIRECTLY TO THE END OF THIS FORM, AND SIGN AND DATE THE LAST LINE.**

3

**6.** For the works you identified in your response to Question 4, did Plaintiffs prove that Bright House intentionally induced or encouraged its customers' direct infringement of those works?

                Yes                  No

        (For Plaintiffs)     (For Bright House)

          _____         _____

**IF YOU ANSWERED "YES" TO QUESTION 6, PLEASE ANSWER QUESTION 7.**

**IF YOU ANSWERED "NO" TO QUESTION 6, PLEASE GO DIRECTLY TO THE END OF THIS FORM, AND SIGN AND DATE THE LAST LINE.**

**7.** Out of the works you identified in your response to Question 4, how many of those works did Plaintiffs prove that Bright House contributorily infringed because it both: (a) had knowledge of its customers' direct infringement of those works; and (b) intentionally induced or encouraged its customers' direct infringement of those works?

      *Answer*: _____ works

**PLEASE GO TO QUESTION 8.**

### Number of Works-in-Suit

**8.** Out of the number of works you identified in your response to Question 7, how many are separate works?

*Calculate this amount by starting with your response to Question 7, and then: (1) count any overlapping musical compositions and sound recordings as <u>one</u> work, and (2) count any sound recordings first issued or released together on an album or compilation as <u>one</u> work.*

      *Answer*: There are _____ separate works eligible for damages.

**PLEASE GO TO QUESTION 9.**

4

**Registration Status of Copyrighted Works**

**9.**  Did Plaintiffs prove that each of the copyrighted works identified in your answer to Question 8 was registered prior to the alleged infringement or, if unregistered, were registered within three months of publication?

                        Yes                      No

              (For Plaintiffs)    (For Bright House)

              _____            _____

**IF YOU ANSWERED "YES" TO QUESTION 9, PLEASE GO DIRECTLY TO QUESTION 11.**

**IF YOU ANSWERED "NO" TO QUESTION 9, PLEASE ANSWER QUESTION 10.**

**10.**  How many, if any, of the copyrighted works in Question 8 did Plaintiffs prove were registered prior to the alleged infringement or, if unregistered, were registered within three months of publication?

        **(a)**  Number of works timely registered: _____

        **(b)**  Number of works not timely registered: _____

                              TOTAL:  _____  (Total in Question 8)

**PLEASE GO TO QUESTION 11.**

### Willfulness

11. Did Plaintiffs prove that Bright House's contributory infringement of any of the works identified in your answer to Question 9 or 10(a) above was willful?

   Yes            No

   (For Plaintiffs)   (For Bright House)

   _____            _____

**PLEASE ANSWER QUESTION 12.  IF YOUR ANSWER TO QUESTION 11 WAS NO, YOUR ANSWER TO 12(B) SHOULD BE ZERO.**

12. For how many of the works identified in your answer to Question 9 or 10(a) did Plaintiffs prove that Bright House's contributory infringement was willful?

   **(a)** Not willful:   _____ works

   **(b)** Willful:   _____ works

**PLEASE GO TO QUESTION 13.**

### Amount of Statutory Damages

13. For the works that you identified in your answer to Question 12(a) as "not willfully" infringed, what amount of statutory damages do you award for each such work? (Must be between $750 and $30,000.)

   *Answer*: $_____ per work[15]

**PLEASE GO TO QUESTION 14.**

---

[15] Bright House reserves the right to request individualized statutory damages findings for any one or more specific works found to be infringed.

**14.** For the works that you identified in your answer to Question 12(b), if any, that were "willfully" infringed, what amount of statutory damages do you award for each such work? (Must be between $750 and $150,000.)

*Answer*: $_____ per work[16]

**PLEASE GO TO QUESTION 15.**

## Mitigation of Damages

**15.** For the works on which you awarded damages above, did Bright House prove that Plaintiffs failed to take reasonable steps to mitigate their damages?

                Yes                                            No

     (For Bright House)               (For Plaintiffs)

**IF YOU ANSWERED "NO" TO QUESTION 15, PLEASE GO DIRECTLY TO THE END OF THIS FORM, AND SIGN AND DATE THE LAST LINE.**

**16.** By what percentage do you find that damages should be reduced in light of Plaintiffs' failure to mitigate found in Question 18?

*Answer*: ____% (1%-100%)

## SIGNATURE

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations.

The Foreperson should then sign and date the Verdict Form in the spaces below and notify the Courtroom Deputy that you have reached a verdict.

The Foreperson should maintain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

**PLEASE SIGN AND DATE THIS FORM ON THE LINES PROVIDED BELOW.**

_____       _____
Date                                                        Foreperson's signature

---

[16] *See supra* n.16.