# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | Case No. 8:19-cv-710-MSS-TGW <br><br> **REDACTED PURSUANT TO L.R. 1.11(d)** |

### BRIGHT HOUSE'S TIME-SENSITIVE MOTION FOR RECONSIDERATION OF JULY 22, 2022 ORDER AND/OR FOR ENFORCEMENT OF JULY 13, 2022 ORDER

Bright House Networks, LLC has designated this motion as "time-sensitive" as it seeks relief that may directly impact the evidence and/or arguments that may be offered at the trial in this matter, which is scheduled to begin in one week (August 1, 2022). Bright House respectfully requests a ruling by Friday, July 29, or as the Court sees fit.

\*     \*     \*

Bright House Networks, LLC ("BHN") respectfully submits this Motion for Reconsideration of the Court's July 22, 2022 Order ("July 22 Order") and/or for Enforcement of the July 13, 2022 Order ("July 13 Order") pursuant to Fed. R. Civ. P 37(b) & (c). This Motion is necessary so that the Court may (i) consider certain new evidence that was not available to BHN or the Court prior to the issuance of the Court's July 13 or July 22 Orders and that bears directly on the untimely discovery

1

and disclosure of the File Hash Manager and Torrent Manager source code, (ii) resolve a dispute between the parties as to the scope of the July 13 Order, and (iii) fashion such relief as it may deem proper to the extent the Court determines that a violation of Fed. R. Civ. P. 37(b) and/or (c) has occurred.

1. On July 12, 2022, the Court held a hearing on BHN's Motion for Discovery Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 37(c) (Dkt. 591). The Motion focused on Plaintiffs' January 5, 2022 disclosure to BHN that MarkMonitor, Inc. ("MarkMonitor") had discovered source code for its File Hash Manager program for the 2012-2016 period after the close of fact discovery. *See* Dkt. 591.

2. According to a January 7, 2022 declaration provided by MarkMonitor's former Director of Engineering, Slawomir Paszkowski, ████████████████████████████████████████████████████████████████. Dkt. 591-29, Paszkowski Decl. ¶ 11. Mr. Paszkowski states that "████████████████████████████████████████████████████████████████████████████████████████████████████████████." *Id.* ¶ 12. He states that ████████████████████████████████████████████████████████████████████████████████████" *Id.* Mr. Bahun, MarkMonitor's former Director of Strategic Accounts, states in his January 7, 2022 declaration that it was on January 4, 2022 that he was "first informed that MarkMonitor may have located in its possession portions of

2

source code" and that he immediately contacted MarkMonitor and Plaintiffs' counsel and then participated in a videoconference with Plaintiffs' counsel the next day. Dkt. 591-30, Bahun Decl. ¶ 22.

3. At the July 12, 2022 hearing, the Court stated that it was interested in knowing "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." Ex. A at 6:3-8. In response, Plaintiffs' counsel argued that Fed. R. Civ. P. 37(c) did not apply, because █████████████████████████████████████████████████████████████ Id. at 20:10-11. Plaintiffs' counsel also stated: "█████████████████████████████████████████████████████████████████████████████████████████████." Id. at 14:22-24 (emphasis added). Based on this, the Court determined that ████████████████████████████████████████████████████████████████████████████████████ ██████ (i.e., the efforts to look for the source code, the discovery of the code, or failure to timely disclose it). Id. at 30:3-6.

4. In response to questions from the Court at the hearing, Plaintiffs' counsel represented that ████████████████████████████████████████████████████████████ ██████:

3

THE COURT: ███████████████████████
███████████████████████████████████
███████████████████████████████████
█████████████████

PLAINTIFFS' COUNSEL: ██████████████
███████████████████████████████████
███████████████████████████████████
█████████████████████████

…

THE COURT: ███████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████████████████

PLAINTIFFS' COUNSEL ███████████████
██████████████████████████

*Id.* at 18:4-19:7. Mr. Gould's declaration refers to only one videoconference with MarkMonitor on January 5, 2022. Dkt. 610-1 ¶ 4. Mr. Gould's declaration does not refer to any communications regarding the 2022 discovery of Torrent Manager source code. *See id.* (referring only to File Hash Manager).

