UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

    Plaintiffs,

  v.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

Case No. 8:19-cv-710-MSS-TGW

**PLAINTIFFS' OPPOSITION TO BRIGHT HOUSE'S MOTION FOR RECONSIDERATION OF JULY 22, 2022 ORDER AND/OR FOR ENFORCEMENT OF JULY 13, 2022 ORDER (THE "MOTION")**

In deciding BHN's Rule 37(c) motion, the Court focused on whether Plaintiffs controlled MarkMonitor's source code and whether there are communications demonstrating Plaintiffs' knowledge before January 5, 2022 that MarkMonitor had located additional source code. The answer to both questions is no, and nothing in BHN's Motion For Reconsideration of July 22, 2022 Order and/or Enforcement of July 13, 2022 Order (ECF 695) provides any evidence to the contrary.

Instead, BHN points in its Motion to a series of communications from January 2022 about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Mot. Exs. H-Q. Justifiably concerned over the timing of Mark Monitor's late discovery, the communications reflect Plaintiffs' immediate disclosure to BHN of what it learned on January 5, 2022. Mot. Ex. I. They further reflect ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1



. *E.g.*, Mot. Ex. J (

).

BHN also points to communications from October 2021 that MarkMonitor produced, but that have nothing to do with the 2012-2016 MarkMonitor source code at issue in this case. Rather, those emails concern

. *See* Mot. Ex. U (Plaintiffs' privilege log describing

.[1]

These documents are not called for by the Court's Order, which states that:

> Plaintiffs and MarkMonitor shall produce to Defendant Bright House all correspondence between MarkMonitor and Plaintiffs and Plaintiffs' counsel *concerning the location/discovery of the Missing Source Code* from October 2021 through the date of this Order. No claim of privilege or confidentiality shall attach to *this correspondence* to prevent its disclosure.

ECF 660 at 2 (emphasis added). Because these October and November 2021 emails are not "correspondence between MarkMonitor and Plaintiffs and Plaintiffs' counsel concerning the location/discovery of the Missing Source Code," the Order did not

---

[1] As BHN can attest, the 2021 *Charter II* case is different than the 2019 *Charter I* case that is proceeding in tandem with this one. *Charter I* and *BHN* are based on a 2012-2015 notice program run by the Recording Industry Association of America. *Charter II* is based on a 2017-2020 notice program run by Universal Music Group.

2

call for their production (nor did it direct that no claim of privilege can attach to them, any more than it did as to any other documents outside the Order's scope). Plaintiffs accordingly did not produce them.

But MarkMonitor did produce a number of non-responsive documents, including some that are privileged, during a rushed transition of counsel in the immediate aftermath of the tragic death of MarkMonitor's lead counsel, Andrew Castricone.[2] Upon seeing this, Plaintiffs promptly "clawed back" only *non-responsive*, privileged documents based on the governing Protective Order. ECF 58. Plaintiffs then served a privilege log stating the basis for the privilege claims and descriptions of the communications concerning those other cases. Mot. Ex. U.[3]

BHN strains to make it appear that Plaintiffs withheld or asserted privilege over documents called for by the Court's Order. They did not. BHN also speculates that Plaintiffs must be withholding something more and vaguely requests "enforcement" of the Court's July 13 Order. The reality is that, consistent with Plaintiffs' prior representations to the Court, all communications on these issues occurred by phone or videoconference, other than the handful of communications starting in January 2022 after the code's discovery, which Plaintiffs have produced.

---

[2] Mr. Castricone was tragically killed in a car accident on Saturday, July 16. He had largely worked on this matter alone, and attorneys with no prior substantive experience with this matter stepped in to make the production of documents within days. Not surprisingly, this resulted in new counsel producing numerous (privileged) documents that may superficially have appeared to relate to this case, but in fact relate neither to this case nor to the source code at issue on this Motion.

[3] The nine privileged documents, which Plaintiffs are submitting to the Court under seal today, pursuant to ECF 697, consist of just two email chains, as reflected in the Subject/Title column of Plaintiffs' privilege log. *See* Mot. Ex. U.

In sum, BHN presents no new facts of a "strongly convincing nature" that could warrant the "extraordinary remedy" of reconsideration, *Sec. & Exch. Comm'n v. Davison*, 2020 WL 10486309, at *1 (M.D. Fla. Dec. 3, 2020) (Scriven, J.) (denying motion), or punitive sanctions against Plaintiffs for MarkMonitor's belated discovery. Nor has it demonstrated any violation of the Court's Order by Plaintiffs. The Motion should be denied.

Plaintiffs welcome a conference with the Court to address any questions or concerns and further explain the context and meaning of these documents and issues.

Dated: July 26, 2022

Respectfully submitted,

*/s/ Matthew J. Oppenheim*

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste. 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

David C. Banker, Esq. (0352977)
Bryan D. Hull, Esq. (020969)
BUSH ROSS, P.A.
1801 North Highland Ave.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com

*Attorneys for Plaintiffs*