UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

      Plaintiffs,

v.                                                                      Case No: 8:19-cv-710-MSS-TGW

BRIGHT HOUSE NETWORKS,
LLC.,

      Defendants.

_____

## ORDER

On July 28, 2022, and July 29, 2022, the Court held virtual hearings via Zoom (the "Hearings") concerning Bright House's Time-Sensitive Motion for Reconsideration of July 22, 2022 Order And/Or For Enforcement of July 13, 2022 Order, (Dkt. 695); the nine (9) documents withdrawn by Plaintiffs from MarkMonitor's production (Dkt. 709); and Plaintiffs' Request for Final Pretrial Conference. (Dkt. 702) Plaintiffs' Request for Final Pretrial Conference included a construed motion for clarification concerning various findings in the Court's Orders on Bright House's Motion *in Limine*, (Dkt. 685), and Plaintiffs' Motion *in Limine*. (Dkt. 684). During the Hearings, Bright House also orally moved for clarification concerning the Court's Order on Bright House's Motion *in Limine*, (Dkt. 685). (Hearing Transcript at 99:12-101:18) Upon consideration of all relevant filings, case law, and being otherwise fully advised the Court hereby **ORDERS**

1) Plaintiffs' request for the Court's entry of an order under <u>Federal Rule of Evidence 502(d)</u> covering the nine (9), non-privileged "clawed back" documents is **DENIED**.

2) Plaintiffs' motion for clarification concerning the Court's granting of Bright House's motion *in limine* numbered seven (7) and titled, "Number of Notices and Counts of Customer[,]" is **GRANTED in limited part**. Plaintiffs may only offer Bright House's internal documents related to infringement notices and Bright House's response to those notices if the alleged infringement and the alleged response(s) concern subscribers who received at least three Recording Industry Association of America ("RIAA") Notices. Additionally, the Court will NOT permit the use of internal documents relating to Bright House's treatment of non-RIAA notices and related customers who were the subject of three (3) or more RIAA notices absent a foundational showing that the non-RIAA notices were due to valid claims of infringement. This case is about alleged contributory infringement by Bright House of Plaintiffs' claimed works. Bright House's alleged responsiveness to other alleged infringement notices without proof of their validity and unrelated to the alleged infringers in this case is irrelevant, and any marginal value that could be articulated would be greatly outweighed by the potential prejudice.

3) Plaintiffs' motion for clarification concerning the Court's granting of Bright House's motion *in limine* numbered nine (9) and titled, "Subscriber 'Admissions' of Infringement[,]" is **DENIED AS MOOT**. Bright House

withdrew its challenge concerning documents in which subscribers admit to downloading music without permission or payment. There is also no prohibition against Plaintiffs' attempting to characterize these statements as admissions of copyright infringement. As the Court has previously stated, "the complete prohibition of the use of the word infringement and its variants is *impossible*." (Dkt. 685) (emphasis added)

4) Plaintiffs' motion for clarification concerning the Court's granting of Bright House's motion *in limine* numbered five (5) and titled, "The Financial Condition of BHN, Charter, Advance/Newhouse[,]" is **GRANTED IN PART** to the extent that Plaintiffs, may introduce the value of Bright House as a standalone entity. Any specific objection to the proposed valuation method is preserved. Defendant is permitted to argue at trial that some other number or consideration should be used by the jury that would be sufficient for deterrence purposes.

5) Plaintiffs' motion for clarification concerning the Court's granting of Bright House's motion *in limine* numbered twelve (12) and titled, "Works-in-Suit of Music Publisher Plaintiffs[,]" is **DENIED**. The Court's Order granting this motion *in limine* remains the same. Plaintiffs will need to show that the notices of the works-in-suit also expressly included or implicitly/inherently constituted notification to Bright House of the interests of the music producers.

6) Plaintiffs' motion for clarification concerning the Court's denial without prejudice of their motion *in limine* numbered seven (7) and titled, "[i]n the event

Plaintiffs are precluded from offering evidence related to notices from other rights holders, B[right] [House] should be precluded from offering statements by B[right] [House] subscribers who were not the subject of Plaintiffs' infringement notices[,] is **DENIED**. The Court's Order on this motion *in limine* remains the same.

7) Plaintiffs' motion for clarification concerning the Court's denial of their motion *in limine* numbered sixteen (16) and titled, "B[right] [House] should be precluded from offering evidence or argument concerning a purported 'deterrence multiplier[,]'" is **DENIED**. The Court's Order on this motion *in limine* remains the same.

8) Bright House's motion for clarification concerning the Court's granting of their motion *in limine* numbered six (6) and titled, "Safe Harbor Defense[,]" is **DENIED**. The Court's Order on this motion *in limine* remains the same—that is, "Plaintiffs are permitted to state that this defense was not raised in this case— not that the defense was raised and then withdrawn." (Dkt. 685 at ¶ 6)

9) The Parties' dispute as to the number of works-in-suit is reserved. The Court understands that there is an agreement as to 6,818 works-in-suit. (Dkt. 561 at 1– 2) However, there is a dispute as to the remaining 332, leaving a possible total of 7,150 works-in-suit. (Id.) If the Court's understanding is incorrect, the Parties may reassert the issue at the start of trial.

10) The Joint Proposed Voir Dire will include the proposed question concerning peer-to-peer usage; however, any substantive follow up questions will be held outside the presence of the remaining venire. As for the employment question, the Court will not specifically reference any entity other than Bright House. Instead, the Court will ask whether "you, your spouse, or someone with whom you live with works or has ever worked for an internet service provider?" Follow up questions will be addressed at trial.

11) The Court will attempt to seat **twelve (12) jurors**.

12) The Parties' request to sequester all fact witnesses, pursuant to <u>Federal Rule of Evidence 615</u>, is **GRANTED**, effective August 3, 2022. No party may discuss with or disclose to any fact witness who is to be called to testify the testimony of other witnesses or any other matters that have occurred during the trial. A violation of the rule of sequestration may lead to the exclusion of the witness or other sanction.

13) Plaintiffs shall have **fifty-five (55)** percent of the trial time, and Defendant shall have the remaining **forty-five (45)** percent. The Court will address the logistics of timekeeping on the day of the trial.

14) Demonstrative and summary exhibits will be made available to the opposing side **at least two (2) days** before the witness through whom the exhibit is to be first introduced is to testify. Notice of which exhibits will be used with which witness is NOT required in advance of their testimony unless the Parties agree

professionally to share that information. The order of witnesses will be disclosed

two (2) days before the witness is to testify.

15)Plaintiff's motion to require Defendant to present Mr. Frendberg live in

Plaintiffs' case in chief is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of July, 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person