UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

      Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

_____/

Case No. 8:19-cv-710-MSS-TGW

### NON-PARTY MARKMONITOR'S MOTION TO REDACT PORTIONS OF JULY 12, 2022 HEARING TRANSCRIPT

Pursuant to Local Rule 1.11 and this Court's instruction at ECF No. 666, Non-Party MarkMonitor, Inc. ("MarkMonitor") respectfully requests that the Court redact certain limited portions of the transcript of the July 12, 2022 hearing before Judge Mary S. Scriven (the "July 12 Transcript"). *See* ECF No. 666. In support of this motion, MarkMonitor states as follows:

1. On July 12, 2022, this Court held a hearing in this matter concerning Defendant Bright House Networks, LLC's ("BHN") motion for sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 37(c) (ECF No. 471) and certain source code discovered by non-party MarkMonitor, Inc. ("MarkMonitor"). *See* ECF No. 666. At the hearing, the parties and the Court discussed MarkMonitor's source code in detail, including the functionality and operation of certain portions of the code, as well as the

1

contractual relationship between Plaintiffs and MarkMonitor.  *See id.* at 9, 12, 15-16, 30–34.

2. The instant motion requests that the following pages and lines of the July 12 Transcript (ECF No. 666) be redacted from the publicly available transcript:  9:3-12; 12:8-12; 15:8-15, 19-24; 16:3-8; 31:9-15; 32:4-8, 23-25; and 33:3-11, 15-21 (the "Proposed Redactions").  The motion further requests that the full, unredacted transcript be maintained under seal.

3. MarkMonitor's Proposed Redactions reveal confidential and proprietary information regarding MarkMonitor's source code and the contractual relationship between Plaintiffs and MarkMonitor.  Though MarkMonitor lacks access to the unredacted versions of most of the motions and exhibits filed herein, MarkMonitor is informed and believes that the Court has previously held that this confidential information should be maintained under seal.  *See, e.g.*, ECF No. 566 at 9, 13.

4. The risk of competitive or financial harm to MarkMonitor from disclosure outweighs the need for the public to have access to this confidential information.  The information contained in the Proposed Redactions would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.  *See Proxicom Wireless, LLC v. Macy's, Inc.*, No. 6:18-CV-64-ORL-37GJK, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (granting in part motion to seal where allowing access to exhibits would harm the designating party's "legitimate privacy interests by exposing its business and financial information to the public, including

competitors," causing them substantial injury). This is especially true given that the parties have settled this litigation, the case has been dismissed with prejudice, and no dispute remains.

5. Counsel for MarkMonitor, Andrew Castricone, unfortunately passed away on July 16, 2022, shortly before the Notice of Transcript was posted on July 18, 2022. *See* ECF No. 666, 667. Due to the circumstances, there was a transition of counsel for MarkMonitor. The undersigned counsel did not have even a partial version of the July 12 Transcript until July 31, 2022, when BHN served MarkMonitor with an unredacted version of its Motion for Reconsideration (ECF No. 695) to which a portion of the transcript was attached. MarkMonitor did not have the full version of the July 12 Transcript until it was provided by counsel for Plaintiffs on August 8, 2022.

6. On July 25, 2022, Plaintiffs notified the Court of their intent to request redaction of the July 12 Transcript. *See* ECF No. 694. The undersigned counsel did not learn until August 8, 2022 that notwithstanding the foregoing, Plaintiffs would not be filing any such request and that non-party MarkMonitor would instead need to do so. Accordingly, while MarkMonitor did not file a notice of intent to request redaction, good cause exists to accept this motion based upon the notice provided by Plaintiffs.

7. For the foregoing reasons, MarkMonitor respectfully requests that the Court grant this motion and redact pages and lines 9:3-12; 12: 8-12; 15:8-15, 19-24; 16:3-8; 31:9-15; 32: 4-8, 23-25; and 33:3-11, 15-21, from the publicly available

3

transcript of the July 12 hearing (ECF No. 666), and that the unredacted transcript be maintained under seal.

## LOCAL RULE 3.01(g) CERTIFICATION

MarkMonitor's counsel learned of this deadline today and did not have time to confer with Defendant's counsel, however, with respect to another motion MarkMonitor is filing today, Defendant's counsel informed MarkMonitor's counsel that she could not speak with her client about the motion until tomorrow. MarkMonitor therefore believes Defendant's counsel's response would be the same with respect to this motion. MarkMonitor's counsel certifies that they conferred with Counsel for the Plaintiffs, who indicated Plaintiffs have no objection regarding the filing of MarkMonitor's instant Motion.

Respectfully submitted this 8th day of August, 2022.

**GORDON REES SCULLY MANSUKHANI, LLP**
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: (305) 428-5330
Facsimile: (877) 634-7245

*/s/ Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No. 87601
cwonder@grsm.com
Racquel A. White
Florida Bar No. 392669
rwhite@grsm.com
***Counsel for Non-Party MarkMonitor, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2022, I caused the foregoing document to be filed electronically with the Clerk of the Court using the CM / ECF system, which will send a notice of electronic filing to all counsel of record registered with CM / ECF.

Dated:  August 8, 2022

/s/ *Chantel C. Wonder*_____
Chantel C. Wonder, Esq.,
Attorney for MarkMonitor, Inc.

**Service List:**

*Attorneys for Defendant:*

Andrew H. Schapiro
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com

lindabrewer@quinnemanuel.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
melkin@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
jgolinveaux@winston.com

William J. Schifino, Jr.
Florida Bar No. 564338
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson St., Ste. 2500
Tampa, FL 33602
Telephone: (813) 228-9080
bschifino@gunster.com


*Attorneys for Plaintiffs:*

Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

David C. Banker
Florida Bar No. 0352977
Bryan D. Hull
Florida Bar No. 020969
BUSH ROSS, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
dbanker@bushross.com
bhull@bushross.com