UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., et al.,

    Plaintiffs,                        CASE NO. 8:19-cv-710-MSS-TGW

vs.

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.
_____/

**NON-PARTY MARKMONITOR, INC.'S[1] AMENDED MOTION REQUESTING THE COURT RETURN OR DESTROY MARKMONITOR'S SEALED DOCUMENTS ATTACHED TO DEFENDANT'S MOTION FOR RECONSIDERATION OF JULY 22, 2022 ORDER AND/OR FOR ENFORCEMENT OF JULY 13, 2022 ORDER (D.E. 695)**

Pursuant to Local Rule 1.11, Non-Party MarkMonitor ("MarkMonitor") respectfully submits the following amended motion requesting the Court (a) return, destroy, or permanently seal MarkMonitor's confidential documents that Defendant Bright House Networks, LLC ("BHN") filed under seal as exhibits to its Motion for Reconsideration of July 22, 2022 Order and/or for Enforcement of July 13, 2022 Order ("Motion for Reconsideration") (D.E. 695); (b) destroy or permanently seal a hearing transcript that discusses MarkMonitor's confidential documents and information that BHN attached to its Motion for Reconsideration,

---

[1] The "MarkMonitor, Inc." at issue herein was acquired by OpSec Online LLC in January 2020. For ease of reference, and because of the continuing business under that brand name, this brief references "MarkMonitor, Inc." as the moving non-party.

1

or replace the transcript with a redacted version; and (c) permanently seal BHN's Motion for Reconsideration because it discusses MarkMonitor's confidential documents.

## INTRODUCTION AND PROCEDURAL HISTORY

1. On July 25, 2022, BHN filed a redacted version of a Motion for Reconsideration with reference to numerous exhibits, most of which were not filed because they were produced as confidential. (D.E. 695). On July 26, 2022, this Court ordered BHN to file under seal an unredacted version of its motion and all exhibits. (D.E. 696). BHN attached as exhibits many documents MarkMonitor and Plaintiffs produced as Confidential and Highly Confidential – Attorney's Eyes Only ("Confidential Information"). BHN also attached a transcript from a Miscellaneous Hearing held on July 12, 2022 that discusses MarkMonitor's confidential documents and information.

2. Plaintiffs filed their Opposition to BHN's Motion for Reconsideration on July 26, 2022. (D.E. 698).

3. On July 31, 2022, for the first time, BHN provided MarkMonitor notice pursuant to Local Rule 1.11(d) that it had filed MarkMonitor's confidential documents under seal with the Court as exhibits to its Motion for Reconsideration, and provided MarkMonitor an unredacted version of the motion and exhibits. *See* Declaration of Chantel Wonder, Ex. 1 ¶ 3; and July 31, 2022 email from

Defendant's counsel, Ex. 2. Defendant's counsel failed to include MarkMonitor's counsel on an email sent July 25, 2022. *See* Ex. 2 ("You were inadvertently left off of the chain below."). *See* Dec. Wonder Ex. 1 ¶ 3.

4. On August 2, 2022, Plaintiffs and BHN filed a Joint Notice of Resolution (D.E. 737). Also on August 2, 2022, this Court entered an Order of Dismissal with Prejudice in which it granted the Joint Notice of Resolution, dismissed the case with prejudice, and ordered the Clerk to terminate any pending motions, cancel the hearing set for August 2, 2022, cancel trial scheduled for August 3, 2022, and to close the case. (D.E. 741).

5. The Confidential Information produced by MarkMonitor was produced with the understanding and expectation the Parties would honor and maintain the applicable level of confidentiality for these documents and testimony, as part of their use in this proceeding and submission of materials to the Court, such that MarkMonitor's information would not be made available or accessible to competitors, any interested sector of the pro-piracy publications, or to the general public. Public disclosure of MarkMonitor's proprietary verification process to its competitors or others would cause significant injury to MarkMonitor. *See* Dec. of Wonder ¶ 9.

