UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>BRIGHT HOUSE NETWORKS, LLC,<br><br>    Defendant. | Case No. 8:19-cv-00710-MSS-TGW |

**COX COMMUNICATIONS, INC. AND COXCOM, LLC'S MOTION TO INTERVENE FOR PURPOSES OF OPPOSING IMPROPER REQUESTS TO RETURN, DESTROY, OR PERMANENTLY SEAL NON-CONFIDENTIAL MATERIALS**

Cox Communications, Inc. and CoxCom, LLC respectfully move to intervene in the above-captioned action for the purpose of opposing nonparty MarkMonitor and Plaintiffs' pending or future improper attempts to deny access to nonconfidential materials that are directly relevant to issues presented in a substantively identical litigation in which Cox is a defendant, *Sony Music Entertainment, Inc. v. Cox Communications, Inc.*, No. 1:18-cv-00950-LO-JFA (E.D. Va.). At present, Cox seeks to intervene to oppose MarkMonitor's amended motion requiring the return, destruction, or sealing of briefing and materials, ECF No. 753, pertaining to materials attached to a recent motion for reconsideration filed by Defendant Bright House Networks, LLC concerning "certain new evidence … that bears directly on the untimely

1

discovery and disclosure of the File Hash Manager and Torrent Manager Source Code," (the "Subject Documents"), ECF No. 695.  Cox has submitted herewith its opposition to that motion, which it would file in the event this Court permits intervention.  *See* Ex. A, hereto.

"[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purposes of challenging confidentiality orders," including "after a case has been terminated." *E.E.O.C. v. Nat'l Childs. Ctr., Inc.*, 146 F.3d 1042, 1045, 1047 (D.C. Cir. 1998) (internal quotation marks omitted).  As explained below, Federal Rule of Civil Procedure 24(b) permits Cox's intervention because Cox has a direct interest in public access to materials on the record in this case that bear on related litigation.

Like Bright House, Cox is an internet service provider that Plaintiffs sued for secondary copyright infringement based on purported evidence of direct infringement by Cox's subscribers.  As in this case, evidence for this direct infringement was generated by MarkMonitor.  In December 2019, a jury found Cox liable for both vicarious and contributory infringement based

upon these claims, and Cox's appeal is currently pending in the U.S. Court of Appeals for the Fourth Circuit.[1]

After judgment was entered against it, Cox learned that Plaintiffs and MarkMonitor had apparently failed to disclose certain material evidence during discovery in *Sony*. Specifically, Cox learned based on admissions Plaintiffs made to counsel for Bright House and Charter Communications that MarkMonitor had failed to produce source code and revision history pertaining to the "fingerprint matching" system Plaintiffs claimed, in the trial against Cox, was able to reliably identify infringing files. *See* Ex. B, *Sony v. Cox*, ECF No. 749 (Cox's Rule 60(b) motion). On this basis, Cox filed motions under Federal Rule of Civil Procedure 60(b) and sought discovery into the materials that had been withheld.

The Subject Documents appear to bear directly on the circumstances surrounding MarkMonitor's failure to produce source code, which is the subject of Cox's Rule 60(b) motion and is potentially the subject of further litigation in the event the case is remanded. Cox has timely appeared in this

---

[1] References to "*Sony v. Cox* ECF No. __" are to the underlying district court docket in *Sony Music Entertainment, Inc. v. Cox Communications, Inc.*, No. 1:18-cv-00950-LO-JFA; references to "*Sony v. Cox* Appeal ECF No. __" are to Cox's primary appeal, *Sony Music Entertainment, Inc. v. Cox Communications, Inc.*, No. 21-01168 (4th Cir.); and references to "*Sony v. Cox* Rule 60 Appeal ECF No. __" are to Cox's appeal of the denial of its Rule 60 motions, *Sony Music Entertainment, Inc. v. Cox Communications, Inc.*, No. 22-01451 (4th Cir.).

3

action to assert its interest in public access to these materials and its doing so will prejudice no party.

