UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UMG RECORDINGS, INC.,** *et al.***,**

    **Plaintiffs,**

v.                                                             Case No: 8:19-cv-710-MSS-TGW

**BRIGHT HOUSE NETWORKS, LLC.,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Non-Party Amended MarkMonitor's Motion to Redact Portions of July 12, 2022 Hearing Transcript, (Dkt. 750) ("Motion to Redact Transcript"); Non-Party MarkMonitor, Inc.'s Amended Motion Requesting the Court Return or Destroy MarkMonitor's Sealed Documents Attached to Defendant's Motion for Reconsideration of July 22, 2022 Order And/Or For Enforcement of July 13, 2022 Order (Dkt. 695), (Dkt. 753) ("Motion to Seal"); Cox Communications, Inc. and CoxCom, LLC's ["Cox's] Motion to Intervene for Purposes of Opposing Improper Requests to Return, Destroy, or Permanently Seal Non-Confidential Materials, (Dkt. 757) ("Cox's Motion to Intervene"); Plaintiffs' Response In Opposition to Cox Communication's Motion to Intervene, (Dkt. 759) ("Plaintiffs' Response in Opposition); Non-Party MarkMonitor, Inc.'s Response in Opposition to Cox Communications, Inc. and CoxCom, LLC's Amended Motion to Intervene. (Dkt. 760); [Plaintiffs' and Bright

House's] Joint Motion to Preserve and Permanently Extend Sealing, (Dkt. 767); Response of Proposed Intervenors Cox Communications, Inc. and CoxCom, LLC to the Parties' Joint Motion to Preserve and Permanently Extend Sealing, (Dkt. 768); Non-Party MarkMonitor, Inc.'s Joinder In Support of Joint Motion to Preserve and Permanently Extend Sealing, (Dkt. 769); and Plaintiffs' Reply to Non-Parties Cox Communications, Inc. and CoxCom, LLC's Response to Joint Motion to Preserve and Permanently Extend Sealing. (Dkt. 770)

Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court Orders that the motions are **GRANTED IN PART, and DENIED IN PART** consistent with the following:

1. The July 12, 2022 Transcript, (Dkt. 666) shall be **UNSEALED** except for Lines 32:4-8 and 33:15-21. Lines 32:4-8 and 33:15-21 shall remain **SEALED**. To facilitate this redaction, the Official Court Reporter is directed to **REDACT** the portions of the proceedings as indicated in this Order. The **Clerk** and **Official Court Report** are directed to **FILE** the redacted version of the transcript of the proceeding in the public records of this action.

2. Exhibits A, J, K, L, M, N, O, P, Q, T, and U to Bright House's Motion for Reconsideration, (Dkt. 695), shall be unsealed because, as previously held, they are not privileged or otherwise subject to any recognizable claim of confidentiality. The **Clerk** is **DIRECTED** to **UNSEAL** Exhibits A, J, K, L, M, N, O, P, Q, T, and U in Dkt. 699.

3. Cox Communications, Inc. and CoxCom, LLC's Motion to Intervene for Purposes of Opposing Improper Requests to Return, Destroy, or Permanently Seal Non-Confidential Materials, (Dkt. 756) is **DENIED without prejudice**. Because Cox did not have leave to intervene, the **Clerk** is **DIRECTED** to **STRIKE** the Response of Proposed Intervenors Cox Communications, Inc. and CoxCom, LLC to Keep the Parties' Joint Motion to Preserve and Permanently Extend Sealing., (Dkt. 768) Cox Communications, Inc. and CoxCom, LLC may reassert their claims for intervention or production if a court in a case in which the Cox companies are parties should direct that they may review documents that were filed under seal in this case.

4. Aside from the documents at issue in paragraph 2 of this Order, and notwithstanding Local Rule 1.11(f), all remaining documents in the case that were previously sealed shall remain sealed absent the submission, by an interested party, of a court order from another case, finding that said documents are subject to disclosure in that case, with the proviso that any party in this case will have an opportunity to challenge said foreign order before the seal is lifted.

5. No documents will be destroyed by the Clerk. The documents will be sealed and preserved absent a Court Order to the contrary. The Clerk's Office is in possession of various thumb drives and storage devices containing documents already filed under seal as motions and exhibits.

The Parties are hereby **DIRECTED** to pick up these items within **seven (7) days** of the date of this Order from the Clerk's Office and to preserve these items to the extent consistent with or required by any applicable preservation obligations in any other case(s).

6. The Clerk is further **DIRECTED** to terminate all remaining pending motions. This case shall remain **CLOSED.**

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of November, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person