UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC., *et al.*,

        Plaintiffs,

                                    **Case No. 8:19-cv-710-MSS-TGW**

    v.

BRIGHT HOUSE NETWORKS, LLC,

        Defendant.

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs respectfully move for reconsideration of Paragraph 2 of this Court's November 16, 2022 Order (ECF 771) unsealing certain documents because the Court did not consider Plaintiffs' brief in support of maintaining those exhibits under seal. *See* ECF 771 pp. 1–2 (omitting ECF 761 from list of materials considered). In that brief, Plaintiffs argued that the relevant materials—Exhibits A, J, K, L, M, N, O, P, Q, T, and U to Defendant Bright House Networks, LLC's ("BHN") Motion for Reconsideration (ECF 695) (the "Sealed Exhibits")—are "discovery materials" not entitled to the presumption of public access under binding Eleventh Circuit law. *See* ECF 761. Importantly, this argument was not presented in MarkMonitor's motion in support of sealing these materials. *See* ECF 753. Because it was presented only in Plaintiffs' brief and was not considered by the Court in resolving the issue, Plaintiffs respectfully request that the Court reconsider Paragraph 2 of its Order and maintain Exhibits A, J, K, L, M, N, O, P, Q, T, and U under seal.

1

## LEGAL STANDARD

A court may alter a prior decision where "the interest of justice demand[s] correction." *Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC*, 2015 WL 13730160, at *1 (M.D. Fla. Dec. 11, 2015) (quoting *Am. Home Ins. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Correction of an order is warranted where it is based on a mistaken omission, *see* Fed. R. Civ. P. 60(a) ("The court may correct a … mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record"), and reconsideration is appropriate when there is (1) an intervening change in controlling law, (2) new evidence available, or (3) a need to correct clear error or prevent manifest injustice. *See, e.g.*, *Jackson-Fuller v. Pinellas Cty., Fla.*, 2018 WL 5017781, at *2 (M.D. Fla. Aug. 28, 2018); *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

## ARGUMENT

In the Court's November 16, 2022 Order, the Court listed with specificity each of the motions and briefs it considered in making its determination regarding, *inter alia*, whether to unseal the Sealed Exhibits. That list included MarkMonitor's motion seeking to maintain the Sealed Exhibits under seal, as well as Cox's motion to intervene, which included as an exhibit Cox's brief opposing MarkMonitor's sealing request. *See* Order at 1-2 (citing ECF 753, 757). Notably, however, that list

omitted Plaintiffs' Response, which was timely filed and included arguments that MarkMonitor did not raise.  *Id.* (omitting ECF 761).

The Court should have considered the arguments and cases cited in Plaintiffs' Response.  In *Catlin Syndicated Ltd. v. Ramuji, LLC*, 2020 WL 886284 (N.D. Ala. Feb. 24, 2020), the court granted a motion for reconsideration where the defendants "raised an argument in their briefing that [the] court did not address." 2020 WL 886284, at *3 (N.D. Ala. Feb. 24, 2020).  The *Catlin* court reasoned that "[o]n review of the briefing, the court agrees that the [defendants] raised that argument sufficiently to have preserved it," and "the court should have considered that argument." *Id.* The same is true here.

As explained in Plaintiffs' Response, under binding Eleventh Circuit law, "material filed with discovery motions is not subject to the common-law right of access …." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361–62 (11th Cir. 2021) (quoting *Chicago Trib. Co. v. Brigestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)).  The Eleventh Circuit has "faithfully adhered to this rule—without exception." *Callahan*, 17 F.4th at 1362.  Thus, the Eleventh Circuit in *Chicago Tribune* "exempt[ed] materials attached to discovery motions from the presumption of public access while retaining that presumption for materials that invoke 'judicial resolution of the merits,' such as complaints, motions to dismiss, or motions for summary judgment." *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 63 (11th Cir. 2013).

Here, the Sealed Exhibits are not "judicial records" subject to the common-law right of access because BHN filed them in connection with a Rule 37 discovery motion, not a substantive motion addressing the merits of the case. *See* 8B Fed. Prac. & Proc. Civ § 2281 (3d ed.) (describing Rule 37 as "the last of the *discovery rules*" (emphasis added)). The Sealed Exhibits relate only to collateral discovery on discovery, concerning a non-party's search for documents, in connection with a motion filed under Rule 37. *See, e.g.*, *Fidelity Nat'l Fin., Inc. v. Attachmate Corp.*, 2016 WL 9526337, at *1 (M.D. Fla. Nov. 7, 2016) (sealing materials submitted in connection with a collateral discovery dispute when those materials contained confidential, proprietary information that could be used to gain a competitive advantage and would not be used to decide the merits of the case).

For this reason, the Court has already found good cause to seal versions of Exhibits J–Q following the March 15, 2022 hearing. *See* ECF 761 at 7–8 (citing ECF 566 at 9, 13 and March 15, 2022 Hr'g Tr.). As Plaintiffs explained when the Court previously sealed them and reiterated in Plaintiffs' Response, the Sealed Exhibits contain information concerning MarkMonitor's proprietary software and its system for infringement. Disclosure of these materials through this inconsistent ruling could result in competitive harm to MarkMonitor and Plaintiffs, including by competitors emulating MarkMonitor's infringement detection system and by infringers evading that system to steal Plaintiffs' works. *See* ECF 761 at 8. For these very reasons, the Court previously found good cause to seal versions of the same documents. *See id.*

Lastly, to the extent that a theoretical public interest in these discovery materials might have existed in the event of a public trial, such interest substantially diminished when the parties settled this case before trial and the case terminated. The proprietary and competitive interests in maintaining them under seal predominate.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider Paragraph 2 of its November 16, 2022 Order (ECF 771) and maintain Exhibits A, J, K, L, M, N, O, P, Q, T, and U to BHN's Motion for Reconsideration under seal.

Dated: November 23, 2022

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste. 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Respectfully submitted,

/s/ Jeffrey M. Gould
Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

David C. Banker, Esq. (0352977)
Bryan D. Hull, Esq. (020969)
BUSH ROSS, P.A.
1801 North Highland Ave.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255

dbanker@bushross.com<br>
bhull@bushross.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2022, I caused the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

<i>/s/ Jeffrey M. Gould</i>

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for Plaintiffs conferred with counsel for Defendant Bright House Networks, LLC ("BHN") and non-party OpSec Online LLC (formerly MarkMonitor, Inc.) ("OpSec") on the requested relief on November 22 and 23, 2022. BHN takes no position on and OpSec does not object to the relief requested herein.

<i>/s/ Jeffrey M. Gould</i>