UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UMG RECORDINGS, INC.,** *et al.*,

    **Plaintiffs,**

v.                                            Case No: 8:19-cv-710-MSS-TGW

**BRIGHT HOUSE NETWORKS, LLC.,**

    **Defendant.**

_____

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for Reconsideration, (Dkt. 772), and Non-Party MarkMonitor, Inc's Motion for Reconsideration of November 16, 2022 Order on MarkMonitor's Amended Motion to Return or Destroy MarkMonitor's Sealed Documents. (Dkt. 773) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiffs' Motion for Reconsideration and **DENIES IN PART AND GRANTS IN LIMITED PART** Non-Party MarkMonitor, Inc's Motion for Reconsideration of November 16, 2022 Order on MarkMonitor's Amended Motion to Return or Destroy MarkMonitor's Sealed Documents.

    **I.**    **DISCUSSION**

        **A.**    **Plaintiffs' Motion for Reconsideration, (Dkt. 772)**

    Plaintiffs seek reconsideration of paragraph 2 of the Court's November 16, 2022 Order, (Dkt.771), unsealing Exhibits A, J, K, L, M, N, O, P, Q, T, and U (the

"Subject Documents") to Bright House's Time-Sensitive Motion for Reconsideration of July 22, 2022 Order And/Or For Enforcement of July 13, 2022 Order, (Dkt. 695). (Dkt. 772) Plaintiffs contend that the Subject Documents are "not judicial records subject to the common law right of access because B[right House] filed them in connection with a Rule 37 discovery motion, not a substantive motion addressing the merits of the case." (Id. at 3–4) (citing to Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1361–62 (11th Cir. 2021)). Specifically, Plaintiffs argue that, under Callahan, the Subject Documents should remain sealed because they are material filed with discovery motions, which are not subject to the common-law right of access. (Dkt. 761)

Callahan is inapposite. Callahan explained that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of access]." 17 F.4th at 1362. Callahan noted that "though discovery materials do not automatically qualify as judicial records subject to the common-law right of access, they take on that status once they are filed in connection with a *substantive motion*." Id. (emphasis added). In point of fact, Callahan explained that a substantive motion "need not be dispositive for the rule to apply; *any motion* 'presented to the court to invoke its powers or affect its decisions' is subject to the public right of access.'" Id. (quoting Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007)) (emphasis added). In this case, Bright House attached the Subject Documents in support of a

2

Motion for Reconsideration of an Order denying sanctions. (Dkt. 695) Thus, the Court finds that Bright House's Motion for Reconsideration was a "substantive motion" that was presented to the Court to "invoke its powers or affect its decisions[,]" namely reconsideration of its previous Order denying sanctions. Callahan, 17 4th at 1362. Consequently, the Subject Documents are subject to the public right of access because they were filed in connection with a pretrial motion that required judicial resolution of the merits. Even if they were not automatically subject to the right of public access, the Court would direct their unsealing because there is no other basis for maintaining them under seal. The Court's previous Order directing the unsealing of the Subject Documents is consistent with this analysis, and Plaintiffs' Motion for Reconsideration is hereby **DENIED**.

The Court would note that it will not reconsider this decision again. At this point, with the case finally resolved and dismissed with prejudice, the matters at issue here are DONE.

### B. Non-Party MarkMonitor, Inc's Motion for Reconsideration of November 16, 2022 Order on MarkMonitor's Amended Motion to Return or Destroy MarkMonitor's Sealed Documents, (Dkt. 773) ("MarkMonitor's Motion for Reconsideration")

MarkMonitor now moves for the Court to modify its November 16, 2022 Order to permanently seal Exhibits J, K, L, M, N, O, P, and Q, or alternatively, to direct the Clerk, prior to unsealing Exhibits J, K, L, M, N, O, P, and Q in part, to redact the attachments to the email messages within those exhibits. (Dkt. 773 at 2) MarkMonitor also moves the Court to reconsider its denial of sealing as to Exhibit

3

T. (Id.) To the extent MarkMonitor seeks clarification of its November 16, 2022 Order, the Court has expressly made clear that the Subject Documents were to be unsealed. Therefore, MarkMonitor's Motion for Reconsideration, as for Exhibits J, K, L, M, N, O, P, and Q, is **DENIED**.

However, as for Exhibit T to Bright House's Motion for Reconsideration, the Court **GRANTS** MarkMonitor's Motion for Reconsideration. Exhibit T "discuss[es] decompiling tools that can be used to unpack MarkMonitor's confidential and proprietary binary files into readable code[.]" (Dkt. 773 at 4–5) The Court previously ordered similar material redacted from the July 12, 2022 Transcript. (See Dkt. 771 at ¶ 1) As such, the Court directs the Clerk to maintain Exhibit T under seal.

## II.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Reconsideration, (Dkt. 772), is **DENIED**.

2. Non-Party MarkMonitor, Inc's Motion for Reconsideration of November 16, 2022 Order on MarkMonitor's Amended Motion to Return or Destroy MarkMonitor's Sealed Documents, (Dkt. 773), is **DENIED** except as related to Exhibit T, (Dkt. 699-20). The **Clerk** is **DIRECTED** to **IMMEDIATELY AND WITHOUT FURTHER**

4

**DELAY UNSEAL Exhibits A, J, K, L, M, N, O, P, Q and U**. The **CLERK** is **DIRECTED** to keep **Exhibit T UNDER SEAL.**

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of December, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

5