5. When asked at the July 12, 2022 hearing whether Plaintiffs were claiming privilege over the communications with MarkMonitor, Plaintiffs' counsel stated: "█
███████████████████████████████████████████████████████████████████████████████"
Ex. A at 16:17-20.

6. On July 13, 2022, the Court ordered that "Plaintiffs *and* MarkMonitor shall produce to Defendant Bright House all correspondence between MarkMonitor and Plaintiffs and Plaintiffs' counsel concerning the location/discovery of the Missing Source Code from October 2021 through the date of this Order." Dkt. 660 ¶ 2

4

(emphasis in original). The Court's July 13 Order explicitly states that **"[n]o claim of privilege or confidentiality shall attach to this correspondence to prevent its disclosure."** *Id.* (emphasis added). The Court denied BHN's Motion for Discovery Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 37(c) on July 22, 2022. Dkt. 682.

7. Plaintiffs made a document production on July 18, 2022. That same day, BHN learned that Andrew Castricone, MarkMonitor's lead counsel, had tragically passed away over the weekend. After BHN conferred extensively with MarkMonitor's outside counsel on any accommodations or extension MarkMonitor would need in light of Mr. Castricone's passing, MarkMonitor made its production on July 20, 2022.

8. The documents produced by MarkMonitor disclose information that was not previously known to BHN or the Court and does not squarely align with Plaintiffs' counsel's representations or Plaintiffs' production. In particular, the documents reflect that ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████

9. MarkMonitor's production reflects that ████████████████████
████████████████████████████████████████████████████████████

5

██████████████████████████████

██████████████████████████████████████████ :

- Oct. 27, 2021: **An O+Z attorney contacts MarkMonitor by email** ████████████████████████████████████████████████████████████████████ Ex. B.

- Oct. 29, 2021: An O+Z attorney contacts MarkMonitor again ████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. B.

- Oct. 31, 2021: **An O+Z attorney contacts MarkMonitor again** ██████████████████████████████████████████████████████████████████████████ Ex. C; Ex. D.

- Early Nov. 2021: ████████████████████████████████████████████████████████████████████████████ Ex. E; Ex. F.

- Dec. 28, 2021: **An O+Z attorney emails Mr. Bahun and MarkMonitor's counsel** ████████████████████████████████████████████████████████████████████████████████ **The O+Z attorney states that** ████████████████████ The O+Z attorney further states: ████████████████████████████████ **MarkMonitor's counsel responds:** ████████████████ Ex. G.

- Jan. 5, 2022 at 9:30 a.m. ET: ████████████████████████████████████████████████████████████ Ex. H (Subject: ████████████ ).

- Jan. 5, 2022 at 3:53 p.m. ET: An O+Z attorney discloses to BHN: "Plaintiffs' counsel has just learned today that on November 4, 2021 MarkMonitor located source code for File Hash Manager with revision history dating from June 25, 2012 to April 15, 2016. … We are

6

investigating this further, including to understand why it was not located or disclosed earlier[.]" Ex. I.

- Jan. 5, 2022 at 5:48 p.m. ET: **An O+Z attorney sends** ███████ ██████████████████████████████████████████ ██████████████████████████████████ █:

  ██████████████████████████████████ [place, which was unexpected because __]. ████████████ ██████████████████████████ [_____].

  ██████████████████████████████████ ██████████████████████████████████ ██████████████████████ Ex. J ¶¶ 11-12.