6. Because the Court dismissed this case and terminated all pending motions on August 2, 2022, one business day after BHN on July 31, 2022 provided

MarkMonitor the notice of submitting under seal MarkMonitor's confidential documents that is required by Local Rule 1.11(d), MarkMonitor had no opportunity before dismissal to seek a permanent sealing order. For that reason, MarkMonitor now requests relief from this Court with respect to MarkMonitor's Confidential Information.

7. Specifically, MarkMonitor seeks relief with respect to Exhibits A, J, K, L, M, N, O, P, Q, T, and U to BHN's Motion for Reconsideration [D.E. 695] as further explained below.

a. Exhibit A is a transcript of the July 12, 2022 hearing. The transcript contains information and reference to MarkMonitor's source code that is private, proprietary, confidential and commercially sensitive trade secret information regarding its antipiracy detection system. *See* Dec. of Wonder ¶ 5; MarkMonitor's Motion to Redact July 12, 2022 Hearing Transcript (D.E. 748). Public disclosure of MarkMonitor's proprietary verification process to its competitors or others would cause significant injury to MarkMonitor. *See* Dec. of Wonder ¶ 9. BHN submitted under seal the transcript pursuant to Court Order (D.E. 696). Further, on August 8, 2022, MarkMonitor filed a motion to redact the July 12 transcript identifying portions of the transcript MarkMonitor deems proprietary and confidential. (D.E. 748). MarkMonitor requests the Court destroy or permanently seal the July 12 transcript or, in the alternative, replace it with a redacted version as

requested in MarkMonitor's Motion to Redact. (D.E. 748). MarkMonitor will file the redacted version upon the Court granting its motion (D.E. 748).

    b.    Exhibits J, K, L, and N are emails with attached drafts of a declaration of Slawomir Paszkowski. The draft declarations discuss MarkMonitor's proprietary and confidential source code. *See* Dec. of Wonder ¶ 6. This Court previously entered a sealing order (D.E. 566) and based on that order, Mr. Paszkowski's declaration was sealed in its entirety. (D.E. 591-29). Because the Court found the final declaration was entitled to be sealed in its entirely, drafts of the declaration should likewise be destroyed or permanently sealed.

    c.    Exhibits M, O, P, and Q are emails with attached drafts of a declaration of Sam Bahun. The draft declarations discuss MarkMonitor's proprietary and confidential source code. *See* Dec. of Wonder ¶ 6. Based on this Court's sealing order [D.E. 566], Mr. Bahun's final declaration was redacted. (D.E. 591-30). Because the Court previously found portions of Mr. Bahun's declaration should be sealed, the drafts of Mr. Bahun's declaration should likewise be destroyed or permanently sealed. Alternatively, the Court should order these exhibits to be replaced with the redacted version of Mr. Bahun's final declaration (D.E. 591-30).

    d.    Exhibit T is an email discussing decompiling tools that can be used to unpack MarkMonitor's confidential and proprietary binary files into readable code,

which could be harmful in the wrong hands. *See* Dec. of Wonder ¶ 7. Accordingly, this exhibit should be destroyed or permanently sealed.

      e.      Exhibit U is a privilege log provided by Plaintiffs' counsel that identifies the subject matter of confidential MarkMonitor emails. The log also includes names and email addresses of MarkMonitor employees. *See* Dec. of Wonder ¶ 8. MarkMonitor considers this information confidential and non-public, as the public has no interest in this information. *See* Dec. of Wonder ¶ 8. The Court should therefore destroy or permanently seal this exhibit.

      f.      Finally, BHN's unredacted Motion for Reconsideration discusses the above exhibits. The Court should therefore permanently seal the unredacted version of the motion.

## MEMORANDUM OF LAW

8.    "[T]he public right to access is not absolute, even as to filings that bear directly on the merits of the case. When the interest in secrecy is sufficiently compelling, the Court may redact portions of a trial transcript, maintain trial exhibits under seal, or even limit public access to a trial itself." *Dish Network L.L.C. v. TV Net Sols.*, LLC, 2014 WL 4954683. At *2 (M.D. Fla. Oct. 2, 2014). Like the instant case, "redaction may be justified by other reasons, such as a significant risk of competitive injury from disclosure." *Id.* As stated above, the Confidential Information, the July 12, 2022 hearing transcript, and BHN's motion

contain information relating to MarkMonitor's proprietary and confidential source code that provides MarkMonitor with a competitive advantage over others that would be eliminated or diluted by making unsealed that portion of the Confidential Information.