## FACTUAL BACKGROUND

### *MarkMonitor fails to disclose relevant source code in* Sony.

The full background of Cox's attempts to obtain relevant discovery pertaining to MarkMonitor's system; Cox's discovery of the failure to disclose certain source code and revision history pertaining to that system; and Cox's attempts to discover the relevant evidence and circumstances surrounding its nondisclosure is recounted in Cox's Rule 60(b) motion. Ex. B at 5-12. Cox repeats that history here only insofar as is necessary to detail its interest in the materials it seeks access to through this motion.

On July 31, 2018, Plaintiffs, through their outside counsel Oppenheim + Zebrak LLP, filed suit against Cox, alleging claims for contributory and vicarious liability based on copyright notices they sent between 2012 and 2015 through MarkMonitor. *Sony v. Cox,* ECF No. 1. To defend against those claims, Cox subpoenaed MarkMonitor to obtain a range of information about MarkMonitor's system, including all versions of its source code and revision history. *See* Ex. C, *Sony v. Cox*, ECF No. 749-5 Nos. 12 & 13.

MarkMonitor failed to timely respond to the subpoena, but eventually agreed to produce responsive documents *except for* its source code and revision history data. *See* Ex. D, *Sony v. Cox*, ECF No. 749-6 (MarkMonitor's

Objections and Responses to Cox's Subpoena Duces Tecum) Nos. 12 & 13. After Cox filed suit and moved to compel production in the Northern District of California, the court ordered MarkMonitor to "comply fully with subpoena Requests 12 and 13 by allowing [Cox's] expert to inspect each version of its system in use during the claim period, all documents regarding revision history, and associated source code."  Ex. E, *Sony v. Cox*, ECF No. 749-10.

In the weeks following, Cox's counsel sent multiple emails and letters to MarkMonitor's counsel to confirm that MarkMonitor had complied with the order.  MarkMonitor's counsel ultimately represented that: (1) "[t]here is no revision history … as MarkMonitor was only running one version during the relevant time period"; (2) "[t]he source code represents the source code for the version of MarkMonitor's system during the relevant time period"; and (3) "[t]he source code is in its original executable form without revision or modification."  Ex. F, *Sony v. Cox*, ECF No. 749-1 (Mar. 27, 2019 email from A. Castricone to D. Leiden).

Relying on counsel's representations, Cox's expert reviewed the source code MarkMonitor had provided.  At trial, MarkMonitor's notice program and its source code were the subject of testimony from both fact and expert witnesses, including MarkMonitor representatives Sam Bahun and Slawomir Paszkowski.  *See* Ex. B at 9-10.  On December 19, 2019, a jury found Cox secondarily liable for copyright infringement, *Sony v. Cox*, ECF No. 669, and

5

the Court ultimately entered judgment on January 12, 2021, *Sony v. Cox*, ECF No. 723.

### *Plaintiffs and MarkMonitor reveal their failure to disclose source code and Cox files a Rule 60 motion.*

Nearly a year later on January 5, 2022, while Cox's appeal from the judgment was pending, Plaintiffs' counsel disclosed to counsel for Bright House and Charter that MarkMonitor discovered in November 2021 certain source code and revision history data that MarkMonitor previously represented did not exist:

> Plaintiffs' counsel has just learned today that on November 4, 2021 MarkMonitor located source code for File Hash Manager with revision history dating from June 25, 2012 to April 15, 2016. We are informed that MarkMonitor can make available a copy of this code for Charter's inspection. Plaintiffs' counsel will work with you to ensure that happens efficiently and expeditiously. We are investigating this further, including to understand why it was not located or disclosed earlier, but wanted to share what we do know immediately.
>
> We are also informed that MarkMonitor can make available for inspection a copy of source code for Torrent Manager with revision history dating to December 7, 2016, consistent with Mr. Bahun's deposition testimony in this matter.
>
> To the extent additional information becomes available to Plaintiffs' counsel, we will promptly let you know.

ECF No. 695-9 (Jan. 5, 2022 email from J. Gould to Bright House's outside counsel of record).