- Jan. 6, 2022: **Mr. Paszkowski emails O+Z:** ███████ ████████████████ Ex. K. ████████ ██████████████████████████████████ ██████████████████████ Id. ¶ 8. ████ ████████████████████████████ the O+Z attorney responds: ████████████████████ ██████████████████ Ex. L. ████████ ██████████████████████████████████ Id. ██████████████████████████████████ ██████████████████████████████:

  - ██████████████████████████████. Compare Ex. K ¶ 8, with Ex. L ¶ 8.

  - ██████████████████████ ████████████ Compare Ex. K ¶ 8, with Ex. L ¶ 8.

  - ██████████████████████ ██████████████ Compare Ex. K ¶ 11, with Ex. L ¶ 11.

  - ██████████████████████ ██████████████████████ ██████████ Compare Ex. K ¶ 12, with Ex. L ¶ 12.

7

- Jan. 6, 2022: **O+Z sends** ▮▮▮

  Ex. M.

- Jan. 7, 2022: **Mr. Paszkowski** ▮▮▮ Ex. N. ▮▮▮

  Ex. O ¶ 22; Ex. P ¶ 22.

- Feb. 4, 2022: **O+Z drafts and sends** ▮▮▮. Ex. Q.

- Feb. 10, 2022: **An O+Z attorney and MarkMonitor's counsel** ▮▮▮ Ex. R.

- Feb. 16, 2022: **An O+Z attorney and MarkMonitor's counsel confer** ▮▮▮ Ex. R.

- April 1, 2022: ▮▮▮. Ex. S.

- May 16, 2022: **MarkMonitor's counsel asks an O+Z attorney** ▮▮▮.]" Ex. T.

10. Following MarkMonitor's production, on July 20, 2022, Plaintiffs "clawed back" nine documents that MarkMonitor produced, asserting that the documents did not fall within the scope of Court's July 13 Order because they are "not responsive" and are protected by the attorney-client privilege and the attorney work

8

product doctrine. Plaintiffs provided a privilege log on July 22, 2022. *See* Ex. U, Priv. Log.

11. According to Plaintiffs' privilege log, most of the documents that have been clawed back are from early November 2021, deal with Mr. Paszkowski's preservation efforts, and coincide with the time period when the File Hash Manager code was located. Ex. U, Priv. Log at Items 524-529. Other documents on the log refer to preservation directives given by O+Z to MarkMonitor in January 2022. *Id.* at Items 530-532. BHN is not in a position to evaluate whether the documents fall within the scope of the Court's July 13 Order, because BHN deleted them in response to Plaintiffs' claw back request pursuant to the Protective Order in this case. BHN therefore respectfully requests that the Court order Plaintiffs to submit the nine documents to the Court for *in camera* review.

12. Deficiencies in Plaintiffs' production raise concerns that Plaintiffs took a narrow view of the scope of the Court's July 13, 2022 Order. For example:

- Plaintiffs produced no documents ████████████████████████████████████████████████████████████████████████████████████████.

- Neither Plaintiffs nor MarkMonitor produced documents concerning the conversation between Plaintiffs' counsel and MarkMonitor that occurred on January 4, 2021.

- Plaintiffs produced no texts between Plaintiffs' counsel and MarkMonitor's counsel ████████████████████████████████████████.

- Neither Plaintiffs nor MarkMonitor produced any documents related to ████████████████████████████████████████████████████████████

9

▬▬▬▬▬▬▬▬▬▬. *See Bright House Networks, LLC v. MarkMonitor, Inc.* (8:20-mc-00064-MSS-TGW), Felby Decl. to MarkMonitor's Response in Opposition (Feb. 25, 2022) (filed under seal).

- Neither Plaintiffs nor MarkMonitor produced any documents ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

13. Additionally, Plaintiffs produced no documents reflecting the assistance that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ BHN knows that such communications exist because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Ex. T. Communications such as ▬▬▬▬▬▬▬▬ fall squarely within the Court's July 13 Order to produce communications regarding "location/discovery of the Missing Source Code" up through the date of the Court's July 13 Order. Dkt. 660 ¶ 2. It is also relevant to the Court's instruction in the July 13, 2022 Order that the Frederiksen-Cross Supplemental Report indicate the "extent to which she conducted this review independently and/or relied on conversations with third-parties, such as current and former employees of MarkMonitor." *Id.* ¶ 1 Ms. Frederiksen-Cross did not disclose in her Supplemental Report that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. 665-1.