9. Similarly, the common law balancing of a public right to access with the designating party's interests in maintaining confidentiality requires "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir.2007).

10. There is good cause here to continue to maintain confidentiality with respect to the Parties' use of and reliance on MarkMonitor's Confidential Information in their filings and in the Court's records, where such information is proprietary in nature to the third party. *Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 2991057, at *1 (M.D. Fla. May 24, 2016).

11. Where a party has information that is confidential and proprietary, a court may grant a motion to seal, to protect a party from losing its intellectual property and trade secrets. *Mobile Shelter Systems USA, Inc., v. Grate Pallet Sols.,*

7

LLC, 2011 WL 5357843 (M.D. Fla. Nov. 1, 2011). Indeed, portions of the Confidential Information, the July 12, 2022 transcript, and BHN's motion here are proprietary in nature, and are evidence of a dispute between business entities, with the public's interest being low, but for competitors who wish to gain an unfair advantage over MarkMonitor or others that wish to publicize or exploit MarkMonitor's highly sensitive technical information in the pro-piracy sector of the general public. *See, e.g. Adacel, Inc. v. Adsync Techs., Inc.*, 2020 WL 6382619, at *1 (M.D. Fla. July 1, 2020); *NXP B.V. v. Blackberry Ltd.,* 2014 WL 12622459, at *2 (M.D. Fla. Mar.17, 2014). This is especially true, where as here, the public will still have access to a majority of the Parties' filings, and their access right to non-sensitive material regarding the merits of the case is not inhibited. *Poxicom Wireless, LLC v. Macy's, Inc.*, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018); *Melendez v. Sec'y, Dep't of Homeland Sec.*, 2015 WL 13803850, at *3 (M.D. Fla. Nov. 2, 2015).

12. It is for these reasons, coupled with the fact that the Court has dismissed this case with prejudice, terminated all pending motions, and closed the case, that MarkMonitor asks this Court for relief set forth below.

## **CONCLUSION**

12. For the foregoing reasons, MarkMonitor respectfully requests the Court enter an Order granting MarkMonitor's instant Motion, and

a. Return to MarkMonitor, destroy or permanently seal any hard copies or electronic copies of MarkMonitor's Confidential Information (specifically, Exhibits J, K, L, M, N, O, P, Q, and T to BHN's Motion for Reconsideration); and any documents that disclose or discuss MarkMonitor's Confidential Information (specifically, Exhibits A and U to BHN's Motion for Reconsideration, as well as BHN's Motion for Reconsideration);

b. Alternatively, (i) with respect to Exhibit A (the July 12, 2022 hearing transcript), replace it with a redacted version as requested in MarkMonitor's Motion to Redact July 12, 2022 Hearing Transcript (D.E. 748); and (ii) with respect to Exhibits M, O, P, and Q (draft of Bahun Declaration) replace them with the redacted final version of Mr. Bahun's declaration (D.E. 591-29).

## **LOCAL RULE 3.01(g) CERTIFICATION**

I certify that MarkMonitor's counsel have conferred with Counsel for the Defendant on August 5, August 8, and August 9, 2022 regarding the relief requested herein. On August 9, 2022, Defendant's counsel indicated that Defendant does not take a position regarding the requested relief. MarkMonitor's counsel also certifies that they have conferred with Counsel for the Plaintiffs, who

9

have indicated Plaintiffs have no objection regarding the filing of MarkMonitor's instant Motion.

Respectfully submitted this 12th day of August, 2022.

/s/ *Chantel C. Wonder*
Chantel C. Wonder, Esq.
Florida Bar No.: 87601
Email: cwonder@grsm.com
GORDON & REES SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5309
Facsimile: (877) 634-7245
**Counsel for Non-Party, MARKMONITOR, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of August, 2022, the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will serve a true and correct copy by electronic notice on all counsel or parties of record.

/s/ *Chantel C. Wonder*
Chantel Wonder, Esq.