6

On January 11, 2022, Cox filed a motion under Rule 60(b)(2) and (b)(3), in which it sought production and inspection of the source code and related discovery. *See* Ex. B. Among other things, Cox sought "discovery regarding why the recently disclosed source code and revision history information was not previously identified and how it was recently discovered as well as any additional necessary discovery so that Cox can assess whether relief is warranted under Rule 60(b)(3)." *Id.* at 17. This information would be directly pertinent to "whether the newly produced code was within Plaintiffs' 'possession, custody, or control,' whether Plaintiffs were involved at all in MarkMonitor's and its counsel's inaccurate prior representations …, and whether MarkMonitor's conduct was in any way attributable to Plaintiffs." *Id.* at 18.

On March 23, 2022, the *Sony v. Cox* court denied the Rule 60 motion without addressing Cox's discovery request, and Cox's appeal of that decision is currently being held in abeyance pending decision on Cox's appeal on the merits from the judgment. *Sony v. Cox*, Rule 60 Appeal ECF No. 24.

***Proceedings in this case appear to uncover materials concerning the circumstances of nondisclosure of relevant source code.***

Based on the same January 2022 disclosure by Plaintiffs' counsel, Bright House filed a Motion for Discovery Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 37(c). ECF No. 591. The Court held a hearing on

7

July 12, 2022.[2] The topics of that hearing, which was not conducted under seal, included the relationship between Plaintiffs and MarkMonitor, the circumstances surrounding MarkMonitor's untimely disclosure of source code, and communications between Plaintiffs and MarkMonitor concerning that untimely disclosure—the precise topics into which Cox sought discovery to support its Rule 60(b)(3) motion. The following day, the Court ordered the following:

> Plaintiffs *and* MarkMonitor shall produce to Defendant Bright House all correspondence between MarkMonitor and Plaintiffs and Plaintiffs' counsel concerning the location/discovery of the Missing Source Code from October 2021 through the date of this Order. No claim of privilege or confidentiality shall attach to this correspondence to prevent its disclosure. This production shall be made **NO LATER THAN 12:00 PM ON MONDAY, JULY 18, 2022.**

ECF No. 660.

In response to this order, Plaintiffs and MarkMonitor apparently produced communications concerning the circumstances surrounding the untimely disclosure of code. *See* ECF No. 695 at 5. So, although this Court initially denied Bright House's Rule 37(c) motion, Bright House moved to reconsider on the basis of Plaintiffs' and MarkMonitor's production in

---

[2] Cox has obtained a transcript of this hearing from the court reporter.

response to the July 13 order. Bright House attached the Subject Documents to that motion. *Id.* at 5-8, Exs. J-Q, T-U; *see* ECF No. 753 at ¶ 7.

At a July 28, 2022 hearing on Bright House's motion to reconsider, this Court reminded Plaintiffs that "there would be no claim of privilege or confidentiality attaching to correspondence between plaintiffs' counsel and MarkMonitor and source code productions and locations …." Ex. G (July 28, 2022 Hr'g Tr. at 5:13-16). The Court explicitly stated that it would not allow material to remain under seal "except for in relation to any confidential financial data that somebody believes needs to be protected from a competition interest, *not from a 'we don't want the other litigants in the other cases to know what we are doing here.'*" *Id.* at 42:21-25 (emphasis added). The Court indicated that it would consider keeping under seal the "very, very hot, important, protect at all costs financial competitive interest documents, and don't tell me it's the plaintiffs' methodology for detecting infringement, because that's the center of the suit …." *Id.* at 45:3-6.

Nevertheless, since this case has settled, MarkMonitor has moved to keep the very material this Court said was *not* confidential shielded from public view. On August 8, 2022, it moved for an order requiring destruction or return of the exhibits to Bright House's motion to reconsider, ECF No. 747, a motion it later amended in order to seek to permanently seal Bright House's motion itself, ECF No. 753. Although Cox has not seen the Subject

9

Documents, they appear to be the "correspondence between MarkMonitor and Plaintiffs and Plaintiffs' counsel concerning the location/discovery of the Missing Source Code," production of which this Court ordered in its July 13 order, and which may bear directly on the circumstances of the untimely disclosure of source code that is the subject of Cox's Rule 60(b)(3) motion.

On August 9, 2022, Cox noticed its intention to move to intervene in this case, ECF No. 751, and now moves to do so.

## LEGAL STANDARD

"A motion to intervene is the proper procedural device for a non-party to seek access to court documents which have been placed under seal." *U.S. ex rel. Walker v. Radiology Reg'l Ctr., P.A.*, No. 2:00-cv-558-FtM-29, 2007 WL 865563, at *1 (M.D. Fla. Mar. 21, 2007). Rule 24(b) grants courts broad discretion to grant timely motions for intervention. *See* Fed. R. Civ. P. 24(b). "Under that rule, one is entitled to permissive intervention when his claim or defense and the main action have a question of law or fact in common" and "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties." *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984); *see Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002) (similar).

# ARGUMENT

Cox's motion is timely, § A, Cox's appeal and this action share common questions, § B, and the original parties will suffer no undue prejudice or delay if Cox intervenes, § C.

## A. Cox's Motion To Intervene Is Timely.

"Intervention may be timely filed even if"—as here—"it occurs after a case has concluded; timeliness depends on the circumstances of each case," and here, all of the circumstances cut Cox's way. *Comm'r, Ala. Dep't of Corrs. v. Adv. Loc. Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019).

Cox immediately noticed its intention to intervene to oppose MarkMonitor's motion the day after it was filed, ECF No. 751, and has promptly filed that motion and its opposition so as not to delay resolution of MarkMonitor's motion. All told, "the length of time during which [Cox] knew or reasonably should have known of [its] interest in the case before petitioning for leave to intervene," *Adv. Loc. Media*, 918 F.3d at 1171, is one week. That is timely in any circumstance. *See, e.g.*, *DeVault v. Isdale*, No. 6:15-cv-135-Orl-37TBS, 2015 WL 5915819, at *3 (M.D. Fla. Oct. 8, 2015) (two weeks). And when intervention is for the sole purpose of contesting confidentiality questions, intervention "may take place long after a case has been terminated," even years later. *Adv. Loc. Media*, 918 F.3d at 1171 n.9 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3d Cir. 1994)).

11

Cox's motion is also well within the 120-day period the protective order sets for resolving the return or destruction of protected information following the conclusion of the litigation. ECF No. 58 ¶ 16. That eliminates any timing-related "prejudice that existing parties may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest," another factor courts consider. *Adv. Loc. Media*, 918 F.3d at 1171. In any event, "when the case is settled and the intervention is for the collateral purpose of seeking modification of [document confidentiality]," the "concern" with "prevent[ing] prejudice to ... the original parties" is "not implicated." *State ex rel. Butterworth v. Jones Chems., Inc.*, 148 F.R.D. 282, 286 (M.D. Fla. 1993).

On the contrary, *denying* intervention at this time would greatly prejudice Cox—a third factor that renders Cox's motion timely. *Adv. Loc. Media*, 918 F.3d at 1171. The destruction of these materials could interfere with Cox's ability to either prosecute its Rule 60 motion if it is revived following appeal or litigate its defense to Plaintiffs' suit on remand in *Sony*.

Finally, no "unusual circumstances" militate against timeliness. *Adv. Loc. Media*, 918 F.3d at 1171.

### B. The Cox Litigation Shares Common Questions of Law and Fact With This Action.

"Many circuits recognize that parties 'seeking to intervene in a case for the limited purpose of unsealing judicial records' need not show a 'strong nexus of fact or law' to the issues in the original case." *Id.* at 1173 n.12 (quoting *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015)) and citing cases).

That low bar applies here and Cox easily clears it. As detailed above, Plaintiffs filed nearly identical cases against Cox and Bright House. The claims, legal issues, and Plaintiffs' manner of proving its case are the same. Indeed, Plaintiffs' MarkMonitor notice program targeted both Cox and Bright House at the same time. *See* ECF No. 695 at 2 (the program ran from 2012-2016); Ex. B at 5 ("[B]etween 2012-2015, MarkMonitor sent notices on behalf of Plaintiffs ... to ISPs, including Cox.").

It's not just that the cases are virtually identical. In *Sony v. Cox*, Cox also specifically requested production of the source code and discovery into the circumstances surrounding MarkMonitor's failure to produce the source code, in connection with its Rule 60 motion (now on appeal) premised on MarkMonitor's failings in this regard. *Supra* 5, 7. That same material appears, from the public record, to be at issue in MarkMonitor's motion seeking return, destruction, or sealing of materials.

13

### C. No Prejudice Will Result From Intervention.

As already explained in the context of timeliness, permitting intervention would not cause the parties, or nonparty MarkMonitor, to suffer any undue prejudice or delay. Because "the case is settled and the intervention is for the collateral purpose of seeking modification of [document confidentiality]," the "concern" with "prevent[ing] prejudice to ... the original parties" is "not implicated." *Butterworth*, 148 F.R.D. at 286; *see United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (prejudice is "not present when the existing parties have settled their dispute and intervention is for a collateral purpose" of "challenging a protective order").

Nor would denying MarkMonitor's motion at Cox's request impose any undue prejudice on MarkMonitor, Plaintiffs, or anyone else. As detailed in Cox's proposed opposition (attached as Exhibit A), the Subject Documents are almost certainly not confidential and therefore should not be sealed, returned, or destroyed. This Court has already recognized as much in hearings in open court. *Supra* 8-9. But if any of the material is in fact confidential, Cox would sign the protective order in this case and agree to be bound by any additional restrictions, thereby preserving any rights Plaintiffs or their third parties have in maintaining the confidentiality of the relevant materials.

14

The only potential prejudice would result from denying Cox an opportunity to assert its interest in the materials subject to MarkMonitor's motion or future motions regarding related materials. Moreover, because the case is resolved and no party has taken a position on MarkMonitor's motion, permitting Cox to oppose would provide the Court with a fuller opportunity to evaluate the merits of the request for confidentiality. *See U.S. f/u/b/o Am. Elect. Co., LLC v. Travelers Cas. & Sur. Co.*, 3:21-cv-614-MMH-JRK, 2021 WL 5280665, at *3 (M.D. Fla. Nov. 12, 2021) ("whether intervention would further judicial economy" and "whether intervention would delay or greatly complicate the case" are among the factors that bear on prejudice).

## CONCLUSION

Based on the foregoing, Cox respectfully requests that the Court permit it to intervene for the limited purposes of opposing MarkMonitor's amended motion requiring the return, destruction, or sealing of materials related to Bright House's motion for reconsideration, and any future improper attempts to maintain confidentiality.

Dated: August 15, 2022

Respectfully submitted,

*/s/ Diana Szego Fassbender*
Diana Szego Fassbender
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC  20005
(202) 339-8400

Mark Puzella (special admission pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
(617) 880-1800

Christopher J. Cariello (special admission pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

*Counsel for Cox Communications, Inc. and CoxCom. LLC*

## LOCAL RULE 3.01(g) CERTIFICATION

Cox's counsel certifies that it has conferred with counsel for nonparty MarkMonitor regarding this motion.  Counsel for MarkMonitor has indicated that MarkMonitor opposes this motion.

16

Cox's counsel certifies that it has conferred with counsel for Defendant regarding this motion. Counsel for Defendant has indicated that Defendant takes no position.

Cox's counsel certifies that it has attempted to confer with counsel for Plaintiffs regarding this motion. After Cox filed its notice of intent to move to intervene in this case on August 9, 2022, Dkt. 751, counsel for Plaintiffs responded by letter dated August 12, 2022. Counsel indicated in that letter, *inter alia*, Plaintiffs' objection to the form and substance of Cox's letter noticing its intention to move to intervene. It also indicated Plaintiffs' position that any attempt by Cox to access information in aid of attacking the judgment in *Sony v. Cox* had to be made to the district court presiding over that case. Cox understood this to be an unequivocal objection to Cox's motion to intervene in this case.

Counsel for Cox sought to confirm Plaintiffs' position with counsel for Plaintiffs by email on August 15, 2022. Without indicating any change from the position Plaintiffs had previously expressed by letter, counsel requested a telephonic meet-and-confer, but stated that counsel was unavailable to meet and confer prior to Cox's filing. Counsel for Cox has indicated Cox's willingness to meet and confer telephonically and, per Local Rule 3.01(g)(3), will try diligently to coordinate such a conference and supplement this motion with a statement concerning those efforts in due course.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August 2022, the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will serve a true and correct copy by electronic notice on all counsel or parties of record.

Respectfully submitted,

*/s/ Diana Szego Fassbender*
Diana Szego Fassbender