14. BHN respects the Court's admonition that BHN should not make allegations based on supposition or circumstance and therefore has not drawn any inferences from the documents Plaintiffs and MarkMonitor have produced. However,

BHN does feel that the documents materially impact the representations made to the Court at the July 12, 2022 hearing and therefore should be considered by the Court. BHN respectfully brings the documents attached to this Motion to the Court's attention, and requests an *in camera* review of the clawed back documents, so that the Court may review the evidence and fashion any relief it deems appropriate, including production of the clawed back documents or further document productions, further findings under Fed. R. Civ. P. 37(c), and/or additional relief under Fed. R. Civ. P. 37(b) or the Court's inherent powers.

15. BHN respectfully submits that the documents produced by Plaintiffs and MarkMonitor warrant reconsideration of the Court's July 22, 2022 Order denying BHN's Motion for Discovery Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 37(c), based on the existence of newly available evidence and in order to prevent manifest injustice. *Sec. & Exch. Comm'n v. Davison*, 2020 WL 10486309, at *1 (M.D. Fla. Dec. 3, 2020) (Scriven, J.).

| | |
|---|---|
| Dated: July 25, 2022 | Respectfully submitted, |
| | /s/ *Andrew H. Schapiro* |
| Charles K. Verhoeven (*pro hac vice*) | Andrew H. Schapiro (*pro hac vice*) |
| David Eiseman (*pro hac vice*) | Nathan A. Hamstra (*pro hac vice*) |
| Linda Brewer (*pro hac vice*) | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 191 N. Wacker Drive, Suite 2700 |
| 50 California Street, 22nd Floor | Chicago, IL 60606 |
| San Francisco, CA 94111 | Tel: (312) 705-7400 |
| Tel: (415) 875-6600 | andrewschapiro@quinnemanuel.com |
| charlesverhoeven@quinnemanuel.com | nathanhamstra@quinnemanuel.com |
| davideiseman@quinnemanuel.com | |
| lindabrewer@quinnemanuel.com | Todd Anten (*pro hac vice*) |
| | Jessica Rose (*pro hac vice*) |
| Jennifer A. Golinveaux (*pro hac vice*) | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| WINSTON & STRAWN LLP | 51 Madison Avenue, 22nd Floor |
| 101 California Street, 35th Floor | New York, NY 10010 |
| San Francisco, CA 94111 | Tel: (212) 849-7000 |
| Tel: (415) 591-1000 | toddanten@quinnemanuel.com |
| jgolinveaux@winston.com | jessicarose@quinnemanuel.com |
| | |
| Michael S. Elkin (*pro hac vice*) | William J. Schifino, Jr. |
| WINSTON & STRAWN LLP | Florida Bar No. 564338 |
| 200 Park Avenue | GUNSTER, YOAKLEY & STEWART, P.A. |
| New York, NY 10166 | 401 E. Jackson Street, Suite 1500 |
| Tel: (212) 294-6700 | Tampa, FL 33602 |
| melkin@winston.com | Tel: (813) 228-9080 |
| | wschifino@gunster.com |
| | |
| | *Counsel for Bright House Networks, LLC* |

## L.R. 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for Bright House has conferred with counsel for Plaintiffs regarding the relief sought in this motion. Plaintiffs oppose Bright House's request for reconsideration of the Court's July 22, 2022 Order. Plaintiffs do not take any position on Bright House's request for enforcement of the July 13, 2022 Order but have indicated that they will comply with an *in camera* review of the clawed back documents if the Court orders such a review. The parties conferred by means of email on July 20-22 and 25, 2022.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro